KARL J. KRAMER (CA SBN 136433)
ROBERT L. McKAGUE (CA SBN 187461)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
kkramer@mofo.com

Attorneys for Defendant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION., a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation,<br><br>Defendant. | Case No.   C06-01839 HRL<br><br>**DEFENDANT SYNAPTICS' ANSWER AND COUNTER-CLAIMS TO ELANTECH'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## **ANSWER**

Defendant Synaptics, Inc. ("Synaptics"), by and through its undersigned attorneys, hereby answers the complaint for patent infringement filed by plaintiff Elantech Devices Corporation ("Elantech") as follows:

**NATURE OF THE ACTION**

1.    Synaptics admits that Elantech's claims for direct and contributory infringement, and inducement to infringe, U.S. Patent No. 5,825,352 ("the '352 patent") arise under the patent law of the United States.

## JURISDICTION AND VENUE

2. Synaptics admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3. Synaptics admits that venue is proper in this judicial district because Synaptics resides in this district. Synaptics denies that it has committed acts of infringement in this judicial district.

## PARTIES

4. On information and belief, Synaptics admits the allegations in paragraph 4.

5. Admitted.

## THE '352 PATENT

6. Synaptics admits that the '352 patent entitled "Multiple Fingers Contact Sensing Method For Emulating Mouse Buttons And Mouse Operations On A Touch Sensor Pad," was issued by the U.S. Patent & Trademark Office on October 20, 1998, and identifies Stephen J. Bisset and Bernard Kasser as inventors. Synaptics lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 6 and, on that basis, denies those allegations.

7. Synaptics admits that it develops interface solutions for laptop and notebook computers, including touchpad products. Synaptics further admits that its touchpad products are sold and offered for sale within the United States. Synaptics also admits that it imports touchpad products into the United States. Synaptics denies the remaining allegations of paragraph 7.

8. Synaptics admits that it is currently aware of the '352 patent. Synaptics denies the remaining allegations of paragraph 8.

## COUNT I

9. Synaptics incorporates by reference its responses to the allegations of paragraphs 1 through 8 as if set forth fully herein.

10. Synaptics lacks knowledge sufficient to confirm or deny the allegations in paragraph 10 and, on that basis, denies those allegations.

11. Denied.

12. Denied.

1   13. Denied.

2   14. Synaptics admits that it is currently aware of the '352 patent. Synaptics lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 14 and, on that basis, denies those allegations.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

Synaptics pleads the following as affirmative defenses to Elantech's complaint for patent infringement. Synaptics reserves the right to supplement or amend such defenses if and when further information concerning Elantech or the '352 patent becomes available.

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

17. The complaint fails to allege facts sufficient to state a claim for relief against Synaptics.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

18. Synaptics has not made, used, sold, offered for sale, or imported any product that infringes the '352 patent directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents. Similarly, Synaptics is not making, using, selling, offering for sale, or importing any product that infringes the '352 patent directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

19. All or some of the claims of the '352 patent are invalid and unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and 282.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

20.     Elantech is barred by prosecution history estoppel from contending that any claim of the '352 patent covers products made, used, sold, offered for sale, or imported by Synaptics by virtue of statements and admissions made by the named inventor and/or patent counsel during proceedings in the U.S. Patent & Trademark Office before the '352 patent issued.

**FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

21.     Elantech's claim for relief and prayer for damages are limited by 35 U.S.C. § 286.

**COUNTERCLAIMS**

Synaptics asserts these counterclaims against Elantech for infringement of United States Patent Nos. 5,543,591 ("the '591 patent"), 5,880,411 ("the '411 patent"), 5,943,052 ("the '052 patent"), and 6,380,931 ("the '931 patent"), brought pursuant to the United States patent laws, 35 U.S.C. § 271 et seq.  Copies of each of these patents are attached hereto as Exhibits A-D.

**PARTIES**

22.     Synaptics is a corporation organized under the laws of the State of Delaware and has its principal place of business at 3120 Scott Blvd., Suite 130, Santa Clara, California 95054.

23.     On information and belief, Elantech is a corporation existing under the laws of Taiwan, R.O.C., with its principal place of business at 4F, Jung-Jeng Road, Chung Ho City, Taipei County, Taiwan, R.O.C.

**JURISDICTION AND VENUE**

24.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

25.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

**SYNAPTICS' PATENTS**

26.     The '591 patent, entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition," was duly and legally issued by the United States Patent and

1  Trademark Office on August 6, 1996.  A true and correct copy of the '591 patent is attached
2  hereto as Exhibit A.
3      27.    The '411 patent, entitled "Object Position Detector With Edge Motion Feature
4  And Gesture Recognition," was duly and legally issued by the United States Patent and
5  Trademark Office on March 9, 1999.  A true and correct copy of the '411 patent is attached
6  hereto as Exhibit B.
7      28.    The '052 patent, entitled "Method And Apparatus For Scroll Bar Control," was
8  duly and legally issued by the United States Patent and Trademark Office on August 24, 1999.  A
9  true and correct copy of the '052 patent is attached hereto as Exhibit C.
10     29.    The '931 patent, entitled "Object Position Detector With Edge Motion Feature
11  And Gesture Recognition," was duly and legally issued by the United States Patent and
12  Trademark Office on April 30, 2002.  A true and correct copy of the '931 patent is attached
13  hereto as Exhibit D.
14     30.    Synaptics is the owner of all right, title, and interest in and to the '591, '411, '052,
15  and '931 patents ("the Synaptics patents").
16     31.    The Synaptics patents cover inventions relating to touch-pad systems.  These
17  inventions are used in products including, for example, laptop and notebook computers.

## ELANTECH'S WRONGFUL COURSE OF CONDUCT

19     32.    On information and belief, Elantech makes, uses, sells, and offers to sell electronic
20  products including touch pads, touch sensing or pointing devices that incorporate and use at least
21  one invention claimed in each of the Synaptics patents.
22     33.    On information and belief, Elantech manufactures outside the United States and
23  directs into the United States, including California, through established distribution channels
24  involving various third parties, electronic products including touch pads, touch sensing or
25  pointing devices that incorporate at least one invention claimed in each of the Synaptics patents.
26  On information and belief, Elantech has actively induced and is actively inducing third parties to
27  infringe the Synaptics patents.  During the course of the infringing conduct, Elantech has known

of the Synaptics patents and has intentionally and willfully infringed, and intentionally induced others to infringe, the claims of the Synaptics patents.

34. At least as early as December 2003, Elantech was on written notice of its infringement of the Synaptics patents. In addition, Synaptics, and persons making, offering for sale, or selling within the United States articles covered by the Synaptics patents, or importing the same into the United States, gave notice to the public that the same was patented by duly marking the articles pursuant to 35 U.S.C. § 287(a).

35. Elantech conducts its activities with respect to electronic products including touch pads, touch sensing, or pointing devices, with knowledge and intending that third parties will use their respective United States contacts and distribution channels to import into, sell, offer for sale, and/or use these products in California and/or elsewhere in the United States.

**CLAIMS FOR RELIEF**
**(Patent Infringement Of The Synaptics Patent Claims)**

36. Synaptics reasserts and realleges the averments contained in paragraphs 22-35 above, as if fully set forth herein.

37. On information and belief, Elantech has infringed and/or induced infringement of, and is infringing or inducing infringement of, one or more claims of each of the '591, '411, '052, and '931 patents.

38. Synaptics has no adequate remedy at law. Elantech's acts of infringement and inducement of infringement of the '591, '411, '052, and '931 patents have caused and will continue to cause Synaptics irreparable harm unless Elantech is enjoined by the Court.

39. Elantech's acts of infringement and inducement of infringement of the '591,'411,'052, and '931 patents have been and continue to be willful, wanton, deliberate, and with knowledge and awareness of the '591, '411, '052, and '931 patents.

**PRAYER FOR RELIEF**

WHEREFORE, Synaptics prays for the following relief against Elantech as follows:

1  (a) Adjudge and decree that Elantech has infringed and/or induced infringement of each of the '591, '411, '052, and '931 patents;

(b) Preliminarily and permanently enjoin Elantech, its officers, directors, employees, agents, servants, successors and assigns, and any and all persons and entities acting in privity or concert with them from further infringement and/or inducement of infringement of the '591, '411, '052, and '931 patents;

(c) Award Synaptics damages in an amount adequate to compensate Synaptics for Elantech's infringement and/or inducement of infringement of the '591, '411, '052, and '931 patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

(d) Award Synaptics increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Synaptics, by reason of Elantech's willful infringement of the '591, '411, '052, and '931 patents;

(e) Award Synaptics interest on damages awarded and its costs pursuant to 35 U.S.C. § 284;

(f) Declare this an exceptional case, with respect to the patent infringement claims, and award Synaptics its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(g) Award Synaptics prejudgment interest; and

(h) Award such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Synaptics demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, Elan Microelectronics Corp., apparently a Taiwanese company, may be a "non-party interested entity," under the provisions of Civil L.R. 3-16. There is no other such interest to report.

| | | |
|---|---|---|
| 1 | Dated: April 6, 2006 | KARL J. KRAMER |
| 2 | | ROBERT L. McKAGUE |
| | | MORRISON & FOERSTER LLP |

By:  s/Karl J. Kramer
       Karl J. Kramer

Attorneys for Defendant
SYNAPTICS, INC.