Yitai Hu – yhu@akingump.com (*Pro Hac Vice*)
Sean P. DeBruine – sdebruine@akingump.com (State Bar No. 168071)
Hsin-Yi Cindy Feng – cfeng@akingump.com (State Bar No. 215152)
AKIN GUMP STRAUSS HAUER & FELD LLP
1950 University Avenue, Suite 505
East Palo Alto, CA 94303
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

Attorneys For Plaintiff
ELANTECH DEVICES CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| ELANTECH DEVICES CORPORATION,<br><br>     Plaintiff,<br><br>           v.<br><br>SYNAPTICS CORPORATION,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)    Case No. 5:06-cv-01839 HRL<br>)<br>)<br>)<br>)<br>)<br>) |

## ELANTECH'S ANSWER AND COUNTERCLAIMS TO

## SYNAPTICS'S COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

Plaintiff/Counterclaim Defendant Elantech Devices Corporation ("Elantech"), for its Answer to Defendant/Counterclaim Plaintiff Synaptics, Inc. ("Synaptics") Counterclaims, hereby states as follows:

### PARTIES

22.    Upon information and belief, Elantech admits the statements of Paragraph 22.

23.    Admitted.

### JURISDICTION AND VENUE

24.    Admitted.

25.    Elantech admits that venue is proper in this judicial district.  Elantech denies that it has committed acts of infringement in this judicial district.

### SYNAPTICS'S PATENTS

26.    Elantech admits that U.S. Patent No. 5,543,591 ("the '591 patent") is entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition" and was issued by the United States Patent and Trademark Office on August 6, 1996.  Elantech admits that a copy of the '591 patent is attached to Synaptics's Answer and Counterclaims as Exhibit A.  Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 26, and on that basis denies them.

27.    Elantech admits that U.S. Patent No. 5,880,411 ("the '411 patent") is entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition" and was issued by the United States Patent and Trademark Office on March 9, 1999.  Elantech admits that a copy of the '411 patent is attached to Synaptics's Answer and Counterclaims as Exhibit B.  Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 27, and on that basis denies them.

28.    Elantech admits that U.S. Patent No. 5,943,052 ("the '052 patent") is entitled "Method And Apparatus For Scroll Bar Control" and was issued by the United States Patent and Trademark Office on August 24, 1999.  Elantech admits that a copy of the '052 patent is attached to Synaptics's Answer and Counterclaims as Exhibit C.  Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 28, and on that basis denies them.

29.    Elantech admits that U.S. Patent No. 6,380,931 ("the '931 patent") is entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition" and was issued by the United States Patent and Trademark Office on April 30, 2002.  Elantech admits that a copy of the '931 patent is attached to Synaptics's Answer and Counterclaims as Exhibit D.  Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 29, and on that basis denies them.

30.     Elantech is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same.

31.     Elantech admits that the Synaptics patents appear to cover inventions relating to touch-pad systems.  Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 31, and on that basis denies them.

### ALLEGATIONS REGARDING ELANTECH

32.     Elantech admits that it makes, uses, sells, and offers to sell electronic products including touch pads.  Elantech denies the remaining allegations of Paragraph 32.

33.     Elantech admits that it manufactures electronic products including touch pads outside the United States and denies the remaining allegations of Paragraph 33.

34.     Elantech admits that it was on notice of Synaptics's allegation of infringement of the Synaptics patents.  Elantech denies that it has infringed or infringes the Synaptics patents.  Elantech is without knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 34, and on that basis denies them.

35.     Elantech admits that it conducts activities with respect to electronic products including touch pads, with knowledge that third parties may use their respective United States contacts and distribution channels to import into, sell, offer for sale, and/or use these products in California and/or elsewhere in the United States.  Elantech denies the remaining allegations of Paragraph 35.

### SYNAPTICS'S CLAIMS FOR RELIEF

36.     Elantech incorporates by reference its answers to the allegations in Paragraphs 22-35 above.

37.     Denied.

38.     Denied.

39.     Denied.

## AFFIRMATIVE DEFENSES

Elantech pleads the following as affirmative defenses to Synaptics's complaint for patent infringement.

### First Affirmative Defense

### (Failure To State A Claim)

40.     Synaptics fails to allege facts sufficient to state a claim for relief against Elantech in its pleadings.

### Second Affirmative Defense

### (Non-infringement)

41.     Elantech has not infringed and does not directly, contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of any of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

### Third Affirmative Defense

### (Invalidity)

42.     The claims of the '591 patent, the '411 patent, the '052 patent, and the '931 patent are invalid and/or unenforceable because they fail to satisfy one or more of the requirements of Title 35, U.S. Code, at least in Sections 102, 103, and/or 112.

## COUNTERCLAIMS

Elantech asserts the following counterclaims against Synaptics:

1.     Elantech re-alleges and incorporates by reference its allegations in its Complaint and responses and allegations as set forth herein in Paragraphs 22 through 42 above.

## JURISDICTION

2.     This Court has subject matter jurisdiction of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367, under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202, and pursuant to Fed. R. Civ. P. 13.  In addition, this Court has original jurisdiction over these

Counterclaims pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

3.      Synaptics has commenced a civil action for infringement of the '591 patent, the '411 patent, the '052 patent, and the '931 patent by filing its Answer and Counterclaims to Elantech's Complaint.  As a consequence, there is an actual justiciable controversy between Elantech and Synaptics concerning whether Elantech infringes any valid and enforceable claim of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

4.      This Court has personal jurisdiction over Synaptics because, *inter alia*, Synaptics has submitted itself to the jurisdiction of this Court.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## First Claim

### (Declaratory Relief)

6.      Elantech hereby incorporates by reference the allegations set forth in Paragraphs 1 through 5 above.

7.      Elantech has not infringed and does not directly, contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of any of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

8.      One or more claims of the '591 patent, the '411 patent, the '052 patent, and the '931 patent are invalid for failure to comply with one or more requirements of Title 35, U.S. Code, including at least Sections 102, 103, and 112, and/or under applicable judicial precedent.

## Second Claim

### (Interference with Prospective Economic Advantage)

9.      Elantech hereby incorporates by reference the allegations set forth in Paragraphs 1 through 8 above.

10.     Upon information and belief, Synaptics has been sending Elantech's customers letters containing, and visiting Elantech's customers providing, false and misleading

1  information about Elantech's alleged infringement of Synaptics's patents.  Since Elantech is

2  the designer of the alleged infringing products, Elantech, not its customers, would possess the

3  technical information required to assess infringement.  Yet, Synaptics has continued to contact

4  Elantech's customers threatening them with patent infringement suits.  Upon information and

5  belief, Synaptics communicated to Elantech's customers that they should cease using, selling,

6  and/or purchasing Elantech's products.  Synaptics's communications with Elantech's

7  customers were undertaken for anticompetitive purposes.

8      11.    At all times relevant herein, Synaptics has been aware, or reasonably should

9  have been aware, of Elantech's existing and prospective business relations with its customers

10  and potential customers.  By disseminating false and misleading information to Elantech

11  customers, Synaptics has intended to injure, and has in fact injured, Elantech's prospective

12  business relations with such customers and prospective customers.  It was or should have been

13  reasonably foreseeable to Synaptics that its unjustified conduct would disrupt and injure these

14  business relations.  As a proximate result of Synaptics's conduct, Elantech has been injured in

15  an amount subject to proof at trial.

16      12.    Synaptics's conduct threatens to and will continue to cause Elantech to suffer

17  pecuniary loss unless it is preliminarily and permanently enjoined by this court.  Elantech has

18  no adequate remedy at law for Synaptics's wrongful conduct, and the damages resulting to

19  Elantech as a result of Synaptics's wrongful conduct, and the conduct itself, are continuing.

20  Accordingly, Elantech is entitled, in addition to the recovery of damages, to appropriate

21  injunctive relief to prevent Synaptics from continuing to engage in the unlawful conduct here

22  alleged.

23      **Third Claim**

24  **(Unlawful Business Practices, Calif. Bus. & Prof. Code ' 17200 et seq.)**

25      13.    Elantech hereby incorporates by reference the allegations set forth in

26  Paragraphs 1 through 12 above.

27      14.    By the acts described above, Synaptics has engaged in unlawful and unfair

28  business practices and acts.  These practices and acts have injured Elantech in its business and

property and entitles Elantech, under sections 17200 and 17203 of the California Business and

Professions Code, to an injunction, disgorgement of profits, and restitution as set forth below.

Unless enjoined, Synaptics will engage in further acts of unlawful or unfair competition,

causing Elantech immediate and irreparable harm for which there is no adequate remedy at

law.

### Fourth Claim

### (Common Law Unfair Competition)

15.    Elantech hereby incorporates by reference the allegations set forth in
Paragraphs 1 through 14 above.

16.    Synaptics's acts constitute unfair competition in violation of the common law
of the State of California.

17.    Synaptics's acts of unfair competition have been made with full knowledge of
Elantech's rights and constitute malicious, oppressive, and fraudulent conduct.  As a
consequence, Elantech is entitled to an award of exemplary damages from Synaptics, as set
forth below, in addition to actual damages.

### ELANTECH'S PRAYER FOR RELIEF

WHEREFORE, Elantech respectfully prays for the following relief and request that
this Court:

1.    Declare that Elantech has not infringed and currently is not infringing, whether
directly, indirectly, contributorily, by inducement, literally, or under the doctrine of
equivalents any claim of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

2.    Deny Synaptics's prayer for preliminary and permanent injunctions

3.    Deny Synaptics's prayer for award of compensatory damages.

4.    Deny Synaptics's prayer for trebling of any and all damages.

5.    Deny Synaptics's prayer for interests and costs.

5.    Deny Synaptics's prayer for attorneys' fees and costs of the litigation.

6.    Deny Synaptics's prayer for prejudgment interest.

7.    Deny Synaptics's prayer for any other or further relief.

8.      Declare that the '591 patent, the '411 patent, the '052 patent, and the '931 patent are invalid.

9.      Declare that this is an exceptional case under 35 U.S.C. § 285 and award attorneys fees to Elantech.

10.     Enjoin, preliminarily and permanently, Synaptics and its agents, officers, servants, employees, franchisees, licensees, successors and/or assigns, and all persons or companies in active concert and/or participation with them from:

A.      contacting or notifying any customers of Elantech about any of the matters raised by this lawsuit; and

B.      interfering in any way with Elantech's contracts and other relationships with its customers.

11.     Award damages to Elantech, subject to proof at trial.

12.     Order Synaptics to provide restitution for its unlawful business practices.

13.     Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Elantech respectfully demands a trial by jury on all issues so triable.

* * * *

Dated:  April 26, 2006          Respectfully Submitted,


By:_____/s/_____
        Hsin-Yi Cindy Feng
        AKIN GUMP STRAUSS HAUER & FELD LLP
        1950 University Avenue, Suite 505
        East Palo Alto, CA 94303
        Telephone: (415) 765-9500
        Facsimile: (415) 765-9501

        Attorney For Plaintiff
        ELANTECH DEVICES CORPORATION