1  KARL J. KRAMER (CA SBN 136433)
   ROBERT L. McKAGUE (CA SBN 187461)
2  ERIKA L. LABIT (CA SBN 234919)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: (650) 813-5600
   Facsimile: (650) 494-0792
5  kkramer@mofo.com

6  Attorneys for Defendant
   SYNAPTICS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  ELANTECH DEVICES CORPORATION., a          Case No.    3:06-CV-01839 CRB
    corporation existing under the laws of Taiwan,
13  R.O.C.,                                   **DEFENDANT SYNAPTICS, INC.'S**
                                              **NOTICE OF MOTION AND**
14                     Plaintiff,             **MOTION TO DISMISS**
                                              **COUNTERCLAIMS OF**
15          v.                                **PLAINTIFF ELANTECH**
                                              **DEVICES CORP.; SUPPORTING**
16  SYNAPTICS, INC., a Delaware corporation,  **MEMORANDUM OF POINTS**
                                              **AND AUTHORITIES**
17                     Defendant.
                                              Date:  July 7, 2006
18                                            Time:  10:00 a.m.
                                              Courtroom 8, 19th Floor
19                                            Hon. Charles R. Breyer

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
**Page**

3   NOTICE OF MOTION AND MOTION .................................................................................1

4   INTRODUCTION ...............................................................................................................1

5   ISSUES TO BE DECIDED ................................................................................................2

6   FACTUAL BACKGROUND ...............................................................................................2

7   ARGUMENT ......................................................................................................................3

8   I.   ELANTECH'S STATE-LAW CLAIMS ARE PREEMPTED ....................................3

9   II.   SYNAPTICS' ALLEGED STATEMENTS ARE PRIVILEGED ...............................4

10   III.   ELANTECH FAILED TO PLEAD VALID TORT CLAIMS .....................................5

11   A.   Elantech's Conclusory Counterclaims Do Not Satisfy The Pleading
Requirements of The Federal Rules of Civil Procedure ...............................5

12
B.   Elantech's Interference Claim Fails To Allege Required Elements ..............6

13
1.   Elantech's Claim Is Too Speculative .................................6

14
2.   Elantech Fails To Allege An "Independently Wrongful" Act ...............8

15
C.   Elantech's Section 17200 And Unfair Competition Claims Fail ..................8

16
IV.   ELANTECH'S CLAIMS SHOULD BE STAYED OR DISMISSED ..............................9

17   CONCLUSION ................................................................................................................10

18
19
20
21
22
23
24
25
26
27
28

SYNAPTICS INC.'S NOT. OF MOT. AND MOT. TO DISMISS COUNTERCLS. OF PL. ELANTECH DEVICES
CORP.; CASE NO. 3:06-CV-01839 CRB
pa-1065838

i

1

**TABLE OF AUTHORITIES**

2

**CASES**

3
*Aronson v. Kinsella*,
   58 Cal. App. 4th 254 (1997)..................................................................................................5

4
*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990)................................................................................................6

5

6
*Big Bear Fireworks v. Anco Mgmt. Servs.*,
   No. C-92-2336, SBE ENE, 1992 U.S. Dist. LEXIS 21918
   (N.D. Cal. Oct. 23, 1992) .....................................................................................................6

7

8
*Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*,
   136 F.3d 1360 (9th Cir. 1998)..............................................................................................3

9
*DCI Mktg., Inc. v. Justrite Mfg.*,
   213 F. Supp. 2d 971 (E.D. Wis. 2002) .................................................................................4

10

11
*Della Penna v. Toyota Motor Sales, USA, Inc.*,
   11 Cal. 4th 376 (1995)......................................................................................................6, 8

12
*Educadores Puertorriquenos En Accion v. Hernandez*,
   367 F.3d 61 (1st Cir. 2004) ...............................................................................................6, 7

13

14
*Faruqui v. California,* No. C 93-20297 RMW (EAI),
   1994 U.S. Dist. LEXIS 8676 (N.D. Cal. May 24, 1994).....................................................6

15
*Formula One Licensing,* No. C 00-222-MMC,
   2001 U.S. Dist. LEXIS 2968 (N.D. Cal. Feb. 6, 2001)...........................................7, 8, 9, 10

16

17
*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
   362 F.3d 1367 (Fed. Cir. 2004) ...........................................................................................4

18
*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.,* Case No. C 03-05340 JF,
   2005 U.S. Dist. LEXIS 6228 (N.D. Cal. Mar. 30, 2005) .....................................................7

19

20
*Haber v. Brown*,
   774 F. Supp. 877 (S.D.N.Y. 1991) .......................................................................................5

21
*Holden v. Hagopian*,
   978 F.2d 1115 (9th Cir. 1992)..............................................................................................6

22

23
*Kashian v. Harriman*,
   98 Cal. App. 4th 892 (2002).................................................................................................5

24
*Khoury v. Maly's of California*,
   14 Cal. App. 4th 612 (1993).................................................................................................9

25

26
*Lerette v. Dean Witter Org., Inc.*,
   60 Cal. App. 3d 573 (1976)..................................................................................................4

27
*McGehee v. Coe Newnes/McGehee ULC*,
   No. C03-5145 MJJ, 2004 U.S. Dist. LEXIS 22931 (N.D. Cal. Nov. 4, 2004) ..................7, 8

28

ii

1 *Melea Ltd. v. Quality Models Ltd.*,
     345 F. Supp. 2d 743 (E.D. Mich. 2004) ...............................................................4

2

   *PG&E v. Bear Stearns & Co.*,
3    50 Cal. 3d 1118 (1990) .......................................................................................10

4  *Patero v. F.D.I.C.*,
     139 F.3d 696 (9th Cir. 1998) ................................................................................6

5

   *Polyclad Laminates, Inc., et al. v. MacDermid, Inc.*,
6    Civ. No. 99-162-M, 1999 U.S. Dist. LEXIS 22563 (D. N.H. July 22, 1999) ........4

7  *Qarbon.com Inc. v. eHelp Corp.*,
     315 F. Supp. 2d 1046 (N.D.  Cal. 2004)................................................................8

8

   *Robinson v. California,* No. Civ. S-04-1888 GEB DAD PS,
9    2005 U.S. Dist. LEXIS 24692 (E.D. Cal. Oct. 21, 2005)........................................3

10 *Ross v. Slabach, No.* C 02-1349 SI,
     2002 U.S. Dist. LEXIS 22908 (N.D. Cal. Nov. 26, 2002) .....................................7

11

   *Sharper Image Corp. v. Target Corp.,* No. C 04-0824 CW,
12   2006  U.S. Dist. LEXIS 24851 (N.D. Cal. Mar. 29, 2006) .................................4, 5

13 *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
     983 F. Supp. 1303 (N.D. Cal. 1997)..........................................................6, 7, 8, 9

14

   *Smith & Hawken, Ltd. v. Gardendance, Inc.*,
15   No. C04-1664 SBA, 2004 U.S. Dist. LEXIS 22934 (N.D. Cal. Nov. 5, 2004) .....9

16 *Visto Corp. v. Sproqit Techs., Inc.*,
     360 F. Supp. 2d 1064 (N.D. Cal. 2005).................................................................1

17

   *Western Mining Council v. Watt*,
18   643 F.2d 618 (9th Cir. 1981) ................................................................................6

19 *Youst v. Longo*,
     43 Cal. 3d 64 (1987).........................................................................................6, 7

20

## STATUTES

21

   35 U.S.C. § 287 ........................................................................................................4
22

   Fed. R. Civ. P. 8 .............................................................................................passim
23

   Fed. R. Civ. P. 12(b)(6) ........................................................................................1, 6
24

   Fed. R. Civ. P. 12(e) ............................................................................................1, 7
25

   Fed. R. Evid. 201 ......................................................................................................3
26

   Cal. Bus. & Prof. Code § 17200........................................................................2, 3, 8
27

   Cal. Civ. Code § 47(b) ......................................................................................4, 5, 8
28

1

**NOTICE OF MOTION AND MOTION**

2

TO PLAINTIFF ELANTECH DEVICES CORP. AND ITS COUNSEL OF RECORD:

3        Please take notice that on July 7, 2006, at 10:00 a.m., or as soon thereafter as the matter

4  may be heard, in the courtroom of the Honorable Charles R. Breyer, located at the United States

5  District Court, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California,

6  defendant Synaptics, Inc. ("Synaptics") shall and hereby does move the Court to dismiss the

7  counterclaims II, III and IV brought by plaintiff Elantech Devices Corp. ("Elantech") pursuant to

8  Federal Rules of Civil Procedure 8(a) and 12(b)(6).  In the alternative, Synaptics moves the Court

9  for a more definite statement of the counterclaims pursuant to Federal Rule of Civil

10  Procedure 12(e).  Also in the alternative, Synaptics moves the Court to dismiss without prejudice or

11  stay Elantech's counterclaims on the ground that such claims are premature pending resolution of

12  the litigation over the merit of Synaptics' patent claims in this case.  *See Visto Corp. v. Sproqit*

13  *Techs., Inc.*, 360 F. Supp. 2d 1064, 1073 (N.D. Cal. 2005).  This motion is based on this Notice of

14  Motion and Motion, the Memorandum of Points and Authorities set forth below, the supporting

15  Declaration of Robert L. McKague and Synaptics' request for judicial notice filed herewith and the

16  exhibits thereto, the reply brief to be filed, and such other written or oral argument as may be

17  presented at or before the time this Motion is taken under submission by the Court.

18

**INTRODUCTION**

19        This motion presents one simple question in several different guises: whether a patent

20  holder's statements giving notice of infringement to third parties can give rise to state-law based

21  tort claims.  In this case, Synaptics gave notice of infringement and then sued successfully

22  companies that incorporated Elantech's infringing technology in products sold in the United States.

23  Elantech's state-law tort claims for unfair competition and interference with prospective economic

24  advantage are preempted and are based upon privileged conduct.  The counterclaims also fail to

25  comply with the notice-pleading requirements of Fed. R. Civ. P. 8, and fail to allege required

26  elements of Elantech's claims under California law.  In the alternative, because the claims all

27  devolve to whether Synaptics' infringement allegations are "false," Elantech's claims should be

28  dismissed as premature or stayed until the merit of the infringement case is determined.

SYNAPTICS INC.'S NOT. OF MOT. AND MOT. TO DISMISS COUNTERCLS. OF PL. ELANTECH DEVICES            1
CORP.; CASE NO. 3:06-CV-01839 CRB
pa-1065838

**ISSUES TO BE DECIDED**
(Local Rule 7-4(a)(3))

1.     Whether Elantech's state-law counterclaims are preempted when based on Synaptics' notification of Synaptics' patent rights.

2.     Whether Elantech's state-law counterclaims should be dismissed because giving notice of patent infringement and pursuing patent litigation are absolutely privileged conduct.

3.     Whether Elantech has stated a claim for intentional interference with prospective economic advantage, violation of Business & Professions Code section 17200, and common law unfair competition based on Synaptics' notice of infringement to third-parties where Elantech has not pled any non-conclusory facts showing why the statements are "independently wrongful," or the identity or existence of customer relationships with a probability of economic benefit.

4.     Whether Elantech's counterclaims should be dismissed without prejudice or stayed, where those claims depend entirely on the resolution of Synaptics' claim for patent infringement against Elantech.

**FACTUAL BACKGROUND**

Defendant Synaptics manufactures and sells products for laptop and notebook computers, including touchpad products.  (*See, e.g.*, Compl. ¶¶ 5, 11; Synaptics' Answer ¶¶ 7, 22.)  Synaptics owns several patents covering basic touchpad technology, including U.S. Patent Nos. 5,543,591, 5,880,411, 5,943,052 , and 6,380,931 (collectively, "the Synaptics' Patents").  (Synaptics' Answer ¶¶ 26-29, Exs. A-D.)

Plaintiff Elantech is a Taiwanese corporation that makes, uses, sells and offers to sell touch pads, touch sensing, and pointing devices that incorporate or use at least one of the inventions claimed in the Synaptics' Patents.  (*Id.* ¶¶ 32-35.)  Elantech directs its products into the United States through established distribution channels involving various third parties.  (*Id.* ¶ 33.)  Among the companies that have distributed infringing Elantech products within the United States are Averatec and ProStar, both based in California.  (Decl. of Robert L. McKague in Supp. of Synaptics' Mot. to Dismiss Elantech's Counterclaims ("McKague Decl."), Ex. A.)

SYNAPTICS INC.'S NOT. OF MOT. AND MOT. TO DISMISS COUNTERCLS. OF PL. ELANTECH DEVICES CORP.; CASE NO. 3:06-CV-01839 CRB
pa-1065838

2

1    Elantech has been on written notice of its infringement of Synaptics' patent rights since at

2 least December 2003. (Synaptics' Answer ¶ 34.)  Synaptics also provided notice of infringement to

3 certain Elantech customers. (McKague Decl., Ex. A, ¶ 15.)  On January 27, 2006, Synaptics sued

4 two companies, Averatec and ProStar, that made, used, sold or offered to sell products that

5 included Elantech's infringing touchpad products. (McKague Decl., Ex. A.)  Those companies

6 agreed to an injunction against the future use of that infringing technology. (*Id.*, Exs. B and C.) [1]

7    On March 10, 2006, Elantech sued Synaptics for patent infringement in this District.

8 Elantech accuses Synaptics of infringement of U.S. Patent No. 5,825,352. (*See* Compl. ¶ 6.)

9 Synaptics answered Elantech's complaint on April 6, 2006 and counterclaimed against Elantech for

10 infringement of the Synaptics Patents. (*See* Synaptics Answer.)  Elantech replied by asserting

11 claims under California law for intentional interference with prospective economic advantage,

12 alleged violations of California Business & Professions Code section 17200, and common law

13 unfair competition. (Elantech Answer ¶¶ 9-17.)

14    Elantech's counterclaims are based entirely on the notifications provided by Synaptics to

15 Elantech's customers concerning the existence of the Synaptics Patents and infringement thereof.

16 (*Id.* ¶ 10.)  Other than Synaptics' allegedly "false and misleading" statement that its patents were

17 being infringed, no other conduct is identified in Elantech's Answer to support its counterclaims.

18                                **ARGUMENT**

19    **I.    ELANTECH'S STATE-LAW CLAIMS ARE PREEMPTED.**

20    Elantech's counterclaims for interference with prospective economic advantage and unfair

21 competition are based upon Synaptics' alleged communications with Elantech's customers

22 concerning infringement of Synaptics' Patents.  Specifically, in its Answer and related

23 counterclaims, Elantech asserts that Synaptics' communications giving notice of patent

24    [1]  The exhibits attached to the McKague Declaration are copies of public court records
from the now settled litigation between Synaptics on the one hand, and Averatec and ProStar on
25 the other.  The Court may properly take judicial notice of these documents, and Synaptics
respectfully requests that the Court do so.  Fed. R. Evid. 201; *See Robinson v. California*, No. Civ.
26 S-04-1888 GEB DAD PS, 2005 U.S. Dist. LEXIS 24692, *3 (E.D. Cal. Oct. 21, 2005) (*citing
Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.
27 1998).)

28

SYNAPTICS INC.'S NOT. OF MOT. AND MOT. TO DISMISS COUNTERCLS. OF PL. ELANTECH DEVICES          3
CORP.; CASE NO. 3:06-CV-01839 CRB
pa-1065838

1    infringement are "false and misleading" because Elantech asserts its technology does not infringe

2    Synaptics' Patents:

> Synaptics has been sending Elantech's customers letters containing, and
> visiting Elantech's customers providing, false and misleading information
> about Elantech's alleged infringement of Synaptics's patents.  Since
> Elantech is the designer of the alleged infringing products, Elantech, not its
> customers, would possess the technical information required to assess
> infringement.  Yet, Synaptics has continued to contact Elantech's customers
> threatening them with patent infringement suits.  Upon information and
> belief, Synaptics communicated to Elantech's customers that they should
> cease using, selling, and/or purchasing Elantech's products.

8    (Elantech Answer, ¶ 10.)

9    Statements giving notice of infringement, such as those Elantech alleges, are generally not

10    actionable under state law.  *See Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d

11    1367, 1374-77 (Fed. Cir. 2004) (affirming district court ruling that tort claims are preempted where

12    district court had also granted summary judgment of non-infringement).  Claims based upon the

13    mere allegation that a patent holder gave notice of infringement to a party, without more, are

14    preempted by the federal patent law.  *Melea Ltd. v. Quality Models Ltd.*, 345 F. Supp. 2d 743, 756-

15    58 (E.D. Mich. 2004) (finding claims based on allegedly false statements to customers and potential

16    customers about infringement are preempted); *DCI Mktg., Inc. v. Justrite Mfg.,* 213 F. Supp. 2d 971,

17    973-74 (E.D. Wis. 2002); *Polyclad Laminates, Inc., et al. v. MacDermid, Inc.*, Civ. No. 99-162-M,

18    1999 U.S. Dist. LEXIS 22563, *1-3 (D. N.H. July 22, 1999).  Elantech has not pled any facts that

19    suggest Synaptics acted in anything other than good faith when it notified Elantech's customers of

20    the existence of the Synaptics Patents and informed them of Elantech's infringement of those

21    patents.  *Id.*  Indeed, under the patent law, Synaptics is required, under some circumstances, to give

22    notice of infringement to protect its rights to claim damages from infringers.  35 U.S.C. § 287.  No

23    cause of action may arise out of Synaptics' complying with its obligations under the patent law or

24    successfully prosecuting patent litigation.

25    **II.    SYNAPTICS' ALLEGED STATEMENTS ARE PRIVILEGED.**

26    Synaptics' alleged statements giving notice of patent infringement are absolutely protected

27    from tort liability under California law.  Cal. Civ. Code § 47(b); *Lerette v. Dean Witter Org., Inc.*, 60

28    Cal. App. 3d 573, 577-78 (1976); *Sharper Image Corp. v. Target Corp.*, No. C 04-0824 CW, 2006

SYNAPTICS INC.'S NOT. OF MOT. AND MOT. TO DISMISS COUNTERCLS. OF PL. ELANTECH DEVICES        4
CORP.; CASE NO. 3:06-CV-01839 CRB
pa-1065838

1   U.S. Dist. LEXIS 24851, *54-62 (N.D. Cal. Mar. 29, 2006) (holding that, under California law,

2   statements threatening litigation or attempts to resolve legal disputes are privileged); *Aronson v.*

3   *Kinsella*, 58 Cal. App. 4th 254, 262 (1997) (holding that pre-litigation statements are "protected

4   when the statement is made in connection with a proposed litigation that is 'contemplated in good

5   faith and under serious consideration.'") (internal citations omitted).  Any doubt as to whether the

6   privilege applies must be resolved in favor of applying it.  *Kashian v. Harriman*, 98 Cal. App. 4th

7   892, 913 (2002).

8          Elantech's conclusory pleading does not identify the specific statements that form the basis

9   of its claim.  (Compl. ¶ 10.)  All that can be inferred from Elantech's counterclaims is that at some

10  unspecified date Synaptics informed unidentified third parties of the Synaptics Patents, and of

11  Elantech's infringing technology.  (*Id.*)  Obviously, if the companies given notice of infringement

12  continued to infringe, Synaptics' only recourse was to enforce its rights through litigation, which it

13  has done successfully against two Elantech customers.  (*See* McKague Decl., Exs. B-C.)

14         In this context, Synaptics' alleged communications with the third-party companies are

15  privileged because any such statements were made with serious, good-faith consideration of

16  possible litigation.  *Aronson,* 58 Cal. App. 4th at 262.  There are no facts alleged in Elantech's

17  counterclaims which contradict these facts and it is hard to imagine what facts could be alleged to

18  sustain a valid claim.  *Kashian*, 98 Cal. App. 4th at 920 ("[C]ommunications made in connection

19  with litigation do not necessarily fall outside the privilege simply because they are, *or are alleged*

20  *to be*, fraudulent, perjurious, unethical, or even illegal.") (emphasis added); Cal. Civ. Code § 47(b).

21  Elantech's tort claims should be dismissed.

22      **III.    ELANTECH FAILED TO PLEAD VALID TORT CLAIMS.**

23          **A.    Elantech's Conclusory Counterclaims Do Not Satisfy The Pleading
                    Requirements of The Federal Rules of Civil Procedure.**
24

25          Before it may pursue its state law tort claims, Federal Rule of Civil Procedure 8 requires

26  Elantech to plead non-conclusory facts which, if proven, would state a legally cognizable claim

27  under California law.  Fed. R. Civ. P. 8(a).  *See Haber v. Brown*, 774 F. Supp. 877, 879 (S.D.N.Y.

28  1991) (holding that a "bare bones statement" of a legal claim, unsupported by any facts, does not

1  satisfy Rule 8); *see also Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 68 (1st

2  Cir. 2004) (in any action subject to Rule 8, "the complaint should at least set forth minimal facts as

3  to who did what to whom, when, where, and why"); *Faruqui v. California*, No. C 93-20297 RMW

4  (EAI), 1994 U.S. Dist. LEXIS 8676, *5 (N.D. Cal. May 24, 1994) (finding that "vague, general and

5  conclusory" allegations, unsupported by any facts, fail to satisfy Rule 8).

6      Elantech has not satisfied its pleading burden.  Its counterclaims rely entirely on the pleading

7  of conclusory allegations that do not satisfy the requirements of Rule 8.  *See Big Bear Fireworks v.*

8  *Anco Mgmt. Servs.*, No. C-92-2336 SBA ENE, 1992 U.S. Dist. LEXIS 21918, *8 (N.D. Cal. Oct. 23,

9  1992) (holding "[t]he Rules do not … sanction pleadings that are simply 'legal conclusions … cast in

10  the form of factual allegations.'); *Western Mining Council v. Watt*, 643 F.2d 618, 624, *cert. denied*,

11  454 U.S. 1031 (1981).  Dismissal of Elantech's counterclaims is therefore proper pursuant to Federal

12  Rule of Civil Procedure 12(b)(6).  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

13  1990) (dismissal is warranted where there are insufficient facts to support a legal claim);

14  *Educadores*, 367 F.3d at 68 (courts should dismiss meritless claims based on "bald assertions,

15  unsupported conclusions, and opprobrious epithets").[2]

16  **B.    Elantech's Interference Claim Fails To Allege Required Elements.**

17  **1.    Elantech's Claim Is Too Speculative.**

18      Under California state law, a claim for intentional interference with prospective economic

19  advantage requires a showing of an economic relationship between the plaintiff and a third party

20  containing the probability of future economic benefit to the plaintiff.  *See Della Penna v. Toyota*

21  *Motor Sales, USA, Inc.*, 11 Cal. 4th 376, 388 (1995).  "The law precludes recovery for overly

22  speculative expectancies by initially requiring proof the business relationship contained 'the

23  probability of future economic relationship.'" *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,

24  983 F. Supp. 1303, 1311 (N.D. Cal. 1997) (quoting *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987).)

25

26      [2] In ruling on Synaptics' motion to dismiss, the Court need not accept Elantech's
conclusory allegations as true. *Patero v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Holden v.*
*Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).  Such allegations are, in fact, insufficient to
27  defeat Synaptics' motion. *Id*.

28

1  Thus, in order to state a claim for intentional interference with prospective economic advantage,

2  Elantech must identify at least one economic relationship between it and a third party, and plead

3  non-conclusory facts which, if proven, would show the probability of future economic benefit to

4  Elantech from that relationship and actual disruption of that relationship by Synaptics. *Id.*;

5  *McGehee v. Coe Newnes/McGehee ULC*, No. C03-5145 MJJ, 2004 U.S. Dist. LEXIS 22931, * 17-

6  19 (N.D. Cal. Nov. 4, 2004).

7        Elantech has only generally alleged that Synaptics has "injured" its relations with its

8  "customers and prospective customer." (Elantech Answer ¶ 11.)  It does not identify a single

9  "customer" or "prospective customer" in its entire pleading, nor does Elantech identify a single

10  communication from Synaptics that interfered with a customer relationship.  Elantech's bald

11  assertions of wrongdoing fail to meet pleading requirements of Rule 8(a), and prevent Synaptics

12  from formulating any truly meaningful response.[3] *Educadores*, 367 F.3d at 68 (complaint should

13  allege "who did what to whom, when, where, and why ….").

14        In other cases, this court has found language nearly identical to that used by Elantech to be

15  insufficient to support a claim for intentional interference with prospective economic advantage.[4]

16  Like those cases, Elantech's counterclaims fail to identify any actual economic relationship, or any

17  facts that would support its conclusory contention that Synaptics's alleged statements caused it to

18  lose potential customers.  Elantech's pleading should therefore be dismissed for failure to state a

19  claim.

20
_____

21        [3]  At a minimum, Synaptics is entitled to a more definite statement pursuant to Rule 12(e).
*Ross v. Slabach*, No. C 02-1349 SI, 2002 U.S. Dist. LEXIS 22908, *5 (N.D. Cal. Nov. 26, 2002)
(granting Rule 12(e) motion for more definite statement).

22

23        [4]  *See e.g., Formula One Licensing*, No. C 00-222-MMC, 2001 U.S. Dist. LEXIS 2968,
*17 (N.D. Cal. Feb. 6, 2001) (general allegations that relationships with "customers" were
disrupted failed to "identify with any particularity the relationships which form the basis of these

24  claims or even the specific communications they allege to have caused these disruptions.");
*Silicon Knights, Inc.,* 983 F. Supp. at 1311-12 (granting motion to dismiss where allegations that

25  defendants "induced and/or caused customers and potential customers not to
purchase … products" were insufficient because "the complaint alleges only conclusory

26  statements and no facts in support of its contention that it lost potential customers."); *Google
Inc. v. Am. Blind & Wallpaper Factory, Inc.*, Case No. C 03-05340 JF, 2005 U.S. Dist. LEXIS

27  6228, *37-41 (N.D. Cal. Mar. 30, 2005).

28

1
**2.    Elantech Fails To Allege An "Independently Wrongful" Act.**

2
Elantech must also show that the Synaptics' alleged interference was independently

3
wrongful – that is, wrong by some measure beyond the fact of the interference itself. *Della Penna*,

4
11 Cal. 4th at 393; *Formula One Licensing*, 2001 U.S. Dist. LEXIS 2968, *14; *McGehee*, 2004

5
U.S. Dist. LEXIS 22931, at *16-17.[5]  Other than its conclusory assertion that Synaptics'

6
publication of its patent rights "interfered" with Elantech's relationships with several customers,

7
Elantech has not alleged *any* non-conclusory facts that, if proven, would show that Synaptics'

8
statements violate a statute, regulation, or common law rule other than the alleged "interference"

9
itself. (Elantech Answer ¶ 10.)  Synaptics' notification of infringement to third parties cannot

10
constitute independently wrongful conduct because, as shown above, these pre-litigation

11
communications are privileged under Cal. Civ. Code § 47(b), and good-faith statements asserting

12
patent rights are preempted by federal patent law.  As Elantech makes no claim of independent

13
wrongful conduct to support its intentional interference with prospective economic advantage tort

14
cause of action, this counterclaim should be dismissed.

15
**C.    Elantech's Section 17200 And Unfair Competition Claims Fail.**

16
Elantech's state law tort claims for unfair competition under Section 17200 and the

17
common law are derivatives of Elantech's failed claim for intentional interference with prospective

18
economic advantage, and for that reason cannot survive dismissal. *See e.g. Formula One*

19
*Licensing*, 2001 U.S. Dist. LEXIS 2968, at *12-13 (dismissing state unfair competition claims

20
because plaintiffs had failed to state an antitrust claim, and the state unfair competition claims were

21
based on the same allegations).

22
Moreover, Elantech has not stated a claim for unfair competition because it has failed to

23
state with "reasonable particularity the facts supporting the statutory elements of the violation," as

24
required by California law. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1052 (N.D.

25
[5] California courts have defined "independently wrongful conduct" as "(1) conduct that is
independently tortious or a restraint of trade; (2) conduct violating a statute, regulation, a
26
recognized rule of common law, or an established standard of a trade or profession, or (3) conduct
that is illegal, unfair, or immoral according to common understandings of society." *Formula One*
27
*Licensing*, 2001 U.S. Dist. LEXIS 2968, at *14.

28

1   Cal. 2004); *Silicon Knights, Inc.*, 983 F. Supp. at 1316 (finding unfair competition claim failed to

2   satisfy Rule 8 where California courts had determined that claim required pleading of particularized

3   facts); *Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. C04-1664 SBA, 2004 U.S. Dist. LEXIS

4   22934, *15-16 (N.D. Cal. Nov. 5, 2004); *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619

5   (1993).  Elantech has not provided any factual basis for its allegation that Synaptics's alleged

6   statements about Elantech's infringing technology were false or misleading.  Elantech's

7   counterclaims are also devoid of facts concerning the circumstances of the alleged wrongdoing.

8   Elantech's failure to plead any facts to support its claims of alleged wrongdoing causes its

9   counterclaims of unfair competition to fail as a matter of law, and the claims should be dismissed.

10  *Silicon Knights, Inc.*, 983 F. Supp. at 1316.

11          **IV.     ELANTECH'S CLAIMS SHOULD BE STAYED OR DISMISSED.**

12          Even if Elantech had stated cognizable state-law tort counterclaims, the resolution of the

13  counterclaims depend on the resolution of Elantech's assertion that Synaptics' patent infringement

14  claim is "false or misleading."  Certainly, before the finder of fact can determine whether there can

15  be tort liability for these communications, there must first be a determination of whether, in fact,

16  Synaptics' patents are valid, enforceable, and infringed by Elantech and/or its customers.  The issue

17  of patent validity and infringement will be decided in the present case between Synaptics and

18  Elantech, and Elantech must wait until these core issues of patent infringement and validity are

19  resolved before it should be permitted to pursue any tort liability against Synaptics arising from

20  these issues.

21          Until the underlying issues in the primary litigation are resolved, Elantech's tort claims

22  based on Synaptics' pre-litigation communications are premature.  For example, in *Visto Corp.*,

23  360 F. Supp. 2d at 1073, the court dismissed tort counterclaims in a patent infringement case as

24  premature because the claims were based on allegations concerning prelitigation threats of patent

25  infringement, and were thus "inextricably intertwined" with resolution of the underlying claims of

26  patent infringement.  The same rationale has been applied in other cases.  *See Formula One*

27  *Licensing,* 2001 U.S. Dist. LEXIS 2968, at *15 (dismissing the interference with economic

28  advantage claim as "premature" because the complaint failed to allege as part of its cause of action

1  that the trademark infringement action concluded the counterclaimant's favor); *PG&E v. Bear*

2  *Stearns & Co.*, 50 Cal. 3d 1118, 1137 (1990) (holding that, when a claim for intentional

3  interference with prospective economic advantage is "based upon the pursuit of litigation, the

4  plaintiff must allege that … the litigation concluded in plaintiff's favor.").

5          Whether Synaptics' infringement claim has merit is the true issue to be decided in this case.

6  Until there has been an adjudication on the merit of that issue, this Court should follow the

7  reasoning in *Visto*, *Formula One*, and *PG&E*, and dismiss without prejudice or stay Elantech's tort

8  counterclaims.

9                                          **CONCLUSION**

10         Elantech's counterclaims should be dismissed.  For the reasons given above, Elantech's

11  claims are preempted by the federal patent law and are directed to privileged litigation-related

12  conduct.  Moreover, Elantech's allegations are devoid of the specificity required under Fed. R. Civ.

13  P. 8, and do not contain the non-conclusory allegations necessary to plead the required elements of

14  Elantech's state law tort claims.  In the alternative, Elantech's claims should be dismissed as

15  premature or stayed pending resolution of Synaptic's patent infringement claim.

16

17  Dated:  May 19, 2006                    KARL J. KRAMER
                                            ROBERT L. McKAGUE
18                                          ERIKA L. LABIT
                                            MORRISON & FOERSTER LLP
19

20
                                            By:   s/Karl J. Kramer
21                                               Karl J. Kramer

22                                          Attorneys for Defendant
                                            SYNAPTICS, INC.
23

24

25

26

27

28

SYNAPTICS INC.'S NOT. OF MOT. AND MOT. TO DISMISS COUNTERCLS. OF PL. ELANTECH DEVICES       10
CORP.; CASE NO. 3:06-CV-01839 CRB
pa-1065838

1         I, Erika Labit, am the ECF User whose ID and password are being used to file this

2    Defendant Synaptics, Inc.'s Notice of Motion and Motion to Dismiss Counterclaims of Plaintiff

3    Elantech Devices Corp.; Supporting Memorandum of Points And Authorities.  In compliance

4    with General Order 45, X.B., I hereby attest that Karl J. Kramer has concurred in this filing.

5    Dated:  May 19, 2006                MORRISON & FOERSTER LLP

6

7                                By: s/Erika L. Labit_____
                            Erika L. Labit
                            Attorneys for Defendant

8                                Synaptics, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KARL J. KRAMER (CA SBN 136433)
   ROBERT L. McKAGUE (CA SBN 187461)
2  ERIKA L. LABIT (CA SBN 234919)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: (650) 813-5600
   Facsimile: (650) 494-0792
5  kkramer@mofo.com

6  Attorneys for Defendant
   SYNAPTICS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  ELANTECH DEVICES CORPORATION., a              Case No.    3:06-CV-01839 CRB
    corporation existing under the laws of Taiwan,
13  R.O.C.,                                       **[PROPOSED] ORDER**

14               Plaintiff,                        Date:  July 7, 2006
                                                   Time:  10:00 a.m.
15        v.                                       Courtroom 8, 19th Floor
                                                   Hon. Charles R. Breyer
16  SYNAPTICS, INC., a Delaware corporation,

17               Defendant.

18

19        On May 19, 2006, defendant Synaptics, Inc. ("Synaptics") filed a Motion To Dismiss

20  directed at three counterclaims in Elantech's Answer And Counterclaims To Synaptics's

21  Counterclaims And Demand For Jury Trial ("Answer and Counterclaims").  Pursuant to that

22  motion, Synaptics moved the Court to dismiss counterclaims II, III, and IV of the Answer and

23  Counterclaims for failure to state a claim, pursuant to Rules 8(a) and 12(b)(6) of the Federal

24  Rules of Civil Procedure.  In the alternative, Synaptics moved the Court for a more definite

25  statement of the counterclaims pursuant to Federal Rule of Civil Procedure 12(e).  Also in the

26  alternative, Synaptics moved the Court to dismiss without prejudice or stay Elantech's

27  counterclaims on the ground that such claims are premature pending resolution of the litigation

28

[PROPOSED] ORDER GRANTING SYNAPTICS' MOT. TO DISMISS ELANTECH'S COUNTERCLAIMS
CASE NO. 3:06-CV-01839 CRB                                                              1
pa-1065875

1    over the merit of Synaptics' patent claims in this case. *See Visto Corp. v. Sproqit Techs., Inc.*,

2    360 F. Supp. 2d 1064, 1074 (N.D. Cal. 2005).

3         The defendant's motion came on for hearing on July 7, 2006. Based on the papers filed

4    by the parties in connection with defendant's motion, the papers and records on file in this action,

5    and the parties' arguments at the hearing on this matter,

6

7    IT IS HEREBY ORDERED that defendant's motion is GRANTED. The Court hereby ORDERS

8    that counterclaims II (Interference With Prospective Economic Advantage), III (Unlawful

9    Business Practices, Calif. Bus. & Prof. Code § 17200 et seq.), and IV (Common Law Unfair

10   Competition) of the Answer and Counterclaims are DISMISSED without prejudice.

11

12   [Alternatively: IT IS HEREBY ORDERED that the plaintiff, Elantech, provide a more definite

13   statement of its counterclaims pursuant to Rule 12(e).]

14

15   [Alternatively: IT IS HEREBY ORDERED that counterclaims II (Interference With Prospective

16   Economic Advantage), III (Unlawful Business Practices, Calif. Bus. & Prof. Code § 17200 et

17   seq.), and IV (Common Law Unfair Competition) of the Answer and Counterclaims are

18   DISMISSED / STAYED without prejudice pending resolution of the underlying patent

19   infringement counterclaims brought by Synaptics against Elantech.]

20

21        IT IS SO ORDERED.

22        Dated: _____, 2006

23   _____

24                 Honorable Charles R. Breyer
               United States District Judge

25

26

27

28

[PROPOSED] ORDER GRANTING SYNAPTICS' MOT. TO DISMISS ELANTECH'S COUNTERCLAIMS
CASE NO. 3:06-CV-01839 CRB
pa-1065875

2