Yitai Hu – yhu@akingump.com (California Admission Pending)
Sean P. DeBruine – sdebruine@akingump.com (State Bar No. 168071)
Hsin-Yi Cindy Feng – cfeng@akingump.com (State Bar No. 215152)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 838-2000
Facsimile: (650) 838-2001

Attorneys For Plaintiff
ELANTECH DEVICES CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, <br> Plaintiff, <br> v. <br> SYNAPTICS CORPORATION, <br> Defendant. | Case No. 3:06-cv-01839 CRB <br><br> **ELANTECH DEVICES CORP.'S OPPOSITION TO SYNAPTICS CORP.'S MOTION TO DISMISS PLAINTIFF'S COUNTERCLAIMS** <br><br> Date: July 7, 2006 <br> Time: 10:00 a.m. <br> Courtroom 8, 19th Floor <br> Hon. Charles R. Breyer |

Plaintiff Elantech Devices Corp. ("Elantech") hereby opposes the Motion to Dismiss filed by Defendant Synaptics, Inc. ("Synaptics"). Because Elantech has properly alleged each of its claims, Synaptics's motion should be denied.

## INTRODUCTION

Elantech's state law counterclaims are based on conduct independent of Synaptics's patent infringement claims. In its motion, Synaptics ignores the fact that Elantech alleges *false and*

*misleading* statements made by Synaptics to Elantech's customers as the basis of Elantech's state law counterclaims.

Contrary to Synaptics's arguments, Elantech's counterclaims are not preempted by federal law because they are based on Synaptics's false and misleading statements to Elantech's customers. Thus, litigation privilege does not extend to Synaptics's false and misleading communications that are neither necessary, nor useful. Besides, Elantech's counterclaims are well pled to provide more than sufficient notice to Synaptics of Elantech's allegations, and the counterclaims have set forth sufficient facts and allegations in stating the tort claims upon which relief can be granted.

## FACTUAL BACKGROUND

Plaintiff Elantech designs, manufactures and sells touchpad products. Among Elantech's customers were Averatec, Inc. ("Averatec") and Prostar Computer, Inc. ("Prostar"), both of which are California-based companies. Defendant Synaptics also manufactures and sells touchpad products.

On March 9, 2006, Elantech filed the instant lawsuit against Synaptics for patent infringement. In its answer, Synaptics counterclaimed for infringement of the same patents it had previously asserted against Averatec and Prostar. Elantech then asserted its counterclaims against Synaptics for interference with prospective economic advantage, unlawful business practice, and common law unfair competition. (Elantech's Answer ¶¶ 9-17.) Elantech's counterclaims are based on information and belief that Synaptics communicated false and misleading information to Elantech's customers.

## ARGUMENT

### I.      Elantech's State Law Claims Are Not Preempted by Federal Law.

Federal patent law only preempts state law-tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation. *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004). Here, Elantech's state law claims are based on Synaptics's *false and misleading* communications to Elantech's customers, and not on Synaptics's assertion of patent infringement as Synaptics argues in its motion. Not surprisingly, the cases cited by Synaptics involve state-law claims that are based solely on a patent owner's allegation or warning of patent infringement, without any accusation of falsity in the

patent owner's communications other than the patent infringement accusation itself. See e.g. *Globetrotter Software*, 362 F.3d at 1374; *Melea Ltd. v. Quality Models Ltd.*, 345 F.Supp.2d 743, 757 (E.D. Mich. 2004).

Synaptics also cites to the *Melea* case for the proposition that federal law preempts any state law claims that are based on false and misleading statements made in relation to patent infringement. (Synaptics's Motion, p. 4.) However, the *Melea* court did not hold that "claims based on allegedly false statements to customers and potential customers about infringement" are per se preempted (Synaptics's Motion, p. 4), but instead ruled that the Defendant's failure to "identif[y] a single false statement in Plaintiff's letters" even after Defendant proffered additional evidence outside the pleadings. *Melea Ltd.*, 345 F.Supp.2d at 756-58.

Because Elantech's state law claims rest not on Synaptics's patent infringement claims, but instead on the associated false and misleading communications to Elantech's customers, those claims are not preempted by federal law.

## II. Privilege Does Not Extend to Synaptics's Alleged False and Misleading Communications.

California Civil Code § 47(b) defines a litigation privilege that immunizes participants in official proceedings and/or litigation against certain tort actions. *Silberg v. Anderson*, 50 Cal.3d 205, 215-16 (1990). For privilege to apply, the communication must be "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id*. at 212. Where the privilege is applied to extend beyond statements made in the proceedings, the communications must still be "logically related" to the litigation. *Kashian v. Harriman*, 98 Cal.App.4th 892, 920 (2002). In other words, the privilege applies only if the communication "functions as a necessary or useful step in the litigation process." *Id*.

Contrary to Synaptics's suggestion, the litigation privilege does not apply to false statements made in a communication simply because the communication is "related in some way to the subject matter of the litigation." *Id*. For example, in *Nguyen v. Proton Technology Corp.*, 69 Cal. App.4th 140 (1999), a prelitigation demand letter made false and misleading statement about the plaintiff. *Id*. at

143-45. Holding that the false statements were not protected by the litigation privilege, the court stated, "section 47(b) does not prop the barn door wide open for any and every sort of prelitigation charge or innuendo, . . .". *Id*. at 150. The false information communicated in the prelitigation letter is outside the privilege "because it does not further the object of litigation." *Kashian*, 98 Cal. App.4[th] at 921.

Similarly, because Synaptics's false and misleading statements were unnecessary and do not further the object of litigation, albeit in connection with its assertion of patent infringement, they cannot be within the scope of privileged "publication or broadcast" envisioned by Cal. Civ. Code § 47(b).

### III.    Elantech's Counterclaims Satisfy the Pleading Requirements Under Rule 8 of Federal Rules of Civil Procedure.

For state law claims in a federal court action, while state law determines whether the claims exist, the manner in which such claims need to be raised is governed by the federal rules. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1051 (N.D. Cal. 2004).

Rule 8 of Federal Rules of Civil Procedure merely requires notice pleading. Fed. R. Civ. P. 8 (a complaint shall contain "a short and plain statement" of the pleader's claim showing that the pleader is entitled to relief); *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47. Therefore, the pleadings need not allege facts constituting the claims for relief, and need only give fair notice of the pleader's claim so that the opposing party can respond, undertake discovery, and prepare for trial. *Id*. Indeed, because Rule 8 does not impose a particularity requirement as under Rule 9 and because detailed evidentiary facts need not be set forth in the complaint, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

Far from Synaptics's characterization that its counterclaims are "conclusory allegations," Elantech has provided more than adequate notice as to the basis of its counterclaims:

> 10.    Upon information and belief, Synaptics has been sending Elantech's customers letters containing, and visiting Elantech's customers providing, false and misleading information about Elantech's alleged infringement of Synaptics's patents.  Since Elantech is the designer of the alleged infringing products, Elantech, not its customers, would possess the technical information required to assess infringement.  Yet, Synaptics has continued to contact Elantech's customers threatening them with patent infringement suits.  Upon information and belief, Synaptics communicated to Elantech's customers that they should cease using, selling, and/or purchasing Elantech's products.  Synaptics's communications with Elantech's customers were undertaken for anticompetitive purposes.

(Elantech's Answer, ¶10.)  Elantech has also provided facts about Synaptics's particular wrongdoings that resulted in injuries to Elantech.  Therefore, the manner in which Elantech pled its counterclaims not only met but exceeded the requirements of the Federal Rules.

**IV.    Synaptics's Rule 12(b)(6) Motion Must Fail.**

The standards governing a Rule 12(b)(6) motion are well settled.  Such motion may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to any form of relief.  *Conley*, 355 U.S. at 45-46; *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A Rule 12(b)(6) dismissal is proper only where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Thus, to resolve a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true, and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Here, these factors require the denial of Synaptics's motion.

      i.    <u>Elantech has pled the actual economic relationships with Elantech's customers.</u>

Contrary to Synaptics's accusation that Elantech has failed to identify any actual economic relationship (Synaptics's Motion to Dismiss, p. 7), Elantech has indeed pled its existing business relationships with its customers as it stated: "Synaptics communicated to Elantech's customers that

they should cease using, selling, and/or purchasing Elantech's products." (Elantech's Answer, ¶ 10, emphasis added.)  From the word, "cease," it can be easily and reasonably understood that there has been actual and preexisting business relationships between Elantech and Elantech's customers.

Elantech has likewise alleged that Synaptics's communications with Elantech's customers have resulted in injury to Elantech's prospective business relations:

> 11.     . . . By disseminating false and misleading information to Elantech cusomers, Synaptics has intended to injure, and has in fact injured, Elantech's prospective business relations with such customers and prospective customers. . . .

(Elantech's Answer, ¶ 11, emphasis added.)  Synaptics's reliance on *Silicon Knights, Inc.* is misplaced. Unlike Elantech, the plaintiff in that case made no allegation of the consequence of or injury caused by defendant's alleged wrongdoing "from which the court or defendants could infer the probable disruption of an actual economic relationship."  *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1311-12 (N.D. Cal. 1997).

Similarly, Synaptics's complaint that Elantech has not specifically identified a customer or prospective customer or a specific communication does not warrant a grant of its motion to dismiss because there is no requirement that all detailed facts for each allegation be set forth in a pleading to properly state a claim.  To the contrary, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  *Conley*, 355 U.S. at 47.

### ii.     Elantech has alleged an "independently wrongful" act.

Synaptics's claim that Elantech fails to allege an "independently wrongful" act beyond the fact of the interference itself likewise lacks merit.  Misrepresentation is commonly included as independently wrongful conduct.  *See e.g. PMC, Inc. v. Saban Ent., Inc.*, 45 Cal.App.4th 579, 603 (1996); *Visto Corp. v. Sproqit Tech., Inc.*, 360 F.Supp.2d 1064, 1067 (N.D. Cal. 2005) (the element of independently wrongful conduct has been successfully alleged where it has been alleged that patent owner's allegation of patent infringement is false and/or defamatory).  Because Synaptics's false and misleading communications to Elantech's customers constitute misrepresentations, Elantech has alleged an independently wrongful act in support of its interference with prospective economic advantage claim. (Elantech's Answer, ¶ 10.)

### iii. Elantech's Unfair Competition Claims Also Satisfy the Requirement Under Fed. R. Civ. P. 8.

For the same reasons that Elantech's claim of interference with prospective economic advantage meets the pleading requirement of Rule 8, Elantech's unfair competition claims have also complied with the rule.

Synaptics cited to *Silicon Knights*, stating that "California courts had determined that [unfair competition] claim required pleading of particularized facts." (Synaptics's Motion to Dismiss, p. 9.) However, the court in *Silicon Knights* did not require such pleading of particularized fact. Instead, the court required that plaintiff state "with reasonable particularity the facts supporting the statutory elements of the violation." *Silicon Knights, Inc.*, 983 F. Supp. at 1316. Synaptics also demands that details about the alleged false and misleading statements be stated in Elantech's pleadings. (Synaptics's Motion to Dismiss, p. 9.) However, such demand at this stage of the case is without basis. Indeed, "the relevant case law clearly indicates that a motion for a more definite statement should be denied if the moving party can obtain the missing information through discovery." *QTL Corp. v. Kaplan*, 46 U.S.P.Q.2D (BNA) 1794; 1998 U.S. Dist. LEXIS 10670 at *6-7 (N.D. Cal. 1998).

Elantech's pleading provides factual allegation of Synaptics's communication of false and misleading statements. That allegation, on its face, provides an adequate basis for Elantech's counterclaims. Ironically, Synaptics does not require any formal discovery to investigate Elantech's allegations because it actually possesses the information alleged by Elantech. Because Elantech has stated facts with reasonable particularity in support of its unfair competition claim, Synaptics's proposition that Elantech's unfair competition claims should be dismissed must fail.

For the foregoing reasons, Synaptics's motion to dismiss Elantech's state law counterclaims should be denied.

### V. There Is No Authority To Stay or Dismiss Elantech's State Claims Because They Are Independent of the Outcome of Synaptics's Patent Infringement Claim.

Whether Synaptics has engaged in wrongful conduct, i.e. communicating false and misleading information to Elantech's customers, and is liable under the state law claims, is separate from and independent of both Synaptics's patent infringement claim and the final outcome of the infringement action. Synaptics cites no case holding that any finding of tort liability necessarily lies on a

determination that Synaptics's patents are invalid, unenforceable, and/or not infringed. Synaptics again cites only cases where the state law claims were dismissed because they were based on the mere allegation that the underlying action is baseless. In those cases, the state law claims can only survive if the underlying action concludes in counterclaimant's favor. *See e.g. Visto Corp.*, 360 F. Supp. 2d at 1072 (the tort claims are premature because it is based on the allegation that the infringement claim is false and defamatory, and counterclaimant cannot prevail unless it prevails in defeating the patent infringement suit); *Formula One Licensing v. Purple Interactive Ltd.*, 2001 U.S. Dist. LEXIS 2968 at *15 (the state claim is premature when it is based on the allegation that the trademark infringement claims are baseless and thus depend on the outcome of the infringement action); *PG&E v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1137 (1990).

Instead, Elantech's claims are independent of the merits of Synaptics's patent claims. Given that Elantech's tort claims are based on Synaptics's false and misleading communications, the state law claims should stand regardless of the outcome of Synaptics's infringement claim.

### VI. Elantech Should Be Allowed to Amend Its Counterclaims If This Court Determines That Elantech's Counterclaims Have Not Satisfied the Requirement Under Rule 8 Or Have Failed to State a Claim Upon Which Relief Can Be Granted.

In the event that this Court determines that Elantech's pleading is in any way deficient under Federal Rules of Civil Procedure, any relief granted by this Court should be without prejudice to Elantech amending its counterclaims. *See* Fed. R. Civ. P. 15 ("…leave shall be freely given when justice so requires"); *Silicon Knights, Inc.*, 983 F.Supp. at 1308 ("As to those portions of a complaint which the court finds do not state a claim for relief, leave to amend is ordinarily given freely"); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997) (leave should be freely given unless nonmoving party provides a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party); *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) (a claim should be dismissed without leave to amend only if the deficiencies of the complaint cannot possibly be cured by amendment). However, for the foregoing reasons, Elantech respectfully submits that its counterclaims are well pled and in accordance with the Federal Rules.

**CONCLUSION**

Elantech's state law counterclaims are based on Synaptics's false and misleading communications and not merely on its allegation of patent infringement. They are therefore not preempted by federal law or protected by any litigation privilege. Similarly, the state law claims have satisfied the notice pleading requirement under Rule 8 of Federal Rules of Civil Procedure and have properly stated claims upon which relief can be granted. Finally, Elantech's success with the counterclaims is independent of the outcome of the infringement action. Synaptics's motion to dismiss must be denied. In the event that this Court determines that Elantech's counterclaims as pled have not stated sufficient supporting facts under Federal Rules of Civil Procedure, Elantech should be granted a leave to amend its counterclaims.

Dated: June 16, 2006            AKIN GUMP STRAUSS HAUER & FELD LLP


By:        /s/
     Hsin-Yi C. Feng


Attorney For Plaintiff
ELANTECH DEVICES CORPORATION