1  KARL J. KRAMER (CA SBN 136433)
   ROBERT L. McKAGUE (CA SBN 187461)
2  ERIKA L. LABIT (CA SBN 234919)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: (650) 813-5600
   Facsimile: (650) 494-0792
5  kkramer@mofo.com

6  Attorneys for Defendant
   SYNAPTICS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 ELANTECH DEVICES CORPORATION, a           Case No.   3:06-CV-01839 CRB
   corporation existing under the laws of Taiwan,
13 R.O.C.,                                    **REPLY MEMORANDUM IN
                                              SUPPORT OF DEFENDANT
14              Plaintiff,                    SYNAPTICS, INC.'S MOTION
                                              TO DISMISS COUNTERCLAIMS
15       v.                                   OF PLAINTIFF ELANTECH
                                              DEVICES CORP.**
16 SYNAPTICS, INC., a Delaware corporation,
                                              Date: July 7, 2006
17              Defendant.                    Time: 10:00 a.m.
                                              Courtroom 8, 19th Floor
18                                            Hon. Charles R. Breyer

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM IN SUPP. OF SYNAPTICS' MOTION TO DISMISS
Case No. 3:06-CV-01839 CRB
pa-1074386

# INTRODUCTION

Elantech's opposition papers demonstrate precisely why Synaptics' motion to dismiss should be granted. While Elantech argues that it has adequately pled tort claims based on "false and misleading" statements made allegedly by Synaptics, Elantech does not identify *any* factual allegations in its counterclaims which support its arguments. For example, while Elantech contends that the statements concern issues *other than* Elantech's infringement of Synaptics' patent, the sole paragraph of the counterclaims that describes the statements at issue specifically alleges that Synaptics' statements are "about Elantech's infringement of Synaptics's patents." For this reason alone, the counterclaims brought by Elantech fail. The governing case law holds that tort claims based on such statements are preempted by Federal patent law and barred by the California litigation privilege. Elantech fails to show why its claims are viable in light of this binding legal authority, and the Court should therefore dismiss the counterclaims.

Elantech's counterclaims fail for the additional reason that Elantech has failed to plead any facts that, if proven, would state a claim under California law. The counterclaims lack any factual support for Elantech's conclusory allegation that Synaptics' statements concerning its patent rights were false and/or misleading. Moreover, Elantech has not identified the companies to whom the statements were allegedly made, nor pled any facts that, if proven, would show that Elantech has business relationships with those companies. Nor has Elantech put forward any facts in its opposition papers that suggest Elantech can cure the pleading defects in its counterclaims.

Finally, even if Elantech had adequately pled its counterclaims, those claims would still have to be stayed or dismissed. The counterclaims rest entirely on Elantech's allegation that Synaptics made false or misleading statements concerning its patent rights. The counterclaims are thus derivative of, and dependent on, Synaptics' underlying claims for patent infringement against Elantech. Until those claims have been fully litigated, and a decision reached on the merits, litigation of Elantech's counterclaims is premature and the claims should be stayed or dismissed.

**ARGUMENT**

**I.   SYNAPTICS' LEGITIMATE ASSERTION OF ITS PATENT RIGHTS IS PROTECTED BY FEDERAL PATENT LAW.**

In its motion papers, Synaptics identified binding legal authority which holds that Federal patent law preempts state law tort claims based on a patent holder's assertion of its patent rights. (Mot. to Dismiss at 4.)  Elantech attempts to circumvent these cases by disingenuously arguing that its "state law claims are based on Synaptics's *false and misleading* communications to Elantech's customers, and not on Synaptics's assertion of patent infringement." (Opp'n at 2.)  In fact, in the sole paragraph of its counterclaims that describes the statements at issue, Elantech admits that the statements are "*about Elantech's alleged infringement of Synaptics's patents.*" (Answer ¶ 10 (emphasis added).)  Elantech pleads no other facts that identify the subject matter of the statements at issue and does not, in fact, identify any such allegations for the Court. (*Cf.* Opp'n at 5:3-8.)

Elantech admits that, to the extent its tort claims rest entirely on Synaptics' assertion of its patent rights, the governing case law requires those claims to be dismissed.  (Opp'n at 2-3.)  Elantech argues, however, that its claims are viable under the legal standard announced in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).  (Opp'n at 3.)  That case does not support Elantech's argument.  To the contrary, *Globetrotter* held that "State-law claims…can survive federal preemption only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement.  Accordingly, to avoid preemption, 'bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.'" 362 F.3d at 1374.  (internal citations omitted.)  Here, Elantech has not pled any facts that, if proven, would show that Synaptics' assertion of its patent rights was in bad faith.  Nor is there any discussion of bad faith in Elantech's opposition papers.  Under the rule announced in *Globetrotter*, Elantech's state law tort claims must be dismissed.  *Id*.

Elantech addresses only one other case cited by Synaptics: *Melea Limited v. Quality Models Ltd.*, 345 F. Supp. 2d 743 (E.D. Mich. 2004).  (Opp'n at 3.)  Elantech fails, however, to

1  offer any meaningful distinction of that case. Synaptics did not, as Elantech suggests, cite *Melea*
2  for the proposition that there is a "per se" rule regarding preemption. (*See* Mot. to Dismiss at 4.)
3  *Melea*, like *Globetrotter*, stands for the rule that tort claims can survive Federal patent preemption
4  only if bad faith is alleged, and ultimately proved. *See Melea*, 345 F. Supp. 2d at 757. As noted,
5  Elantech has not alleged any facts that, if proven, would show that Synaptics acted in bad faith.[1]
6  Otherwise, Elantech simply ignores Synaptics' remaining authority. *See DCI Mktg., Inc. v.*
7  *Justrite Mfg.,* 213 F. Supp. 2d 971, 973-74 (E.D. Wis. 2002) (dismissing tort claim as preempted
8  by Federal patent law where counterclaimant failed to allege facts that could support a finding of
9  bad faith); *Polyclad Laminates, Inc., et al. v. MacDermid, Inc.*, Civ. No. 99-162-M, 1999 U.S.
10 Dist. LEXIS 22563, at *1-3 (D. N.H. July 22, 1999) (dismissing tort claims on motion to dismiss
11 for failure to plead facts such as fraud before the U.S. Patent and Trademark Office or bad faith
12 publication of the patent).

13      Elantech does not dispute that Federal patent law requires Synaptics, under some
14 circumstances, to give notice of infringement to protect its patent rights. 35 U.S.C. § 287. (Mot.
15 to Dismiss at 4.) Elantech has failed to plead any facts that, if proven, would show why
16 Synaptics' compliance with its legal obligation is not absolutely protected by Federal patent law.
17 Accordingly, Elantech's counterclaims are preempted and must be dismissed.

18 **II.  SYNAPTICS' STATEMENTS CONCERNING ELANTECH'S PATENT
        INFRINGEMENT ARE PRIVILEGED UNDER CALIFORNIA LAW.**
19

20      Elantech contends that the California litigation privilege does not preclude its
21 counterclaims because Synaptics' alleged statements were "unnecessary and do not further the
22 object of litigation." (Opp.'n at 4.) Elantech's contention is contradicted by its own pleading. In
23 its counterclaims, Elantech specifically alleges that the statements at issue relate to Elantech's
24 alleged infringement of Synaptics' patents and Synaptics' intention to pursue litigation to enforce

25
26      [1] In *Melea*, the defendant chose to submit evidence to the court that was not attached to the pleadings, and the court therefore treated the plaintiffs' motion to dismiss as a motion for summary judgment. 345 F. Supp. 2d at 757. There is nothing in *Melea*, or the cases on which it
27 relies, that suggests preemption may not be determined on the face of the pleadings.
28

REPLY MEMORANDUM IN SUPP. OF SYNAPTICS' MOTION TO DISMISS     3
Case No. 3:06-CV-01839 CRB
pa-1074386

its patent rights.  (Answer ¶ 10.)  Statements such as these are absolutely protected from tort liability under California law.  Cal. Civ. Code § 47(b); *Lerette v. Dean Witter Org., Inc.*, 60 Cal. App. 3d 573, 577-78 (1976) (statements made in connection with proposed litigation contemplated in good faith are privileged); *Sharper Image Corp. v. Target Corp.*, No. C 04-0824 CW, 2006 U.S. Dist. LEXIS 24851, at *54-62 (N.D. Cal. Mar. 29, 2006) (statements threatening litigation are privileged under California law).

Noticeably absent from Elantech's papers is citation to any authorities that would suggest Synaptics' statements are not absolutely privileged under California law.  Indeed, in *Silberg*, a case relied upon by Elantech, the California Supreme Court explains that California's litigation privilege is "absolute in nature" and "has been given broad application." *Silberg v. Anderson*, 50 Cal.3d 205, 211, 215 (1990).  Instead, Elantech cites *Nguyen v. Proton Tech. Corp.*, 69 Cal. App. 4th 140 (1999), a procedurally inapplicable case involving an appeal from a summary judgment decision.  (Opp'n at 3-4.)  The statements at issue in *Nguyen* were made in a demand letter served on the plaintiff's employer which gratuitously mentioned the plaintiff's criminal record, including the false statement that Nguyen had been imprisoned "for repeatedly and violently assaulting his wife." *Id.* at 143-44.  Based on these facts, the *Nguyen* court held that "section 47(b) does not prop the barn door wide open for any and every sort of prelitigation charge or innuendo, *especially concerning individuals*." *Id.* at 150 (emphasis added.)  Here, unlike *Nguyen*, Elantech has not alleged that Synaptics made any potentially defamatory remarks concerning an individual's character, and the statements themselves are directly pertinent to the contemplated litigation.

Nor is Elantech's reliance on *Kashian* well-founded.  (Opp'n at 4.)  In that case, the court affirmed the *dismissal* of the plaintiffs' defamation claims, finding that the absolute litigation privilege *did* apply to an allegedly defamatory letter sent to the attorney general prior to the institution of an official proceeding. *Kashian v. Harriman*, 98 Cal. App. 4th 892, 927 (2002).  In reaching its decision, the court in *Kashian* specifically held that "communications made in connection with litigation do not necessarily fall outside the privilege simply because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal." *Id.* at 920.  Statements are

protected by the California litigation privilege if they "'function as a necessary or useful step in the litigation process'" and "'serve its purposes.'" *Id.* (citation omitted). Here, the statements attributed to Synaptics in the counterclaims satisfy this legal requirement, since Elantech admits the statements were made in connection with Synaptics' desire to protect its patent rights and in contemplation of future litigation. (Answer ¶ 10.)

Other than *Kashian*, Elantech makes no attempt to discuss the authority cited by Synaptics. These cases all support Synaptics' position that California's broad and absolute litigation privilege applies to the conduct alleged in Elantech's counterclaims. Elantech has not pled any facts that, if proven, would remove the communications at issue from the protection of the California litigation privilege and the counterclaims should therefore be dismissed.

### III. ELANTECH FAILED TO PLEAD VALID TORT CLAIMS.

#### A. Elantech's Conclusory Counterclaims Do Not Satisfy The Pleading Requirements Of The Federal Rules Of Civil Procedure.

In its opposition, Elantech attempts to make much of the fact that the pleading requirements under Rule 8(a) are fairly liberal. (Opp'n at 4.)[2] The pleading requirements of Rule 8, while liberal, are not nonexistent. Elantech cannot plead adequately a claim under the Rule without pleading *facts* that, if proven, would state a claim. *Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Vague, general, and conclusory allegations, such as those in Elantech's counterclaims, do not suffice. *Faruqui v. California*, No. C 93-20297 RMW (EAI), 1994 U.S. Dist. LEXIS 8676, at *5 (N.D. Cal. May 24, 1994). Courts have explained what the Rule 8 pleading standard means in the context of the particular torts at issue in this case, and have held that certain types of facts must be alleged to state a claim. *See, e.g., Formula One Licensing v. Purple Interactive Ltd.*, No. C 00-222-MMC, 2001

---

[2] It is important to note that Elantech specifically disclaims any application of the heightened pleading standards of Federal Rule of Civil Procedure 9(b) to its counterclaims. (Opp'n at 4.) Synaptics reserves the right to seek dismissal of Elantech's counterclaims pursuant to Rule 9(b) if, in the course of the litigation, it is determined that Elantech's claims sound in fraud.

1  U.S. Dist. LEXIS 2968, at *17 (N.D. Cal. Feb. 6, 2001) (dismissing tort claim for failure to
2  "meet even the minimal pleading requirements" under Federal Rule 8(a).)

3  Elantech quotes paragraph 10 of its counterclaims in an attempt to disprove the
4  conclusory nature of its allegations. (Opp'n at 5.) This paragraph itself fails to set forth facts
5  that identify the statements at issue, who they were made to, or when they were made. The
6  Elantech customers are referred to generally as a group, but are not identified. No facts
7  concerning the alleged customer "relationships" are provided, and there are no facts that
8  demonstrate any injury to Elantech caused by the alleged statements. Elantech's pleading thus
9  fails to satisfy Rule 8. *Educadores Puertorriquenos En Accion*, 367 F.3d at 68 ("the complaint
10 should at least set forth minimal facts as to who did what to whom, when, where, and why").

11 The omission of any supporting facts directly contradicts Elantech's assertion that it has
12 pled facts concerning "Synaptics's particular wrongdoings" and the "injuries to Elantech."
13 (Opp'n at 5.) A review of paragraph 10 reveals that no such facts have been pled, and Elantech
14 does not identify anything specific in this paragraph that satisfies the pleading standard. Nor
15 does the authority cited by Elantech support its contention that it has satisfied its pleading
16 burden. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S.
17 163, 168-69 (1993), addresses the distinct and inapplicable issue of whether imposition of a
18 heightened pleading requirement for claims brought against municipalities was allowable under
19 the Federal Rules. The cases cited by Synaptics concerning the applicable pleading standard
20 under Rule 8 are not addressed by Elantech. (Opp'n at 4.)

21 Elantech has not satisfied its pleading burden under Rule 8, and dismissal of its
22 counterclaims is proper pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

---

[3] Elantech asks the Court to overlook its deficient pleading and allow it to proceed to discovery (Opp'n at 7 (citing *QTL Corp. v. Kaplan*, No. C-97-20531 EAI, 1998 U.S. Dist. LEXIS 10670, at *1 (N.D. Cal. Feb. 2, 1998)).) Elantech should not be allowed to pursue discovery without first pleading the factual basis for its counterclaims. Absent such pleading, plaintiffs have not satisfied the notice requirements of Rule 8.

**B.     Elantech's Interference Claim Fails To Allege Required Elements.**

      **1.     Elantech Has Not Adequately Identified Actual Economic Relationships With Its Customers.**

Elantech cannot plead a claim for intentional interference with prospective economic advantage without identifying at least one actual economic relationship alleged to have been disrupted by Synaptics' conduct. (*See* Mot. to Dismiss at 6-7.) In its opposition, Elantech does not challenge this premise. Elantech's sole response is to suggest that, by using the word "cease" in paragraph 10, Elantech has stated an intentional interference claim under California law. (Opp'n at 6:2-3.) This single word does not save Elantech's claim.

Elantech has not provided the facts necessary to identify the relationships that form the basis of its claims, or the manner in which Synaptics' conduct interfered therewith. *See Formula One Licensing*, 2001 U.S. Dist. LEXIS 2968, at *17. Elantech "must allege that it had a relationship with and expected to receive an economic benefit from a *specific* third party." *Pinnacle Systems, Inc. v. XOS Techs., Inc.*, No. C-02-03804-RMW, 2003 WL 21397845, at *6 (N.D. Cal. May 19, 2003) (emphasis added); *see also Tele Atlas N.V. v. Navteq Corp.*, 397 F. Supp. 2d 1184, 1193-94 (N.D. Cal. 2005). Elantech has not done so. This fatal pleading deficiency provides an independent basis for dismissing Elantech's intentional interference claim. *Id.*

Elantech appears to concede that it has failed to identify any facts in the pleading that would support a claim with respect to prospective customer relationships. (*See* Mot. To Dismiss at 6-7.) The law is clear that conclusory allegations concerning the loss of future business will not suffice. *See e.g. Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1311-12 (N.D. Cal. 1997); *McGehee v. Coe Newnes/McGehee*, No. C 03-5145 MJJ, 2004 U.S. Dist. LEXIS 22931, at *17-18 (N.D. Cal. Nov. 4, 2004). As in *Silicon Knights*, Elantech "alleges only conclusory statements and no facts in support of its contention that it lost potential customers," so Elantech's claim fails. *Silicon Knights*, 983 F. Supp. at 1312.

Finally, Elantech has provided only general allegations that it has been "injured." (Opp'n at 6:6-8.) There are no facts alleged in the counterclaims from which the Court could

1  infer that Elantech has suffered actual injury.  The counterclaims allege that Synaptics told
2  Elantech customers to stop purchasing or selling infringing products, but there are no facts
3  alleged that suggest any customer actually stopped doing business with Elantech.  (*Cf.* Answer
4  ¶ 10.)  Elantech has pled nothing more than a boilerplate allegation of injury, unsupported by
5  any facts.  (*Id.* ¶ 11.)  There is thus no distinction between Elantech's deficient pleading and that
6  at issue in *Silicon Knights*.  As was the case in *Silicon Knights*, Elantech's claim for intentional
7  interference should be dismissed.

**2.    Elantech Has Not Alleged An "Independently Wrongful" Act.**

9  Elantech does not deny that, in order to state a claim for intentional interference, it must
10  allege facts that, if proven, would show the act of interference is "independently wrongful."
11  (Opp'n at 6.)  *See Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal. 4th 376, 393 (1995);
12  *Formula One Licensing*, 2001 U.S. Dist. LEXIS 2968, at *14; *McGehee*, 2004 U.S. Dist. LEXIS
13  22931, at *16-17.  Synaptics' notification of infringement cannot constitute independently
14  wrongful conduct because, as discussed in Synaptics' motion papers, these alleged statements
15  are pre-litigation notifications of Synaptics' patent rights and are therefore absolutely protected
16  under Federal and California law.  (Mot. to Dismiss at 8.)  Elantech does not respond to this
17  argument in its opposition brief.

18  Instead, Elantech contends that Synaptics' statements, if characterized as
19  "misrepresentations," may provide the basis for an intentional interference claim.  (Opp'n at 6.)
20  Neither of the cases cited by Elantech, however, stands for the proposition that an alleged
21  misrepresentation, without any other supporting facts, qualifies as "independently wrongful
22  conduct."  In *PMC, Inc. v. Saban Entm't, Inc.*, 45 Cal. App. 4th 579, 606 (1996), the court
23  affirmed the grant of summary judgment because the plaintiff had failed to prove that
24  defendant's attempts to license its products to a mutual customer were wrongful.  Similarly, on
25  the face of Elantech's pleading, there has been no showing that Synaptics' assertion of its patent
26  rights was wrongful.

27  Nor is Elantech correct in its characterization of *Visto Corp. v. Sproqit Techs., Inc.*, 360
28  F. Supp. 2d 1064, 1067 (N.D. Cal. 2005).  In that case, the court found that the plaintiff alleged

1  scienter, i.e., that the defendant "knew or should have known" that its allegations of patent

2  infringement were false. *Id.* Elantech makes no such scienter allegation, without which they

3  have not alleged that Synaptics acted wrongfully. To the extent that Elantech cites *Visto* for the

4  proposition that false allegations of patent infringement may be actionable, Elantech has failed

5  to plead any facts that, if proven, would show that Synaptics' statements to Elantech customers

6  were false, or that it knew or should have known that it was making false statements. Elantech's

7  conclusory allegations of misrepresentation, which are unsupported by any factual allegations,

8  do not qualify as "independently wrongful conduct."

9        As Elantech makes no claim of independent wrongful conduct to support its intentional

10  interference with prospective economic advantage tort cause of action, this counterclaim should

11  be dismissed.

12        **C.   Elantech's Section 17200 And Unfair Competition Claims Fail.**

13        Elantech's state law claims for statutory and common law unfair competition are

14  derivative of its claim for intentional interference with prospective economic advantage, and fail

15  for the same reasons. *See e.g. Formula One Licensing*, 2001 U.S. Dist. LEXIS 2968, at *12-13.

16        Elantech's unfair competition claims fail for the independent reason that Elantech has

17  failed to state with "reasonable particularity the facts supporting the statutory elements of the

18  violation," as required by California law. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046,

19  1052 (N.D. Cal. 2004). Rather than defend the adequacy of its pleading, Elantech attempts to

20  draw a meaningless distinction between "particularized" pleading and pleading with "reasonable

21  particularity." (Opp'n at 7.) Semantics aside, Elantech has failed to plead the specific facts

22  necessary to state a claim for unfair competition. *See e.g. Silicon Knights, Inc.*, 983 F. Supp. at

23  1316; *Smith & Hawken, Ltd. v. Gardendance, Inc.*, No. C04-1664 SBA, 2004 U.S. Dist. LEXIS

24  22934, at *15-16 (N.D. Cal. Nov. 5, 2004).

25  **IV.   ELANTECH'S CLAIMS SHOULD BE STAYED OR DISMISSED.**

26        Finally, even if Elantech had adequately pled its counterclaims, those claims would still

27  have to be stayed or dismissed. Elantech's opposition to a stay or dismissal of its counterclaims

28  ignores the fact that the sole basis for those claims is Synaptics' alleged statements concerning

REPLY MEMORANDUM IN SUPP. OF SYNAPTICS' MOTION TO DISMISS                    9
Case No. 3:06-CV-01839 CRB
pa-1074386

Elantech's infringement of Synaptics' patents. (*See* Answer ¶ 10.) Elantech has not pled any facts that, if proven, would show that the statements were false or misleading. Elantech's counterclaims, similar to those at issue in the cases cited by Synaptics (Mot. to Dismiss at 9-10), depend on the mere conclusory allegation that the underlying claims for patent infringement are baseless. It is impossible to know if the statements are false without adjudicating Elantech's infringement. In similar circumstances, courts have dismissed state law counterclaims as premature because they were "inextricably intertwined" with resolution of the underlying claims of patent infringement. *See, e.g.*, *Visto Corp.*, 360 F. Supp. 2d at 1073. This Court should do likewise. Until there has been an adjudication on the merits of Synaptics' patent infringement claim, Elantech's counterclaims should be stayed or dismissed without prejudice.

## CONCLUSION

For the reasons discussed above and in Synaptics' opening brief, Elantech's counterclaims should be dismissed. In the alternative, because Elantech's counterclaims depend on the resolution of Synaptics' infringement allegations, Elantech's counterclaims should be dismissed as premature or stayed until the merits of the infringement case is determined.

Dated: June 23, 2006

KARL J. KRAMER
ROBERT L. McKAGUE
ERIKA L. LABIT
MORRISON & FOERSTER LLP


By:   s/Robert L. McKague
         Robert L. McKague

Attorneys for Defendant
SYNAPTICS, INC.