1   KARL J. KRAMER (CA SBN 136433)
     ROBERT L. McKAGUE (CA SBN 187461)
2   ERIKA L. LABIT (CA SBN 234919)
     MORRISON & FOERSTER LLP
3   755 Page Mill Road
     Palo Alto, California 94304-1018
4   Telephone: (650) 813-5600
     Facsimile: (650) 494-0792
5   kkramer@mofo.com

6   Attorneys for Defendant
     SYNAPTICS, INC.

7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10           SAN FRANCISCO DIVISION

11

| | |
|---|---|
| ELANTECH DEVICES CORPORATION., a corporation existing under the laws of Taiwan, R.O.C., | Case No.    3:06-CV-01839 CRB |
|           Plaintiff, | **DEFENDANT SYNAPTICS' ANSWER AND COUNTER-CLAIMS TO ELANTECH'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
|      v. | |
| SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, | **DEMAND FOR JURY TRIAL** |
|           Defendants, | |
| AND RELATED COUNTERCLAIMS. | |

## ANSWER

     Defendant Synaptics, Inc. ("Synaptics"), by and through its undersigned attorneys, hereby answers the complaint for patent infringement filed by plaintiff Elantech Devices Corporation ("Elantech") as follows:

DEF. SYNAPTICS' ANSWER & COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:06-CV-01839 CRB
pa-1077176

1

**NATURE OF THE ACTION**

1.      Synaptics admits that Elantech's claims for direct and contributory infringement, and inducement to infringe, U.S. Patent No. 5,825,352 ("the '352 patent") arise under the patent law of the United States.

**JURISDICTION AND VENUE**

2.      Synaptics admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3.      Synaptics admits that venue is proper in this judicial district because Synaptics resides in this district.  Synaptics denies that it has committed acts of infringement in this judicial district.

**PARTIES**

4.      On information and belief, Synaptics admits the allegations in paragraph 4.

5.      Admitted.

6.      Admitted.

7.      Admitted.

**THE '352 PATENT**

8.      Synaptics admits that the '352 patent entitled "Multiple Fingers Contact Sensing Method For Emulating Mouse Buttons And Mouse Operations On A Touch Sensor Pad," was issued by the U.S. Patent & Trademark Office on October 20, 1998, and identifies Stephen J. Bisset and Bernard Kasser as inventors.  Synaptics lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 8 and, on that basis, denies those allegations.

9.      Synaptics admits that it develops interface solutions for laptop and notebook computers, including touchpad products.  Synaptics further admits that its touchpad products are sold and offered for sale within the United States and this judicial district.  Synaptics also admits that it imports touchpad products into the United States.  Synaptics denies the remaining allegations of paragraph 9.

10.     To the extent that Elantech's allegations of infringement of the '352 patent are based on Defendant Averatec's use of Synaptics' technology, Synaptics denies those allegations.

DEF. SYNAPTICS' ANSWER & COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:06-CV-01839 CRB
pa-1077176

2

1   If Elantech's allegations of infringement of the '352 patent are related to any activities other than

2   Defendant Averatec's use of Synaptics' technology, Synaptics lacks knowledge sufficient to

3   confirm or deny the allegations in paragraph 10 and, on that basis, denies those allegations.

4       11.     To the extent that Elantech's allegations of infringement of the '352 patent are

5   based on Defendant Prostar's use of Synaptics' technology, Synaptics denies those allegations.  If

6   Elantech's allegations of infringement of the '352 patent are related to any activities other than

7   Defendant Prostar's use of Synaptics' technology, Synaptics lacks knowledge sufficient to

8   confirm or deny the allegations in paragraph 11 and, on that basis, denies those allegations.

9       12.     Synaptics admits that it is currently aware of the '352 patent.  To the extent that

10  Elantech's allegations are based on Defendants Averatec or Prostar's use of Synaptics'

11  technology, Synaptics denies those allegations.  If Elantech's allegations are related to any

12  activities other than Averatec or Prostar's use of Synaptics' technology, Synaptics lacks

13  knowledge sufficient to confirm or deny the allegations in paragraph 12 related to Defendants

14  Averatec and Prostar and, on that basis, denies those allegations.  Synaptics denies the remaining

15  allegations of paragraph 12.

16                    **CLAIM I – PATENT INFRINGEMENT**

17      13.     Synaptics incorporates by reference its responses to the allegations of paragraphs 1

18  through 12 as if set forth fully herein.

19      14.     Synaptics lacks knowledge sufficient to confirm or deny the allegations in

20  paragraph 14 and, on that basis, denies those allegations.

21      15.     To the extent that Elantech's allegations of infringement of the '352 patent against

22  Defendants Averatec or Prostar are based on use of Synaptics' technology, Synaptics denies those

23  allegations.  If Elantech's allegations of infringement of the '352 patent against Defendants

24  Averatec or Prostar are related to any activities other than use of Synaptics' technology, Synaptics

25  lacks knowledge sufficient to confirm or deny the allegations in paragraph 15 related to

26  Defendants Averatec and Prostar and, on that basis, denies those allegations.  Synaptics denies the

27  remaining allegations of paragraph 15.

28

16. To the extent that Elantech's allegations of infringement of the '352 patent against Defendants Averatec or Prostar are based on use of Synaptics' technology, Synaptics denies those allegations. If Elantech's allegations of infringement of the '352 patent against Defendants Averatec or Prostar are related to any activities other than use of Synaptics' technology, Synaptics lacks knowledge sufficient to confirm or deny the allegations in paragraph 16 related to Defendants Averatec and Prostar and, on that basis, denies those allegations. Synaptics denies the remaining allegations of paragraph 16.

17. To the extent that Elantech's allegations of infringement of the '352 patent against Defendants Averatec or Prostar are based on use of Synaptics' technology, Synaptics denies those allegations. If Elantech's allegations of infringement of the '352 patent against Defendants Averatec or Prostar are related to any activities other than use of Synaptics' technology, Synaptics lacks knowledge sufficient to confirm or deny the allegations in paragraph 17 related to Defendants Averatec and Prostar and, on that basis, denies those allegations. Synaptics denies the remaining allegations of paragraph 17.

## CLAIM II – WILLFUL INFRINGEMENT

18. Synaptics incorporates by reference its responses to the allegations of paragraphs 1 through 17 as if set forth fully herein.

19. Synaptics admits that it is currently aware of the '352 patent. Synaptics lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 19, including those allegations related to Defendants Averatec and Prostar and, on that basis, denies those allegations.

20. To the extent that Elantech's allegations of infringement against Defendants Averatec or Prostar are based on use of Synaptics' technology, Synaptics denies those allegations. If Elantech's allegations of infringement against Defendants Averatec or Prostar are related to any activities other than use of Synaptics' technology, Synaptics lacks knowledge sufficient to confirm or deny the allegations in paragraph 20 related to Defendants Averatec and Prostar and, on that basis, denies those allegations. Synaptics denies the remaining allegations of paragraph 20.

DEF. SYNAPTICS' ANSWER & COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:06-CV-01839 CRB
pa-1077176

4

21.    To the extent that Elantech's allegations of infringement of the '352 patent against Defendants Averatec or Prostar are based on use of Synaptics' technology, Synaptics denies those allegations.  If Elantech's allegations of infringement of the '352 patent against Defendants Averatec or Prostar are related to any activities other than use of Synaptics' technology, Synaptics lacks knowledge sufficient to confirm or deny the allegations in paragraph 21 related to Defendants Averatec and Prostar and, on that basis, denies those allegations.  Synaptics denies the remaining allegations of paragraph 21.

## AFFIRMATIVE DEFENSES

Synaptics pleads the following as affirmative defenses to Elantech's complaint for patent infringement.  Synaptics reserves the right to supplement or amend such defenses if and when further information concerning Elantech or the '352 patent becomes available.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

22.    The complaint fails to allege facts sufficient to state a claim for relief against Synaptics.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

23.    Synaptics has not made, used, sold, offered for sale, or imported any product that infringes the '352 patent directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents.  Similarly, Synaptics is not making, using, selling, offering for sale, or importing any product that infringes the '352 patent directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

24.    All or some of the claims of the '352 patent are invalid and unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and 282.

1

2

### FOURTH AFFIRMATIVE DEFENSE
#### (Prosecution History Estoppel)

3        25.    Elantech is barred by prosecution history estoppel from contending that any claim

4   of the '352 patent covers products made, used, sold, offered for sale, or imported by Synaptics by

5   virtue of statements and admissions made by the named inventor and/or patent counsel during

6   proceedings in the U.S. Patent & Trademark Office before the '352 patent issued.

7

### FIFTH AFFIRMATIVE DEFENSE
#### (Laches)

8

9        26.    Elantech's claim for relief and prayer for damages are limited by 35 U.S.C. § 286.

10       ### COUNTERCLAIMS AGAINST ELANTECH

11       Synaptics asserts these counterclaims against Elantech for infringement of United States

12   Patent Nos. 5,543,591 ("the '591 patent"), 5,880,411 ("the '411 patent"), 5,943,052 ("the '052

13   patent"), and 6,380,931 ("the '931 patent"), brought pursuant to the United States patent laws,

14   35 U.S.C. § 271 et seq.  Copies of each of these patents are attached hereto as Exhibits A-D.

15       ### PARTIES

16       27.    Synaptics is a corporation organized under the laws of the State of Delaware and

17   has its principal place of business at 3120 Scott Blvd., Suite 130, Santa Clara, California 95054.

18       28.    On information and belief, Elantech is a corporation existing under the laws of

19   Taiwan, R.O.C., with its principal place of business at 4F, Jung-Jeng Road, Chung Ho City,

20   Taipei County, Taiwan, R.O.C.

21       ### JURISDICTION AND VENUE

22       29.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331

23   and 1338(a).

24       30.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d), and

25   1400(b).

26

27

28

DEF. SYNAPTICS' ANSWER & COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:06-CV-01839 CRB
pa-1077176

6

**CLAIMS FOR RELIEF**

**<u>First Counterclaim</u>**

**(Patent Infringement Of The Synaptics Patent Claims)**

**SYNAPTICS' PATENTS**

31.    The '591 patent, entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition," was duly and legally issued by the United States Patent and Trademark Office on August 6, 1996.  A true and correct copy of the '591 patent is attached hereto as Exhibit A.

32.    The '411 patent, entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition," was duly and legally issued by the United States Patent and Trademark Office on March 9, 1999.  A true and correct copy of the '411 patent is attached hereto as Exhibit B.

33.    The '052 patent, entitled "Method And Apparatus For Scroll Bar Control," was duly and legally issued by the United States Patent and Trademark Office on August 24, 1999.  A true and correct copy of the '052 patent is attached hereto as Exhibit C.

34.    The '931 patent, entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition," was duly and legally issued by the United States Patent and Trademark Office on April 30, 2002.  A true and correct copy of the '931 patent is attached hereto as Exhibit D.

35.    Synaptics is the owner of all right, title, and interest in and to the '591, '411, '052, and '931 patents ("the Synaptics patents").

36.    The Synaptics patents cover inventions relating to touch-pad systems.  These inventions are used in products including, for example, laptop and notebook computers.

**ELANTECH'S WRONGFUL COURSE OF CONDUCT**

37.    On information and belief, Elantech makes, uses, sells, and offers to sell electronic products including touch pads, touch sensing or pointing devices that incorporate and use at least one invention claimed in each of the Synaptics patents.

DEF. SYNAPTICS' ANSWER & COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:06-CV-01839 CRB
pa-1077176

7

38.     On information and belief, Elantech manufactures outside the United States and directs into the United States, including California, through established distribution channels involving various third parties, electronic products including touch pads, touch sensing or pointing devices that incorporate at least one invention claimed in each of the Synaptics patents. On information and belief, Elantech has actively induced and is actively inducing third parties to infringe the Synaptics patents. During the course of the infringing conduct, Elantech has known of the Synaptics patents and has intentionally and willfully infringed, and intentionally induced others to infringe, the claims of the Synaptics patents.

39.     At least as early as December 2003, Elantech was on written notice of its infringement of the Synaptics patents. In addition, Synaptics, and persons making, offering for sale, or selling within the United States articles covered by the Synaptics patents, or importing the same into the United States, gave notice to the public that the same was patented by duly marking the articles pursuant to 35 U.S.C. § 287(a).

40.     Elantech conducts its activities with respect to electronic products including touch pads, touch sensing, or pointing devices, with knowledge and intending that third parties will use their respective United States contacts and distribution channels to import into, sell, offer for sale, and/or use these products in California and/or elsewhere in the United States.

41.     On information and belief, Elantech has infringed and/or induced infringement of, and is infringing or inducing infringement of, one or more claims of each of the '591, '411, '052, and '931 patents.

42.     Synaptics has no adequate remedy at law. Elantech's acts of infringement and inducement of infringement of the '591, '411, '052, and '931 patents have caused and will continue to cause Synaptics irreparable harm unless Elantech is enjoined by the Court.

43.     Elantech's acts of infringement and inducement of infringement of the '591,'411,'052, and '931 patents have been and continue to be willful, wanton, deliberate, and with knowledge and awareness of the '591, '411, '052, and '931 patents.

DEF. SYNAPTICS' ANSWER & COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:06-CV-01839 CRB
pa-1077176

8

1

2

## Second Counterclaim

### (Declaratory Judgment of Non-Infringement)

3       44.     Synaptics hereby incorporates by reference the allegations set forth in paragraphs 1

4   through 43 above.

5       45.     None of Synaptics' products or activities infringes any claim of the '352 patent,

6   whether directly, indirectly, contributorily, by inducement, literally, or under the doctrine of

7   equivalents.

8       46.     By virtue of the litigation that Elantech has initiated against Synaptics, an actual

9   and justiciable controversy exists between the parties concerning Synaptics' liability for allegedly

10  infringing the '352 patent.

11      47.     Defendant Synaptics is entitled to a judicial declaration that their products have

12  not infringed, whether directly, indirectly, contributorily, by inducement, literally, or under the

13  doctrine of equivalents, any claim of the '352 patent.

14

## Third Counterclaim

### (Declaratory Judgment of Invalidity)

16      48.     Synaptics hereby incorporates by reference the allegations set forth in paragraphs 1

17  through 47 above.

18      49.     Each of the claims of the '352 patent is invalid under 35 U.S.C. §§ 101, 102, 103,

19  or 112.

20      50.     By virtue of the litigation that Elantech has initiated against Synaptics, an actual

21  and justiciable controversy exists between the parties concerning the validity of the '352 patent.

22      51.     Defendant Synaptics is entitled to a judicial declaration that one or more claims of

23  the '352 patent are invalid.

24

## PRAYER FOR RELIEF

25      WHEREFORE, Synaptics prays for the following relief against Elantech as follows:

26      (a)     Declare that Synaptics has not infringed and currently is not infringing, whether

27  directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents

28  any claim of the '352 patent;

DEF. SYNAPTICS' ANSWER & COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:06-CV-01839 CRB
pa-1077176

9

1    (b)    Declare that each of the claims of the '352 patent is invalid;

2    (c)    Adjudge and decree that Elantech has infringed and/or induced infringement of

3   each of the '591, '411, '052, and '931 patents;

4    (d)    Preliminarily and permanently enjoin Elantech, its officers, directors, employees,

5   agents, servants, successors and assigns, and any and all persons and entities acting in privity or

6   concert with them from further infringement and/or inducement of infringement of the '591, '411,

7   '052, and '931 patents;

8    (e)    Award Synaptics damages in an amount adequate to compensate Synaptics for

9   Elantech's infringement and/or inducement of infringement of the '591, '411, '052, and '931

10   patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

11    (f)    Award Synaptics increased damages, pursuant to 35 U.S.C. § 284, in an amount

12   not less than three times the amount of actual damages awarded to Synaptics, by reason of

13   Elantech's willful infringement of the '591, '411, '052, and '931 patents;

14    (g)    Award Synaptics interest on damages awarded and its costs pursuant to 35 U.S.C.

15   § 284;

16    (h)    Declare this an exceptional case, with respect to the patent infringement claims,

17   and award Synaptics its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

18    (i)    Award Synaptics prejudgment interest; and

19    (j)    Award such other relief as the Court may deem just and proper.

20                              **DEMAND FOR JURY TRIAL**

21    Synaptics demands a trial by jury of any and all issues triable of right by a jury in the

22   above-captioned action.

23

24

25

26

27

28

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, Elan

3   Microelectronics Corp., apparently a Taiwanese company, may be a "non-party interested entity,"

4   under the provisions of Civil L.R. 3-16.  There is no other such interest to report.

5   Dated:          July 10, 2006                KARL J. KRAMER
                                                 ROBERT L. McKAGUE
6                                                ERIKA L. LABIT
                                                 MORRISON & FOERSTER LLP
7

8
                                        By:   s/Karl J. Kramer
9                                             Karl J. Kramer

10                                            Attorneys for Defendant
                                              SYNAPTICS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28