YITAI HU (CALIFORNIA ADMISSION PENDING)
SEAN P. DEBRUINE (CA SBN 168071)
HSIN-YI CINDY FENG (CA SBN 215152)
AKIN GUMP STRAUSS HAUER & FELD, LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 838-2000
Facsimile: (650) 838-2001

Attorneys for Plaintiff
ELANTECH DEVICES CORPORATION

KARL J. KRAMER (CA SBN 136433)
ROBERT L. McKAGUE (CA SBN 187461)
ERIKA L. LABIT (CA SBN 234919)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
kkramer@mofo.com

Attorneys for Defendant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., <br><br> Plaintiff, <br><br> v. <br><br> SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No.    3:06-CV-01839 CRB <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date: August 18, 2006 <br> Time: 8:30 a.m. <br><br> Hon. Charles R. Breyer <br> Courtroom No. 8, 19th Floor |

**INTRODUCTION**

Pursuant to Civ. L.R. 16-3, lead counsel for the parties in this action met and conferred on July 19, 2006, for the purposes specified in Fed. R. Civ. P. 26(f), Civ. L.R. 16-8 and 16-9, and ADR Local Rule 3-5(a), as applicable to this action.  Pursuant to that meet and confer, the parties hereby submit this Joint Case Management Statement and Proposed Order, and request that the Court adopt it as its Case Management Order in this case.

I.      **DESCRIPTION OF THE CASE**

A.      **Brief Description of Events Underlying the Action:**

This case involves claims for patent infringement filed by Elantech Devices Corporation ("Elantech") and Synaptics, Inc. ("Synaptics").  At issue in this case is one patent held by Elantech, U.S. Patent No. 5,825,352, ("the '352 Patent"), and four patents owned by Synaptics, U.S. Patent Nos. 5,543,591 ("the '591 patent"), 5,880,411 ("the '411 patent"), 5,943,052 ("the '052 patent"), and 6,380,931 ("the '931 patent").  The patents at issue relate to technology used in touchpads for computers and other devices.

1.      **Elantech's Statement**

Elantech is a leader in the research, development, and marketing of input devices, including touchpad devices that are used in a variety of electronic products, such as laptop computers and keyboards.  Over the past several years, Elantech has steadily increased its share of the market for these products.  Synaptics responded to this competition from Elantech by threatening, and in some instances filing, baseless patent infringement suits against Elantech's customers.  In addition to its allegations of infringement, Synaptics's communications with Elantech's customers and potential customers were marked by Synaptics's materially false and misleading statements.  Elantech is the owner of the '352 patent that covers the technology of scanning the touch sensors in touchpad devices to detect the use of multiple fingers.  The patent discloses an invention that provides substantial improvement over the earlier generations of the touchpad devices.  Elantech believes that Synaptics has copied and practiced the patented invention to enhance the competitiveness in Synaptics's products, without Elantech's permission.  Elantech also believes that Synaptics has been on notice of Elantech's patent and that Synaptics's

1    infringement is willful.  Elantech also raises claims of unfair competition, unlawful business

2    practice, and interference with business relationships, although those claims have now been

3    stayed until the adjudication of the parties' patent disputes.

4        After filing suit against Synaptics, Elantech learned that its former customers, defendants

5    Averatec, Inc. and ProStar Computer, Inc., have begun to sell and offer to sell products that

6    incorporate the infringing Synaptics's touchpads as a direct result of Synaptics's baseless patent

7    infringement claims against them.  Elantech's claims against these defendants seek damages and

8    an injunction against these separate acts of infringement.

9        Synaptics counter-sued Elantech based on four patents – i.e. the '591 patent, the '411

10    patent, the '052 patent, and the '931 patent.  Elantech, however, does not practice, much less

11    willfully infringe, any claims of the asserted patents.  Moreover, Elantech seeks a declaratory

12    judgment that each of these patents is invalid and unenforceable.

13                    **2.    Synaptics' Statement**

14        Synaptics is the leading developer in the world of touchpad technology for personal

15    devices, such as notebook computers.  Since the early 1990's, Synaptics has been on the cutting

16    edge of technology development for touchpads.  Synaptics now holds many fundamental patents

17    covering basic touchpad technology, including the '591 patent, the '411 patent, the '052 patent,

18    and the '931 patent.  These patents cover functions of modern computer touchpads such as

19    tapping, double tapping, finger dragging, scrolling, tap zones and edge motion functions.

20    Elantech, a Taiwanese company, is a late-comer to the market.  Synaptics believes that Elantech

21    has copied these patented features from Synaptics' devices so that Elantech can underbid

22    Synaptics in the market.  Since at least December 2003, Elantech has been on written notice of its

23    infringement of Synaptics' patents.  Since that time, Synaptics has attempted to reach a good-faith

24    resolution of the problem, to no avail.

25        Elantech initiated this litigation by suing Synaptics based upon the '352 Patent, a patent

26    Elantech apparently acquired from Logitech, a U.S. company.  To Synaptics' knowledge,

27    Elantech had never given notice of any alleged infringement of the '352 Patent prior to the filing

28    of this lawsuit and did not mark its products with the '352 patent number.  Indeed, Elantech never

1   even mentioned the '352 patent during years of pre-suit discussions concerning Elantech's

2   alleged infringement of Synaptics' patents.  Synaptics does not use the technology claimed in the

3   '352 Patent.  Synaptics also believes that Elantech's recent procedural gambit to name Synaptics'

4   alleged customers, ProStar and Averatec, as individual defendants is an unnecessary,

5   burdensome, and wasteful procedural addition to this case.  The claims against those parties arise

6   out of their alleged use of Synaptics' products, and will thus be resolved by the decision reached

7   on the merits of Elantech's claims of patent infringement against Synaptics.

8                          **3.      Averatec's Statement**

9        Defendant Averatec, Inc. ("Averatec"), headquartered in Santa Ana, California, is a

10  provider of portable electronic computing products, including notebook and laptop computers, to

11  corporate and consumer clients.  Founded in July 2002, Averatec sells computer products

12  manufactured by unaffiliated third parties.  Averatec products are available through retailers such

13  as Circuit City and Best Buy.

14       Averatec is named as a defendant in Elantech's amended complaint and was served with a

15  copy of the complaint on June 22, 2006.  Pursuant to an agreement reached with Elantech,

16  Averatec has until August 10, 2006 to respond to the amended complaint.  Averatec does not

17  believe that Elantech has any independent basis for its claims of patent infringement against

18  Averatec, but that Elantech's claims are based solely on the allegation that Averatec purchases

19  products manufactured by Synaptics.  Averatec believes that Elantech's claims of patent

20  infringement are duplicative of, and will be resolved by, an adjudication on the merits of

21  Elantech's claims of patent infringement against Synaptics.  Consequently, Averatec does not

22  believe that it is a necessary party to this litigation, and that its joinder to this action will result in

23  unnecessary burden and waste for Averatec, the parties and the Court.

24                          **4.      Claims Against ProStar**

25       Defendant ProStar Computer, Inc. ("ProStar") is named in Elantech's Amended

26  Complaint, filed June 20, 2006, but has not yet been served.

27

28

**B.    Principal Factual Issues in Dispute:**

Although the parties reserve the right to assert other disputes as they may arise in this litigation, the parties are presently aware of the following principal disputes of fact.  Inclusion in this list does not prevent either party from asserting that one or more of the included disputes is not an issue of fact.

1)    Does Elantech infringe directly or indirectly (by contributory or inducing infringement) any claim of the Synaptics Patents, either literally or under the doctrine of equivalents?

2)    Does Synaptics infringe directly or indirectly (by contributory or inducing infringement) any claim of the Elantech '352 Patent, either literally or under the doctrine of equivalents?

3)    Do Averatec or ProStar infringe, directly or indirectly any claim of the Elantech patent?

4)    Are any of the patent claims invalid or unenforceable?

5)    If infringement is found, was infringement willful?

6)    If infringement is found, what is the appropriate measure of damages?

7)    Did Synaptics provide written notice of, or mark substantially all of its products with any patent number of, the four asserted patents prior to suit, and to what extent, if any, Synaptics is entitled to request damages prior to suit?

8)    Did Elantech provide written notice of, or mark substantially all of its products with the '352 Patent number prior to suit such that Elantech is entitled to request damages prior to suit?

9)    Is either party entitled to lost profits damages?

**C.    Principal Legal Issues in Dispute:**

Although the parties reserve the right to assert other disputes as they may arise in this litigation, the parties are presently aware of the following principal disputes of law.  Inclusion in this list does not prevent either party from asserting that one or more of the included disputes is not an issue of law.

1)    What is the proper construction of the claims of the patents?

2)    Are any or all of the claims of the patents invalid for failure to comply with the provisions of 35 U.S.C. §§ 102, 103 or 112?

3)    Does prosecution history estoppel preclude a finding of infringement?

4)    Is either party entitled to enhanced damages?

5)    Is either party entitled to a permanent injunction?

6)    Is either party entitled to an award of costs and pre- and post-judgment interest?

7)    Is either party entitled to its attorneys' fees under the "exceptional case" provisions of 35 U.S.C. section 285?

**D.    Other Unresolved Issues:**

The parties do not believe there are any issues relating to this Court's jurisdiction or venue.  ProStar is a defendant named in Elantech's Amended Complaint, filed June 20, 2006, but has not yet been served.  All other Defendants named in the Amended Complaint have been served.  The parties believe that the Court should bifurcate and defer discovery and trial of damages until after liability is determined.  Focusing on the liability issues has the advantage of minimizing any need to involve third-party customers during at least the first phase of the litigation.  Bifurcation will also significantly reduce the discovery disputes between the parties and motion practice before the Court.[1]

**E.    Parties Who Have Not Been Served:**

Defendant ProStar has not yet been served.

**F.    Joinder of Additional Parties:**

The parties do not presently anticipate the joinder of any additional parties.

**G.    Consent to Assignment to a U.S. Magistrate Judge:**

The parties do not consent to the assignment of the action to a U.S. Magistrate Judge.

---

[1]  In view of the parties' agreement that bifurcation of damages is appropriate, the parties have not included here a statement of the damages sought.  However, if the Court still desires such a statement, the parties will provide it on the record at the Case Management Conference.

## II.    ALTERNATIVE DISPUTE RESOLUTION

The parties believe that alternative dispute resolution would be premature at this point. The parties would be willing to participate in mediation at an appropriate time.

## III.    DISCLOSURES

Plaintiff and Defendants agree that they will exchange the initial disclosures required by Fed. Rule Civ. P. 26(a)(1), on or before September 1, 2006.

## IV.    DISCOVERY

The parties agree that the limits on discovery established by the Federal Rules of Civil Procedure shall be modified as follows:

1)    The limit set by Fed. R. Civ. P. 30(d)(2) for the duration of a deposition to a single day of seven (7) hours, absent a court order or stipulation, shall be modified to permit Elantech and Synaptics each to take a total of 100 hours of deposition testimony, up to 35 hours of which may consist of testimony taken pursuant to Fed. R. Civ. P. 30(b)(6).  This limit on deposition testimony shall not apply to depositions of expert witnesses identified by each party pursuant to Fed. R. Civ. P. 26(b).

2)    The limit set by Fed. R. Civ. P. 33 on the number of interrogatories that may be propounded shall be modified to permit a total of 45 interrogatories to be propounded by each party.

## V.    PROTECTIVE ORDER

The parties are currently negotiating and agree to submit a Stipulation and Proposed Order Governing Protection of Confidential Documents Produced.

## VI.    CASE SCHEDULE

The parties propose the following schedules.  Averatec believes that the case against Averatec should be stayed because it is entirely duplicative of the underlying claims against Synaptics.  The parties acknowledge that any trial date, as well as the proposed dates that follow the Claim Construction Hearing, may need to be changed depending on the date the Court issues its Claim Construction Ruling and subject to the Court's availability.

1      Synaptics and Elantech request that the Court adopt the following case management

2 schedule and deadlines for the disclosures under the Patent Local Rules:

3

| DEADLINE DESCRIPTION | DATE |
|---|---|
| Initial Case Management Conference | August 18, 2006 |
| Joint Case Management Statement and Proposed Order | August 4, 2006 |
| FRCP 26, Initial Disclosures | September 1, 2006 |
| Each party to serve Local Patent Rule 3-1 and 3-2 Disclosures for patent(s) asserted by that party | September 1, 2006 |
| Each party to serve Local Patent Rule 3-3 and 3-4 Disclosures for patent(s) asserted by that party | October 16, 2006 |
| Each Party to exchange Local Patent Rule 4-1 Disclosures | October 30, 2006 |
| Each Party to identify experts, if any, for claim construction hearing and to submit claim construction expert reports | November. 20, 2006 |
| Each party to exchange Local Patent Rule 4-2 Disclosures | November. 20, 2006 |
| Each party to exchange rebuttal claim construction expert reports | November 30, 2006 |
| Each party to file Local Patent Rule 4-3 "Joint Claim Construction and Prehearing Statement" | December 15, 2006 |
| Claim construction discovery cut-off pursuant to Local Patent Rule 4-4 | January 15, 2007 |
| Last day to file motions to compel claim construction discovery | January 22, 2007 |
| Opening claim construction brief for each party asserting patent(s) | January 29, 2007 |
| Responsive claim construction briefs | February 12, 2007 |
| Reply claim construction briefs | February 21, 2007 |

| DEADLINE DESCRIPTION | DATE |
|---|---|
| Claim Construction Hearing (Subject to the Court's Convenience) | March 7, 2007 |
| Final Infringement Contentions (Unless later per Local Patent Rule 3-6) | April 16, 2007 |
| Final Invalidity Contentions (Unless later per Local Patent Rule 3-6) | May 7, 2007 |
| Local Patent Rule 3-8 disclosures (Unless later per Local Patent Rul3 3-8) | May 7, 2007 |
| Discovery Cut-Off (fact discovery) | June 30, 2007 |
| Parties to exchange expert witness FRCP 26(a)(2)(B) reports | July 16, 2007 |
| Parties to exchange rebuttal FRCP 26(a)(2)(B) reports | August 6, 2007 |
| Discovery Cut-Off (expert discovery): | August 31, 2007 |
| Last day to file dispositive motions | September 14, 2007 |
| Last day to hear dispositive motions | October 19, 2007 |
| Parties to serve motions in limine | November 2, 2007 |
| Parties to serve oppositions to motions in limine | November 13, 2007 |
| Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference, the parties shall file a Joint Proposed Final Pretrial Order, a joint set of proposed jury instructions, memoranda of law in support of each disputed instruction, a joint special verdict form, a joint set of proposed voir dire questions, any motions in limine together with their respective oppositions, and the parties respective trial briefs, if any | November 16, 2007 |
| Final Pretrial Conference | November 30, 2007 |
| Trial | December 3, 2007 |

The parties expect that the trial will last for a minimum of ten (10) trial days.

1    **VII.    MISCELLANEOUS PROVISIONS**

2        **A.    Service of Court Filings:**

3        All documents filed with the Court shall be filed electronically on the ECF website and

4    service shall be accomplished consistent with the procedures in General Order No. 45.  In the

5    event that the ECF system is unavailable, service of court filings shall be accomplished as

6    follows:  (a) pleadings, motions and briefs shall be served by facsimile or electronic mail on the

7    day of filing, with overnight delivery the same day of a complete copy of the pleading, motion or

8    brief, and any supporting documents, including exhibits; or (b) any filing may be served by hand

9    on the same day as filing.

10        **B.    Service of Documents Not Filed With The Court:**

11        For documents not simultaneously filed with the Court, such as discovery requests and

12    responses thereto (other than items being produced as discovery), counsel for the parties shall

13    serve all papers on each other by electronic mail no later than 9 p.m. Pacific Time on the day of

14    service, with overnight delivery of the document and any supporting materials, unless the parties

15    mutually agree otherwise.

16    **VIII.    MODIFICATION OF THIS ORDER:**

17        The parties reserve the right to seek Court modification of this Order.

18    Dated:  August 4, 2006                    KARL J. KRAMER
                                               ROBERT L. McKAGUE
19                                             ERIKA L. LABIT
                                               MORRISON & FOERSTER LLP
20

21
                                               By:   s/Karl J. Kramer
22                                                    Karl J. Kramer

23                                             Attorneys for Defendant
                                               SYNAPTICS, INC.
24

25

26

27

28

1  Dated:  August 4, 2006                    YITAI HU
                                             SEAN P. DeBRUINE
2                                            AKIN GUMP STRAUSS HAUER & FELD LLP

3

4                                            By:   s/Sean P. DeBruine
                                                   Sean P. DeBruine
5
                                             Attorneys for Plaintiff
6                                            ELANTECH DEVICES
                                             CORPORATION
7
   Dated: August 4, 2006                     KAREN H. BROMBERG
8                                            COHEN & GRESSER LLP

9

10                                           By:   s/Karen H. Bromberg
                                                   Karen H. Bromberg
11
                                             Attorneys for Defendant
12                                           AVERATEC, INC.

13

14
        I, Karl J. Kramer, am the ECF User whose ID and password are being used to file this
15
   **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER.**  In
16
   compliance with General Order 45, X.B., I hereby attest that Sean P. DeBruine and Karen H.
17
   Bromberg have concurred in this filing.
18
        Dated:  August 4, 2006               MORRISON & FOERSTER LLP
19

20
                                      By:    s/Karl J. Kramer
21                                           Karl J. Kramer

22                                           Attorney for Defendant
                                             SYNAPTICS, INC.
23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order is hereby adopted by the

Court as a Case Management Order for the case and the parties are ordered to comply with this

order.

Dated: _____

_____
The Honorable Charles R. Breyer
United States District Judge