SCOTT R. RABER (CA SBN 194924)
KASTNER BANCHERO LLP
20 California Street, 7th Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Mr. Raber's email: srr@kastnerbanchero.com

Karen H. Bromberg (NY SBN KB 2153)
Elizabeth F. Bernhardt (NY SBN EB 4637)
Damir Cefo (NY SBN DC 1507)
COHEN & GRESSER LLP
100 Park Avenue, 23rd Floor
New York, New York 10017
Telephone: (212) 957-7600
Facsimile: (212) 957-4514
Ms. Bromberg's email: kbromberg@cohengresser.com
Ms. Bernhardt's email: ebernhardt@cohengresser.com
Mr. Cefo's email: dcefo@cohengresser.com
Admitted *Pro Hac Vice*

Attorneys for Defendant
Averatec, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION., a corporation existing under the laws of Taiwan, R.O.C., <br><br> Plaintiff, <br><br> vs. <br><br> SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, <br><br> Defendants. | Case No. 3:06-CV-01839 CRB <br><br> **DEFENDANT AVERATEC INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

# ANSWER

Defendant Averatec, Inc. ("Averatec"), by and through its undersigned attorneys, hereby answers the amended complaint for patent infringement filed by plaintiff Elantech Devices Corporation ("Elantech") as follows:

## NATURE OF THE ACTION

1.  Denies the allegations contained in paragraph 1 of the Complaint except admits that Elantech asserts that its claims for direct and contributory infringement and inducement to infringe U.S. Patent No. 5,825,352 ("the '352 patent") arise under the patent law of the United States.

## JURISDICTION AND VENUE

2.  Admits that Elantech purports to assert that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) as alleged in paragraph 2 of the Complaint.

3.  Denies the allegations contained in paragraph 3 of the Complaint insofar as they relate to Averatec except admits that Elantech purports to assert that venue is proper in this judicial district. Averatec denies knowledge or information sufficient to confirm or deny the remaining allegations and, on that basis, denies those allegations.

## PARTIES

4.  Denies knowledge or information sufficient to confirm or deny the allegations contained in paragraph 4 of the Complaint and, on that basis, denies those allegations.

5.  Denies knowledge or information sufficient to confirm or deny the allegations contained in paragraph 5 of the Complaint and, on that basis, denies those allegations.

6.  Admitted.

7.  Denies knowledge or information sufficient to confirm or deny the allegations contained in paragraph 7 of the Complaint and, on that basis, denies those allegations.

## THE '352 PATENT

8.  Denies knowledge or information sufficient to confirm or deny the allegations in paragraph 8 of the Complaint and, on that basis, denies those allegations, except admits that the '352 patent is entitled "Multiple Fingers Contact Sensing Method For Emulating Mouse Buttons And Mouse Operations On A Touch Sensor Pad," that it was issued by the U.S. Patent & Trademark Office on October 20, 1998, and that it identifies Stephen J. Bisset and Bernard Kasser as inventors.

9.  Denies knowledge or information sufficient to confirm or deny the allegations in paragraph 9 of the Complaint and, on that basis, denies those allegations.

10.  Denies the allegations contained in paragraph 10 of the Complaint except admits that the AV 4270-EH1 product is sold and offered for sale in the United States and in this judicial district.

11.  Denies knowledge or information sufficient to confirm or deny the allegations in paragraph 11 of the Complaint and, on that basis, denies those allegations.

12.  Denies the allegations of paragraph 12 of the Complaint except admits that it is currently aware of the '352 patent and denies knowledge or information sufficient to confirm or deny the remaining allegations and, on that basis, denies those allegations.

## CLAIM I - PATENT INFRINGEMENT

13.  Averatec incorporates by reference its responses to the allegations of paragraphs 1 through 12 as if set forth fully herein.

14.  Denies knowledge sufficient to confirm or deny the allegations of paragraph 14 of the Complaint and, on that basis, denies those allegations.

15.  Denies the allegations contained in paragraph 15 of the Complaint insofar as they relate to Averatec.  Averatec denies knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 15 of the Complaint and, on that basis, denies those allegations.

16.     Denies the allegations contained in paragraph 16 of the Complaint insofar as they relate to Averatec. Averatec denies knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 16 of the Complaint and, on that basis, denies those allegations.

17.     Denies the allegations contained in paragraph 17 of the Complaint insofar as they relate to Averatec. Averatec denies knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 17 of the Complaint and, on that basis, denies those allegations.

## CLAIM II - WILLFUL INFRINGEMENT

18.     Averatec incorporates by reference its responses to the allegations of paragraphs 1 through 17 as if set forth fully herein.

19.     Denies the allegations contained in paragraph 19 except admits that Averatec is currently aware of the '352 patent and denies knowledge sufficient to confirm or deny the remaining allegations and, on that basis, denies those allegations.

20.     Denies the allegations contained in paragraph 20 of the Complaint insofar as they relate to Averatec. Averatec denies knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 20 of the Complaint and, on that basis, denies those allegations.

21.     Denies the allegations contained in paragraph 21 of the Complaint insofar as they relate to Averatec. Averatec denies knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 21 of the Complaint and, on that basis, denies those allegations.

## AFFIRMATIVE DEFENSES

Averatec pleads the following as affirmative defenses to Elantech's complaint for patent infringement. Averatec reserves the right to supplement or amend such defenses if and when further information concerning Elantech or the '352 patent becomes available.

AVERATEC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. C06-01839 CRB

4

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

22. The complaint fails to allege facts sufficient to state a claim for relief against Averatec.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

23. Averatec has not made, used, sold, offered for sale, or imported any product that infringes the '352 patent directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents. Similarly, Averatec is not making, using, selling, offering for sale, or importing any product that infringes the '352 patent directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

24. Upon information and belief, all or some of the claims of the '352 patent are invalid and unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and 282.

### FOURTH AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

25. Upon information and belief, Elantech is barred by prosecution history estoppel from contending that any claim of the '352 patent covers products made, used, sold, offered for sale, or imported by Averatec by virtue of statements and admissions made by the named inventor and/or patent counsel during proceedings in the U.S. Patent & Trademark Office before the '352 patent issued.

### FIFTH AFFIRMATIVE DEFENSE
(Laches)

26. Elantech's claim for relief and prayer for damages is limited by 35 U.S.C. § 286.

AVERATEC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. C06-01839 CRB

## SIXTH AFFIRMATIVE DEFENSE
### (§ 287 limitations)

27. Elantech's claims for relief and prayer for damages are limited by 35 U.S.C. § 287 on the grounds that, on information and belief, Elantech has failed to mark its commercial products that embody the '352 patent.

## SEVENTH AFFIRMATIVE DEFENSE
### (First Sale Exhaustion)

28. Elantech has exhausted its rights to the '352 patent and is barred, in whole or in part, from any claim for relief based thereon.

## DEMAND FOR JURY TRIAL

Averatec demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Dated: August 10, 2006

KASTNER BANCHERO LLP

COHEN & GRESSER LLP

By: _____/s/_____
Karen H. Bromberg
Admitted *Pro Hac Vice*

Attorneys for Defendant
AVERATEC, INC.

AVERATEC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. C06-01839 CRB