1 | All Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants. | Case No.   3:06-CV-01839 CRB<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |
| AND RELATED COUNTERCLAIMS | |

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB
pa-1080808

WHEREAS, the parties believe that certain information that may be divulged in this litigation is likely to contain confidential research, development, or commercial information as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties believe that such information may be relevant to the subject matter involved in the pending action within the meaning of Rule 26(a),(b) of the Federal Rules of Civil Procedure;

WHEREAS, the parties believe that it would serve the interests of the parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties acknowledge that the requested protective order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Northern District Local Rules set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

IT IS HEREBY STIPULATED AND AGREED by and between Elantech Devices Corporation ("Elantech") and Synaptics, Inc. ("Synaptics") and Averatec, Inc. ("Averatec") through their respective counsel, that the following Stipulated Protective Order may be entered by the Court to give effect to the stipulations set forth below:

1.0   <u>Definitions</u>.

    1.1   "Designating Party" means any party or any non-Party producing documents or information that is designated under this Stipulated Protective Order.

    1.2   "Receiving Party" means any party receiving documents or information designated under this Stipulated Protective Order.

    1.3   "Confidential Information" means Document or information that has not been made public and that a Designating Party believes to be of a

1        proprietary business or technical nature, the disclosure of which is likely to have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

    1.4  "Document" shall have the meaning ascribed to it in Rule 34(a), Federal Rules of Civil Procedure.

    1.5  "Employee(s)" means all permanent employees and those temporary personnel who are providing legal, secretarial, clerical and/or administrative services only.

2.0  Designation of Confidential Information

    2.1  Each Designating Party who produces or discloses any material that the Designating Party reasonably believes to comprise or contain Confidential Information may designate the same CONFIDENTIAL -- ATTORNEYS' EYES ONLY.

    2.2  Documents may be designated as CONFIDENTIAL -- ATTORNEYS' EYES ONLY by clearly marking the Documents, prior to providing copies thereof to a Receiving Party.

    2.3  A Designating party that inadvertently fails to mark information as CONFIDENTIAL -- ATTORNEYS' EYES ONLY at the time of production shall be allowed to correct such failure at any time.  In that event, the Designating Party shall provide notice in writing to all Receiving Parties, accompanied by appropriately marked substitute copies of such information.  Upon receipt of such notice, a Receiving Party will take appropriate steps to assure that the previously unmarked Information is treated as Confidential from that time forward.

    2.4  An answer to a request for written discovery responses may be designated as Confidential Information by denoting the answer or a portion thereof CONFIDENTIAL -- ATTORNEYS' EYES ONLY.

1  2.5 A deposition transcript or portion thereof may be designated as
2  Confidential Information by making such designation on the record.
3  Counsel attending a deposition who elects not to designate any portion
4  of the transcript as CONFIDENTIAL -- ATTORNEYS' EYES ONLY
5  on the record shall have ten (10) business days following the receipt of
6  the transcript from the court reporter to make such designation.  Notice
7  thereof shall be made in writing to the reporter, with copies to all
8  counsel, designating the portions of the transcript that contain
9  Confidential Information and directing the reporter to mark that portion
10 of the transcript accordingly.

11 3.0 Disclosure of Confidential Information.

12 3.1 In the absence of written permission from the providing party or an order
13 from the Court, Confidential Information may only be disclosed to the
14 following persons:

15 3.1.1 outside counsel for any party to this litigation  and all necessary
16 secretarial, clerical and paralegal personnel assisting such
17 counsel, except that such Confidential Information shall not be
18 disclosed to any attorney involved in prosecuting patent
19 applications relating in any way to touch pad technology.

20 3.1.2 qualified persons transcribing or memorializing testimony
21 involving Confidential Information and their Employees whose
22 duties require access to Confidential Information;

23 3.1.3 independent experts and/or consultants retained by counsel for a
24 party to this litigation subject to Section 4.0 of this Stipulated
25 Protective Order.

26 3.1.4 any deposition witness who (1) previously had access to the
27 Confidential Information, (2) was employed by the Designating
28 Party; (3) is, at the time of the deposition, employed by the

Designating Party, or (4) is an independent expert or consultant qualified to receive Confidential Information under Section 4.0 of this Stipulated Protective Order.

    3.1.5    The Court and the Court's staff.

  3.2  No persons specified in Section 3.1.1 or 3.1.3 shall have access to Confidential Information without having first read, acknowledged and agreed in writing (in the form attached hereto as Exhibit A) to be bound by this Stipulated Protective Order.  A file of all such written acknowledgment shall be kept by the Party obtaining them.  With respect to persons specified in Section 3.1.3, copies of such written acknowledgments shall be provided to all counsel of record as provided in Section 4.0 of this Stipulated Protective Order.  Persons who are permitted access to Confidential Information under this Stipulated Protective Order solely for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute written acknowledgments.

4.0  Qualification of Independent Experts or Consultants.

  4.1  **Notice of Proposed Disclosure:**  Not less than seven (7) business days prior to the initial disclosure of designated Confidential Information to any person falling under the provisions of Section 3.1.3 of this Stipulated Protective Order, the Party proposing to make such disclosure shall serve (by facsimile and mail) the name, address, present employer and title, and a signed acknowledgment in the form of Exhibit A of the proposed recipient, as well as a copy of a current resume and list of engagements for the past five years, on the Designating Party.

  4.2  **Objection to Proposed Disclosure**:  Within the period before disclosure of the Confidential Information to the proposed recipient, the Party or non-Party whose Confidential Information is concerned may serve (by

1  facsimile and mail) a written objection to such disclosure.  Such an
2  objection shall stay disclosure to the proposed recipient.  Failure to serve
3  a written objection within seven (7) business days shall be deemed
4  approval of a proposed recipient.
5     4.3  **Motion to Exclude Disclosure**:  If a written objection is served pursuant
6  to Section 4.2 and the objection is not resolved by the parties by meeting
7  and conferring within five (5) business days of service of the written
8  notice of objection described in Section 4.2, the party objecting to
9  disclosure shall file a motion, to be heard on the earliest date available,
10  with respect to such objection within ten (10) business days after service
11  of the notice of objection.  Failure to file such a motion shall be deemed
12  approval of a proposed recipient.  The disclosure of Confidential
13  Information to such proposed person shall be withheld pending the
14  ruling of the Court on any such motion.
15  5.0  Procedure for Challenging Designations.
16     5.1  Information obtained during discovery and designated by the providing
17  party as CONFIDENTIAL -- ATTORNEYS' EYES ONLY under this
18  Stipulated Protective Order shall be deemed to be CONFIDENTIAL --
19  ATTORNEYS' EYES ONLY unless the Court rules that it is not.  If,
20  after meeting and conferring to discuss any dispute that arises due to any
21  designation under this Order, the parties are unable to reach agreement, a
22  party may move this Court for an Order that materials bearing a
23  designation specified in Sections 2.1 through 2.5 hereof are improperly
24  designated.  In a motion, the party making the designation of
25  Confidential Information shall have the burden of proving that the
26  material in question is within the scope of protection contemplated by
27  Rule 26 of the Federal Rules of Civil Procedure and this Stipulated
28  Protective Order.

6.0     <u>Procedure for Court Filings</u>.

       6.1     When Confidential Information is filed with the Court, the party offering it must file the relevant materials under seal, and the documents shall bear the words, CONFIDENTIAL -- ATTORNEYS' EYES ONLY, and a statement substantially in the following form:

> CONFIDENTIAL -- ATTORNEYS' EYES ONLY
> SUBJECT TO PROTECTIVE ORDER

The statement shall also appear on the front page of any written material.

       6.2     Documents filed under seal pursuant to this Stipulated Protective Order shall be filed according to Civil Local Rule 79-5.

7.0     If Confidential Information is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the Party responsible for the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

8.0     This Stipulated Protective Order is intended to regulate the handling of Confidential Information during the pretrial period of this litigation, and is not intended to regulate the handling of Confidential Information at trial, which is expected to be the subject of a further Stipulated Protective Order and/or appropriate court orders. Nonetheless, this Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto, by order of this Court, or pursuant to Section 9.0 of this Stipulated Protective Order.

9.0     Within thirty (30) days of the final termination of this litigation, each Party that is subject to this Stipulated Protective Order shall destroy or return to the providing party all items designated CONFIDENTIAL -- ATTORNEYS' EYES ONLY in accordance with Section 2.0 above, including all copies of such matter which may have been made, but not including pleadings or copies containing

1  notes or other attorney work product that may have been placed there by counsel
2  for the Receiving Party.  Outside counsel may retain all pretrial and trial records
3  as are regularly maintained by outside counsel in the ordinary course of
4  business, but such records shall be maintained confidential in accordance with
5  this Stipulated Protective Order.

Dated:  August 8, 2006              KARL J. KRAMER
                                    ROBERT L. McKAGUE
                                    ERIKA L. LABIT
                                    MORRISON & FOERSTER LLP


                                    By:   s/Karl J. Kramer
                                          Karl J. Kramer

                                    Attorneys for Defendant
                                    SYNAPTICS, INC.

Dated:  August 8, 2006              YITAI HU
                                    SEAN P. DeBRUINE
                                    AKIN GUMP STRAUSS HAUER & FELD LLP


                                    By:   s/Sean P. DeBruine
                                          Sean P. DeBruine

                                    Attorneys for Plaintiff
                                    ELANTECH DEVICES CORPORATION

Dated: August 8, 2006               KAREN H. BROMBERG
                                    COHEN & GRESSER LLP


                                    By:   s/Karen H. Bromberg
                                          Karen H. Bromberg

                                    Attorneys for Defendant
                                    AVERATEC, INC.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB
pa-1080808

7

1 **ORDER**

2   The Stipulated Protective Order is hereby adopted by the Court as a Case Management

3 Order for the case and the parties are ordered to comply with this order.

4 Dated: __August 8, 2006_____

5 
Charles R. Breyer
United States District C...

[IT IS SO ORDERED — Judge Charles R. Breyer]

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB
pa-1080808

8