1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   ELANTECH DEVICES CORPORATION, a          Case No.    3:06-CV-01839 CRB
     corporation existing under the laws of Taiwan,
13   R.O.C.,                                  **STIPULATED AMENDED
                                              PROTECTIVE ORDER**
14                     Plaintiff,

15           v.

16   SYNAPTICS, INC., a Delaware corporation;
     AVERATEC, INC., a California corporation; and
17   PROSTAR COMPUTER, INC., a California
     corporation,
18
                       Defendants.
19

20   AND RELATED COUNTERCLAIMS

21

22

23

24

25

26

27

28

1    WHEREAS, the parties believe that certain information that may be divulged in this

2    litigation is likely to contain confidential research, development, or commercial information as

3    contemplated by Rule 26(c) of the Federal Rules of Civil Procedure;

4    WHEREAS, the parties believe that such information may be relevant to the subject

5    matter involved in the pending action within the meaning of Rule 26(a),(b) of the Federal Rules

6    of Civil Procedure;

7    WHEREAS, the parties believe that it would serve the interests of the parties to

8    conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of

9    Civil Procedure;

10    WHEREAS, the parties acknowledge that the requested protective order does not

11    confer blanket protections on all disclosures or responses to discovery and that the protection

12    it affords extends only to the limited information or items that are entitled under the applicable

13    legal principles to treatment as confidential.  The parties further acknowledge that this

14    Protective Order creates no entitlement to file confidential information under seal; Northern

15    District Local Rules set forth the procedures that must be followed and reflects the standards

16    that will be applied when a party seeks permission from the Court to file material under seal;

17    and.

18    WHEREAS, the parties agree that the August 11, 2006 Stipulated Protective Order in

19    this case should be amended to provide for heightened confidentiality protections for certain

20    computer code materials that may be highly valuable and easily reproduced.

21    IT IS HEREBY STIPULATED AND AGREED, by and between Elantech Devices

22    Corporation ("Elantech") and Synaptics, Inc. ("Synaptics") and Averatec, Inc. ("Averatec")

23    through their respective counsel, that the following Stipulated Amended Protective Order

24    ("Stipulated Protective Order") may be entered by the Court pursuant to Local Rule 7-12 to

25    give effect to the stipulations set forth below:

26    1.0    <u>Definitions</u>.

27    1.1    "Designating Party" means any party or any non-Party producing documents or

28    information that is designated under this Stipulated Protective Order.

STIPULATED AMENDED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB
pa- 1097236

1

1       1.2    "Receiving Party" means any party receiving documents or information

2                 designated under this Stipulated Protective Order.

3       1.3    "Confidential Information" means Document or information that has not been

4                 made public and that a Designating Party believes to be of a proprietary

5                 business or technical nature, the disclosure of which is likely to have the effect

6                 of causing harm to the competitive position of the person, firm, partnership,

7                 corporation, or other organization from which the information was obtained.

8       1.4    "Highly Confidential Code" means a Document or information that qualifies as

9                 Confidential Information and constitutes or contains any electronic or computer

10                code, including, but not limited to software, firmware, source code, object code,

11                listing files generated by compilers or assemblers, intermediate files created

12                during the build process, test programs and scripts, test results, and source or

13                object code for associated tools (hereinafter "Code").

14      1.5    "Document" shall have the meaning ascribed to it in Rule 34(a), Federal Rules

15                of Civil Procedure.

16      1.6    "Employee(s)" means all permanent employees and those temporary personnel

17                who are providing legal, secretarial, clerical and/or administrative services only.

18  2.0  Designation of Confidential and Highly Confidential Code

19      2.1    Each Designating Party who produces or discloses any material that the

20                Designating Party reasonably believes to comprise or contain Confidential

21                Information may designate the same CONFIDENTIAL -- ATTORNEYS'

22                EYES ONLY or HIGHLY CONFIDENTIAL CODE.

23      2.2    Documents may be designated as CONFIDENTIAL -- ATTORNEYS' EYES

24                ONLY or HIGHLY CONFIDENTIAL CODE by clearly marking the

25                Documents, prior to providing copies thereof to a Receiving Party.

26      2.3    A Designating party that inadvertently fails to mark information as

27                CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY

28                CONFIDENTIAL CODE at the time of production shall be allowed to correct

1    such failure at any time.  In that event, the Designating Party shall provide

2    notice in writing to all Receiving Parties, accompanied by appropriately marked

3    substitute copies of such information.  Upon receipt of such notice, a Receiving

4    Party will take appropriate steps to assure that the previously unmarked

5    Information is treated as Confidential from that time forward.

6    2.4    An answer to a request for written discovery responses may be designated as

7    Confidential Information by denoting the answer or a portion thereof

8    CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY

9    CONFIDENTIAL CODE.

10    2.5    A deposition transcript or portion thereof may be designated as Confidential

11    Information by making such designation on the record.  Counsel attending a

12    deposition who elects not to designate any portion of the transcript as

13    CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY

14    CONFIDENTIAL CODE on the record shall have ten (10) business days

15    following the receipt of the transcript from the court reporter to make such

16    designation.  Notice thereof shall be made in writing to the reporter, with copies

17    to all counsel, designating the portions of the transcript that contain Confidential

18    Information or Highly Confidential Code and directing the reporter to mark that

19    portion of the transcript accordingly.

20    3.0    Disclosure of Confidential or Highly Confidential Code.

21    3.1    In the absence of written permission from the providing party or an order from

22    the Court, Confidential Information may only be disclosed to the following

23    persons:

24    3.1.1    Outside counsel for any party to this litigation and all necessary

25    secretarial, clerical and paralegal personnel assisting such counsel,

26    except that such Confidential Information shall not be disclosed to any

27    attorney involved in prosecuting patent applications relating in any way

28    to touch pad technology.

3.1.2    Qualified persons transcribing or memorializing testimony involving Confidential Information and their Employees whose duties require access to Confidential Information;

3.1.3    Independent experts and/or consultants retained by counsel for a party to this litigation subject to Section 4.0 of this Stipulated Protective Order.

3.1.4    Any deposition witness who (1) previously had access to the Confidential Information, (2) was employed by the Designating Party; (3) is, at the time of the deposition, employed by the Designating Party, or (4) is an independent expert or consultant qualified to receive Confidential Information under Section 4.0 of this Stipulated Protective Order.

3.1.5    The Court and the Court's staff.

3.2    No persons specified in Section 3.1.1 or 3.1.3 shall have access to Confidential Information without having first read, acknowledged and agreed in writing (in the form attached hereto as Exhibit A) to be bound by this Stipulated Protective Order.  A file of all such written acknowledgment shall be kept by the Party obtaining them.  With respect to persons specified in Section 3.1.3, copies of such written acknowledgments shall be provided to all counsel of record as provided in Section 4.0 of this Stipulated Protective Order.  Persons who are permitted access to Confidential Information under this Stipulated Protective Order solely for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute written acknowledgments.

3.3    In the absence of written permission from the providing party or an order from the Court, Highly Confidential Code may only be disclosed to the persons identified in paragraph 3.1 and 3.2 herein and may be disclosed only under the following conditions and circumstances:

3.3.1    The parties have agreed after meeting and conferring further the parties will exchange current and exemplary versions of Code on CD.  The

1     parties have also agreed to permit review of other Code at opposing

2     counsel's office or other mutually agreeable local.  If during such

3     review, a party selects other relevant code for production, such code will

4     be designated as Highly Confidential Code and produced in either

5     printed or electronic form under the restrictions of this Stipulated

6     Protective Order.

7     3.3.2   Outside counsel for the party to whom Highly Confidential Code is

8     produced may have at most two copies of each Code CD produced

9     hereunder.  One of the two CD's held by outside counsel for the party to

10    whom Highly Confidential Code is produced may be provided to an

11    expert qualified under the provisions of paragraphs 3.1 and 3.2 herein for

12    any one period not to exceed 21 days, after which the CD must be

13    returned to such outside counsel.  Code, whether stored on a CD or in

14    printed form, shall be maintained in a secure, locked location that

15    requires a key or combination access that only outside counsel or the

16    expert referenced in this paragraph possess.

17    3.3.3   Code may be accessed only from CDs on a password-protected

18    computer under the exclusive control of the expert or outside counsel.

19    (Permitted access to such Code includes the necessary electronic

20    copying of the Code incident to accessing it on a computer.)  Such

21    computer must have a time-out function to be activated after no more

22    than ten minutes of inactivity.  Such computer must be non-networked,

23    that is, it must be detached from internet, intranet, Ethernet, WAN, LAN

24    or other network of any kind.  One-stand-alone printer may be attached

25    to the non-networked computer subject to the limitations on printing the

26    Code provided in subsection 3.3.4.  Code may not be copied,

27    transmitted, saved or electronically duplicated in any way except as

28    provided herein.  All such access to the Code CD shall be documented in

1                    a log showing for each copy of Code, each person given possession of

2                    the copy and the dates of such possession.

3         3.3.4    Printing of Code produced hereunder is permitted only with a

4                    contemporaneously generated or applied label indicating that the printed

5                    material is "Restricted and Highly Confidential Code Subject to

6                    Protective Order" on each page.  The party printing the Code shall

7                    maintain a log of what specific Code is printed, how many printed copies

8                    are made, the purpose for making each copy, and in whose possession

9                    each printed copy is maintained.

10        3.3.5    Unless otherwise provided herein, Code produced hereunder may be

11                   printed or otherwise copied only in connection with preparation or filing

12                   of motions or other papers filed with the Court or exchanged among the

13                   parties, used at deposition, or designated for use or used at hearing or

14                   trial, or otherwise required by the Court.  Excerpts of Code produced

15                   hereunder may also be copied pursuant to this paragraph for the purpose

16                   of inclusion in or as exhibits to pleadings filed by or exchanged between

17                   the parties.  A printed copy of excerpts of designated Code may be used

18                   for annotation by an expert referred to in paragraph 3.3.2 above and such

19                   annotated copy shall be kept as provided in section 3.3.2.  Any Code

20                   filed with the Court shall be filed under seal; any Code used at

21                   deposition shall be treated in accordance with all other applicable

22                   sections of this Stipulated Protective Order.  Any other printed copies

23                   generated but not used shall be immediately shredded.

24   4.0    <u>Qualification of Independent Experts or Consultants.</u>

25      4.1    **Notice of Proposed Disclosure:**  Not less than seven (7) business days prior to

26             the initial disclosure of designated Confidential or Highly Confidential Code to

27             any person falling under the provisions of Section 3.1.3 of this Stipulated

28             Protective Order, the Party proposing to make such disclosure shall serve (by

1     facsimile and mail) the name, address, present employer and title, and a signed

2     acknowledgment in the form of Exhibit A of the proposed recipient, as well as a

3     copy of a current resume and list of engagements for the past five years, on the

4     Designating Party.

5     4.2   **Objection to Proposed Disclosure**:  Within the period before disclosure of the

6     Confidential or Highly Confidential Code to the proposed recipient, the Party or

7     non-Party whose Confidential or Highly Confidential Code is concerned may

8     serve (by facsimile and mail) a written objection to such disclosure.  Such an

9     objection shall stay disclosure to the proposed recipient.  Failure to serve a

10     written objection within seven (7) business days shall be deemed approval of a

11     proposed recipient.

12     4.3   **Motion to Exclude Disclosure**:  If a written objection is served pursuant to

13     Section 4.2 and the objection is not resolved by the parties by meeting and

14     conferring within five (5) business days of service of the written notice of

15     objection described in Section 4.2, the party objecting to disclosure shall file a

16     motion, to be heard on the earliest date available, with respect to such objection

17     within ten (10) business days after service of the notice of objection.  Failure to

18     file such a motion shall be deemed approval of a proposed recipient.  The

19     disclosure of Confidential or Highly Confidential Code to such proposed person

20     shall be withheld pending the ruling of the Court on any such motion.

21  5.0   Procedure for Challenging Designations.

22     5.1   Information obtained during discovery and designated by the providing party as

23     CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY

24     CONFIDENTIAL CODE under this Stipulated Protective Order shall be

25     deemed to be CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY

26     CONFIDENTIAL CODE unless the Court rules that it is not.  If, after meeting

27     and conferring to discuss any dispute that arises due to any designation under

28     this Order, the parties are unable to reach agreement, a party may move this

1    Court for an Order that materials bearing a designation specified in Sections 2.1

2    through 2.5 hereof are improperly designated.  In a motion, the party making the

3    designation of Confidential Information shall have the burden of proving that

4    the material in question is within the scope of protection contemplated by Rule

5    26 of the Federal Rules of Civil Procedure and this Stipulated Protective Order.

6    6.0    Procedure for Court Filings.

7    6.1    When Confidential or Highly Confidential Code is filed with the Court, the

8    party offering it must file the relevant materials under seal, and the documents

9    shall bear the words, CONFIDENTIAL -- ATTORNEYS' EYES ONLY or

10    HIGHLY CONFIDENTIAL CODE, and a statement substantially in the

11    following form:

CONFIDENTIAL (OR HIGHLY CONFIDENTIAL CODE)
ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

14    The statement shall also appear on the front page of any written material.

15    6.2    Documents filed under seal pursuant to this Stipulated Protective Order shall be

16    filed according to Civil Local Rule 79-5.

17    7.0    If Confidential or Highly Confidential Code is disclosed to any person other than in the

18    manner authorized by this Stipulated Protective Order, the Party responsible for the

19    disclosure must immediately inform the Designating Party of all pertinent facts relating

20    to such disclosure and shall make every effort to prevent disclosure by each

21    unauthorized person who received such information.

22    8.0    This Stipulated Protective Order is intended to regulate the handling of Confidential or

23    Highly Confidential Code during the pretrial period of this litigation, and is not

24    intended to regulate the handling of Confidential or Highly Confidential Code at trial,

25    which is expected to be the subject of a further Stipulated Protective Order and/or

26    appropriate court orders.  Nonetheless, this Stipulated Protective Order shall remain in

27    force and effect until modified, superseded or terminated on the record by agreement of

28

1    the parties hereto, by order of this Court, or pursuant to Section 9.0 of this Stipulated

2    Protective Order.

3    9.0    Within thirty (30) days of the final termination of this litigation, each Party that is

4    subject to this Stipulated Protective Order shall destroy or return to the providing party

5    all items designated CONFIDENTIAL -- ATTORNEYS' EYES ONLY in accordance

6    with Section 2.0 above, including all copies of such matter which may have been made,

7    but not including pleadings or copies containing notes or other attorney work product

8    that may have been placed there by counsel for the Receiving Party.  Outside counsel

9    may retain all pretrial and trial records as are regularly maintained by outside counsel in

10   the ordinary course of business, but such records shall be maintained confidential in

11   accordance with this Stipulated Protective Order.  Upon the conclusion of this Action,

12   the Receiving Party shall return the attorney copies of Highly Confidential Code to the

13   Producing Party within 72 hours and shall shred any printed copies of such Highly

14   Confidential Code that the receiving party has in its possession.

15

16   Dated:  September 22, 2006                    KARL J. KRAMER
                                                    ERIKA L. LABIT
17                                                  MORRISON & FOERSTER LLP

18
                                                    By:   s/Karl J. Kramer
19                                                        Karl J. Kramer

20                                                  Attorneys for Defendant
                                                    SYNAPTICS, INC.
21

22

23

24

25

26

27

28

STIPULATED AMENDED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB                                                              9
pa- 1097236

1  Dated:  September 22, 2006          YITAI HU
                                       SEAN P. DeBRUINE
2                                      AKIN GUMP STRAUSS HAUER
                                       & FELD LLP
3

4
                                       By:   s/Sean P. DeBruine
5                                            Sean P. DeBruine

6                                      Attorneys for Plaintiff
                                       ELANTECH DEVICES
7                                      CORPORATION

8  Dated: September 22, 2006           KAREN H. BROMBERG
                                       COHEN & GRESSER LLP
9

10
                                       By:   s/Karen H. Bromberg
11                                           Karen H. Bromberg

12                                     Attorneys for Defendant
                                       AVERATEC, INC.
13

14       I, Karl J. Kramer, am the ECF user whose ID and password are being used to file this.

15  STIPULATED AND AMENDED PROTECTTIVE ORDER.  In compliance with General

16  Order 45, X.B., I hereby attest that SEAN P. DEBRUINE and KAREN H. BROMBERG have

17  concurred in this filing.

18       Dated:  September 22, 2006              MORRISON & FOERSTER LLP

19
                                       By: s/Karl J. Kramer
20                                         Karl J. Kramer
                                           Attorneys for Defendant
21                                         SYNAPTICS, INC.

22

23                                   **ORDER**

24       PURSUANT TO STIPULATION, IT IS SO ORDERED

25
   Dated: _____         _____
26                                         The Honorable Charles R. Breyer
                                           United States District Judge
27

28

STIPULATED AMENDED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB                                              10
pa- 1097236

1

**EXHIBIT A**

2

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER OBLIGATIONS**

3

4        I _____, hereby acknowledge that I have

5    read the Stipulated Amended Protective Order filed in the United States District Court for the

6    Northern District of California, in Case No. 3:06-CV-01839 CRB entitled *Elantech Devices*

7    *Corporation v. Synaptics, Inc., et al. and Related Counterclaims*, and understand the terms

8    thereof and agree to be bound thereby.

9        The undersigned further acknowledges and represents that I understand that materials

10    documents and other information materials designated CONFIDENTIAL – ATTORNEYS'

11    EYES ONLY or HIGHLY CONFIDENTIAL CODE are deemed to be highly sensitive

12    information by the party providing them.  I will not disclose any such information except as

13    authorized by the Stipulated Amended Protective Order and will not copy or use any such

14    information except for the purposes of assisting counsel in the above-referenced litigation.

15        The undersigned further acknowledges that he/she is subject to the jurisdiction of said

16    court for the purposes of enforcement of the Stipulated Amended Protective Order and may be

17    adjudicated to be in contempt of court for violation of the Order.

18

19        I declare under penalty of perjury that the foregoing is true and correct, and that this

20    Agreement is executed this day of _____ day of _____, 200_, at

21    _____

22

23                                        _____

24

25

26

27

28