1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., | Case No.   3:06-CV-01839 CRB |
| 13 | **STIPULATED AMENDED PROTECTIVE ORDER** |
| 14                  Plaintiff, | |
| 15           v. | |
| 16  SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, | |
| 17 | |
| 18 | |
|         Defendants. | |
| 19 | |
| 20  AND RELATED COUNTERCLAIMS | |

21
22
23
24
25
26
27
28

STIPULATED AMENDED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB
pa- 1097236

1   WHEREAS, the parties believe that certain information that may be divulged in this
2   litigation is likely to contain confidential research, development, or commercial information as
3   contemplated by Rule 26(c) of the Federal Rules of Civil Procedure;

4   WHEREAS, the parties believe that such information may be relevant to the subject
5   matter involved in the pending action within the meaning of Rule 26(a),(b) of the Federal Rules
6   of Civil Procedure;

7   WHEREAS, the parties believe that it would serve the interests of the parties to
8   conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of
9   Civil Procedure;

10  WHEREAS, the parties acknowledge that the requested protective order does not
11  confer blanket protections on all disclosures or responses to discovery and that the protection
12  it affords extends only to the limited information or items that are entitled under the applicable
13  legal principles to treatment as confidential.  The parties further acknowledge that this
14  Protective Order creates no entitlement to file confidential information under seal; Northern
15  District Local Rules set forth the procedures that must be followed and reflects the standards
16  that will be applied when a party seeks permission from the Court to file material under seal;
17  and.

18  WHEREAS, the parties agree that the August 11, 2006 Stipulated Protective Order in
19  this case should be amended to provide for heightened confidentiality protections for certain
20  computer code materials that may be highly valuable and easily reproduced.

21  IT IS HEREBY STIPULATED AND AGREED, by and between Elantech Devices
22  Corporation ("Elantech") and Synaptics, Inc. ("Synaptics") and Averatec, Inc. ("Averatec")
23  through their respective counsel, that the following Stipulated Amended Protective Order
24  ("Stipulated Protective Order") may be entered by the Court pursuant to Local Rule 7-12 to
25  give effect to the stipulations set forth below:

26  1.0     Definitions.
27          1.1     "Designating Party" means any party or any non-Party producing documents or
28                  information that is designated under this Stipulated Protective Order.

1  1.2 "Receiving Party" means any party receiving documents or information designated under this Stipulated Protective Order.

3  1.3 "Confidential Information" means Document or information that has not been made public and that a Designating Party believes to be of a proprietary business or technical nature, the disclosure of which is likely to have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

8  1.4 "Highly Confidential Code" means a Document or information that qualifies as Confidential Information and constitutes or contains any electronic or computer code, including, but not limited to software, firmware, source code, object code, listing files generated by compilers or assemblers, intermediate files created during the build process, test programs and scripts, test results, and source or object code for associated tools (hereinafter "Code").

14  1.5 "Document" shall have the meaning ascribed to it in Rule 34(a), Federal Rules of Civil Procedure.

16  1.6 "Employee(s)" means all permanent employees and those temporary personnel who are providing legal, secretarial, clerical and/or administrative services only.

2.0 Designation of Confidential and Highly Confidential Code

2.1 Each Designating Party who produces or discloses any material that the Designating Party reasonably believes to comprise or contain Confidential Information may designate the same CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE.

2.2 Documents may be designated as CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE by clearly marking the Documents, prior to providing copies thereof to a Receiving Party.

2.3 A Designating party that inadvertently fails to mark information as CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE at the time of production shall be allowed to correct

such failure at any time. In that event, the Designating Party shall provide notice in writing to all Receiving Parties, accompanied by appropriately marked substitute copies of such information. Upon receipt of such notice, a Receiving Party will take appropriate steps to assure that the previously unmarked Information is treated as Confidential from that time forward.

2.4 An answer to a request for written discovery responses may be designated as Confidential Information by denoting the answer or a portion thereof CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE.

2.5 A deposition transcript or portion thereof may be designated as Confidential Information by making such designation on the record. Counsel attending a deposition who elects not to designate any portion of the transcript as CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE on the record shall have ten (10) business days following the receipt of the transcript from the court reporter to make such designation. Notice thereof shall be made in writing to the reporter, with copies to all counsel, designating the portions of the transcript that contain Confidential Information or Highly Confidential Code and directing the reporter to mark that portion of the transcript accordingly.

3.0 <u>Disclosure of Confidential or Highly Confidential Code</u>.

    3.1 In the absence of written permission from the providing party or an order from the Court, Confidential Information may only be disclosed to the following persons:

        3.1.1 Outside counsel for any party to this litigation and all necessary secretarial, clerical and paralegal personnel assisting such counsel, except that such Confidential Information shall not be disclosed to any attorney involved in prosecuting patent applications relating in any way to touch pad technology.

    3.1.2   Qualified persons transcribing or memorializing testimony involving Confidential Information and their Employees whose duties require access to Confidential Information;

    3.1.3   Independent experts and/or consultants retained by counsel for a party to this litigation subject to Section 4.0 of this Stipulated Protective Order.

    3.1.4   Any deposition witness who (1) previously had access to the Confidential Information, (2) was employed by the Designating Party; (3) is, at the time of the deposition, employed by the Designating Party, or (4) is an independent expert or consultant qualified to receive Confidential Information under Section 4.0 of this Stipulated Protective Order.

    3.1.5   The Court and the Court's staff.

3.2   No persons specified in Section 3.1.1 or 3.1.3 shall have access to Confidential Information without having first read, acknowledged and agreed in writing (in the form attached hereto as Exhibit A) to be bound by this Stipulated Protective Order. A file of all such written acknowledgment shall be kept by the Party obtaining them. With respect to persons specified in Section 3.1.3, copies of such written acknowledgments shall be provided to all counsel of record as provided in Section 4.0 of this Stipulated Protective Order. Persons who are permitted access to Confidential Information under this Stipulated Protective Order solely for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute written acknowledgments.

3.3   In the absence of written permission from the providing party or an order from the Court, Highly Confidential Code may only be disclosed to the persons identified in paragraph 3.1 and 3.2 herein and may be disclosed only under the following conditions and circumstances:

    3.3.1   The parties have agreed after meeting and conferring further the parties will exchange current and exemplary versions of Code on CD. The

| | | |
|---|---|---|
| 1 | | parties have also agreed to permit review of other Code at opposing |
| 2 | | counsel's office or other mutually agreeable local. If during such |
| 3 | | review, a party selects other relevant code for production, such code will |
| 4 | | be designated as Highly Confidential Code and produced in either |
| 5 | | printed or electronic form under the restrictions of this Stipulated |
| 6 | | Protective Order. |
| 7 | 3.3.2 | Outside counsel for the party to whom Highly Confidential Code is |
| 8 | | produced may have at most two copies of each Code CD produced |
| 9 | | hereunder. One of the two CD's held by outside counsel for the party to |
| 10 | | whom Highly Confidential Code is produced may be provided to an |
| 11 | | expert qualified under the provisions of paragraphs 3.1 and 3.2 herein for |
| 12 | | any one period not to exceed 21 days, after which the CD must be |
| 13 | | returned to such outside counsel. Code, whether stored on a CD or in |
| 14 | | printed form, shall be maintained in a secure, locked location that |
| 15 | | requires a key or combination access that only outside counsel or the |
| 16 | | expert referenced in this paragraph possess. |
| 17 | 3.3.3 | Code may be accessed only from CDs on a password-protected |
| 18 | | computer under the exclusive control of the expert or outside counsel. |
| 19 | | (Permitted access to such Code includes the necessary electronic |
| 20 | | copying of the Code incident to accessing it on a computer.) Such |
| 21 | | computer must have a time-out function to be activated after no more |
| 22 | | than ten minutes of inactivity. Such computer must be non-networked, |
| 23 | | that is, it must be detached from internet, intranet, Ethernet, WAN, LAN |
| 24 | | or other network of any kind. One-stand-alone printer may be attached |
| 25 | | to the non-networked computer subject to the limitations on printing the |
| 26 | | Code provided in subsection 3.3.4. Code may not be copied, |
| 27 | | transmitted, saved or electronically duplicated in any way except as |
| 28 | | provided herein. All such access to the Code CD shall be documented in |

1   a log showing for each copy of Code, each person given possession of
2   the copy and the dates of such possession.
3       3.3.4  Printing of Code produced hereunder is permitted only with a
4   contemporaneously generated or applied label indicating that the printed
5   material is "Restricted and Highly Confidential Code Subject to
6   Protective Order" on each page. The party printing the Code shall
7   maintain a log of what specific Code is printed, how many printed copies
8   are made, the purpose for making each copy, and in whose possession
9   each printed copy is maintained.
10      3.3.5  Unless otherwise provided herein, Code produced hereunder may be
11  printed or otherwise copied only in connection with preparation or filing
12  of motions or other papers filed with the Court or exchanged among the
13  parties, used at deposition, or designated for use or used at hearing or
14  trial, or otherwise required by the Court. Excerpts of Code produced
15  hereunder may also be copied pursuant to this paragraph for the purpose
16  of inclusion in or as exhibits to pleadings filed by or exchanged between
17  the parties. A printed copy of excerpts of designated Code may be used
18  for annotation by an expert referred to in paragraph 3.3.2 above and such
19  annotated copy shall be kept as provided in section 3.3.2. Any Code
20  filed with the Court shall be filed under seal; any Code used at
21  deposition shall be treated in accordance with all other applicable
22  sections of this Stipulated Protective Order. Any other printed copies
23  generated but not used shall be immediately shredded.
24  4.0   Qualification of Independent Experts or Consultants.
25      4.1   **Notice of Proposed Disclosure:** Not less than seven (7) business days prior to
26  the initial disclosure of designated Confidential or Highly Confidential Code to
27  any person falling under the provisions of Section 3.1.3 of this Stipulated
28  Protective Order, the Party proposing to make such disclosure shall serve (by

1         facsimile and mail) the name, address, present employer and title, and a signed

2         acknowledgment in the form of Exhibit A of the proposed recipient, as well as a

3         copy of a current resume and list of engagements for the past five years, on the

4         Designating Party.

5     4.2   **Objection to Proposed Disclosure**: Within the period before disclosure of the

6         Confidential or Highly Confidential Code to the proposed recipient, the Party or

7         non-Party whose Confidential or Highly Confidential Code is concerned may

8         serve (by facsimile and mail) a written objection to such disclosure. Such an

9         objection shall stay disclosure to the proposed recipient. Failure to serve a

10         written objection within seven (7) business days shall be deemed approval of a

11         proposed recipient.

12     4.3   **Motion to Exclude Disclosure**: If a written objection is served pursuant to

13         Section 4.2 and the objection is not resolved by the parties by meeting and

14         conferring within five (5) business days of service of the written notice of

15         objection described in Section 4.2, the party objecting to disclosure shall file a

16         motion, to be heard on the earliest date available, with respect to such objection

17         within ten (10) business days after service of the notice of objection. Failure to

18         file such a motion shall be deemed approval of a proposed recipient. The

19         disclosure of Confidential or Highly Confidential Code to such proposed person

20         shall be withheld pending the ruling of the Court on any such motion.

21   5.0   <u>Procedure for Challenging Designations</u>.

22     5.1   Information obtained during discovery and designated by the providing party as

23         CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY

24         CONFIDENTIAL CODE under this Stipulated Protective Order shall be

25         deemed to be CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY

26         CONFIDENTIAL CODE unless the Court rules that it is not. If, after meeting

27         and conferring to discuss any dispute that arises due to any designation under

28         this Order, the parties are unable to reach agreement, a party may move this

1   Court for an Order that materials bearing a designation specified in Sections 2.1
2   through 2.5 hereof are improperly designated. In a motion, the party making the
3   designation of Confidential Information shall have the burden of proving that
4   the material in question is within the scope of protection contemplated by Rule
5   26 of the Federal Rules of Civil Procedure and this Stipulated Protective Order.

6.0   Procedure for Court Filings.

    6.1   When Confidential or Highly Confidential Code is filed with the Court, the party offering it must file the relevant materials under seal, and the documents shall bear the words, CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE, and a statement substantially in the following form:

> CONFIDENTIAL (OR HIGHLY CONFIDENTIAL CODE)
> ATTORNEYS' EYES ONLY
> SUBJECT TO PROTECTIVE ORDER

The statement shall also appear on the front page of any written material.

    6.2   Documents filed under seal pursuant to this Stipulated Protective Order shall be filed according to Civil Local Rule 79-5.

7.0   If Confidential or Highly Confidential Code is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the Party responsible for the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

8.0   This Stipulated Protective Order is intended to regulate the handling of Confidential or Highly Confidential Code during the pretrial period of this litigation, and is not intended to regulate the handling of Confidential or Highly Confidential Code at trial, which is expected to be the subject of a further Stipulated Protective Order and/or appropriate court orders. Nonetheless, this Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated on the record by agreement of

1  the parties hereto, by order of this Court, or pursuant to Section 9.0 of this Stipulated
2  Protective Order.
3  9.0  Within thirty (30) days of the final termination of this litigation, each Party that is
4  subject to this Stipulated Protective Order shall destroy or return to the providing party
5  all items designated CONFIDENTIAL -- ATTORNEYS' EYES ONLY in accordance
6  with Section 2.0 above, including all copies of such matter which may have been made,
7  but not including pleadings or copies containing notes or other attorney work product
8  that may have been placed there by counsel for the Receiving Party. Outside counsel
9  may retain all pretrial and trial records as are regularly maintained by outside counsel in
10 the ordinary course of business, but such records shall be maintained confidential in
11 accordance with this Stipulated Protective Order. Upon the conclusion of this Action,
12 the Receiving Party shall return the attorney copies of Highly Confidential Code to the
13 Producing Party within 72 hours and shall shred any printed copies of such Highly
14 Confidential Code that the receiving party has in its possession.

Dated: September 22, 2006            KARL J. KRAMER
                                     ERIKA L. LABIT
                                     MORRISON & FOERSTER LLP


                                     By:  s/Karl J. Kramer
                                          Karl J. Kramer

                                          Attorneys for Defendant
                                          SYNAPTICS, INC.

STIPULATED AMENDED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB
pa- 1097236

9

| | | |
|---|---|---|
| 1 | Dated: September 22, 2006 | YITAI HU |
| 2 | | SEAN P. DeBRUINE |
| | | AKIN GUMP STRAUSS HAUER |
| 3 | | & FELD LLP |

By:   s/Sean P. DeBruine
      Sean P. DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES
CORPORATION

Dated: September 22, 2006    KAREN H. BROMBERG
                                        COHEN & GRESSER LLP

By:   s/Karen H. Bromberg
      Karen H. Bromberg

Attorneys for Defendant
AVERATEC, INC.

I, Karl J. Kramer, am the ECF user whose ID and password are being used to file this. STIPULATED AND AMENDED PROTECTTIVE ORDER. In compliance with General Order 45, X.B., I hereby attest that SEAN P. DEBRUINE and KAREN H. BROMBERG have concurred in this filing.

Dated:  September 22, 2006            MORRISON & FOERSTER LLP

By: s/Karl J. Kramer
    Karl J. Kramer
    Attorneys for Defendant
    SYNAPTICS, INC.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated:  September 25, 2006

The Honorable Charles R. Breyer
United States

*IT IS SO ORDERED*
*Judge Charles R. Breyer*

STIPULATED AMENDED PROTECTIVE ORDER
CASE NO. 3:06-CV-01839 CRB
pa- 1097236

10

# EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER OBLIGATIONS

I _____, hereby acknowledge that I have read the Stipulated Amended Protective Order filed in the United States District Court for the Northern District of California, in Case No. 3:06-CV-01839 CRB entitled *Elantech Devices Corporation v. Synaptics, Inc., et al. and Related Counterclaims*, and understand the terms thereof and agree to be bound thereby.

The undersigned further acknowledges and represents that I understand that materials documents and other information materials designated CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE are deemed to be highly sensitive information by the party providing them.  I will not disclose any such information except as authorized by the Stipulated Amended Protective Order and will not copy or use any such information except for the purposes of assisting counsel in the above-referenced litigation.

The undersigned further acknowledges that he/she is subject to the jurisdiction of said court for the purposes of enforcement of the Stipulated Amended Protective Order and may be adjudicated to be in contempt of court for violation of the Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Agreement is executed this day of \_\_\_\_\_ day of _____, 200\_, at
_____

_____