Yitai Hu (California Admission Pending) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
Hsin-Yi Cindy Feng (SBN 215152) (cfeng@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:     650-838-2000
Facsimile:      650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>SYNAPTICS, INC.;<br>AVERATEC, INC.;<br>PROSTAR COMPUTER, INC.<br><br>Defendants. | Case No. 3:06-CV-01839 CRB<br><br>**ELANTECH'S AMENDED ANSWER TO SYNAPTICS'S COUNTERCLAIMS TO ELANTECH'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff and Counterdefendant Elantech Devices Corporation ("Elantech"), for its Answer to Defendant/Counterclaim Plaintiff Synaptics, Inc. ("Synaptics") Counterclaims, hereby states as follows:

**PARTIES**

27. Upon information and belief, Elantech admits the statements of Paragraph 27.

28. Admitted.

## JURISDICTION AND VENUE

29. Admitted.

30. Elantech admits that venue is proper in this judicial district. Elantech denies that it has committed acts of infringement in this judicial district.

## First Counterclaim

## SYNAPTICS' PATENTS

31. Elantech admits that U.S. Patent No. 5,543,591 ("the '591 patent") is entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition" and was issued by the United States Patent and Trademark Office on August 6, 1996. Elantech denies that a copy of the '591 patent is attached to Synaptics' Answer and Counterclaims to Elantech's Amended Complaint For Patent Infringement and Demand for Jury Trial as Exhibit A. Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 31, and on that basis denies them.

32. Elantech admits that U.S. Patent No. 5,880,411 ("the '411 patent") is entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition" and was issued by the United States Patent and Trademark Office on March 9, 1999. Elantech denies that a copy of the '591 patent is attached to Synaptics' Answer and Counterclaims to Elantech's Amended Complaint For Patent Infringement and Demand for Jury Trial as Exhibit B. Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 32, and on that basis denies them.

33. Elantech admits that U.S. Patent No. 5,943,052 ("the '052 patent") is entitled "Method And Apparatus For Scroll Bar Control" and was issued by the United States Patent and Trademark Office on August 24, 1999. Elantech denies that a copy of the '591 patent is attached to Synaptics' Answer and Counterclaims to Elantech's Amended Complaint For Patent Infringement and Demand for Jury Trial as Exhibit C. Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 33, and on that basis denies them.

2

ELANTECH'S AMENDED ANSWER TO SYNAPTICS'S
COUNTERCLAIMS TO ELANTECH'S AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL                                    CASE NO. 3:06-CV-01839 CRB

1    34.    Elantech admits that U.S. Patent No. 6,380,931 ("the '931 patent") is entitled "Object
2 Position Detector With Edge Motion Feature And Gesture Recognition" and was issued by the United
3 States Patent and Trademark Office on April 30, 2002. Elantech denies that a copy of the '591 patent
4 is attached to Synaptics' Answer and Counterclaims to Elantech's Amended Complaint For Patent
5 Infringement and Demand for Jury Trial as Exhibit D. Elantech is without knowledge or information
6 sufficient to form a belief as to the remaining allegations of Paragraph 34, and on that basis denies
7 them.

8    35.    Elantech is without knowledge or information sufficient to form a belief as to the truth
9 of the allegations of Paragraph 35 and therefore denies the same.

10    36.    Elantech admits that the Synaptics patents appear to cover inventions relating to touch-
11 pad systems. Elantech is without knowledge or information sufficient to form a belief as to the
12 remaining allegations of Paragraph 36, and on that basis denies them.

### ALLEGATIONS REGARDING ELANTECH

14    37.    Elantech admits that it makes, uses, sells, and offers to sell electronic products including
15 touch pads. Elantech denies the remaining allegations of Paragraph 37.

16    38.    Elantech admits that it manufactures electronic products including touch pads outside
17 the United States and denies the remaining allegations of Paragraph 38.

18    39.    Elantech admits that it was on notice of Synaptics' allegation of infringement of the
19 Synaptics patents. Elantech denies that it has infringed or infringes the Synaptics patents. Elantech is
20 without knowledge or information sufficient to form a belief as to the remainder of the allegations of
21 Paragraph 39, and on that basis denies them.

22    40.    Elantech admits that it conducts activities with respect to electronic products including
23 touch pads, with knowledge that third parties may use their respective United States contacts and
24 distribution channels to import into, sell, offer for sale, and/or use these products in California and/or
25 elsewhere in the United States. Elantech denies the remaining allegations of Paragraph 40.

26    41.    Denied.
27    42.    Denied.

**ELANTECH'S AMENDED ANSWER TO SYNAPTICS'S
COUNTERCLAIMS TO ELANTECH'S AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**                                                                 **CASE NO. 3:06-CV-01839 CRB**

1    43.    Denied.

## Second Counterclaim

44.    Elantech incorporates by reference its allegations set forth in Elantech's Amended Complaint, as well as its answers to the allegations in Paragraphs 27-43 above.

45.    Denied.

46.    Admitted.

47.    Denied.

## Third Counterclaim

48.    Elantech incorporates by reference its answers to the allegations in Paragraphs 27-47 above.

49.    Denied.

50.    Admitted.

51.    Denied.

## AFFIRMATIVE DEFENSES

Elantech pleads the following as affirmative defenses to Synaptics's complaint for patent infringement.

### First Affirmative Defense
### (Failure To State A Claim)

52.    Synaptics fails to allege facts sufficient to state a claim for relief against Elantech in its pleadings.

### Second Affirmative Defense
### (Non-infringement)

53.    Elantech has not infringed and does not directly, contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of any of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

### Third Affirmative Defense
### (Invalidity)

4

54.     The claims of the '591 patent, the '411 patent, the '052 patent, and the '931 patent are invalid and/or unenforceable because they fail to satisfy one or more of the requirements of Title 35, U.S. Code, at least in Sections 102, 103, and/or 112.

### Fourth Affirmative Defense

### (Inequitable Conduct)

55.     The claims of the '052 patent are unenforceable because Synaptics engaged in inequitable conduct. During the prosecution of the '052 patent, the Applicants failed to disclose material information, thereby intentionally misleading the Examiner into overlooking highly relevant prior art. During prosecution, Synaptics discussed an undated article entitled "Synaptics: The TouchPad - A Revolutionary Human Interface Device." That article disclosed a speed scrolling device that allows for scrolling to occur using stimuli applied to a touchpad, and also disclosed horizontal and vertical zones on a touchpad where user-applied object motion can be used to operate controls associated with objects on a display screen, such as a simulated throttle. The Applicants intentionally did not list the article, or the touchpad devices described therein, on any Information Disclosure Statement ("IDS"). Instead, Synaptics identified only less relevant prior art pertaining to scrolling through the use of a scroll wheel on a mouse. The article was referenced in a "Declaration Under 37 CFR 1.131(a)" dated February 8, 1999, which was submitted to the PTO to preemptively swear behind U.S. Patent No. 5,748,185. However, the article was referenced only to highlight the simulated throttle for a Flight Simulator game that was alleged to be analogous to the virtual scroll zone in the subject invention. The Applicants referenced the touchpad zones, such as the simulated throttle, to show reduction to practice of the invention prior to the critical date of the '185 patent. Yet the article does not disclose on its face that it was published, and the touchpad devices described therein had been publicly released, more than one year prior to the filing date of the '052 patent. Moreover, on information and belief, the Applicants had knowledge that the article constituted a "printed publication" under 35 USC §102(b) and that the touchpad devices described in the article were in public use or on sale in the U.S. more than one year prior to the application date of the '052 patent, but intentionally refrained from informing the PTO of those facts. Upon information and belief, this

5

**ELANTECH'S AMENDED ANSWER TO SYNAPTICS'S
COUNTERCLAIMS TO ELANTECH'S AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**                                                                                               **CASE NO. 3:06-CV-01839 CRB**

failure to disclose highly material prior art was made with the intention of misleading the PTO. Synaptics therefore engaged in inequitable conduct sufficient to render the patent invalid and/or unenforceable.

## COUNTERCLAIM

Elantech asserts the following counterclaims against Synaptics:

56. Elantech re-alleges and incorporates by reference its allegations in its Complaint and responses and allegations as set forth herein in Paragraphs 27 through 55 above.

## JURISDICTION

57. This Court has subject matter jurisdiction of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367, under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202, and pursuant to Fed. R. Civ. P. 13. In addition, this Court has original jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

58. Synaptics has commenced a civil action for infringement of the '591 patent, the '411 patent, the '052 patent, and the '931 patent by filing its Answer and Counterclaims to Elantech's Complaint. As a consequence, there is an actual justiciable controversy between Elantech and Synaptics concerning whether Elantech infringes any valid and enforceable claim of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

59. This Court has personal jurisdiction over Synaptics because, *inter alia*, Synaptics has submitted itself to the jurisdiction of this Court.

60. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

61. As a result of Synaptics' counterclaims of infringement there exists an actual case or controversy between the parties regarding the '591, '411 and '052 patents.

## First Claim

### (Declaratory Relief)

1    62.    Elantech hereby incorporates by reference the allegations set forth in Paragraphs 55 through 61 above.

3    63.    Elantech has not infringed and does not directly, contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of any of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

6    64.    One or more claims of the '591 patent, the '411 patent, the '052 patent, and the '931 patent are invalid for failure to comply with one or more requirements of Title 35, U.S. Code, including at least Sections 102, 103, and 112, and/or under applicable judicial precedent.

9    65.    At least the '052 patent is unenforceable due to Synaptics' ineligible conduct.

10    66.    Elantech is entitled to a judicial declaration that its products do not infringe any claims of the '591, '411 or '052 patent, that one or more claims of the patents are invalid, and that at least the '052 patent is unenforceable.

## ELANTECH'S PRAYER FOR RELIEF

WHEREFORE, Elantech respectfully prays for the following relief and request that this Court:

1.    Declare that Elantech has not infringed and currently is not infringing, whether directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents any claim of the '591 patent, the '411 patent, the '052 patent, and the '931 patent.

2.    Deny Synaptics' prayer for preliminary and permanent injunctions

3.    Deny Synaptics' prayer for award of compensatory damages.

4.    Deny Synaptics' prayer for trebling of any and all damages.

5.    Deny Synaptics' prayer for interests and costs.

6.    Deny Synaptics' prayer for attorneys' fees and costs of the litigation.

7.    Deny Synaptics' prayer for prejudgment interest.

8.    Deny Synaptics' prayer for any other or further relief.

9.    Declare that the '591 patent, the '411 patent, the '052 patent, and the '931 patent are invalid.

10.    Declare that the '052 patent is unenforceable.

7

11. Declare that this is an exceptional case under 35 U.S.C. § 285 and award attorneys fees to Elantech.

12. Grant such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Elantech respectfully demands a trial by jury on all issues so triable.

Dated: November 28, 2006

Respectfully Submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
Sean P. DeBruine

Attorneys For Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

5996942