KARL J. KRAMER (CA SBN 136433)
ELLEN S. REINSTEIN (CA SBN 227833)
ERIKA L. LABIT (CA SBN 234919)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimants
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 CRB<br><br>**DECLARATION OF DAVID W. GILLESPIE IN SUPPORT OF DEFENDANT SYNAPTICS' MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL**<br><br>Date: June 1, 2007<br>Time: 10:00 a.m.<br>Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |

I, David W. Gillespie, hereby declare as follows:

1. I have been employed at Synaptics, Inc. ("Synaptics") since 1991, and my current position at the company is Research and Development Fellow. I make this declaration in support of Defendant Synaptics' Miscellaneous Administrative Request To File Documents Under Seal. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently testify thereto.

1   2.   I submit this declaration pursuant to Civil L.R. 79-5(d) in support of the sealability of portions of the Confidential Declaration of Dr. Andrew Wolfe in Support of Synaptics' Motion For Summary Judgment of Non-Infringement of the Asserted Claims of the '352 Patent ("Wolfe Declaration") and Exhibit 5 to the Wolfe Declaration.

3.   Synaptics seeks to file Exhibit 5 to the Wolfe Declaration and the portions of the Wolfe Declaration that discuss the content of Exhibit 5 under seal because Exhibit 5 consists of a computer disk containing "current" and "exemplary" versions of Synaptics' firmware and source code ("Code") that I understand was produced to counsel for Elantech Devices Corp. ("Elantech"). I understand that the Code was produced to Elantech's counsel on October 2 and 16, 2006 with the "Confidential – Attorney's Eyes Only" designation pursuant to the Stipulated Amended Protective Order entered by the Court on September 26, 2006.

4.   The information contained on Exhibit 5 consists of proprietary, trade secret protected firmware and source code. This Code, including the specific references to routines and names of procedures in the text of Dr. Wolfe's declaration, was created through the consistent investment of Synaptics in research and development over more than 15 years. A competitor with this Code could easily gain a significant financial advantage by implementing the ideas and expressions contained in the Code, to the detriment of Synaptics. In addition to the obvious value of the Code disk attached as Exhibit 5 to the Wolfe Declaration, there are particular routines and procedure names that, if known to a competitor, would reveal valuable details of the operation of Synaptics' touchpad devices that could not be gleaned from the information currently in the public domain. These portions of the Code and descriptions of how the Code works have been removed in the Redacted Wolfe Declaration filed herewith.

5.   Synaptics has made great efforts to maintain the secrecy of its Code. Synaptics does not distribute its Code in readable form to anyone. Internally, the Code is kept in secured network storage and Synaptics has procedures in place that preclude unauthorized access to the Code. Synaptics provided the Code to Elantech under the provisions of the Stipulated Amended Protective Order in the case, which precludes access to anyone other than Elantech's outside counsel and authorized experts.

1  6. I declare under penalty of perjury under the laws of the United States of America
2  that, to the best of my knowledge, the foregoing is true and correct.
3  Executed on April 23, 2007, in Santa Clara, California.

By: _____
David W. Gillespie