KARL J. KRAMER (CA SBN 136433)
ELLEN S. REINSTEIN (CA SBN 227833)
ERIKA L. LABIT (CA SBN 234919)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants. | Case No.   C06-01839 CRB<br><br>**SUPPLEMENTAL DECLARATION OF KARL J. KRAMER IN SUPPORT OF SYNAPTICS' MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE ASSERTED CLAIMS OF THE '352 PATENT**<br><br>Date:  June 29, 2007<br>Time:  10:00 a.m.<br>Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |
| AND RELATED COUNTERCLAIMS | |

I, Karl J. Kramer, hereby declare as follows:

1.      I am a member of the bar of the State of California, and I am admitted before this Court. I am a partner with the law firm of Morrison & Foerster LLP, counsel of record for Synaptics, Inc. ("Synaptics") in the above-captioned action. I make this declaration in support of Synaptics' Reply Brief in Support of its Motion for Summary Judgment of the Noninfringement

Supp. Kramer Decl. I/S/O Synaptics' Motion for Summary Judgment of noninfringement
Case No. C06-01839 CRB
pa-1163774

1

of the Asserted Claims of the '352 Patent. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently testify thereto.

2. During prosecution of the '352 Patent at issue in this case, U.S. App. Serial No. 608,116, the examiner issued an Office Action on December 5, 1997 rejecting all claims. A true and correct copy of the December 5, 1997 Office Action is attached as Exhibit 1 hereto. The examiner rejected issued claim 1 (from which also issued claim 18 derived) as obvious in view of Miller et al., U.S. Pat. No. 5,648,642, a patent assigned to Synaptics. The examiner stated:

> In regards to claim 1, Miller et al. shows a method for detecting the operative coupling of multiple fingers to a touch sensor and scanning the touch sensor to identify a first maxima and minima following the maxima (abstract, figure 2 item 54 and 46 and figure 3A, column 1, lines 10-15, column 2, lines 1-10 and lines 52-64).
>
> Although Miller et al. does not directly show all possible waveforms such as a second maxima following the minima such a feature is suggested in the Miller et al. apparatus. To support this contention the examiner points to figure 3A where a single horizontal x line scan illustrates the centroid of the profile of an object touching the apparatus which by mathematical concept has a maxima and a minima. When you consider that Miller et al. states that his apparatus can detect and report if one or more points are being touched (column 2, lines 8-9) and further that his apparatus saves information for every node in its sensor matrix and can thereby give the full X/Y dimension picture of what it is sensing (column 2, lines 53-64). It is obvious that if two fingers were to touch the Miller et al. apparatus the corresponding profile plots would illustrate exactly what the applicant is claiming in 1.
>
> In regards to claims 3-6 and 29-34 where the applicant claims mouse functions such as pointing device, drag, select ink function, removal and replacement of maxima and reaching the edge, the examiner contends that such mouse functions are common and since Miller et al. states that his apparatus can be used as a mouse (column 2, lines 1-10) such functions would be obvious. The examiner serves official notice that all of these claimed mouse functions or methods of operation are well-known.
>
> In regards to claims 26-28 Miller et al. shows the maxima the largest local peak variation in a single value on a line due to capacitive coupling of a finger (figure 3a).

3. As noted in my Declaration of April 20, 2007 and shown in Exhibit 5 to that Declaration, the applicants of the '352 Patent amended now issued claims 1 and 18 on April 6, 1998 in response to the examiner's December 5, 1997 rejection. In that amendment, the applicants added the claim limitation "providing an indication of the presence of two fingers in response to identification of said first and second maxima."

1    4.    The applicants later added further amendments to claims 1 and 18 in a subsequent Supplemental Amendment, filed on May 7, 1998.  A true and correct copy of the May 7, 1998 Supplemental Amendment is attached as Exhibit 2 hereto.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed on May 18, 2007, in Palo Alto, California.

By:   s/Karl J. Kramer
            Karl J. Kramer

# EXHIBIT 1



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/608,116 | 02/28/96 | BISSET | S | P-1930-1 |

LM41/1205

PAUL C. HAUGHEY
TOWNSEND AND TOWNSEND AND CREW LLP
TWO EMBARCADERO CENTER
8TH FLOOR
SAN FRANCISCO CA 94111-3834

| EXAMINER |
|---|
| BELL, P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2775 | 8 |

DATE MAILED: 12/05/97

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (REV. 2/95)

1 - File Copy

ETD0000369

| *Office Action Summary* | Application No. 08/608,116 | Applicant(s) Bisset et al. |
|---|---|---|
| | Examiner PAUL BELL | Group Art Unit 2775 |

☒ Responsive to communication(s) filed on *Aug 22, 1997*                                                           .

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____3____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-13, 15-17, and 20-45* _____ is/are pending in the application.

   Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-13, 15-17, and 20-45* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
   ☐ received.
   ☐ received in Application No. (Series Code/Serial Number) _____ .
   ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___5___

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

Serial Number: 08/608,116 Page 2

Art Unit: 2775

## DETAILED ACTION

### RESPONSIVE TO AMENDMENT FILED ON 08/22/97.

1. The examiner is withdrawing his statement in office action mailed 4/18/97 that claims 1-13, 15-17 and 20-23 are allowable over the prior art of record. As a result of careful reconsideration of the prior art the allowance of these claims would be inappropriate.

2. Claims 2 and 15-17 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

   In regards to claim 2, it is not clear what an aggregate area or aggregate position is, therefore it is vague and indefinite.

   In regards to claim 15, it is not clear how an individual user of this method could have up to 15 fingers being scanned. The applicant for example, claims there are three groups of fingers and each group has up to five fingers. Therefore the claim is vague and indefinite as to how this can be done when an average user has 8 fingers and 2 thumbs.

   Claim 17 recites the limitation "the pointing device". There is insufficient antecedent basis for this limitation in the claim.

3. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

   (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4. Claims 1, 3-13, 26-34 is rejected under 35 U.S.C. § 103 as being unpatentable over Miller et al. (5,648,642).

   In regards to claim 1, Miller et al. shows a method for detecting the operative coupling of multiple fingers to a touch sensor and scanning the touch sensor to identify a first maxima and minima following the maxima (abstract, figure 2 item 54 and 46 and figure 3A, column 1, lines 10-15, column 2, lines 1-10 and lines 52-64).

ETD0000371

Serial Number: 08/608,116                                                                                         Page 3

Art Unit: 2775

      Although Miller et al. does not directly show all possible waveforms such as a second maxima following the minima such a feature is suggested in the Miller et al. apparatus. To support this contention the examiner points to figure 3A where a single horizontal x line scan illustrates the centroid of the profile of an object touching the apparatus which by mathematical concept has a maxima and a minima. When you consider that Miller et al. states that his apparatus can detect and report if one or more points are being touched (column 2, lines 8-9) and further that his apparatus saves information for every node in its sensor matrix and can thereby give the full X/Y dimension picture of what it is sensing (column 2, lines 53-64). It is obvious that if two fingers were to touch the Miller et al. apparatus the corresponding profile plots would illustrate exactly what the applicant is claiming in 1.

      In regards to claims 3-6 and 29-34 where the applicant claims mouse functions such as pointing device, drag, select ink function, removal and replacement of maxima and reaching the edge, the examiner contends that such mouse functions are common and since Miller et al. states that his apparatus can be used as a mouse (column 2, lines 1-10) such functions would be obvious. The examiner serves official notice that all of these claimed mouse functions or methods of operation are well-known.

      In regards to claims 26-28 Miller et al. shows the maxima the largest local peak variation in a single value on a line due to capacitive coupling of a finger (figure 3a).

      In regards to claims 7-13, 23 and 35-45 all of the limitations were already addressed above.

5.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

6.    Claims 2, 15-17, 20-22, 24-25 are rejected under 35 U.S.C. 102(b) as being anticipated by Dunthorn (4,914,624).

      In regards to claim 2, Dunthorn to summarize shows a method for detecting the operative coupling of a plurality of fingers to a touch sensor based on the position or area of those fingers (abstract and figure 1 item 22 and 29 and column 3, lines 1-44 and column 4, lines 11-24).

Serial Number: 08/608,116                                                                                           Page 4

Art Unit: 2775

In regards to claim 15, Dunthorn to summarize shows in figure 1 three buttons that each respond to a group of at least one finger.

In regards to claim 16, Dunthorn to summarize shows in figure 1 fingers and as a result of motion of those fingers to touch buttons they are detected.

In regards to claim 17, Dunthorn to summarize shows in figure 1 item 28 which is text and states in column 6, lines 56-66 that you can scroll (cycle) through it.

In regards to claim 20, Dunthorn to summarize shows the operative coupling and decoupling of multiple objects to a touch sensor to perform a control function (abstract and figure 1 item 22 and 29 and column 3, lines 1-44 and column 4, lines 11-24).

In regards to claims 21 and 22, Dunthorn to summarize shows the "button down" feature (figure 1 and 2).

In regards to claims 24 and 25, Dunthorn to summarize shows the control function comprises a cursor movement (column 2, lines 28-47) and objects comprise fingers (figure 1 and 2).

7.   Claims 2, 15 and 20 are rejected under 35 U.S.C. 102(b) as being anticipated by Greanias et al. (4,686,332).

In regards to claim 2, Greanias et al to summarize shows a method for detecting the operative coupling of a plurality of fingers to a touch sensor based on the position or area of those fingers (figure 19). This claim is very broad because an average user has a plurality of fingers and he may use one finger at one instant of time and the next use a different finger or he may even use two fingers together and since the Greanias device works under all these conditions of finger use it reads on the applicants broad claim 2.

In regards to claim 15, Greanias et al. to summarize shows in figure 19 a finger controlling a cursor on a touch display. It is inherent that at time 1 on scan 1 that a operator can have finger 1 on the screen and before time 2 lift finger one and put down finger 2 for scan 2 and for time 3 have finger 3 for scan 3. This claim is very broad.

In regards to claim 20, Greanias et al. to summarize shows the operative coupling and decoupling of multiple objects to a touch sensor to perform a control function (figure 19, item 70, 60, 270 and 260).

Serial Number: 08/608,116 Page 5

Art Unit: 2775

8. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure; Logan et al. (5,327,161), Stein et al. (5,365,461), Mikan (5,376,946), Calder et al. (5,432,531), Tannenbaum et al. (5,442,376), Miller et al. (5,495,077), Gerpheide et al. (5,565,658), Arbeitman et al. (5,528,266) and Gillespie et al. (5,543,591) all show display touch input devices.

9. Applicant's arguments filed 8/22/97 with respect to claims 1-45 have been considered but are moot in view of the new ground(s) of rejection. (Reference 1-45 rejections above)

10. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Paul Bell whose telephone number is (703) 306-3019. Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Any response to this action should be mailed to:** Commissioner of Patents and Trademarks
Washington, D.C. 20231

**or faxed to:** (703) 308-9051, (for formal communications intended for entry)

Or:(703) 308- 8606 (for informal or draft communications, please label "PROPOSED" or "DRAFT")

**Hand-delivered responses should be brought to:** Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

*/s/*
Paul Bell
11/24/97

STEVEN SARAS
PRIMARY EXAMINER

# EXHIBIT 2

Case 5:06-cv-01839-PVT     Document 114-3     Filed 05/18/2007     Page 1 of 4

MAY-07-1998 14:46     TTC PALO ALTO                           650 326 2422    P.02

**OFFICIAL**   #12

FAX RECEIVED

MAY 0 8 1998       Attorney Docket No. 009623-01001

GROUP 2600


IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | ) |
| STEPHEN J. BISSET ET AL. | ) Examiner: Paul Bell |
| Application No.: 08/608,116 | ) Art Unit: 2775 |
| Filed: February 28, 1996 | ) SUPPLEMENTAL AMENDMENT |
| For: MULTI-CONTACT SENSING METHOD AND APPARATUS | ) |

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Pursuant to a telephone conference between the undersigned and Paul Bell on May 6, 1998, please amend the above-referenced application as follows:

In the Claims

Please cancel claims 24 and 25.
Please amend claims 1 and 38 as follows:

    1.  (Amended) A method for detecting the operative coupling of multiple fingers to a touch sensor involving the steps of
        scanning the touch sensor to (a) identify a first maxima in a signal corresponding to a first finger, [scanning the touch sensor to] (b) identify a minima following the first maxima, [scanning the touch sensor to] (c) identify a second maxima in a signal corresponding to a second finger following [the] said minima, and
        providing an indication of the simultaneous presence of two fingers in response to identification of said first and second maxima.

MAY-07-1998 14:46        TTC PALO ALTO                    650 326 2422    P.03

STEPHEN J. BISSET ET AL.                                        PATENT
Application No.: 08/608,116
Page 2

1   18 35. (Amended)  A touch sensor for detecting the
2   operative coupling of multiple fingers comprising:
3          means for scanning the touch sensor to (a) identify a
4   first maxima in a signal corresponding to a first finger[;
5   **means for scanning the touch sensor to]**, (b) identify a
6   minima following the first maxima[; **means for scanning the
7   touch sensor to]**, and (c) identify a second maxima in a
8   signal corresponding to a second finger following said [the]
9   minima, and
10         means for providing an indication of the simultaneous
11  presence of two fingers in response to identification of
12  said first and second maxima.

### REMARKS

Claims 1, 3-6, and 26-51 are pending in this application.

Claims 24 and 25 have been cancelled as dependent upon a cancelled claim. Claims 1 and 35 have been amended in a manner discussed with the Examiner to clarify the claim language.

In view of the foregoing, Applicants believe all claims now pending in this application are in condition for allowance. The issuance of a formal Notice of Allowance at an early date is respectfully requested.

If the Examiner believes a telephone conference would expedite prosecution of this application, please telephone the undersigned at (650) 326-2400.

Respectfully submitted,

Paul C. Haughey
Reg. No. 31,836

TOWNSEND and TOWNSEND and CREW LLP
(650) 326-2400
Fax (650) 326-2422
(j:\logitech\v-1001.am3)

TOTAL P.03

ETD0000386

MAY-07-1998 14:46     TTC PALO ALTO                           650 326 2422    P.01

FAX RECEIVED  **OFFICIAL**

MAY 0 8 1998

GROUP 2600     Atty Docket No.: 009103-010010

PTO FAX NO.: **Group 2775: 703-308-6606**

Examiner: **Paul Bell**

### CERTIFICATION OF FACSIMILE TRANSMISSION

I hereby certify that the following Supplemental Amendment in Application No. 08/608,116, is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

Number of pages being transmitted, including this page: 3

Dated: May 7, 1998

_____
Paul C. Haughey
Reg. No. 31,836

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834
Telephone: (650) 326-2400
Fax: (650) 326-2422

The documents accompanying this facsimile transmission contain information from the law firm of Townsend and Townsend and Crew LLP which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faxed information is strictly prohibited, and the document(s) should be returned to this firm immediately. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents at no cost to you.

ETD0000387