IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELANTECH DEVICES CORP., | No. C 06-01839 CRB |
| Plaintiff, | **ORDER RE: QUESTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| SYNAPTICS, INC.; AVERATEC, INC., | |
| Defendants. | |

The summary judgment hearing is scheduled for 2:30 p.m. on October 5, 2007. At oral argument, the parties should focus their presentation on the following questions:

**A.  Finger counting**

1. Synaptics states that the "current" version of the firmware and driver software cannot infringe claims 1 and 18 of the '325 patent because it cannot be set to enable the finger counting functionality. See Synaptics Reply Brief I/S/O Motion for Summary Judgment for Infringement (Synaptics MSJ Reply Brief) at 11:15-17. However, Elantech presents evidence that, using instructions provided by Synaptics, the "current" products can be set to report the "W" value indicating multiple finger count. See Elantech Reply Brief I/S/O Motion for Summary Judgment for Infringement (Elantech MSJ Reply Brief), p. 8.

Does this create a genuine issue of material fact as to whether Type 2 Code finger-counting functions can be "enabled?"

2. To Elantech, which of the Accused Touchpads do you claim can, or can be enabled to, determine "W"? What in the record identifies those products?

3. To Synaptics, what in the record disputes Elantech's evidence that "W" can be enabled following instructions provided in the Synaptics' Touchpad Interfacing Guide?

4. Synaptics moves for partial summary judgment of noninfringement for laptops containing the "current," or Type 2, code. Synaptics' Reply Brief in Support of Motion for Summary Judgment of Noninfringement of the Asserted Claims of the '325 patent ("Synaptics' MSJ Reply Brief") at 11:9-11. Synaptics concedes that Type 1 Code counts the groups of 1's to determine how many fingers are in contact with the touchpad. See Synaptics' MSJ Brief at 5:26-28. Does Synaptics therefore concede that Type 1 Code provides an indication of the simultaneous presence of two fingers?

5. Type 2 Code calculates the "W" value referenced in the Synaptics Touchpad Interfacing Guide. Does Type 1 Code provide "W" as well?

6. Is the driver and/or firmware software for the Accused Touchpads sent to Synaptics customers (e.g. computer manufacturers) in object code or source code format?

7. If the software is available to computer manufacturers in source code format, what modifications must those manufacturers make to "enable" the finger counting functionality?

**B.    Type I code**

1. It is reasonable to conclude that the Type 1 Code does not carry out sub-limitations (a)-(c) because the algorithm only determines whether each capacitance value falls above or below the threshold value, and never identifies maxima or minima. But it is also reasonable to conclude that Type 1 Code

2

does meet sub-limitations (a)-(c) because a bit pattern such as "001110001110000" identifies a first maximum (the first group of 1's) followed by a minimum (the following group of 0") followed by a second maximum (the second group of 1's). Do these conflicting conclusions create a question of fact that should be submitted to the jury, or is this a question of law for the court to decide?

**C.   Maxima and minima**

1. What in the claim language or intrinsic evidence requires an "indication" or "analysis" of a "specific" or "particular" value, e.g. the measured capacitance value, when identifying maxima or minima according to sub-limitations (a)-(c) of claims 1 and 18?

2. If an "indication" or "analysis" of "specific" or "particular" values is required according to sub-limitations (a)-(c), what steps or acts would satisfy the analysis or indication of the minimum and maximum capacitance values?

**D.   Providing an indication**

1. According to the intrinsic evidence, what steps or acts must be performed to "provide an indication" within the limitation "providing an indication of the simultaneous presence of two fingers in response to identification of said first and second maxima" of claims 1 and 18?

2. What in the claim language or intrinsic evidence requires that the "indication" must be sent "to the host?"

Each side will be permitted no more than 45 minutes for argument on all questions.

**IT IS SO ORDERED.**

Dated: October 1, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\1839\ORDER re SJ Post-CC Qs.wpd

G:\CRBALL\2006\1839\ORDER re SJ Post-CC Qs.wpd