Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
Hsin-Yi Cindy Feng (SBN 215152) (cfeng@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306-2112
Telephone:      650-838-2000
Facsimile:      650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP., <br><br> Plaintiff, <br><br> vs. <br><br> SYNAPTICS, INC. and AVERATEC, INC, <br><br> Defendants. | Case No. 3:06-CV-01839 CRB <br><br> **ELANTECH DEVICES CORP.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: January 18, 2008 <br> Time: 10:00 a.m. <br> Courtroom 8, 19th Floor <br> Judge: Hon. Charles R. Breyer |

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 8 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Plaintiff Elantech Devices Corp. ("Elantech") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 65 and 35 U.S.C. § 283, for entry of a preliminary injunction, pending final resolution of this action, enjoining Defendant Synaptics, Inc. ("Synaptics"), its officers, directors, employees, agents, servants, successors and assigns, and any and all persons and entities acting in privity or concert with them from further infringement and/or inducement of infringement of the '352 patent by importing, making, using, selling or offering to sell its touchpad products including its current "Type 2" firmware/source code with finger counting enabled.

As its basis for this motion, and as more fully set forth in the following Memorandum of Points and Authorities, Elantech states that the Court has already determined that each and every limitation of Claim 18 of Elantech's United States Patent No. 5,825,352 ("the '352 patent") is literally present in Synaptics touchpad products that use the "Type 2" source code with multiple finger detection enabled. Elantech has brought a motion for partial summary judgment asking that judgment be entered consistent with that determination. Despite that finding by the Court, Elantech has been unable to secure a commitment from Synaptics to cease its infringing activities. Elantech is being irreparably harmed by Synaptics' continuing infringement and therefore a preliminary injunction is justified.

This motion is based upon (1) this Notice of Motion and Memorandum of Points and Authorities, (2) the briefing and declarations submitted in support of and opposition to Synaptics' April 20, 2007 Motion for Summary Judgment of Noninfringement of the Asserted Claims of the '352 Patent, Elantech's May 25, 2007 Motion for Summary Judgment of Infringement, and Elantech's November 21, 2007 Motion for Partial Summary Judgment of Infringement, (3) the Court's October 26, 2007 Memorandum and Order Re: Summary Judgment Motions in which the Court indicated it "would grant summary judgment of infringement for Accused Touchpads implementing Type 2 code and having enabled finger counting functionality," and (4) all of the other papers and pleadings on file in this matter

1

NOTICE OF MOTION AND MOTION FOR ENTRY OF PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES                                                         CASE NO. 3:06-CV-01839 CRB

and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

In response to Elantech's Motion for Summary Judgment of Infringement [Dkt. No. 126] the Court determined that contested issues of fact precluded a summary finding of infringement as to Synaptics' Type 2 products in which finger counting is not enabled, but determined that such products with finger counting enabled did meet every limitation of claim 18 of the '352 patent. Elantech therefore filed a motion for partial summary judgment asking that judgment be entered confirming that determination. After resolution of the summary judgment motion the parties engaged in a concerted effort to settle this matter, but those efforts were unavailing. Elantech now seeks to enjoin Synaptics' ongoing infringement of its patent pending resolution of the remaining issues in this case.

### II. ARGUMENT

#### A. Legal Standards For Preliminary Injunction

Pursuant to 35 U.S.C. § 283, the Court may enter an injunction to prevent the violation of patent rights. See eBay, Inc. v. MercExchange, L.L.C., 126 S.Ct. 1837, 1839 (2006). The legal standards applied to determine whether to grant a preliminary injunction are the same in patent cases as they are in other areas of the law. High Tech Med. Instr., Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1554 (Fed. Cir. 1995). There are four equitable factors which may be considered, including the following: "1) the likelihood of the patentee's success on the merits; 2) irreparable harm if the injunction is not granted; 3) the balance of hardships between the parties; and 4) the public interest." Abbott Labs. v. Andrx Pharms., Inc., 473 F.3d 1196, 1200-01 (Fed. Cir. 2007) (quoting Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1338-39 (Fed. Cir. 2003)). No one element is dispositive, and each of these factors should be weighed and measured against the rest and against the relief requested. See Hybritech, Inc. v. Abbott Labs., 849 F.2d 1446, 1451 (Fed. Cir. 1988).

**B. The Court Can And Should Issue A Preliminary Injunction**

    1. <u>Elantech has shown a likelihood of success because this Court has already stated that it would grant partial summary judgment on infringement</u>

Elantech has shown a likelihood of success in this case. In order to show likelihood of success, a patentee must present proof of the accused products infringement of a "valid and enforceable patent." <u>Pfizer, Inc. v. Teva Pharms. USA, Inc.</u>, 429 F.3d 1364, 1372 (Fed. Cir. 2005). The burden lies with the patentee for proving infringement of the patent. However, since a patent is presumed to be valid, the accused infringer bears the burden of proving invalidity or unenforceability of the asserted patents. <u>Abbott Labs.</u>, 473 F.3d at 1201 (citing <u>Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal</u>, 546 U.S. 418, 419 (2006) ("[T]he burdens at the preliminary injunction stage track the burdens at trial.")). Once a patentee clearly shows that its patent is valid and infringed, upon weighing the competing equities, a court may order a preliminary injunction. <u>Atlas Powder Co. v. Ireco Chems.</u>, 773 F.2d 1230, 1233 (Fed. Cir. 1985).

This Court has already determined that Synaptics' touchpads using its current "Type 2" firmware code with multiple finger detection enabled ("Enabled Type 2 products") infringe claim 18 of the '352 patent. The Court has already determined that there are no disputed issues of fact, and that these specific products include every element of claim 18. As such, Elantech has more than met its burden of showing a likelihood of success on the issue of infringement. As to the issue of validity, the burden of going forward as well as the ultimate burden at trial to prove invalidity lies with Synaptics. The only evidence that Synaptics has come forward with on the issue of validity is Synaptics' own patent, this disclosure of which was before the Examiner and fully considered. As such, there is little, if any, doubt that Elantech will succeed on the merits.

2. <u>Elantech faces irreparable harm if a preliminary injunction is not granted</u>

Elantech faces irreparable harm if a preliminary injunction is not granted. A presumption of irreparable harm may be established by a strong showing of likelihood of success on the merits coupled with continuing infringement. <u>See</u> <u>Reebok Int'l Ltd. v. J. Baker, Inc.</u>, 32 F.3d 1552, 1556 (Fed. Cir. 1994); <u>Visto Corp. v. Sproqit Techs., Inc.</u>, 413 F. Supp. 2d 1073, 1077 (N.D. Cal. 2006) ("Irreparable harm is presumed when a clear showing of patent validity and infringement has been made.") (quoting <u>Amazon.com, Inc. v. Barnesandnoble.com, Inc.</u>, 239 F.3d 1343, 1350 (Fed. Cir. 2001)). This presumption "derives in part from the finite term of the patent grant, for patent expiration is not suspended during litigation, and the passage of time can work irremediable harm." <u>Quantronix, Inc. v. Data Trak Techs., Inc.</u>, 503 F. Supp. 2d 1152, 1162 (D. Minn. 2007) (quoting <u>Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.</u>, 132 F.3d 701, 708 (Fed. Cir. 1997). In this case, in light of Elantech's previous showing of infringement as a matter of law, and Synaptics' failure to come forward with evidence that calls the validity of the patent into question. Elantech has made a very strong showing of likelihood of success on the merits, so that a presumption of irreparable harm follows. Synaptics and Elantech are direct competitors in the touchpad market. Elantech is a much smaller player than Synaptics, and Synaptics should not be allowed to continue to infringe Elantech's patent to compete with Elantech. Thus, Elantech faces irreparable harm if a preliminary injunction is not granted.

3. <u>The balance of rights and hardships tips in Elantech's favor</u>

The balance of rights and hardships tips in Elantech's favor. The requested injunction would not destroy Synaptics as an ongoing concern, or even force it to exit the touchpad market. Rather, it would only force Synaptics not to compete against Elantech through the unauthorized use of Elantech's patent. For example, the Court has found that Synaptics' touchpads with Type 1 code do not infringe, and

4

Synaptics is free to return to selling those products. There may be the loss of market share or strained customer relations as a result of that transition. However, those considerations do not overcome the loss of exclusivity experienced by Elantech. See Pfizer, Inc., 429 F.3d at 1382. As noted, Elantech's patent grant is for a finite term and denial of a preliminary injunction would convert Elantech's patent into a wasting asset. This result would be exacerbated by a long and protracted litigation, which Elantech faces in this case. Finally, relative size of the parties is an appropriate consideration when balancing the equities. See Bell & Howell Document Mgmt. Prods. Co., 132 F.3d at 708 (citing Illinois Tool Works, Inc. v. Grip-Pak, Inc., 906 F.2d 679, 683 (Fed. Cir. 1990)). Elantech is a much smaller company than Synaptics. Thus, the balance of equities tips decidedly in Elantech's favor.

### 4. The public interest is served by granting Elantech's request

There is a strong public interest in enforcing patents which can normally only be overcome if there is some critical public interest that would be injured by the grant of preliminary injunctive relief. See Hybritech, Inc., 849 F.2d at 1458 (public interest served in not applying injunction to medical test kits used to detect cancer and hepatitis). In this case, there is no critical public interest that would be injured by granting Elantech's requested relief. Thus, there is no reason not to grant a preliminary injunction on this basis.

### III.     CONCLUSION

For the foregoing reasons, Elantech respectfully requests that the Court grant its motion for entry of a preliminary injunction against Synaptics from importing, using, selling or offering to sell the Enabled Type 2 touchpad products.

Dated:  December 14, 2007           Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:     /s/ Sean P. DeBruine
                Sean P. DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES CORP.