Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
Ming-Tao Yang (SBN 221295)(myang@akingump.com)
Hsin-Yi Cindy Feng (SBN 215152) (cfeng@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306-2112
Telephone:    650-838-2000
Facsimile:    650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP., <br><br> Plaintiff, <br><br> vs. <br><br> SYNAPTICS, INC. and AVERATEC, INC, <br><br> Defendants. | Case No. 3:06-CV-01839 CRB <br><br> **ELANTECH DEVICES CORP.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF THE '352 PATENT** <br><br> Date: January 11, 2008 <br> Time: 10:00 a.m. <br> Courtroom 8, 19th Floor <br> Judge: Hon. Charles R. Breyer |

**REDACTED**

In its three previous briefs on the topic of its infringement of Elantech's '352 patent, Synaptics has had more than ample opportunity to raise all relevant arguments. After that extensive briefing and a comprehensive oral argument, this Court has already determined that Synaptics' Type 2 Enabled products infringe. Now, in opposing Elantech's present motion for partial summary judgment to confirm that finding and avoid unnecessary additional litigation, Synaptics attempts to re-argue issues that have already been raised, fully briefed, and previously decided by this Court. In particular, Synaptics again argues: (1) that Elantech failed to compare structures as required by 35 U.S.C. § 112, para. 6 for the "providing an indication" limitation; and (2) that the Type 2 enabled code does not identify the lowest value in the finger profile. Knowing that these arguments have no merit, Synaptics now introduces for the first time new arguments, asserting: (3) that Elantech has not accused any Type 2 enabled products; and (4) that Elantech presents no evidence of infringement in the United States. These new arguments also lack merit, are based on prejudice caused by Synaptics' failure to provide discovery, and are contrary to representations made by Synaptics relating to various agreements between the parties. Because none of Synaptics' arguments (old or new) has any merit, Elantech's motion should be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2007, Synaptics file a motion for summary judgment of noninfringement of the '352 patent. That motion sought, *inter alia*, judgment that its "touchpads including Type 2 code" do not infringe. Synaptics did not limit its motion to only its TM41 series products. Similarly, in opposing Elantech's May 25, 2007 Motion for Summary Judgment [Dkt. No. 126], Synaptics did not argue that Elantech had not specifically accused any "Type 2" products. Ruling on the parties' motions, the Court determined that contested issues of fact precluded a summary finding of infringement as to Synaptics' Type 2 products in which finger counting is not enabled, but determined that such products with finger counting enabled did meet every limitation of claim 18 of the '352 patent.

Despite having itself placed all of its products including the Type 2 firmware at issue in its own motion, Synaptics now attempts to avoid judgment based upon Elantech's Final Infringement Contentions ("FICs"). However, Synaptics fails to mention that it was its own failure to provide

adequate discovery that caused Elantech to so limit its FICs and, more importantly, that Synaptics counsel long ago agreed that Elantech could amend the FICs to cover the Type 2 products.

On July 21, 2006, Elantech served its First Set of Document Requests, seeking, *inter alia*, exemplary Synaptics products and "Documents concerning or relating to the structure, function, or operation of Synaptics Product(s), including, but not limited to the related specification, data sheets, drawings, diagrams, circuits, schematics, notebooks, protect reports, workbooks, lab books, notes, code . . . ." *See* Declaration of Sean P. DeBruine ("DeBruine Decl."), at ¶ 2; Exh. A (Request No. 30). "Synaptics Products" was defined to include "any touch pad product made by or on behalf of Synaptics and/or sold by or on behalf of Synaptics, and any parts . . . for such product." *See id.* Hence, Elantech's First of RFPs was not limited to the "TM41" series.

Accompanying the responses, Synaptics produced only two chips, both marked with the "TM41" series for product number. *See* DeBruine Decl., at ¶ 3; Exh. B (transmittal letter enclosing the two chips). Consistently, Synaptics' website reveals only the TM41 series. *See* DeBruine Decl. at ¶ 4. This website discloses only a single reference to a "Touchpad Interfacing Guide," which in turn does not identify any products other than the TM41 number series. *See id.*; Exh. C (Synaptics Touchpad Interfacing Guide). Thus, Elantech was lead to believe that the only relevant Synaptics' touchpad products consisted of the "TM41" series.

None of the documents or things produced by Synaptics in response to Elantech's document requests or as required by Fed. R. Civ. P. 26 or Pat. L. R. 4 revealed any product numbers other than those starting with "TM41." *See* DeBruine Decl., at ¶ 5. Unaware of any other applicable Synaptics touchpad products, Elantech submitted its Preliminary Infringement Contentions, identifying the "TM41" series of products. *See* DeBruine Decl., at ¶ 5; Exh. D (Elantech's Preliminary Infringement Contentions, dated September 1, 2006).

In October of 2006, counsel for Elantech and Synaptics discussed a mutual exchange of exemplary code that would readily demonstrate how the parties' respective touchpads operated. *See* DeBruine Decl., at ¶ 6; Exh. E (e-mail dated October 2, 2006 from K. Kramer to S. DeBruine). Elantech produced its source code in searchable format with listing files. *See* DeBruine Decl., at ¶ 7. According to Synaptics' counsel, in that same time frame, "Synaptics produced current and exemplary versions of

Synaptics' proprietary firmware and source code (the 'Code') governing the operation of the Synaptics' touchpad devices." *See* Declaration of Karl J. Kramer, filed on April 20, 2007 ("Kramer Decl."), at ¶10; *see also* Memorandum of Points and Authorities in Support of Synaptics' Motion for Summary Judgment of Noninfringement of the Asserted Claims of the '352 Patent, filed on April 20, 2007 ("Synaptics' MSJ Brief"), at 3:23-24 ("By agreement, the parties exchanged documents and exemplary code, detailing the operations of the Accused Touchpads"). A search of the Code did not reveal any other product names other than the TM41 series. *See* DeBruine Decl., at ¶ 7.

On April 19, 2007, Elantech's counsel sent an informal notice of deposition of Synaptics under Federal Rules of Civil Procedure Rule 30(b)(6). *See* DeBruine Decl., at ¶ 8; Exh. F (email dated April 19, 2007 from S. DeBruine to K. Kramer attaching Notice of Deposition of Synaptics under Federal Rule of Civil Procedure 30(b)(6)). The Notice of Deposition sought the identification and scheduling of designated witness(es) who would be testifying on behalf of Synaptics. *See id.* Rather than produce the requested discovery, Synaptics filed its motion for summary judgment of non-infringement. After a month passed with no response, on May 25, 2007, Elantech formally served a Notice of Deposition. *See* DeBruine Decl., at ¶ 9; Exh. G (email dated May 25, 2006, attaching cover letter and Notice of Deposition). Instead of agreeing to designate and produce 30(b)(6) witnesses, Synaptics offered only to produce David Gillespie on June 4, 2007, as a 30(b)(6) witness for the very limited purposes of testifying on Synaptics' behalf on subject matter relating to the parties' pending motions for summary judgment. *See* DeBruine Decl., at ¶ 9; Exh. H (letter dated June 1, 2007 from K. Kramer to S. DeBruine).

Synaptics motion was not limited to the products identified in Elantech's FICs, but rather to all products based on the contention that the source code underlying their operation, *i.e.*, the purported "Type 1 Code" (or "exemplary" version) and "Type 2 Code" (or "current" version) purportedly do not meet the claim elements of the '352 Patent. *See* Synaptics' MSJ Brief, at 3:14-7:23. On May 7, 2007, within thirty days of service of the Court's Claims Construction Order, Elantech served its Final Infringement Contentions. *See* DeBruine Decl. at ¶ 10, Exh. I (Elantech's Final Infringement Contentions). On June 4, 2007, Elantech was shocked to learn that the TM41 series, is apparently an

older series of products,[1] and that Synaptics manufactured more current products, namely "TM51," "TM61," "TM62" and possibly a "TM71" series of touchpads (the "Additional Touchpad Products"), which correspond to the Type 2 Code (or "current" version of the Code). *See* DeBruine Decl., at ¶ 11; Exh. J (Transcript from the Deposition of David Gillespie ["Gillespie Depo."], conducted on June 4, 2007, at 51:11-21, 58:23-59:2, 59:12-60:13). Mr. Gillespie explained that the older TM41 series, unlike the more current products, lack sufficient memory to run Type 2 Code and hence, ran only Type 1 Code. *See id.* Based on learning this information, the very next day, Elantech sent a request to Synaptics to stipulate to allow Elantech to amend its Final Infringement Contentions to add in the Additional Touchpad Products. *See* DeBruine Decl., at ¶ 12; Exh. K (letter dated June 5, 2007 from S. DeBruine to K. Kramer). Synaptics refused. *See* DeBruine Decl., at ¶ 13; Exh. L (letter dated June 6, 2007 from E. Labit to S. DeBruine). Elantech attempted to explain why Synaptics' refusal was unreasonable. *See* DeBruine Decl., at ¶ 14; Exh. M (letter dated June 11, 2007 from S. DeBruine to E. Labit). Synaptics did not respond. *See* DeBruine Decl., at ¶ 14.

On or about June 14, 2007 counsel for Elantech discussed this matter with Synaptics' lead counsel, Karl Kramer. Mr. Kramer agreed that Synaptics would not oppose Elantech's pending summary judgment motion to the extent it applied to products not delineated in Elantech's FICs , and would not oppose a motion by Elantech to amend its FICs after the resolution of the summary judgment motion, to name any previously undisclosed Synaptics products that included the Type 2 code if Synaptics' non-infringement motion were to be denied. DeBruine Decl., ¶ 14.[2]

---

[1] Synaptics documents do not make any mention of a "Type 1 Code" or "Type 2 Code." Rather, Synaptics's expert, Andrew Wolfe, has adopted this terminology from Synaptics counsel to refer to the "exemplary" version of the Code as that containing "Type 1 Code" and the "current" version as that containing "Type 2 Code." *See* Supplemental Declaration of Andrew Wolfe ("Supp. Wolfe Decl."), filed on May 17, 2007, at ¶2. Type 1 Code and Type 2 Code correspond to [ ] files.

[2] Elantech has now prepared a motion for leave to amend its FICs. Elantech did not do so previously because of the parties' concerted efforts to settle this matter. DeBruine Decl, ¶ 14.

ELANTECH'S REPLY IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

4

CASE NO. 3:06-CV-01839 CRB

## II. ARGUMENT

### A. The Court Has Already Determined That The "providing an indication" Limitation Is Satisfied

Synaptics erroneously asserts that Elantech has not compared structures to support its burden as to the claimed "means for providing an indication." Syn. Opp. at 5:3-5. In fact, Elantech has provided ample evidence to satisfy its burden. As Elantech has pointed out, the '352 patent clearly discloses microcontroller 60 as the structure that performs the required function of "providing an indication" and also discloses exemplary firmware executing on the microcontroller 60 that governs the operation of the touchpad. Elantech's Motion for SJ at 12:11-13:14. Synaptics also erroneously asserts that Elantech has not identified any structure in the accused devices that is a "means for providing an indication." Syn. Opp. at 5:13-16. Synaptics characterizes Elantech's position as asserting that the [          ] register, or state that the data sitting in this register meets the "providing an indication" claim limitation. Syn. Opp. at 5, n. 3. Rather, Elantech has only asserted that this Court determined that the procedure including identification of maxima by the [          ] routine and storage of a count of fingers in the [          ] register satisfies the "providing an indication" claim limitation. Elantech's Motion for Partial SJ at 7:13-16. Specifically, this Court determined that "[B]ecause this [     ] routine is capable of providing an indication of the simultaneous presence of two fingers, its execution satisfies the 'providing an indication' claim limitation." SJ Order at 11. In other words, Elantech has restated this Court's finding that the [     ] routine and the corresponding firmware code satisfy this limitation and constitute a "means for providing an indication." To the extent that any additional identification of structure is required, Elantech has identified a microcontroller executing firmware including various software routines based on software code. Thus, Synaptics' repeated assertion of this argument on this point still lacks merit.

### B. The Court Has Already Determined That The Type 2 Enabled Code Identifies The Lowest Value In The Finger Profile

Synaptics attempts to re-argue that the Type 2 enabled code does not infringe because it does not "identify the lowest value in the finger profile" as required by the Court's April 6, 2007 Claim Construction Order. Synaptics has attempted to argue this point previously, but this Court has already determined that "[t]he asserted claims do not require an 'analysis' or 'indication' of the minima or lowest value; the claims only require that the minima or lowest value is 'identified,' and **Type 2 Code identifies a minimum or lowest value at the '10' transitions.**" SJ Order at 14:23-26 (emphasis added). Thus, Synaptics' argument on this point has been fully considered and requited by this Court..

### C. Synaptics' Argument That Elantech Has Not Identified Type 2 Enabled Products Is Contrary To Synaptics' Agreement Not To Oppose Amended Final Infringement Contentions

Synaptics' argument that Elantech has not identified Type 2 Enabled products is contrary to its recognition that products including the Type 2 code are at issue in the case, and its agreement not to oppose Elantech's amended Final Infringement Contention naming those products. After filing its Motion for Summary Judgment of Infringement [Dkt. No. 126], at and during the deposition of Synaptics, Inc. ("Synaptics"), Elantech first learned of the existence of additional Synaptics Touchpad products, including the TM51, TM61, TM62 and possibly TM71 series (the "Additional Touchpad Products"). DeBruine Decl., ¶ 11. Prior to that time, all of the information Synaptics had provided implied that only the TM41 series could be at issue. DeBruine Decl., ¶¶ 3-5, 7. Despite its disclosure obligations under Rule 26 and Rule 34, Synaptics purposefully withheld documents pertaining to these Additional Touchpad Products, and only produced documents pertaining to the TM41 series. DeBruine Decl., ¶ 5. Indeed, in its motion for summary judgment of non-infringement, Synaptics falsely implied that the two versions of source code which Synaptics had produced, applied to the TM41 series. *See* Synaptics' MSJ Brief, at 3:14-7:23. Consequently, Elantech did not become aware of the Additional Touchpad Products prior to the Synaptics deposition.

Elantech notified Synaptics of Elantech's intent to amend its Final Infringement Contentions accordingly. DeBruine Decl., ¶ 12. Elantech prepared a motion for leave to amend in June 2007, but did not file this motion on the basis that Synaptics agreed not to oppose amended Final Infringement Contentions identifying any products that incorporate the code that survived Elantech's motion for

summary judgment – in other words, the Type 2 Enabled code. DeBruine Decl., ¶ 14. Now Synaptics conveniently ignores that agreement, and asserts that any attempt by Elantech to amend now should be denied for lack of diligence and good faith. Syn. Opp. at 2, n. 1. In fact if any party is not operating in good faith, it is Synaptics. Synaptics points to no reason that it would renege on its earlier agreement, nor why it would be prejudiced in any way for the Court to continue to address the same accused products that Synaptics itself raised in its own motion.

### D. Elantech Has Shown Infringement In The United States

Synaptics asserts that "Elantech presents no evidence of any sale by Synaptics of touchpads containing Type 2 enabled code that constitute (sic) an infringement of United States patent rights." Syn. Opp. at 4:1-3. This argument lacks merit for at least the following two reasons: (1) Elantech has previously presented evidence that it purchased infringing enabled touchpads; and (2) any failure by Elantech to identify specific infringing sales is caused by Synaptics' refusal to produce sales-related documents on the alleged basis that they relate to damages and not liability.

Synaptics' argument that Elantech presents no evidence of any sale by Synaptics of touchpads containing Type 2 enabled code that constitutes an infringement of United States patent rights is simply false. Elantech has previously presented evidence that it purchased at least one Synaptics touchpad product with Type 2 enabled code. *See* SJ Order at 10:19-28 Synaptics is a company organized and operating within the United States, and any sales, even if not technically consumated within the United States, are recognized as sales in the United States for accounting purposes, and very likely resulted from offers made or approved in the United States. Any failure by Elantech to identify specific infringing sales is caused by Synaptics' withholding of the documents and discovery related to such sales as "damages" discovery. Synaptics has refused to produce sales-related documents on the alleged basis that they relate to damages and not liability. Synaptics cannot in good faith argue that Elantech cannot produce evidence of infringing sales when it is Synaptics that is withholding that information.

### III. CONCLUSION

For the foregoing reasons, Elantech respectfully requests that the Court grants its motion for partial summary judgment that Type 2 Enabled products infringe Claim 18 of the '352 patent.

Dated: December 28, 2007

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Sean P. DeBruine
Sean P. DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES CORP.