1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: (650) 813-5600
4  Facsimile: (650) 494-0792
   KKramer@mofo.com
5

6  Attorneys for Defendant and Counterclaimant
   SYNAPTICS, INC.
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

| 12 | ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., | Case No.   C06-01839 CRB |
|---|---|---|
| 13 | | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| 14 | Plaintiff, | |
| 15 | v. | Date: February 1, 2008<br>Time: 10:00 a.m. |
| 16 | SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, | Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |
| 17 | | |
| 18 | Defendants. | |
| 19 | | |
| 20 | AND RELATED COUNTERCLAIMS | |

21
22
23
24
25
26
27
28

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. C06-01839 CRB
pa-1216168

Synaptics, Inc. ("Synaptics") hereby moves pursuant to Local Rule 3-12(b) for a determination that *Elantech Devices Corp. v. Synaptics, Inc., Averatec, Inc., and Prostar Computer, Inc.*, Case No. 3:06 CV-01839 CRB ("First Action") is a "related case" to *Synaptics, Inc. v. Elantech Devices Corp.*, Case No. C07-06434 RS ("Second Action") within the meaning of Civil Local Rule 3-12(a).

The two cases are related as defined in Civil Local Rule 3-12(a) because (1) the parties in both actions are nearly identical, and (2) both cases require determination of the same questions of fact and law, making it likely that there will be an unduly burdensome duplication of labor and expense, and conflicting results if the cases are conducted before different judges. Specifically, both cases concern patent infringement disputes between Synaptics and Elantech Devices Corp. ("Elantech") over patents directed to multiple finger detection on computer notebook touchpad devices. The First Action was brought by Elantech against Synaptics and its customers for infringement of U.S. Patent No. 5,825,352, which is directed to the detection of multiple fingers on a touchpad. The Second Action was brought by Synaptics against Elantech for infringement of its newly issued (but earlier filed) U.S. Patent No. 7,109,978 ("the '978 patent"), which also claims multiple finger detection on computer notebook touchpad devices.

First, the parties in the two actions are nearly identical. Both Averatec, Inc. ("Averatec") and Prostar Computer, Inc. ("Prostar"), though named in the First Action as defendants, are not active participants in the litigation.[1] Neither Averatec nor Prostar own any of the patents asserted in the litigation, and are only named because they are customers of Synaptics. Therefore, these actions involve "substantially the same parties" within the definition of Local Rule 3-12(a).

Second, the same Elantech touchpad devices are accused of infringement in both cases. In the First Action, Synaptics accused Elantech's touchpads of infringing upon claims relating to gestures (tap, double tap, tap and drag, corner tap, scrolling, and edge-motion gestures). The same products and the same code will be at issue in the new case. Indeed, because Elantech is asserting in the prior litigation that its own products practice the multiple-finger detection patent

---

[1] Prostar was dismissed from the case by an Order from the Court on November 6, 2006.

1  in Elantech's patent, the same code functions will be at issue in the new case in which Synaptics
2  is asserting that Elantech's multiple-finger detection functions infringe Synaptics's earlier patent.
3  Indeed, this Court has already held a tutorial (on March 19, 2007) to learn the basic technology
4  relating to touch-sensitive devices that will be equally applicable to the issues in the new case.

5      Third, the Synaptics patent at issue in the new case has been raised in the First Action as
6  invalidating prior art to Elantech's asserted '352 Patent.  (See, e.g., Synaptics's Patent Local Rule
7  3-3, 3-4 Preliminary Invalidity Contentions served on October 16, 2006; Synaptics's Patent Local
8  Rule 3-6(b) Final Invalidity Contentions served on June 1, 2007; Synaptics's 4/20/07 Motion for
9  Summary Judgment of Noninfringement, and Exhibit 6 of the Declaration of Karl J. Kramer in
10 Support of Synaptics's Motion for Summary Judgment of Noninfringement; October 5, 2007
11 Hearing Concerning the Motions for Summary.)

12     Furthermore, the discovery necessary to establish infringement of Synaptics's patent in
13 the Second Action and any resulting damages will be in part duplicative of the discovery already
14 taken and anticipated in the First Action.  For example, Elantech's admissions in the First Action
15 concerning its claim that its devices embody the inventions claimed in its '352 Patent, namely,
16 multiple finger detection functionality, will be useful for proving infringement of Synaptics's
17 '978 Patent in the Second Action. (*See, e.g.,* Docket No. 126, Elantech's Motion for Summary
18 Judgment of Infringement, at 4:7-8.)  Additionally, discovery concerning the functionality of the
19 touchpads manufactured and sold by Elantech, as well as discovery pertaining to damages and
20 sales of touchpad products will be equally relevant to the Second Action since Elantech's
21 touchpad devices and the sales thereof are at issue in both cases.  If these cases proceed before
22 different judges, it will inevitably lead to a multiplicity of judicial proceedings and duplicative
23 litigation.

24     Since the two cases are grounded in highly similar factual and legal allegations and
25 involve substantially the same parties, assignment of both cases to a single judge will conserve
26 judicial resources and promote an efficient determination of the action.  If not treated as related,
27 these cases are likely to require substantial duplication of labor and expense and present a
28 potential danger of inconsistent rulings regarding the same issues of law.  Given the closely

related nature of each of these cases, the treatment of these actions as related would serve the interests of judicial economy and avoid the potential for conflicting rulings.

 Accordingly, Synaptics asks this Court to enter an order relating the Second Action to the First Action.

Dated:  January 16, 2008

KARL J. KRAMER
ERIKA L. YAWGER
MORRISON & FOERSTER LLP

By:  /s/Karl J. Kramer
  Karl J. Kramer
  Email: KKramer@ mofo.com

 Attorneys for Defendant and
 Counterclaimant
 SYNAPTICS, INC.

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants. | Case No.   C06-01839 CRB<br><br>**[PROPOSED] ORDER RELATING CASES**<br><br>Date: February 1, 2008<br>Time: 10:00 a.m.<br>Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |
| AND RELATED COUNTERCLAIMS | |

[PROPOSED] ORDER RELATING CASES
CASE NO. C06-0183 CRB
pa-1216689

1       IT IS HEREBY ORDERED: *Elantech Devices Corp. v. Synaptics, Inc., Averatec, Inc., and Prostar Computer, Inc.*, Case No. 3:06 CV-01839 CRB and *Synaptics, Inc. v. Elantech Devices Corp.*, Case No. C07-06434 RS are related cases within the meaning of Civil Local Rule 3-12(a). Pursuant to Civil Local Rules 3-12 and 7-11, *Synaptics, Inc. v. Elantech Devices Corp.*, Case No. C07-06434 RS shall be reassigned to the Honorable Charles R. Breyer.

Dated: _____

By: _____
UNITED STATES DISTRICT COURT JUDGE
HONORABLE CHARLES R. BREYER