Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306-2112
Telephone:      650-838-2000
Facsimile:      650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP.,<br><br>        Plaintiff,<br><br>vs.<br><br>SYNAPTICS, INC. and AVERATEC, INC,<br><br>        Defendants. | Case No. 3:06-CV-01839 CRB<br><br>**MOTION UNDER CIV. L. R. 6-3 TO ENLARGE TIME FOR BRIEFING AND HEARING OF SYNAPTICS' MOTIONS FOR SUMMARY JUDGMENT** |

Elantech Devices Corp. ("Elantech") hereby moves, pursuant to Civil Local Rule 6-3, to change the time for briefing and hearing of Synaptics, Inc.'s ("Synaptics") recently-filed motions for partial summary judgment. Specifically, Elantech moves to change the time for hearing of Synaptics' motions for partial summary judgment to March 7, 2008, with briefing schedule to follow the timing set pursuant to the local rules. Accordingly, Elantech's oppositions would be due on February 15, 2008 and Synaptics' replies would be due on February 22, 2008. This motion is further supported by the exhibits filed herewith and other papers on file in this action.

This Court has previously made various time modifications in this case in order to accommodate the schedules of the parties, and Elantech has freely stipulated to Synaptics' requests for time extensions to accommodate Synaptics on a number of occasions. For example, on November 21, 2007, Elantech brought a motion for partial summary judgment of infringement of its US Patent No. 5,825,352 "the '352 patent"). [Docket Entry 177]. Elantech's motion was noticed for hearing on December 28, 2008, and Synaptics' opposition would have been due on December 7, 2007. In response to Synaptics' request, in order to accommodate its counsel's schedule, the hearing on that motion was continued by stipulation to January 11, 2008. [Docket Entry 182]. Elantech soon thereafter filed a motion for preliminary injunction, which was noticed for hearing on January 18. [Docket Entry 201]. Again at the request of Synaptics' counsel, to accommodate its alleged inability to prepare a timely opposition, the hearing on that motion was continued, as was the hearing on Elantech first motion and the Case Management Conference, to February 1. Thus, as a courtesy to Synaptics and its counsel, Elantech's motions have been delayed by as much as month.

After claiming that it could not prepare its opposition to Elantech's preliminary injunction motion before January 11, 2008, on that date Synaptics filed two motions for partial summary judgment of infringement of various claims of its patents in suit: U.S. Patent Nos. 6,380,931; 5,543,591; 5,943,052; and 5,880,411. [Docket Entries 213, 214]. Unlike Elantech's motions, which rely primarily on the extensive briefing and factual record already established in connection with the parties' previous motions, and on the Court's thorough decision and order on those motions, Synaptics' new motions require counsel for Elantech to consult with its client as well as its expert in order to respond fully to Synaptics' allegations. Due to prior commitments and busy foreign and domestic travel schedules to

1

attend to other matters, counsel for Elantech have been largely unavailable to devote the time required to prepare the numerous fact declarations and expert declaration and brief these dispositive issues.  Thus, on January 23, 2008, counsel for Elantech contacted counsel for Synaptics to request a time extension commensurate with those Elantech has routinely agreed to.  Since a two week extension would cause Elantech's oppositions to be due on February 1, 2008 (the same day as the case management conference and the hearing on Elantech's motion for partial summary judgment), counsel for Elantech proposed a three week extension.  On January 24, counsel for Synaptics responded, refusing to agree to Elantech's request and offering instead to agree only a one week extension.

As a result of Synaptics' actions, in using its extension to bring two summary judgment motions and then refusing to grant Elantech the courtesy of the brief extension necessary to fully oppose the summary judgment motions, Elantech would be severely prejudiced.  If the Court does not change the time, Elantech will not be able to fully respond to Synaptics' allegations, which purport to be dispositive of the issue of Elantech's liability toward Elantech in this matter.  Therefore, Elantech respectfully requests this Court to enter an order continuing the hearing to March 7, 2008 and adjusting the briefing schedule in accordance with the Local Rules.

Dated:  January 24, 2008                    AKIN GUMP STRAUSS HAUER & FELD LLP


                                            By:    _____/s/_____
                                                        Sean P. DeBruine

                                               Attorneys for Plaintiff
                                               ELANTECH DEVICES CORP.

2