1 | KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
2 | MORRISON & FOERSTER LLP
755 Page Mill Road
3 | Palo Alto, California 94304-1018
Telephone: 650-813-5600
4 | Facsimile: 650-494-0792
KKramer@mofo.com
5
6 | Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.
7
8 | UNITED STATES DISTRICT COURT
9 | NORTHERN DISTRICT OF CALIFORNIA
10 | SAN FRANCISCO DIVISION
11
12 | ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,

Plaintiff,

v.

SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,

Defendants.

AND RELATED COUNTERCLAIMS

Case No.   C06-01839 CRB

**SYNAPTICS, INC.'S OPPOSITION TO ELANTECH'S MOTION TO ENLARGE TIME FOR BRIEFING AND HEARING OF SYNAPTICS' MOTIONS FOR SUMMARY JUDGMENT**

OPP. TO MOTION TO ENLARGE TIME
CASE NO. C06-01839-CRB
pa-1222703

Defendant Synaptics, Inc. ("Synaptics") agrees to a one-week extension of time for Plaintiff Elantech Devices Corporation ("Elantech") to respond to Synaptics pending motions for partial summary judgment that the use of Elantech's products meets the tapping and zone claims of Synaptics's asserted patents. The three-week extension Elantech now seeks, a mere day before its opposition briefs are due, is purely strategic posturing for leverage in settlement negotiations. As such, Synaptics hereby opposes Elantech's motion for a three-week extension of time to respond to Synaptics's motions for partial summary judgment.

### I.   PROCEDURAL HISTORY & FACTS

In March 2006, Elantech sued Synaptics for patent infringement, and Synaptics counter-claimed for infringement of four of its own patents, U.S. Pat. Nos. 6,380,931, 5,543,591, 5,943,052, and 5,880,411 (collectively the "patents-in-suit"). On January 11, 2008, Synaptics filed two motions for partial summary judgment that the use of Elantech's products meets the tapping and zone claims of its patents-in-suit. For nearly two weeks following the filing of Synaptics's motions, Elantech did not contact counsel for Synaptics to request any extension of time to oppose Synaptics's motions.

Instead, after business hours on the Wednesday before its oppositions to Synaptics's motions for partial summary judgment were due, Elantech attempted to contact and then sent an email message to counsel for Synaptics requesting an extension of time to oppose Synaptics's summary judgment motions. (*See* Declaration of Karl J. Kramer in Support of Synaptics's Opposition to Elantech's Motion To Enlarge Time ("Kramer Decl."), Ex. A.) Synaptics agreed to a one-week extension of time, but, in fairness, told Elantech that it could not agree to a further delay of resolution of this matter unless the parties agreed to an equal extension on the hearing date for Elantech's Preliminary Injunction and Partial Summary Judgment motions. (Kramer Decl., Ex. B.) Elantech refused to accept Synaptics's offer to compromise, belying its claims of hardship and need for a three-week extension of time.

The reality is that Elantech hopes to gain leverage in the ongoing settlement discussions between Synaptics and Elantech by putting five weeks (instead of two) between the hearing on

Elantech's pending motions and the hearing on Synaptics's motions for summary judgment. Such strategic manipulation of the Court and its calendar is improper.

## II.     A ONE-WEEK EXTENSION IS SUFFICIENT

A one-week extension provides sufficient time for Elantech to reply to Synaptics's motions for partial summary judgment. Other than the preliminary injunction motion reply brief filed by Elantech on Friday, January 18, 2008, there has been little activity in this case since Synaptics filed its motions for partial summary judgment. If Elantech's counsel did have "busy foreign and domestic travel schedules," they never made any effort to communicate such to Synaptics. (Kramer Decl., ¶ 4.) Elantech's two-week delay in requesting an extension belies any necessity for three additional weeks now.

Elantech also complains that a "two week extension would cause Elantech's oppositions to be due on February 1, 2008 (the same day as the case management conference and the hearing on Elantech's motion for partial summary judgment)." (DeBruine Decl. ¶ 3.) However, there is no obvious problem with having a brief due on the date of a hearing. Indeed, under the current schedule, Synaptics's reply briefing is due on February 1, 2008. Synaptics has not requested to move the hearing date because of the overlap in the briefing schedule, and is prepared to file reply briefs on the same day as the current hearing. That Elantech's opposition might be due that day is not sufficient excuse to delay the opposition brief at all, much less for three weeks.

During the previous round of summary judgment briefing, Elantech and Synaptics were both able to fully brief cross motions for summary judgment concerning Elantech's asserted patent, and complete three full-day depositions, with only one short extension of time to file an opposition brief.[1] Synaptics's motions are narrowly drafted to address only a few of the asserted claims of the patents-in-suit, and they concern Elantech's own products. Elantech has had two years to develop its defenses to Synaptics's patent infringement claims. The matters addressed in

---

[1] The deadline for Synaptics to file its opposition brief to Elantech's motion for summary judgment was moved one week due to several factors. Synaptics's lead counsel's mother fell ill, requiring counsel to travel immediately to attend to family matters, and the parties took three full-day depositions in the week prior to the due date for the opposition brief. (Kramer Decl. ¶ 5.)

OPP. TO MOTION TO ENLARGE TIME                                                                                     2
CASE NO. C06-01839-CRB
pa-1222703

Synaptics's motions should be unsurprising given the parties' work during claim construction at the beginning of last year, and the infringement contentions served pursuant to the Patent Local Rules in September and December 2006.

### III.  PREVIOUS TIME MODIFICATIONS DO NOT JUSTIFY A THREE-WEEK EXTENSION.

Elantech attempts to make much of the fact that the dates for hearing on its motions were moved by stipulation of the parties. During the discussions between the parties concerning scheduling for the upcoming case management conference, and again during discussions concerning the hearing date for Elantech's motion for partial summary judgment, Synaptics's counsel informed Elantech that it would be traveling internationally and unavailable from December 21, 2007 through January 7, 2008. (Kramer Decl., ¶ 6.)

In fact, it was Elantech that had the scheduling conflict with the originally-scheduled December 7, 2007 case management conference, and as a result, the parties met and conferred concerning the next available date for both parties. On November 19, 2007, the parties filed a joint stipulation to move the case management conference to January 11, 2008. [Docket No. 176.] Two days later (on the day before the Thanksgiving holiday), Elantech filed its motion for partial summary judgment and noticed the hearing date for December 28, 2007 – a date that Elantech's counsel knew Synaptics's counsel was unavailable. [Docket No. 177.] Synaptics's counsel promptly reminded Elantech of the scheduling conflict, and on November 29, 2007, the parties filed a joint stipulation to move the hearing date to coincide with the case management conference on January 11, 2008. [Docket No. 183.]

The week before Synaptics's opposition to Elantech's motion for partial summary judgment was due, Elantech brought a surprise motion for preliminary injunction, noticed for hearing on January 18, 2008. [Docket No. 184.] Prior to filing this new motion, Elantech's counsel knew that Synaptics's counsel would be out of the country during the week that its opposition brief would be due.[2] (Kramer Decl. ¶ 6.) Synaptics promptly reminded Elantech of the

---

[2] The motion was originally noticed for hearing on January 18, 2008, which would have made Synaptics's opposition brief due on December 28 – during the holiday when counsel had already told Elantech's counsel that Synaptics's counsel was not available.

OPP. TO MOTION TO ENLARGE TIME  
CASE NO. C06-01839-CRB  
pa-1222703

3

scheduling conflict, and the parties stipulated to move the hearing by two weeks to accommodate Synaptics's counsel's well-known travel plans.[3] (Kramer Decl., ¶ 7, Ex. C.)

Of the thirteen examples of time modifications cited by Elantech in Mr. DeBruine's declaration, (*see* DeBruine Decl., ¶ 5(a)-(m)), eleven of the modifications were made either of the Court's own initiative, or because of mutual scheduling conflicts. Only two time modifications were made to accommodate Synaptics's travel schedules over the holidays, and these modifications were made because Elantech admittedly inadvertently scheduled the hearings on its motions for summary judgment and preliminary injunction for dates on which it had been previously informed that Synaptics counsel was unavailable. (Kramer Decl., ¶ 6, 7, Ex. C.)

The scheduling dispute between the parties is whether Elantech should have three weeks or one week to finish its oppositions to Synaptics's motions for summary judgment. Synaptics has no problem granting a short request for more time when opposing counsel encounter last-minute problems completing an opposition. However, Elantech has not offered any explanation for its request for three weeks to complete its oppositions. Elantech does not state that its counsel is unavailable next week or that it will be unable to complete the task at hand in the next week. Elantech's request for three weeks is excessive.

Moreover, Elantech's request to delay Synaptics's motions for summary judgment must be understood in the context of the case. The parties had been in the midst of settlement discussions and Synaptics believed that the parties had reached agreement on all principle terms. Elantech apparently sought to increase its leverage in the settlement by burdening Synaptics with a flurry of motions. Elantech's effort to slow down Synaptics's motions is merely an effort to increase its leverage by distancing the timing of the decision on Elantech's and Synaptics's motions. Elantech has not provided sufficient explanation for its excessive request for a three-week continuance of Synaptics's motions for summary judgment.

---

[3] The fact that Synaptics finalized and filed its motions for partial summary judgment on January 11, 2008 is irrelevant. Synaptics's counsel was indeed unavailable and out of the country during the two weeks prior to filing these motions and could not have filed the summary judgment motions any sooner than a week following counsel's return to the office.

# IV. CONCLUSION

Elantech has provided no explanation for its two-week delay in seeking an extension of time to respond to Synaptics's motions for partial summary judgment. There is no justification for now requesting, at the last minute, a three-week extension of time to file. Synaptics respectfully requests that the Court deny Elantech's motion, and grant no more than a one-week extension of time to oppose Synaptics's motions. If the Court grants Elantech's request for a longer extension, Synaptics respectfully requests that the pending February 1, 2008 hearing date for Elantech's motions for partial summary judgment and preliminary injunction also be moved an equivalent amount.

Dated: January 25, 2008

KARL J. KRAMER
ERIKA L. YAWGER
MORRISON & FOERSTER LLP

By: s/Karl J. Kramer
 Karl J. Kramer
 Email: KKramer@mofo.com

Attorneys for Defendant and Counterclaimant SYNAPTICS, INC.
OPP. TO MOTION TO ENLARGE TIME
CASE NO. C06-01839-CRB
pa-1222703

5

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>            Plaintiff,<br><br>    v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>            Defendants. | Case No.   C06-01839 CRB<br><br>**[PROPOSED] ORDER DENYING ELANTECH'S MOTION TO ENLARGE TIME FOR BRIEFING AND HEARING OF SYNAPTICS' MOTIONS FOR SUMMARY JUDGMENT** |
| AND RELATED COUNTERCLAIMS | |

1  GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that:

2  Plaintiff Elantech Devices Corp.'s Motion Under Civ. L. R. 6-3 to Enlarge Time for
3  Briefing and Hearing on Synaptics' Motions for Summary Judgment for <u>three weeks</u> is
4  DENIED.  The hearing of Synaptics's Motions for Summary Judgment will be continued by
5  <u>one week</u> from February 15, 2008 at 10:00 a.m. to February 22, 2008 at 10:00 a.m., and the
6  briefing schedule is adjusted in accordance with the local rules.

7

8  [IN THE ALTERNATIVE:

9  Plaintiff Elantech Devices Corp.'s Motion Under Civ. L. R. 6-3 to Enlarge Time for
10  Briefing and Hearing on Synaptics' Motions for Summary Judgment for <u>three weeks</u> is
11  GRANTED.  The hearing of Synaptics's Motions for Summary Judgment will be continued
12  from February 15, 2008 at 10:00 a.m. to March 7, 2008 at 10:00 a.m., and the briefing schedule
13  is adjusted in accordance with the local rules.
14  The currently scheduled February 1, 2008 case management conference and hearing of
15  Elantech's Motions for Preliminary Injunction and Partial Summary Judgment will also be
16  continued for three weeks to February 22, 2008 at 10:00 a.m.]

17

18  Dated: _____

19

20  By: _____
21  UNITED STATES DISTRICT COURT JUDGE
    HONORABLE CHARLES R. BREYER

[PROPOSED] ORDER DENYING ELANTECH'S MOTION TO ENLARGE TIME    1
CASE NO. C06-0183 CRB
pa-1222712