Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
Hsin-Yi Cindy Feng (SBN 215152) (cfeng@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306-2112
Telephone:     650-838-2000
Facsimile:     650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP., <br><br> Plaintiff, <br><br> vs. <br><br> SYNAPTICS, INC., AVERATEC, INC, and PROSTAR COMPUTER, INC. <br><br> Defendants. | Case No. 3:06-CV-01839 CRB <br><br> **ELANTECH DEVICES CORP.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:          March 7, 2008 <br> Time:         10:00 am <br> Judge:        Hon. Charles R. Breyer <br> Courtroom:  8, 19th Floor |

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 7, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 8 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Plaintiff Elantech Devices Corp. ("Elantech") will and hereby does move this Court for leave to amend its Final Infringement Contentions, pursuant to Northern District Patent Local Rule 3-7.

This motion is based upon this Notice of Motion, Memorandum of Points and Authorities, portions from the previously filed declarations of Andrew Wolfe, Ian Scott MacKenzie, Sean DeBruine and Karl Kramer, and all of the other papers and pleadings on file in this matter and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

As its basis for this motion, as more fully set forth in the following Memorandum of Points and Authorities, there is good cause to grant leave to Elantech to amend its Final Infringement Contentions to make clear that Elantech has accused Synaptics touchpad products that include the firmware Synaptics has referred to as its "current" or "type 2" version, including the "TM51," "TM61," "TM61," and "TM71" series of touchpad products ("Additional Touchpad Products"). Elantech learned of these model numbers only after it served its Final Infringement Contentions and after it had filed its Motion for Summary Judgment of Infringement [Docket Entry 126] at and during the deposition of Synaptics. Elantech promptly informed Synaptics that these model numbers were within the scope of its Final Infringement Contentions. Notwithstanding that notice, Synaptics chose to have the issue of infringement decided based upon the firmware code, and not on the specific model numbers. Accordingly, Elantech seeks to amend its Final Infringement Contentions, as reflected in its proposed Amended Final Infringement Contentions, attached hereto as Exhibit 1, to clarify that the Accused Products include the "TM51," "TM61," "TM62," and "TM71" series of Synaptics' touchpad products and any other products that operate using the "current" or "type 2" firmware.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Elantech's Final Infringement Contentions were intended to cover any Synaptics product that operates in accordance with either of the versions of firmware code produced by Synaptics. In fact, the charts attached as Exhibit C to those contentions provide a detailed, ten-page analysis of both the "exemplary" and "current" code versions produced by Synaptics. Elantech had no intention of limiting its contentions to particular model numbers, but stated that the accused products "included" at least the model numbers it was then aware of -- those designated by Synaptics as its "TM41" series products. Only after Synaptics filed its motion seeking summary judgment that its products did not infringe -- which was based entirely on the two versions of firmware, and did not mention model numbers -- and only after Elantech filed a motion for summary judgment of infringement on the same bases, and only after the deposition of Synaptics and its expert, did Elantech learn of additional specific model numbers.

After filing its Motion for Summary Judgment of Infringement [Docket Entry 126], at and during the deposition of Synaptics, Inc. ("Synaptics"), Elantech first learned of the existence of additional Synaptics Touchpad products, including the TM51, TM61, TM62 and possibly TM71 series (the "Additional Touchpad Products"). Prior to that time, all of the information Synaptics had provided implied that only the TM41 series could be at issue. Despite its disclosure obligations under Rule 26 and Rule 34, Synaptics purposefully withheld documents pertaining to these Additional Touchpad Products, and only produced documents pertaining to the TM41 series. Indeed, in its motion for summary judgment of non-infringement, Synaptics falsely implied that the two versions of source code which Synaptics had produced, applied to the TM41 series. *See* Synaptics' MSJ Brief, at 3:14-7:23. Consequently, Elantech did not become aware of the Additional Touchpad Products prior to the Synaptics deposition. Elantech notified Synaptics of Elantech's intent to amend its Final Infringement Contentions accordingly, and prepared a motion for leave to amend in June 2007, but did not file this motion on the basis that Synaptics agreed not to oppose amended Final Infringement Contentions identifying any products that incorporate the code that survived Elantech's motion for summary judgment – in other words, the Type 2 Enabled code. In the interim and in light of the rulings on summary judgment, parties engaged in concerted efforts to settle this litigation. Those efforts have so

far failed, and the parties have now proceeded with litigation efforts. Elantech brings this motion to make perfectly clear that its accusations of infringement are not limited to the obsolete "TM41" products.

## II. STATEMENT OF FACTS

On April 20, 2007, Synaptics filed a motion for summary judgment of noninfringement of the '352 patent. [Docket Entry 93.] That motion sought, *inter alia*, judgment that its "touchpads including Type 2 code" do not infringe. Synaptics did not limit its motion to only its TM41 series products. Similarly, in opposing Elantech's May 25, 2007 Motion for Summary Judgment [Docket Entry 126], Synaptics did not argue that Elantech had not specifically accused any "Type 2" products. Ruling on the parties' motions, the Court determined that contested issues of fact precluded a summary finding of infringement as to Synaptics' Type 2 products in which finger counting is not enabled, but determined that such products with finger counting enabled did meet every limitation of claim 18 of the '352 patent.

Despite having itself placed all of its products including the Type 2 firmware at issue in its own motion, Synaptics now opposes Elantech's request to amend its Final Infringement Contentions ("FICs"). However, it was legally Synaptics' own failure to provide adequate discovery that caused Elantech to refer specifically to the TM41 series products in its FICs. Synaptics has long known the true extent of Elantech's contentions, and, more importantly, Synaptics counsel long ago agreed that Elantech could amend the FICs to cover the Type 2 products.

On July 21, 2006, Elantech served its First Set of Document Requests, seeking, *inter alia*, exemplary Synaptics products and "Documents concerning or relating to the structure, function, or operation of Synaptics Product(s), including, but not limited to the related specification, data sheets, drawings, diagrams, circuits, schematics, notebooks, protect reports, workbooks, lab books, notes, code . . . ." *See* Declaration of Sean P. DeBruine ISO Elantech's Reply Brief ISO Its Motion for Summary Judgment of Infringement [Docket Entry 198] ("DeBruine Decl."), ¶ 2; Exh. A (Request No. 30). "Synaptics Products" was defined to include "any touch pad product made by or on behalf of Synaptics and/or sold by or on behalf of Synaptics, and any parts . . . for such product." *See id.* Hence, Elantech's First of RFPs was not limited to the "TM41" series.

3

Accompanying the responses, Synaptics produced only two touchpads, both marked with the "TM41" series for product number. *See* DeBruine Decl., ¶ 3; Exh. B (transmittal letter enclosing the two chips). Consistently, Synaptics' website reveals only the TM41 series. *See* DeBruine Decl., ¶ 4. This website discloses only a single reference to a "Touchpad Interfacing Guide," which in turn does not identify any products more current than the TM41 number series. *See id.*; Exh. C (Synaptics Touchpad Interfacing Guide). The Touchpad Interfacing Guide does not mention the TM51, TM61, TM62, or TM71 series. *See id.* Thus, Elantech was lead to believe that the only relevant Synaptics' touchpad products consisted of the "TM41" series.

None of the documents or things produced by Synaptics in response to Elantech's document requests or as required by Fed. R. Civ. P. 26 or Patent L.R. 4 clearly revealed any product numbers other than those starting with "TM41." *See* DeBruine Decl., ¶ 5. Instead, where board numbers or product numbers were referenced, they were embedded in lines of source code, such as in "the very first line of entry for board 383 in the t4_board.asm file in the LKG branch." *See* Supp. Kramer Decl., ¶ 10. Once it was aware of the existence and meaning of these codes, Elantech eventually located these identifications. Unaware of any other applicable Synaptics touchpad products, Elantech submitted its Preliminary Infringement Contentions, identifying the accused products as Synaptics touchpad products including "at least" the "TM41" series of products. *See* DeBruine Decl., ¶ 5; Exh. D (Elantech's Preliminary Infringement Contentions, dated September 1, 2006).

In October of 2006, counsel for Elantech and Synaptics discussed a mutual exchange of exemplary code that would readily demonstrate how the parties' respective touchpads operated. *See* DeBruine Decl., ¶ 6; Exh. E (e-mail dated October 2, 2006 from K. Kramer to S. DeBruine). Elantech produced its source code in searchable format with listing files. *See* DeBruine Decl., ¶ 7. According to Synaptics' counsel, in that same time frame, "Synaptics produced current and exemplary versions of Synaptics' proprietary firmware and source code (the 'Code') governing the operation of the Synaptics' touchpad devices." *See* Declaration of Karl J. Kramer, filed on April 20, 2007 ("Kramer Decl."), ¶ 10; *see also* Memorandum of Points and Authorities in Support of Synaptics' Motion for Summary Judgment of Noninfringement of the Asserted Claims of the '352 Patent, filed on April 20, 2007 ("Synaptics' MSJ Brief"), at 3:23-24 ("By agreement, the parties exchanged documents and exemplary

code, detailing the operations of the Accused Touchpads"). Elantech's review and analysis of the Code did not reveal any other product names other than the TM41 series. *See* DeBruine Decl., ¶ 7.

On April 19, 2007, Elantech's counsel sent an informal notice of deposition of Synaptics under Federal Rules of Civil Procedure Rule 30(b)(6). *See* DeBruine Decl., ¶ 8; Exh. F (email dated April 19, 2007 from S. DeBruine to K. Kramer attaching Notice of Deposition of Synaptics under Federal Rule of Civil Procedure 30(b)(6)). The Notice of Deposition sought the identification and scheduling of designated witness(es) who would be testifying on behalf of Synaptics. *See id.* Rather than produce the requested discovery, Synaptics filed its motion for summary judgment of non-infringement. After a month passed with no response, on May 25, 2007, Elantech formally served a Notice of Deposition. *See* DeBruine Decl., ¶ 9; Exh. G (email dated May 25, 2006, attaching cover letter and Notice of Deposition). Instead of agreeing to designate and produce 30(b)(6) witnesses, Synaptics offered only to produce David Gillespie on June 4, 2007, as a 30(b)(6) witness for the very limited purposes of testifying on Synaptics' behalf on subject matter relating to the parties' pending motions for summary judgment. *See* DeBruine Decl., ¶ 9; Exh. H (letter dated June 1, 2007 from K. Kramer to S. DeBruine).

Synaptics' motion was not limited to the "TM41" products specifically identified in Elantech's FICs, but rather to all products based on the source code underlying their operation, i.e., the purported "Type 1 Code" (or "exemplary" version) and "Type 2 Code" (or "current" version). *See* Synaptics' MSJ Brief, at 3:14-7:23. On May 7, 2007, within thirty days of service of the Court's Claims Construction Order, Elantech served its Final Infringement Contentions. *See* DeBruine Decl., ¶ 10, Exh. I (Elantech's Final Infringement Contentions). These Final Infringement Contentions referred to Synapticcs touchpad products including "at least TM41 series or family" and thus were not limited to the TM41 series. *See* Elantech's Final Infringement Contentions. On June 4, 2007, Elantech was shocked to learn that the TM41 series is apparently an older series of products, and that Synaptics manufactured more current products, namely "TM51," "TM61," "TM62" and possibly a "TM71" series of touchpads (the "Additional Touchpad Products"). It is these later products that operate based on the Type 2 Code (or "current" version of the Code). *See* DeBruine Decl., ¶ 11; Exh. J (Transcript from the Deposition of David Gillespie ["Gillespie Depo."], conducted on June 4, 2007, at 51:11-21, 58:23-59:2, 59:12-60:13). Mr. Gillespie explained that the older TM41 series, unlike the more current products, lack

5

sufficient memory to run Type 2 Code and hence, ran only Type 1 Code. *See id*. The very next day after learning this information, Elantech sent a request to Synaptics to stipulate to allow Elantech to amend its Final Infringement Contentions to expressly identify the Additional Touchpad Products. *See* DeBruine Decl., ¶ 12; Exh. K (letter dated June 5, 2007 from S. DeBruine to K. Kramer). Synaptics refused. *See* DeBruine Decl., ¶ 13; Exh. L (letter dated June 6, 2007 from E. Labit to S. DeBruine). Elantech attempted to explain why Synaptics' refusal was unreasonable. *See* DeBruine Decl., ¶ 14; Exh. M (letter dated June 11, 2007 from S. DeBruine to E. Labit). Synaptics did not respond. *See* DeBruine Decl., ¶ 14.

On or about June 14, 2007 counsel for Elantech discussed this matter with Synaptics' lead counsel, Karl Kramer. Mr. Kramer agreed that Synaptics would not oppose Elantech's pending summary judgment motion to the extent it applied to products not specifically delineated in Elantech's FICs , and would not oppose a motion by Elantech to amend its FICs after the resolution of the summary judgment motion, to name any previously undisclosed Synaptics products that included the Type 2 code if Synaptics' non-infringement motion were to be denied. *See* DeBruine Decl., ¶ 14.

After the Court's Order resolving the summary judgment motions, the parties engaged in extensive direct negotiations attempting to settle this matter. During that period the parties observed and informal "stand still" agreement with no additional litigation effort. After it became clear that settlement was not imminent, Elantech filed a motion for partial summary judgment based upon the Court's determination that Synaptics' products with the Type 2 code with finger counting enabled infringe Elantech's '352 patent. For the first time in opposition to that motion, Synaptics made the claim that no such products are actually at issue based upon Elantech's FICs. Pursuant to the Court's January 28, 2008 Order, counsel for Elantech sought the concurrence of Synaptics in this motion, but Synaptics' counsel refused.

### III. <u>GOOD CAUSE EXISTS TO AMEND ELANTECH'S FINAL INFRINGEMENT CONTENTIONS FOR THE LIMITED PURPOSE OF ADDING THE TM51, TM61, TM62 AND TM71 SERIES OF PRODUCTS</u>

Under Northern District Patent Rule 3-7, an amendment to the "Final Infringement Contentions, other than as expressly permitted in Patent L.R. 3-6, may be made by Order of the Court, which shall be

entered only upon a showing of good cause." *See* Patent L.R. 3-7.  Here, good cause exists.

Synaptics relies principally on three cases to support its erroneous position that Elantech should not be allowed to amend its contentions and argues that Elantech has not been diligent.[1]  However, Synaptics' analysis misses the mark.  First, the diligence requirement, as some judges have required, is rooted in the goal of the Patent Rules "to prevent the 'shifting sands' approach to claim construction." *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002).  The Rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  I*d.*  In this case, Elantech's theories of the case have not changed, nor have there been any "shifting sands."  Neither is there any prejudice to Synaptics.  In fact, Synaptics itself admitted that all Type 2 products are at issue when it moved for summary judgment of noninfringement.  Additionally, judges in the Northern District of California have considered other factors besides diligence determining whether there is "good cause."  *See, e.g.*, *Tessera, Inc. v. Advanced Micro Devices*, Inc., No: C05-4063 CW, 2007 U.S. Dist. LEXIS 35957, 2007 WL 1288199 (N.D. Cal. Apr. 30, 2007) (considering timing and the impact of amendment on other case deadlines); *Lexar Media, Inc. v. Pretec Elecs. Corp.*, No. C00-04770 MJJ, 2007 U.S. Dist. LEXIS 32825, 2007 WL 1170633 (N.D. Cal. Apr. 18, 2007) (considering lack of prejudice and notice); *Fresenius Medical Care Holdings, Inc. v. Baxter Intl, Inc.*, No. C 03-1431 SBA, 2006 U.S. Dist. LEXIS 90856, 2006 WL 1329997 (N.D. Cal. May 15, 2006) (considering lack of prejudice and notice issues).  In this case, Synaptics has had sufficient notice and will not be prejudiced, and the amendments will not affect any case deadlines.  Furthermore, delay may be justified in some cases where there is reliance on a tentative agreement regarding amendments or where there has been misleading conduct by the opposing party.  *See O2 Micro*, 467 F.3d at 1367.  In this case, Elantech understood that Synaptics would not oppose an amendment by Elantech, but now Synaptics attempts to refute that agreement.  Regardless, the facts are

---

[1] *See* Synaptics Opposition to Elantech's Motion for Partial Summary Judgment of Infringement at 2, n. 1.  Specifically, Synaptics cites to *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, No. C05-03117 MJJ, 2007 U.S. Dist. LEXIS 59161, at **5-9 (N.D. Cal. July 26, 2007); *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006); and *Berger v. Rossignol Ski Co., Inc.*, No. C 05-02523 CRB, 2006 U.S. Dist. LEXIS 23085, at *7 (N.D. Cal. Apr. 25, 2006), *aff'd*, 2007 U.S. App. LEXIS 984 (Fed Cir. 2007).

clear: Elantech's timely final infringement contentions were not expressly limited to the "TM41" product designation. Rather, they, like Synaptics' own motion for summary judgment, were directed to the operation of the source code. Upon hearing of the various other model numbers, Elantech immediately informed Synaptics that they were accused. Only after the Court's finding that certain of these products infringed did Synaptics attempt to raise this issue as a defense. There is simply no prejudice to Synaptics, and good cause exists to permit Elantech to clarify its Final Infringement Contentions to expressly name the TM51, TM61, TM62, and TM71 series of products. Exhibits A, B and C to that document, previously submitted, are unchanged. *See* Elantech's Amended Final Infringement Contentions.

## IV.  CONCLUSION

For the foregoing reasons, Elantech respectfully requests that the Court grant it leave to amend its Final Infringement Contentions to make clear that all Synaptics products operating under the Type 2 code are accused of infringement, including the "TM51," "TM61," "TM62," and "TM71" series of Synaptics' touchpad products.

Dated:  February 1, 2008              Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
         Sean P. DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES CORP.

6198009

# EXHIBIT 1

Case 5:06-cv-01839-PVT    Document 239-2    Filed 02/01/2008    Page 1 of 4

1  YITAI HU (SBN 248085) (yhu@akingump.com)
   SEAN P. DEBRUINE (SBN 168071) (sdebruine@akingump.com)
2  HSIN-YI CINDY FENG (SBN 215152) (cfeng@akingump.com)
   AKIN GUMP STRAUSS HAUER & FELD LLP
3  Two Palo Alto Square
   3000 El Camino Real, Suite 400
4  Palo Alto, California 94306-2112
   Telephone:      650-838-2000
5  Facsimile:      650-838-2001

6  Attorneys for Plaintiff
   ELANTECH DEVICES CORP.
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP., | Case No. 3:06-CV-01839 CRB |
| Plaintiff, | |
| vs. | **ELANTECH DEVICES CORP.'S AMENDED FINAL INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-7** |
| SYNAPTICS, INC. and AVERATEC, INC. | |
| Defendants. | |

Pursuant to Northern District Patent Local Rule 3-7, Plaintiff Elantech Devices Corp. ("Elantech") provides its Amended Final Infringement Contentions, amending its Final Infringement Contentions with respect to information required by Patent Local Rule 3-1(b) as well as 3-1(c) and (d) pertaining to Claims 1 and 18 ("Asserted Claims") of Elantech's U.S. Patent No. 5,825,352 ("the '352 patent").

Elantech provides as Exhibit A infringement charts and bases for asserting infringement of the Asserted Claims as to the accused products[1] of Synaptics, Inc. ("Synaptics"). Elantech believes that each element of each Asserted Claim is found within each of the accused products of Synaptics in touchpad devices or the combination of touchpad devices with associated hardware and instructions, including software, firmware, and/or device driver. Elantech contends that each element of each Asserted Claim is literally present or present under the doctrine of equivalents in each of the accused products of Synaptics.

Elantech provides as Exhibit B infringement charts and bases for asserting infringement of the Asserted Claims over the accused products of Averatec, Inc. ("Averatec"). Upon information and belief, the accused products of Averatec use touchpads of Synaptics, which infringe the Asserted Claims. Elantech believes that each element of each Asserted Claim is found within each of the accused products of Averatec,[2] including the touchpad devices incorporated therein or the combination of touchpad devices with associated hardware and instructions, including software, firmware, and/or device driver. Elantech contends that each element of each Asserted Claim is literally present or present under the doctrine of equivalents in each of the accused products of Averatec.

---

[1] The accused products include at least the TM41, TM51, TM61, TM62, and TM71 series touchpad products and also include any other model Synaptics touchpad that includes or utilizes the "bitPattern" firmware discussed in Exhibit C hereto (referred to by Synaptics as its "current" or "Type 2" firmware code).

[2] These include the notebook products and product families of Averatec that incorporate any accused Synaptics touchpads, such as 22xx, 31xx, 32xx, 33xx, c35xx, 41xx, and 51xx series or families of Averatec.

6095129                                                                                              1

ELANTECH DEVICES CORP.'S AMENDED FINAL INFRINGEMENT CONTENTIONS
PURSUANT TO PATENT L.R. 3-7

Case No. 3:06-CV-01839 CRB

Elantech provides Exhibit C to provide a more detailed description of the operation of the firmware used to control the accused touchpad products.

Dated: March __, 2008            AKIN GUMP STRAUSS HAUER & FELD LLP

By:_____
                Sean P. DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES CORP.

1  Yitai Hu (SBN 248085) (yhu@akingump.com)
   Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
2  AKIN GUMP STRAUSS HAUER & FELD LLP
   Two Palo Alto Square
3  3000 El Camino Real, Suite 400
   Palo Alto, California 94306-2112
4  Telephone:     650-838-2000
   Facsimile:     650-838-2001
5
   Attorneys for Plaintiff and Counterdefendant
6  ELANTECH DEVICES CORPORATION

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9
                    SAN FRANCISCO DIVISION
10

11 | ELANTECH DEVICES CORP.,           | Case No. 3:06-CV-01839 CRB
12 |                                    |
   |         Plaintiff,                 | **[PROPOSED] ORDER GRANTING ELANTECH LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS PURSUANT TO PATENT LOCAL RULE 3-7**
13 |     vs.                            |
14 |                                    |
   | SYNAPTICS, INC. and AVERATEC, INC, |
15 |                                    |
   |         Defendants.                |
16

PROPOSED ORDER GRANTING ELANTECH'S MOTION
FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS                    CASE NO. 3:06-CV-01839 CRB

1   GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that:

2   Plaintiff Elantech Devices Corp.'s Motion Under Patent L.R. 3-7 for Leave to Amend Its

3   Infringement Contentions is GRANTED.

4

5   **IT IS SO ORDERED.**

6   Dated: _____, 2008

7

8

9                                           _____
                                            Honorable Charles R. Breyer
10                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED ORDER GRANTING ELANTECH'S MOTION
FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS                    CASE NO. 3:06-CV-01839 CRB