KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 CRB<br><br>**SYNAPTICS, INC.'S OPPOSITION TO ELANTECH DEVICES CORP.'S MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date: March 7, 2008<br>Time: 10:00 a.m.<br>Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |

## I. INTRODUCTION AND BACKGROUND

Synaptics, Inc. ("Synaptics") hereby opposes Elantech Devices Corp. ("Elantech")'s Motion for Leave to Amend Infringement Contentions. Elantech's motion should be denied because Elantech has failed to show good cause, has not been diligent, and Synaptics would be unfairly prejudiced by the amendment.

Elantech's motion misses the point. No matter what story Elantech tells, Elantech has not shown good cause for amending its contentions two years into litigation to add products that it could have discovered at any time before filing suit or during the course of litigation. Furthermore, Elantech was not diligent in seeking leave to amend. After June 4, 2007 (when Elantech claims to have first learned of Synaptics's other product lines), Elantech waited *over 8 months* to file its motion to amend (including almost 4 months since the parties' summary judgment motions were heard), and only did so when ordered by the Court. Simply, Elantech fails to acknowledge its own responsibility for the fact that it did not accuse Synaptics's other products earlier in the case. Elantech was required to comply with the Patent Local Rules and seek leave of court to amend its contentions regardless of whether Synaptics agreed or disagreed. Instead, Elantech failed to act diligently and cannot show good cause for amending its contentions now, two years into litigation. If Elantech is permitted to amend as requested, Synaptics will be prejudiced and the scope of the case will expand considerably. Elantech's motion should be denied.

## II. ARGUMENT

### A. Legal Standard

Patent Local Rule 3-7, states that "[a]mendment or modification of…Final Infringement Contentions . . . may be made *only by order of the Court*, which shall be entered *only upon a showing of good cause*." Patent L.R. 3-7 (emphasis added). This rule is intended to prevent plaintiffs from substantially changing their allegations after the parties have gone through the claim construction process. *Integrated Circuit Sys. v. Realtek Semiconductor*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004). To meet this standard, Elantech must show that it has a good reason to amend, that it moved with diligence to do so, and that the amendment will not cause

undue prejudice. *See Berger v. Rossignol Ski Co.*, No. C 05-02523 CRB, 2006 U.S. Dist. LEXIS 23085, at **10-12 (N.D. Cal. Apr. 25, 2006); *LG Elecs. v. Q-Lity Computer, et al.*, 211 F.R.D. 360, 371 (N.D. Cal. 2002).

Failure to move diligently to amend suggests that a plaintiff wishes to change a previously deliberate strategic course. *Berger*, 2006 U.S. Dist. LEXIS 23085, at *14. While "federal courts are generally lenient in allowing parties to amend pleadings, such is not the case with amending preliminary infringement contentions," and Patent Local Rule 3-7's good cause standard "remains more conservative than the lenient standard for amending pleadings." *Id.* at **7-8. Finally, while the prejudice to Synaptics is an element that "may be considered…the motion turns on the moving party's reasons for seeking modification." *BioGenex Labs. v. Ventana Med. Sys., Inc.*, No. C-03-3916-JF (PVT), 2005 U.S. Dist. LEXIS 45531 at *6 (N.D. Cal. Feb. 24, 2005).

### B.    Elantech Has Not Shown Good Cause

Elantech bears the burden of proving that good cause exists to amend its contentions at this late stage of the litigation. Diligence in seeking leave to amend is the primary focus of the inquiry. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (denying request to amend infringement contentions where plaintiff's three month delay was not diligent); *Atmel Corp. v. Info. Storage Devices Inc.*, No. C 95-1987 FMS, 1998 U.S. Dist. LEXIS 17564 (N.D. Cal. Nov. 4, 1998) (finding no good cause where plaintiff sought to amend its infringement contentions after claim construction had completed and well over one year after its preliminary infringement contentions were served). Elantech also must show that there is a good reason for the proposed amendment. *See, e.g., Berger*, 2006 U.S. Dist. LEXIS 23085, at **10-12; *LG Elecs.*, 211 F.R.D. at 371. Elantech has shown neither diligence nor good reason for its late request to amend.

#### 1.    Elantech Has Not Been Diligent

Elantech instigated this dispute almost two years ago, and only now attempts to add to the litigation products that were never previously accused of infringement. Elantech makes many excuses for its delay in moving to amend. For example, Elantech says that it "prepared a motion for leave to amend in June 2007, but did not file this motion on the basis that Synaptics

1  supposedly agreed not to oppose amended Final Infringement Contentions." (Document No. 239
2  ("Mot.") at 2:24-25.) Patent Local Rule 3-7 plainly allows amendment only by leave of **court**,
3  and the Federal Circuit recently rejected this excuse. *O2 Micro*, 467 F.3d at 1367 (affirming
4  district court's finding that delay due to ultimately failed negotiations between the parties to
5  stipulate to the proposed amendment was insufficient evidence to support plaintiff's claims of
6  diligence.)

7  Elantech also attempts to blame its extreme delay on the fact that the parties were engaged
8  in settlement discussions for short periods of time from June to October, 2007, but offers no
9  excuse for failing to move to amend before filing its partial summary judgment motion and
10 motion for preliminary injunction. The Federal Circuit recently held that even a three-month
11 delay in moving to amend infringement contentions constituted a lack of diligence, noting, "[i]f
12 the parties were not required to amend their contentions promptly after discovering new
13 information, the contentions requirement would be virtually meaningless as a mechanism for
14 shaping the conduct of discovery and trial preparation." *Id.* at 1366.

15 A full *two years* have passed since Elantech initiated this action against Synaptics.
16 Elantech was obligated to consider thoroughly and investigate its infringement positions *prior* to
17 filing its lawsuit, not two years later. Additionally, *eight months* have passed since Elantech
18 claims to have learned about Synaptics's other product lines, and *four months* have passed since
19 the parties' motions for summary judgment were heard. Elantech's delay in seeking leave of
20 court to amend its contentions negates a finding of good cause. *Informatica Corp. v. Bus. Objects*
21 *Data Integration, Inc.*, No. C 02-3378 JSW, 2006 U.S. Dist. LEXIS 10106, at **2-4 (N.D. Cal.
22 Feb. 23, 2006) (finding no good cause where plaintiff failed to promptly seek leave of court to
23 amend its infringement contentions after receiving new source code that plaintiff argued justified
24 the amendment).

25 Elantech never moved to amend its contentions, and presumably would have waited even
26 longer to do so had the Court not set a deadline for such a motion. There is no justification for
27 this delay, and Elantech's lack of diligence in seeking leave to amend alone justifies denial of
28 Elantech's motion. *See Berger*, 2006 U.S. Dist. LEXIS 23085, at *10, **13-14 (concluding that

OPPOSITION TO ELANTECH'S MOTION TO AMEND INFRINGEMENT CONTENTIONS
CASE NO. C06-01839-CRB
pa-1225787

3

...

the plaintiffs in the *Berger* case, unlike the plaintiffs in *ZiLog*, had "failed to promptly amend their preliminary infringement contentions [by waiting] ***one month*** after defendant filed its motion for summary judgment, on top of the two months since serving their infringement contentions") (emphasis added).

### 2.     Elantech Has Not Otherwise Shown Good Cause

The products Elantech now hopes to accuse were not newly discovered, but have been available to Elantech since before the case was filed. *See Atmel Corp.*, 1998 U.S. Dist. LEXIS 17564, at **5-6 (expressing doubt that "the term 'new information' was intended to embrace the interpretation of preexisting legal documents"). If Elantech's delay in accusing these other products is simply due to carelessness or error, then that is insufficient to establish good cause. *See Berger,* 2006 U.S. Dist. LEXIS 23085, at *14 (stating that mishandling a case, carelessness, or mere errors were insufficient to establish good cause). Even if Elantech could demonstrate diligence (which it cannot), that is not enough to show good cause—it must also provide an adequate justification for the amendment. *See id.* at *15 (noting that the moving party offered so little explanation that to permit amendment would "render the 'good cause' requirement meaningless"). It has failed to do so.[1]

Elantech tries to mask its lack of diligence by claiming that the additional products it now wishes to accuse were discovered too late to include in its Preliminary or Final Infringement Contentions. In making this argument, Elantech attempts to blame Synaptics for allegedly

---

[1] Elantech cites no case law to support its position that it can demonstrate diligence or good cause for amending its Final Infringement Contentions almost a year after claim construction. Instead, Elantech cites three inapposite cases concerning proposed amendments to *invalidity* contentions where the plaintiff in each case would not have been prejudiced by the amendment. *See* Mot. at 7:12-18; *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-4063 CW, 2007 U.S. Dist. LEXIS 35957 (N.D. Cal. Apr. 30, 2007) (court granted petition to add prior art to *preliminary invalidity* contentions prior to claims construction); *Lexar Media, Inc. v. Pretec Elecs. Corp.*, No. C 00-04770 MJJ, 2007 U.S. Dist. LEXIS 32825 (N.D. Cal. Apr. 16, 2007) (court granted leave to amend *invalidity* contentions where plaintiff would not be prejudiced); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, No. C 03-1431 SBA, 2006 U.S. Dist. LEXIS 90856 (N.D. Cal. May 15, 2006) (court granted leave to amend *invalidity* contentions where extensive discovery had been conducted concerning the new contentions and plaintiff delayed in moving to strike). None of these cases concern amendments to ***final infringement*** contentions.

1 misguiding Elantech.  As described in detail in the Supplemental Declaration of Karl J. Kramer in
2 Opposition to Elantech's Motion for Partial Summary Judgment, Elantech's accusations are
3 baseless.  (*See* Document No. 223 ("Kramer Supp. Decl.") ¶¶ 2-19.)[2]  This is not a case where
4 Elantech could have learned about Synaptics's other product series only by obtaining discovery
5 from Synaptics.  *See, e.g., FusionArc, Inc. v. Solidus Networks, Inc.*, No. C 06-06760 RMW (RS),
6 2007 WL 1052900 (N.D. Cal. Apr. 5, 2007) (noting the threshold for finding PICs are sufficient
7 may be lower where defendants are in sole possession of the information plaintiffs would need to
8 provide greater specificity).  Instead, all of the information Elantech needed to determine whether
9 to accuse these products is publicly available and easily discoverable. (*See* Kramer Supp. Decl.
10 ¶ 13.)

11 Furthermore, Synaptics never had reason to suspect that Elantech did not know about all
12 of its product lines, including the other lines that Elantech now seeks to accuse.  Elantech did not
13 learn ***any*** of the accused TM41 product numbers that it lists in its infringement contentions from
14 Synaptics.  Elantech apparently did an independent investigation and discovered these TM41
15 touchpad product numbers itself.  If Elantech had diligently investigated the matter before filing
16 suit, it could also have learned about and accused the TM51 and later-series products in much the
17 same way as it did the TM41 products.

18 Synaptics has never improperly withheld information from Elantech or hindered
19 Elantech's investigation concerning its case.  Contrary to Elantech's assertions, Synaptics
20 produced many thousands of pages of responsive documents and answered every document
21 request and interrogatory fully and clearly.  (Kramer Supp. Decl. ¶¶ 7-9.)  Elantech never
22 requested lists of Synaptics's products and product numbers, and even if it had, courts have

---

[2] Frankly, Synaptics never had any reason to question the fact that only its TM41 series products were accused.  Patent infringement is limited to activities that occur within the United States. *See Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*, 235 U.S. 641, 650 (1915) ("The right conferred by a patent under our law is confined to the United States and its Territories."); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) ("It is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States.").  Thus, while some TM41 series products had been sold by Synaptics in the United States, its other products have not, and therefore such sales are not subject to U.S. patent law.

recently found such discovery requests to be improper fishing expeditions. *Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd.,* No. CV 05-8493 AG (SHx), 2007 U.S. Dist. LEXIS 90457, at **8-10 (C.D. Cal. June 25, 2007) (denying motion to compel, holding that Matsushita should have done its own investigation to determine which products to accuse because "a party is only entitled to discovery on claims raised in the preliminary infringement contentions," and a "fishing expedition" to learn about additional products is an improper use of discovery.)

Elantech did an independent investigation to find the TM41 product numbers it listed in its Preliminary and Final Infringement contentions. There is no reason to believe that at the time of its investigation, Elantech did not (or could not) also discover the numbers of other products in the other product series that it now seeks to add to the case. Elantech's failure to investigate and prosecute its case properly, and its delay in seeking to amend its infringement position, belie claims of good cause. Elantech's request to amend should be denied.

### C.  Amendment At This Stage Would Unfairly Prejudice Synaptics

Elantech has not been diligent, and therefore its motion to amend should be denied. The prejudice to Synaptics may be considered by the Court, but is not necessary to determine that Elantech should not be permitted to amend its contentions at this late stage of the litigation. *See, e.g., O2 Micro*, 467 F.3d at 1368 (given the Federal Circuit's affirmation of the district court's conclusion that plaintiff did not act diligently in moving to amend its infringement contentions, there was no need to consider any prejudice to the defendant); *BioGenex Labs,* 2005 U.S. Dist. LEXIS 45531, at *6 ("The existence or degree of prejudice to the opposing party may be considered; however, the motion turns on the moving party's reasons for seeking modification.")

Synaptics would be unfairly prejudiced if Elantech were allowed to amend its contentions now, two years into litigation. Synaptics has relied on Elantech's infringement contentions for over a year when planning its strategy and defenses in the case. Synaptics relied on Elantech's preliminary infringement contentions to chose terms for claim construction; to file its Motion for Summary Judgment of Noninfringement; for preparing for the Summary Judgment hearing; for preparing its claim construction chart; and for filing its invalidity contentions. Synaptics would face considerable prejudice if Elantech were permitted to expand and delay the case now by

adding additional products.[3] *See Berger*, 2006 U.S. Dist. LEXIS 23085, at *12 (concluding that the opposing party would be prejudiced because the opposing party had "relied on [the] plaintiffs' preliminary infringement contentions for the past three months …. incurred substantial costs in creating its preliminary invalidity contentions and the costs associated with preparing their motion for summary judgment.").

Furthermore, the amendment Elantech proposes does not comport with the Patent Local Rules. Elantech's proposed amendment merely lists the general numbers of several series of Synaptics touchpads; not specific products. *See Spacone v. Microsoft Corp.*, Case No. C 03-4739 CW, 2006 U.S. Dist. LEXIS 14633 (N.D. Cal. Mar. 10, 2006) (permitting plaintiff to pursue only those claims for which plaintiff had put forth specific evidence of infringement; merely referring to different product types in infringement contentions was not enough to warrant their inclusion in the case) (reversed on other grounds). Moreover, Patent Local Rule 3-1(c) requires patent plaintiffs to "identify[] specifically where each limitation of each asserted claim is found within each Accused Instrumentality." To comply with this rule, Elantech must provide specific information concerning the accused touchpads that includes not just the types of products in a series of touchpads, but also their structure, and how those accused products meet the asserted claims of Elantech's patent. *See Alta. Telcoms. Research Ctr. v. Rambus Inc.*, No. C 06-2594 RMW(RS), 2007 U.S. Dist. LEXIS 89283 (N.D. Cal. Nov. 19, 2007) (holding that plaintiff's infringement contentions were inadequate where plaintiff failed to provide the specific information required by Patent Local Rule 3-1). Elantech has had many months to identify products it believes infringe and to draft infringement contentions that provide Synaptics with adequate information concerning its infringement theories. Its proposed amendment falls

---

[3] As a declaratory judgment plaintiff, Synaptics sought partial summary judgment that its Type 2 code does not infringe to avoid the risk of future litigation by allowing the Judge to decide whether any future sales in the United States might infringe Elantech's patent. Synaptics's partial motion for summary judgment concerning its Type 2 source code did not "put the Type 2 products at issue" in the current litigation as Elantech suggests; instead, Synaptics sought guidance from the Court concerning other versions of its source code. Seeking judgment concerning its Type 2 code is quite different from opening the door to discovery concerning all of the different products containing this code.

woefully short of the detailed contentions required by the Patent Local Rules and should be stricken.

### III.   CONCLUSION

Elantech has failed to show good cause to amend its infringement contentions, and Elantech's request to accuse other products is untimely. Forcing Synaptics to defend against a host of other products would needlessly expand this case, unfairly prejudicing Synaptics. For all the above reasons, Synaptics respectfully requests that Elantech's motion be denied.

Dated:   February 15, 2008

KARL J. KRAMER
ERIKA L. YAWGER
MORRISON & FOERSTER LLP

By:   s/Karl J. Kramer
Karl J. Kramer
Email: KKramer@mofo.com

Attorneys for Defendant and Counterclaimant SYNAPTICS, INC.

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>            Plaintiff,<br><br>    v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>            Defendants. | Case No.   C06-01839 CRB<br><br>**[PROPOSED] ORDER DENYING ELANTECH DEVICES CORP.'S MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date: March 7, 2008<br>Time: 10:00 a.m.<br>Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |
| AND RELATED COUNTERCLAIMS | |

1  GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that Plaintiff Elantech
2  Devices Corp.'s Motion for Leave to Amend Infringement Contentions is hereby DENIED.

4  Dated: _____

6                                    By: _____
7                                         UNITED STATES DISTRICT COURT JUDGE
                                           HONORABLE CHARLES R. BREYER