1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: (650) 813-5600
4  Facsimile: (650) 494-0792
   KKramer@mofo.com
5
   Attorneys for Defendant and Counterclaimant
6  SYNAPTICS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | ELANTECH DEVICES CORPORATION, a              | Case No.   C06-01839 CRB
   | corporation existing under the laws of Taiwan,|
13 | R.O.C.,                                       | **SYNAPTICS, INC.'S MOTION TO
   |                                               | STRIKE REFERENCES TO NEW
14 |         Plaintiff,                            | SOURCE CODE FROM
   |                                               | ELANTECH'S OPPOSITION**
15 |    v.                                         |
   |                                               | Date: March 7, 2008
16 |                                               | Time: 10:00 a.m.
   | SYNAPTICS, INC., a Delaware corporation;      | Courtroom 8, 19th Floor
17 | AVERATEC, INC., a California corporation;     | Hon. Charles R. Breyer
   | and PROSTAR COMPUTER, INC., a                 |
18 | California corporation,                       |
19 |         Defendants.                           |
20
21   AND RELATED COUNTERCLAIMS

**I.   NOTICE OF MOTION AND MOTION TO STRIKE**

PLEASE TAKE NOTICE THAT on March 7, 2008, at 10:00 a.m. in the Courtroom of the Honorable Charles R. Breyer, or at such earlier date as the Court deems appropriate in response to Synaptics, Inc.'s ("Synaptics") accompanying Motion to Shorten Time, Synaptics will and hereby does bring this Motion to Strike references to new products and source code from Elantech Devices Corporation ("Elantech")'s Opposition to Synaptics' Motions for Partial Summary Judgment That Use of Elantech's Products Meets the Tapping Claims of the '931 and '591 Patents and the Zone Claims of the '931, '052, and '411 Patents ("Opposition") and the accompanying Declaration of Jia-Yih Lee ("Lee Declaration"). Specifically, Synaptics requests that the Court strike references to products embodying new source code produced by Elantech on January 31, 2008 as irrelevant because these products are not accused of infringement in the pleadings or pending summary judgment motions, and Elantech should not be permitted to derail the pending motions by interjecting new products in its Opposition.

Synaptics' Motion is based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Karl J. Kramer In Support of Synaptics' Motion to Strike ("Kramer Motion to Strike Decl."), and the papers and evidence on record in this action.

**II.   MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   Background**

Nearly two years ago, Synaptics filed suit against Elantech for infringement of U.S. Patent Nos. 6,380,931 ("'931 Patent"); 5,543,591 ("'591 Patent"); 5,943,052 ("'052 Patent"); and 5,880,441 ("'411 Patent") (collectively, the "Synaptics' Patents"). (Docket No. 4 ("Synaptics' Answer and Counterclaims") at 4-6.)

Pursuant to Patent Local Rule 3-1, Synaptics identified specific Elantech products in its Preliminary Infringement Contentions served on September 1, 2006. (Kramer Motion to Strike Decl., ¶ 2.) By mutual agreement and pursuant to a stipulated protective order, Elantech produced the "current and exemplary versions" of the source code for the products

at issue in this case on October 2, 2006.  (Kramer Motion to Strike Decl., ¶ 3; Docket No. 55 ("Stipulated Amended Protective Order") at 3.3.1.)

In the year and a half since, the parties have litigated this case, and conducted discovery, based exclusively on the source code produced on October 2nd.[1]  (Kramer Motion to Strike Decl., ¶ 4.)  Indeed, Synaptics' Final Infringement Contentions were based directly on, and limited to, the October 2nd Elantech code.[2]  (*Id.*, ¶ 5.)  In its detailed Infringement Contentions Charts, Synaptics identified specific portions of the KTP3 and KTP5 code produced by Elantech on October 2nd that performed each limitation of the asserted claims.  (Kramer Motion to Strike Decl., Ex. A, Infringement Contentions Charts.)  The only infringing products identified in these Charts were those embodying the KTP3 and KTP5 code produced on October 2nd.  The deadline for providing Final Infringement Contentions passed on May 7, 2007, over nine months ago.

On January 11, 2008, Synaptics filed summary judgment motions to establish that use of the features of Elantech's KTP3 and KTP5 code provided on October 2nd meets the limitations of claims of the Synaptics Patents.  (Docket No. 209 ("Wolfe SJ Infringement Decl."), ¶¶ 13-14; *see also* Docket No. 213 ("Synaptics' Tapping Claims MSJ") at 5; Docket No. 214 ("Synaptics' Zone Claims MSJ") at 6.)  On January 31, 2008, one week after seeking an extension of time in which to file its Opposition (Docket No. 227) Elantech suddenly and without explanation produced a CD, described in an accompanying letter as

---

[1] For example, the five dispositive motions filed in this case have all been based solely on the source code produced on October 2nd.  (*See* Docket No. 93 ("Synaptics' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 5,825,352 ("'352 Patent")") at 5-6; Docket No. 126 ("Elantech's Motion for Summary Judgment of Infringement of the '352 Patent") at 6; Docket No. 233 ("Elantech's Motion for Partial Summary Judgment of Infringement of the '352 Patent") at 2; Docket No. 213 ("Synaptics' Tapping Claims MSJ") at 5; Docket No. 214 ("Synaptics' Zone Claims MSJ") at 5.)

[2] Synaptics amended its Preliminary Infringement Contentions on December 29, 2006 to reflect the source code produced by Elantech on October 2nd.  (Kramer Motion to Strike Decl., ¶ 5.)  After the Court's claim construction, these amended contentions became Final Infringement Contentions on May 7, 2007.  *See* Pat. L.R. 3-6.

"containing Elantech's code." (Kramer Motion to Strike Decl., Ex. B, Jan. 31, 2008 Letter Accompanying CD Production.) Upon further inquiry, Elantech's counsel explained that "Elantech [wa]s supplementing its document production" and that "[t]he disc include[d] firmware for newer Elantech touchpad products." (*Id.*, Ex. C, Jan. 31, 2008 Email from DeBruine to Kramer.)

Elantech now seeks to rely upon this "new code" in opposing Synaptics' motions for partial summary judgment. Specifically, Elantech references the new products and new source code on page 3, lines 1-4 of Elantech's Opposition and paragraph 8 of the Lee Declaration, filed on February 15, 2008.

### B. Elantech's References to Newly Developed and Newly Produced Code Should Be Stricken From Its Opposition and the Lee Declaration.

Pursuant to Patent Local Rule 3-1, Synaptics' infringement contentions were required to, and did in fact, "identify specifically where each element of each asserted claim is found within *each* Accused Instrumentality." (Kramer Motion to Strike Decl., Ex. A at 3:2-3, Amended Patent L.R. 3-1, 3-2 Disclosures (emphasis added)); *see also* Pat. L.R. 3-1 (requiring that infringement contentions identify "*each* accused apparatus, product, device, process, method, act, or other instrumentality") (emphasis added). As described above, Synaptics' Infringement Contentions Charts are limited to Elantech products embodying the KTP3 and KTP5 code produced on October 2, 2006.[3] This is not surprising since Elantech has admitted that the "current and exemplary versions" of the parties' source code produced on October 2, 2006 "demonstrate[d] how the parties' respective products work[ed]" and

---

[3] Although the new code may also be labeled KTP3 and KTP5 code, Elantech has admitted that it is for "newer" Elantech products, and it was therefore not part of the code produced on October 2nd. *See Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1314, 1317 (Fed. Cir. 2004) (holding that redesigned products were not at issue even though they were designated with the same part number as the original products). This is not to say that this new source code does not infringe Synaptics' Patents. Due to its complexity and recent production, Synaptics has not yet had an opportunity to review the January 31, 2008 code or have its expert undertake an analysis of it. (Kramer Motion to Strike Decl., ¶ 8.) However, whether these products infringe is not at issue in the pending motions for summary judgment.

"detailed the operations of *all* of the Accused Products." (Elantech's Motion for Summary Judgment of Infringement of the '352 Patent at 4 (emphasis added); *see also* Kramer Motion to Strike Decl., ¶ 3.)

In fact, under the Patent Local Rules, an infringement suit is limited to the products identified in the infringement contentions. *See Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) ("Once the initial disclosures are made, the lawsuit proceeds as to the products accused in those disclosures" absent an amendment to the contentions permitted by the rules or court order.) New products not identified in the contentions should not be considered on a motion for summary judgment.[4] *See E-Pass Techs., Inc. v. 3COM Corp.*, 222 F. Supp. 2d 1157, 1161 (N.D. Cal. 2002), *vacated on other grounds*, 343 F.3d 1364 (Fed. Cir. 2003) (refusing to consider new products introduced to the litigation during summary judgment briefing and not identified in the final infringement contentions, and refusing to permit "amendment of the claim chart at this late stage"); *see also Power-One, Inc. v. Artesyn Techs., Inc.*, No. 05-463, 2007 U.S. Dist. LEXIS 75685, at **28-30 (E.D. Tex. Oct. 11, 2007) (refusing attempts to introduce new products into the case where the plaintiff "ha[d] not accused these products in its infringement contentions").

Nor can Elantech force Synaptics to amend its infringement contentions or otherwise bring the new products into these summary judgment motions merely by producing the new code during briefing and relying on it in its Opposition. In *Integrated Circuit Systems,* the

---

[4] Courts have consistently refused to consider other new issues not identified in the parties' Patent Local Rules contentions and disclosures and raised for the first time during summary judgment briefing. *See Berger v. Rossignol Ski Co.*, No. 05-2523, 2006 U.S. Dist. LEXIS 23085, at *11 (N.D. Cal. Apr. 25, 2006) (refusing to consider a new patent asserted by the patentee in opposition to the accused infringer's motion for summary judgment because it was not in the final infringement contentions and was merely a "last-ditch effort to stave off summary judgment"); *JSR Corp. v. Tokyo Ohka Kogyo Co.*, No. C 99-20156 JW, 2001 U.S. Dist. LEXIS 24959, at **17-18 (N.D. Cal. Sept. 13, 2001) (refusing to consider a new claim construction argument raised for the first time in opposition to a motion for summary judgment because this construction was not included in the Joint Claim Construction Statement filed pursuant to the patent local rules).

patentee declined to amend its infringement contentions to add new, potentially infringing products and the court denied the accused infringer's motion to compel the patentee to do so. 308 F. Supp. 2d at 1107. The court held that "[r]equiring . . . a plaintiff to amend or supplement its disclosures as it discovers new products would" disrupt the orderly progress of patent litigation that the Patent Local Rules were intended to create. *Id.*

Similarly, the Federal Circuit has held that an accused infringer cannot force a patentee to accuse later developed products. In *International Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312 (Fed. Cir. 2004), the accused infringer "tried repeatedly, and unsuccessfully, to bring its redesigned products into the case" by both encouraging the patentee to amend its pleadings to assert infringement by the new product and then raising the redesigned products in opposition to the patentee's summary judgment motion. *Id.* at 1317. The Federal Circuit held that "[s]upplemental pleadings are optional, and thus neither [the accused infringer] nor the district court had the authority to force [the patentee] to supplement its complaint to allege infringement by the redesigned products." *Id.* (citation omitted). Since the patentee "chose not to accuse the redesigned products in this action . . . it would have been inappropriate for the district court" to consider them. *Id.* at 1317-18.

This case has proceeded for two years on the theory that the code Elantech produced on October 2nd detailed the operations of the Elantech products at issue in this case. Both the Federal Circuit and this District have made clear that Elantech's efforts to raise new products in response to the summary judgment motions must be rejected. To permit such actions would allow the infringer to postpone resolution of the case indefinitely by constantly changing its theory of non-infringement. As this Court has noted, "[t]he patent rules are designed to avoid 'vexatious shuffling of positions' that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action." *Berger*, 2006 U.S. Dist. LEXIS 23085, at *7 (citation omitted). Instead, the rules "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* at *8 (quoting *LG Elecs., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)).

To paraphrase *Berger*, "[t]he Patent Local Rules are designed to prevent exactly what [Elantech is] attempting to do here: alter their [non-]infringement theory after it became apparent that they were going to lose." 2006 U.S. Dist. LEXIS 23085, at *19.

### C.   Conclusion

For the reasons described above, new products embodying Elantech's newly produced source code are not properly at issue in the pending motions. References on page 3, lines 1-4 of Elantech's Opposition and paragraph 8 of the Lee Declaration to source code, produced a year and a half later on January 31, 2008, are irrelevant and therefore properly stricken.

Dated:  February 22, 2008                              MORRISON & FOERSTER LLP

                                                       By:  /s/ Karl J. Kramer
                                                            Karl J. Kramer
                                                            Email: Kkramer@mofo.com

                                                            Attorneys for Defendant and
                                                            Counterclaimant
                                                            SYNAPTICS, INC.

1
2
3
4
5
6   .
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10                        SAN FRANCISCO DIVISION
11

| | |
|---|---|
| 12  ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., <br><br> 14           Plaintiff, <br><br> 15      v. <br><br> 16  SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, <br><br>           Defendants. | Case No.   C06-01839 CRB <br><br> **[PROPOSED] ORDER GRANTING SYNAPTICS, INC.'S MOTION TO STRIKE REFERENCES TO ELANTECH'S NEW SOURCE CODE** <br><br> Date:     March 7, 2008 <br> Time:     10:00 a.m. <br> Courtroom 8, 19th Floor <br> Hon. Charles R. Breyer |
| 21  AND RELATED COUNTERCLAIMS | |

**ORDER**

Having considered Defendant and Counterclaimant Synaptics, Inc. ("Synaptics")'s Motion to Strike References to Elantech's New Source Code (the "Motion"), and having reviewed the papers filed by the parties related to the Motion, and having heard the argument of counsel, the Court rules as follows:

IT IS HEREBY ORDERED that Synaptics's Motion is GRANTED. All references to Elantech's new source code produced on January 31, 2008 are stricken from Elantech's February 15, 2008 Opposition to Synaptics' Motions for Partial Summary Judgment That Use of Elantech's Products Meets the Tapping Claims of the '931 and '591 Patents and the Zone Claims of the '931, '052, and '411 Patents ("Opposition"), as well as from the accompanying Declaration of Jia-Yih Lee ("Lee Declaration"). Specifically, the references on page 3, lines 1-4 of the Opposition and paragraph 8 of the Lee Declaration are hereby stricken.

IT IS SO ORDERED.

Dated: _____

_____
The Honorable Charles R. Breyer
U.S. District Court Judge