Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
Hsin-Yi Cindy Feng (SBN 215152) (cfeng@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306-2112
Telephone:     650-838-2000
Facsimile:     650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>SYNAPTICS, INC., AVERATEC, INC, and PROSTAR COMPUTER, INC.<br><br>Defendants. | Case No. 3:06-CV-01839 CRB<br><br>**ELANTECH DEVICES CORP.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date:          March 7, 2008<br>Time:         10:00 am<br>Judge:        Hon. Charles R. Breyer<br>Courtroom: 8, 19th Floor |

# INTRODUCTION

Synaptics bases its opposition to Elantech's request to clarify its Final Infringement Contentions ("FIC") on nothing but semantics and technicality. When Synaptics moved for summary judgment of non-infringement against the '352 patent of Elantech, it put forth its "type 1" and "type 2" *firmware* instead of any specific product, arguing that the issue of infringement may be determined without identifying the underlying products at issue. Yet when the Court instead found that the "type 2" or "current" firmware infringed Elantech's '352 patent, Synaptics complained that Elantech failed to identify any specific product that uses its "type 2" firmware. Furthermore, notwithstanding its earlier representation to Elantech that there was no need for Elantech to amend its FIC to specifically identify other Synaptics products that use the "type 2" firmware, specifically the "TM51," "TM61," "TM62," and "TM71" series touchpad products, Synaptics actually argues that it would be prejudiced should the Court grant the present motion. No one knows better than Synaptics which Synaptics touchpad products actually use the infringing "type 2" firmware. Elantech's FIC, as served, accuses Synaptics products that operate either of the versions of firmware code produced by Synaptics. Indeed, the FIC never was limited to particular model numbers. Elantech merely moves to amend its FIC to specifically name product models that came to Elantech's attention after it has already served its FIC, but the underlying infringement theories, *i.e.*, the operations of the firmware, are not affected by such amendment.

I.  **ARGUMENT**

   A. **ELANTECH'S FINAL INFRINGEMENT CONTENTIONS WERE NEVER LIMITED TO THE TM41 SERIES PRODUCTS**

Elantech's Final Infringement Contentions were never limited to the TM41 series of Synaptics products. Instead, they clearly state that the infringing products "include *at least* TM41 series or family …." FIC at 1 n.2 (emphasis added). The issue, as Synaptics itself pointed out in its motion for summary judgment, is whether any version of Synaptics' operating *firmware* infringes Elantech's patent. This is evident from the fact that Synaptics moved for an infringement determination not for any Synaptics products but for its firmware. Elantech identified the TM41 series only as an exemplary product that incorporated the infringing firmware. Indeed, Elantech's FIC included a 19-page claim chart, attached

1

as Exhibit A to those contentions, specifically referencing the "type 2" code. The 9-page Exhibit C, attached to those contentions, included a highly detailed analysis of *both* types of code. Thus, Elantech's FIC was not limited to either "type 1" code or to TM41 series products. Elantech's infringement contentions were intended to include Synaptics touchpad products incorporating either one of the two types of code. It was only after the Court's finding that the Synaptics "type 2" firmware infringed the '352 patent that Synaptics complained about Elantech's FIC.

### B. GOOD CAUSE EXISTS FOR ELANTECH TO CLARIFY THAT THE ACCUSED PRODUCTS INCLUDE THE TM51, TM61, TM62 AND TM71 SERIES OF PRODUCTS

Good cause exists for Elantech to clarify its Final Infringement Contentions to accurately reflect and be consistent with the record in this case. While Synaptics continues to argue that Elantech has not been diligent, its analysis is off the mark. Elantech is not seeking to "add" to its infringement contentions – it merely seeks to clarify its infringement contentions to explicitly name accused products using the "type 2" firmware code.

As Elantech noted in its opening brief, the underlying rationale for the diligence requirement, as some courts have required, is rooted in the goal of the Patent Rules "to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). These Rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* In this case, Elantech's theories of the case have not changed, nor have there been any "shifting sands." Elantech's infringement contentions, as previously set forth in its highly detailed claim charts and analysis of both the "type 1" and "type 2" codes, made it clear what those theories are.

Any delay in this case has already been explained by Elantech. Moreover, delay may be justified in some cases where there is reliance on a tentative agreement regarding amendments or where there has been misleading conduct by the opposing party. *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006). In this case, Elantech understood that Synaptics would not oppose an amendment by Elantech, but now Synaptics simply sidesteps this issue.

2

C.     **THERE IS NO PREJUDICE TO SYNAPTICS**

Synaptics claims that it would be unfairly prejudiced and that Synaptics has "relied on Elantech's infringement contentions … when planning its strategy and defenses," Syn. Opp. at 6, but such arguments have no merit.  Specifically, Synaptics claims that it "relied on Elantech's preliminary infringement contentions to chose (sic) terms for claim construction; to file its Motion for Summary Judgment of Noninfringement; for preparing for the Summary Judgment hearing; for preparing its claim construction chart; and for filing its invalidity contentions." *Id.*  Regarding claim construction, Elantech does not seek to amend which claims are asserted against Synaptics so there can be no prejudice to Synaptics.[1]  Any claim by Synaptics now that it would have chosen different claim terms for construction or prepared its claim construction chart differently based on additional products being specifically named is belied by Synaptics' own actions in filing its Motion for Summary Judgment of Non-infringement for *all* its products, not just the TM41 series.  Synaptics clearly did not rely on any understanding that only the TM41 products were at issue when it brought its motion for summary judgment of non-infringement or when it prepared for the Summary Judgment hearing.

With respect to Synaptics' invalidity contentions, there can be likewise be no prejudice to Synaptics since Elantech does not seek to amend which claims are asserted.  The names of the Accused Products should in no way affect any of Synaptics' invalidity contentions.  Thus, there is no prejudice to Synaptics.  Not only has Synaptics not relied on a mistaken understanding that only the TM41 series products were at issue, its own actions indicate the exact opposite conclusion: that Synaptics understood that Elantech's infringement contentions included all touchpads incorporating or using the "type 2" code.  Indeed, Synaptics knows better than anyone which of its products incorporate the infringing "type 2" code.  Its claim of prejudice is therefore dubious.

Indeed, the alternative to Elantech's motion is for Elantech to file a separate lawsuit against Synaptics to accuse these other Synaptics products of infringement.  Such an exercise will not only be

---

[1] This is unlike the situation in *Berger v. Rossignol Ski Co.*, No. C 05-02523 CRB, 2006 U.S. Dist. LEXIS 23085, at **9-10 (N.D. Cal. Apr. 25, 2006), cited by Synaptics, where plaintiffs sought to amend their preliminary infringement contentions to assert ***additional claims***.

3

contrary to the intent of the Patent Local Rules but also would be a waste of judicial resources, especially when the underlying issue of infringement has already been determined by this Court.

## II.  CONCLUSION

For the foregoing reasons, Elantech respectfully requests that the Court grant its motion for leave to amend its Final Infringement Contentions to make clear that all Synaptics products operating under the Type 2 code are accused of infringement, including the "TM51," "TM61," "TM62," and "TM71" series of Synaptics' touchpad products.

Dated:  February 22, 2008                    Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:  _____/s/_____
              Sean P. DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES CORP.

6206057