Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
Ming-Tao Yang (SBN 221295)(myang@akingump.com)
Hsin-Yi Cindy Feng (SBN 215152) (cfeng@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306-2112
Telephone:    650-838-2000
Facsimile:    650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP., | Case No. 3:06-CV-01839 CRB |
| Plaintiff, | **ELANTECH'S REPLY BRIEF IN RESPONSE TO MARCH 6, 2008 ORDER RE: PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| SYNAPTICS, INC. and AVERATEC, INC, | |
| Defendants. | |

**PUBLIC VERSION**

The Court's March 6, 2007 Order re Partial Summary Judgment Questions ("March 6 Order"), sought additional briefing to address nearly 40 individual questions or requests for further information regarding defendant Synaptics, Inc.'s two motions for partial summary judgment. The Court recognized that many of these questions arose because the evidence before the Court establishes genuine disputes on issues of material fact. With its responses to the Court's questions, Synaptics has failed to provide clarity on these issues and has failed to make the showing required for the Court to grant summary judgment. In addition, the Court need not even reach the issue of any "tap" or "zone" operations in the accused Elantech touchpads because Synaptics has effectively admitted that it is entitled to the relief it has requested.

## I. SYNAPTICS ADMIT IT IS NOT ENTITLED TO THE RELIEF IT REQUESTS AS A MATTER OF LAW.

As Elantech pointed out in its Opposition, Synaptics has not moved for summary judgment that Elantech directly infringes any of the asserted claims either literally or under the doctrine of equivalents. *See* Elantech Opposition at 4. Indeed, Synaptics cannot argue that Elantech directly infringes any of the asserted claims and has not presented any evidence of actual direct infringement. Synaptics' sole available theory of liability is to allege that Elantech knowingly and intentionally induces users in the United States to infringe these claims. *Id.* In order to establish such vicarious liability, however, Synaptics must first establish ***actual*** direct infringement by a user of the accused products (as they are incorporated into computers by other third parties). *See Alloc, Inc. v. United States Intern. Trade Comm.*, 342 F.3d 1361, 1374 (Fed. Cir. 2003). Synaptics' motions are an attempt to side-step this requirement.

Synaptics' motions ask the Court for a determination that "use" of Elantech's touchpad features including tap, double tap, drag, corner tap, scroll, and edge motion necessarily meets all the limitations of the asserted claims. Yet Synaptics now finally acknowledges that use of the accused touchpads does not necessarily result in practice of the claimed methods. In other words, Synaptics now asks the Court to determine that certain unproven ***hypothetical*** uses constitutes the direct infringement Synaptics must prove in order to support its theory of vicarious liability. This is not proper, because "[h]ypothetical instances of direct infringement are insufficient to establish vicarious liability or indirect infringement." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) (*citing Dynacore*

1  *Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004). Furthermore, "[T]he mere
2  sale of a product capable of substantial noninfringing uses does not constitute indirect infringement of a
3  patent." *Dynacore*, 363 F.3d at 1275. As Elantech has demonstrated, its touchpads are capable of
4  substantial noninfringing uses through utilization of the mechanical buttons. *See* Elantech Opposition at
5  5.

6  In its Reply, Synaptics asserts that "Synaptics' Motions never assert that 'any' use of Elantech's
7  products 'necessarily' meets the limitations of the asserted claims." *See* Synaptics Reply at 13. Yet that
8  is exactly how Synaptics' motion is worded. Synaptics asks for summary determination that "all of the
9  limitations" of the asserted claims "<u>are satisfied</u>...by the <u>use</u> of Elantech's accused products." Tapping
10 Motion at 1 (Dkt. No. 213): *See also* Zone Motion at 1 (Dkt. No.214). As such, this is precisely what
11 Synaptics must prove: namely that *any* use of Elantech's products *necessarily* meets the limitations. *See*
12 *Dynacore*, 363 F.3d at 1275 ("Dynacore must therefore either demonstrate that LANs compliant with the
13 IEEE 1394 Standard *necessarily* infringe the '732 Patent, or point to a specific instance of direct
14 infringement and restrict its suit to liability stemming from that specific instance. We must therefore
15 determine whether *all* LANs compliant with the IEEE 1394 Standard directly infringe the '732 Patent,
16 or whether there may also be substantial noninfringing configurations of IEEE 1394 compliant
17 networks.") (emphasis added). Thus in essence, Synaptics admits that it is not entitled to the relief it
18 requests. Accordingly, its motions as presented must be denied.

19 **II.  SYNAPTICS' SUPPLEMENTAL MEMORANDUM FAILS TO SHOW AN ABSENCE OF DISPUTED FACTS OR TO CLEARLY ESTABLISH THE ELEMENTS OF ITS REQUIRED PROOF.**
20

21 Elantech does not seek summary judgment of no infringement. Elantech has presented evidence
22 that demonstrates both that Synaptics has failed to establish facts on which it carries the burden of proof
23 and that there exist genuine issues of fact material to Synaptics' motions. The Court's March 6, 2007
24 Order clearly shows that there are genuine issues of disputed facts that preclude summary judgment.
25 Synaptics has clearly failed to come forward with the compelling, undisputed evidence necessary for a
26 summary judgment. On this record, Synaptics' motion should be denied. Also, Synaptics inaccurately
27 characterizes certain disputed facts as being "undisputed" by Elantech. In fact, many of Synaptics'
28 assertions are based on conjecture and false information which has been refuted by Elantech.

Additionally, Synaptics' own assertions include various inconsistencies that only highlight Synaptics' failure to carry its burden of proof.

### A. The '411 Patent – Edge Motion.

Synaptics has failed to show that the absence of any genuine issue of material fact with respect to alleged infringement of the "edge motion" claims of the '411 patent. Synaptics asserts that it is "undisputed" that a single increment value is communicated to the host and that the single value is not constant but is calculated by mathematical operations. *See* Synaptics Supplemental Memorandum at 3. However, Elantech has consistently pointed out that a <u>constant</u> value is used, and that this constant value is not calculated. MacKenzie Decl. ¶ 24. The code portions cited by Synaptics' expert, including the ▬▬▬ and ▬▬▬▬▬▬ operations, are used merely to ▬▬▬▬▬ MacKenzie Decl. ¶ 24.

Additionally, Synaptics' assertions are inconsistent. For example, Synaptics asserts that "individual calculations change the 'magnitude' of the calculated value, although the ultimate result of the sequence of operations can have the same magnitude as the selected default value." *See* Synaptics Supplemental Memo at 4. It is unclear what this statement even means, much less how it supports a finding of summary judgment.

Unable to provide conclusive evidence for its assertions, Synaptics resorts to conjecture. For example, Synaptics guesses that because a user can set the speed of cursor motion, that "<u>as a matter of logic</u> ... Elantech's touchpad products must permit a calculation" and that the KTP3 code and KTP5 code "<u>must be able</u> to calculate different increments." *See* Synaptics Supplemental Memorandum at 5. Synaptics' "logic" is no substitute for facts in a summary judgment context, where any logical inference must be drawn in Elantech's favor, not Synaptics. Moreover, Synaptics' "logic" is flawed. As Elantech has pointed out, just because a user is able to change a parameter value, this does not mean that the value cannot simply be chosen from one of multiple options. *See* Elantech's Supplemental Memorandum at 5. Choosing a particular constant value is not equivalent to calculating an increment. *See id.*

Thus, there is at least a genuine issue of material fact as to whether constant values are used or whether increments are calculated.

**B.     Tapping Claims**

    1.     Claim 1 of the '931 Patent

Synaptics has failed to show that there is no genuine issue of material fact with respect to alleged infringement of claim 1 of the '931 patent. For example, with regard to the "comparing ... amount of time" limitation, Synaptics relies on a fundamental misunderstanding of Elantech's code. As a result, its resulting conclusions are factually inaccurate. Synaptics has repeatedly relied on its expert who identified the variable _____ in the KTP5 code and asserted that this variable is increased every 12.5 ms sample period. Wolfe Decl. ¶ 30. According to Synaptics, _____ is compared to a reference amount of _____ Wolfe Decl. ¶ 30. Synaptics is mistaken. The variable _____ does not represent a time value because it is not used for any time comparison. Lee Decl. ¶ 5; MacKenzie Decl. ¶¶ 9, 11. Elantech's assertion is not simply a conclusory statement as Synaptics has charged in its Reply brief, but instead is based on the personal knowledge of a technical consultant of Elantech familiar with the firmware. Lee Decl. ¶¶ 2-3. Thus, there is at least a genuine issue of material fact as to whether the cited code portions relate to comparing an amount of time.

Additionally, Synaptics has failed to show that there is no genuine issue of material fact with regard to the "comparing the amount of motion" limitation. Synaptics again relies on a fundamental misunderstanding of the operation of Elantech's code and again arrives at a conclusion that is factually inaccurate. Synaptics' expert has identified various code portions to support its guess that a measured and quantifiable amount of motion is compared to a reference amount. Wolfe Decl. ¶¶ 32-35. As Elantech has explained, both KTP3 and KTP5 touchpads measure changes in the output of the analog-to-digital converter (ADC). MacKenzie Decl. ¶ 10. The output of the ADC is an indication of capacitance. When a finger moves, the capacitances on the individual traces change. _Id_. When a finger moves quickly, the change in capacitance is more pronounced. _Id_. However, these changes in capacitance do not quantify the motion and only indicate whether motion was "fast" or not. _Id_. In other words, the changes in capacitance do not indicate how much motion occurred, and thus cannot be compared to a reference amount of motion.

Synaptics' claim that "[A]s Elantech admits, the change in capacitance represents the amount of motion" is simply false. Synaptics Supplemental Memorandum at 10. In fact, Elantech has never stated

that the change in capacitance represents the amount of motion. As Elantech has explained, a change in capacitance does not indicate how much motion has occurred but only whether the motion was "fast" or not. Synaptics incorrectly guesses that "since 'speed' merely reflects motion of time, measuring whether motion is fast or normal in a fixed time interval necessarily also measures the amount of motion, i.e., the change in the X/Y position of the finger." As Synaptics admits, the amount of motion is the change in the X/Y position of the finger, or the distance traveled. Logically, in order for speed to provide a measure of the amount of motion in a fixed time interval, the speed must actually be quantified. Otherwise, the distance traveled cannot be known. Elantech has never represented that the speed is quantified or even quantifiable, and Synaptics has never presented any evidence that the speed is quantified. Thus, there is at least a genuine issue of material fact as to whether the cited code portions relate to comparing an amount of motion to a reference amount.

Furthermore, Synaptics has failed to show that there is no genuine issue of material fact with regard to the "signal" limitations. Synaptics applies shifting definitions of the signals that must be initiated and maintained and ignores the clear language of the claim. Claim 1 of the '931 patent requires "maintaining *said* [tap gesture] signal." It does not require "maintaining *part of* said signal" but instead the entire signal. This Court construed the "maintaining" claim term to mean "to continue, retain, or repeat the signal for a period of time that was determined before." *See* Claim Construction Order at 9. Thus, in order to maintain a tap gesture signal, the entire signal must be continued, retained, or repeated. Synaptics admits that "in the single tap gesture, the 'set of data' transmitted to the host to indicate a tap gesture is the 'button down' and 'button up' data packets." *See* Synaptics Supplemental Memorandum at 12. In other words, a tap gesture "signal" is the combination of the "button down" and "button up" data packets. In order to satisfy the "maintaining *said* signal" limitation, it is this exact combination that must be continued, retained, or repeated. However, Synaptics directly contradicts itself when it claims that "[T]he Elantech products maintain 'said [tap gesture] signal by sending a 'button down' packet followed by a delay before sending a 'button up' packet." Synaptics Supplemental Memorandum at 14. This implies that only the "button down" packet is maintained for a period of time that is the delay. Indeed, Synaptics argues that "the 'button down' state is maintained." *Id*. The mere fact that Synaptics

cannot clearly and consistently identify the signals that are maintained makes it clear that there exists a genuine dispute of material fact as to whether the signals are maintained.

Because there exist genuine disputes of material facts with respect to infringement of Claim 1, Synaptics has failed to carry its burden.

### 2. Claim 6 of the '591 Patent

Synaptics has failed to show that there is no genuine issue of material fact with respect to alleged infringement of claim 6 of the '591 patent. Like claim 1 of the '931 patent, claim 6 of the '591 patent includes a "comparing ... amount of time" limitation. At least the same genuine dispute of material facts as set forth in Section II.B.1. exists here.

### 3. Claim 9 of the '591 Patent

Synaptics has failed to show that there is no genuine issue of material fact with respect to alleged infringement of claim 9 of the '591 patent. Like claim 1 of the '931 patent, claim 9 of the '591 patent includes a "comparing ... amount of time" limitation. At least the same genuine dispute of material facts as set forth in Section II.B.1. exists here.

## III. CONCLUSION

As Elantech demonstrated in its Opposition to Synaptics' motions, and as graphically demonstrated in the Court's March 6 Order, Synaptics has utterly failed to make the clear and unambiguous showing necessary for summary judgment. Accordingly, its motions must be denied.

Dated: March 21, 2008

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:     /s/ Sean P. DeBruine
                Sean P. DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES CORP.

6218383