KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C06-01839 CRB<br><br>**NOTICE OF MOTION AND SYNAPTICS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>Date: May 2, 2008<br>Time: 10:00 a.m.<br>Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on May 2, 2008 in Courtroom 8, 19th floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Synaptics, Inc. ("Synaptics") will move for and hereby does move the Court to compel Plaintiff Elantech Devices Corporation ("Elantech") to produce full and complete responses to Synaptics' Second Set of Requests for Production ("RFPs") and Second Set of Interrogatories ("Interrogatories"). This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the supporting Declaration of Erika L. Yawger, filed herewith ("Yawger Decl."), the exhibits attached thereto, all the pleadings, records, and papers on file in this action, and upon such further oral and documentary evidence as may be presented at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Synaptics served Interrogatories and RFPs on Elantech in June 2007 and has received no response. Elantech's responses to Synaptics' discovery requests are now long overdue. Although the parties agreed informally to suspend discovery during a portion of the summer of 2007, that informal agreement dissolved, at the very latest, when the parties resumed active litigation at the end of September 2007. Despite having received three letters and a voicemail from Synaptics requesting a response to its discovery, Elantech has never provided responses and has not attempted to explain its delay nor has Elantech requested an extension. Under the plain language of the Federal Rules of Civil Procedure, Elantech was obligated to respond to the Interrogatories and RFPs months ago. Synaptics now moves the Court for an order compelling Elantech's responses.

**II.   BACKGROUND**

On June 6, 2007, Synaptics served its second set of RFPs on Elantech, which consist primarily of requests for documents concerning Elantech's '352 patent and Synaptics' asserted patents. (Yawger Decl., Ex. 1.) On June 21, 2007, Synaptics served its Second Set of Interrogatories (Nos. 9-17), seeking, among other things, the identification of Elantech's person most knowledgeable on several key topics as well as further information on Elantech's

1  '352 patent. (Yawger Decl., Ex. 2.) The following day, the Court vacated the July 6, 2007
2  hearing date that had been set for the parties' cross-motions for summary judgment. (*See* Minute
3  Entry: Telephone Conference; Docket No. 154.) The hearing was ultimately continued for four
4  months to October 5, 2007. (Docket No. 164.)

5    In light of the significant hearing delay and the parties' mutual interest in conducting
6  settlement discussions, the parties informally agreed to temporarily stay discovery until they
7  either negotiated a settlement deal or resumed active litigation. (DeBruine email July 6, 2007;
8  Yawger Decl., Ex. 3). The parties engaged in a few settlement discussions during June, August,
9  and September of 2007, but were unable to reach an agreement. (Yawger Decl. ¶ 5.) As a result,
10 the parties resumed active litigation in late September, leading up to the October 5, 2007 hearing
11 on the summary judgment motions. (Yawger Decl. ¶ 6.) The Court entered its summary
12 judgment order on October 26, 2007. (Docket No. 172.) Since that time, both sides have
13 continued to aggressively litigate the case. For its part, Elantech has filed no fewer that twenty
14 (20) documents with the Court. (Yawyer Decl. ¶ 7.)

15   On both February 2, 2008 and February 22, 2008, counsel for Synaptics sent letters to
16 counsel for Elantech demanding Elantech's immediate response to the outstanding discovery
17 requests. (Yawger Decl., Exs. 4, 5.) On March 7, 2008, counsel for Synaptics sent a third letter
18 to Elantech repeating its demand for responses to outstanding discovery and further stating that,
19 unless Elantech provided its responses by March 14, 2008, Synaptics would move to compel
20 Elantech's responses. (Yawger Decl., Ex. 6.) On March 20, 2008, counsel for Synaptics left a
21 voicemail for counsel for Elantech's counsel, requesting again that Elantech counsel at least meet
22 and confer to discuss the outstanding discovery. (Yawger Decl. ¶ 11.) Having received no
23 response to this voicemail or any of its letters, Synaptics now brings this motion to compel.

24   **III. ARGUMENT**

25   "Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to move for
26 an order to compel a complete response to properly submitted interrogatories or requests for
27 production." *Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D. Nev.
28 1996); Fed. R. Civ. P. 37. Synaptics properly served Interrogatories and RFPs on Elantech in

June 2007. Because Elantech has ignored Synaptics' repeated attempts to procure this discovery, Synaptics seeks the aid of the Court to compel Elantech's responses.

### A. Elantech's Discovery Responses Are Long Overdue

Responses to interrogatories and RFPs are due within thirty (30) days of service with an additional three (3) days for service by mail, unless ordered otherwise by the court or by written stipulation of the parties. Fed. R. Civ. P. 33(b)(3), 34(b). Although the parties agreed to stay discovery while the litigation was on hold, that stay was lifted when the parties resumed full litigation in anticipation of the October 5, 2007 hearing on the parties' cross-motions for summary judgment. The parties' litigation indisputably has been fully active since then. Elantech has filed over twenty documents with the Court since October 5, 2007. Even assuming that the clock restarted when the Court heard summary judgment arguments on October 5, 2007, Elantech's discovery responses would have been due November 4, 2007—over four (4) months ago. It has been months since the parties resumed active litigation and Synaptics has sent numerous requests for responses that have all been ignored. Elantech's discovery responses are inexcusably late.

### B. Elantech Has Waived Any Objections To Synaptics' Discovery And Must Produce All Responsive Documents Immediately

Absent good cause, Elantech's failure to timely respond to discovery requests constitutes a waiver of any objections thereto, including waivers based on privilege and work product. Fed. R. Civ. P. 33(b)(4), *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). In the past two months, counsel for Synaptics has contacted Elantech on four separate occasions, via letters and a voicemail, demanding a response to the outstanding discovery. Elantech has ignored all of these communications and has offered no explanation for its failure to respond. Elantech has therefore waived any objections to Synaptics' requests, including objections based on privilege or the work product doctrine. The Court should order Elantech to immediately respond to Synaptics' Interrogatories and RFPs.

## IV.    CONCLUSION

It is now nine months since Synaptics served its discovery requests, and four months since the parties resumed active litigation in this case. Elantech has yet to serve its discovery responses and has no excuse for the delay. Synaptics regrets that it must now seek the Court's intervention. Given that Elantech has not responded to repeated requests to provide the outstanding discovery, Synaptics has no choice but to file this motion. Synaptics respectfully requests that this Court enter an order requiring Elantech to immediately produce its responses to Synaptics' Interrogatories and RFPs, without raising any objections based on privilege or work product.

Dated:   March 26, 2008

KARL J. KRAMER
ERIKA L. YAWGER
MORRISON & FOERSTER LLP


By:   /s/Karl J. Kramer
Karl J. Kramer
Email:  KKramer@mofo.com

Attorneys for Defendant and
Counterclaimant SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 CRB<br><br>**[PROPOSED] ORDER GRANTING SYNAPTICS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>Date:   May 2, 2008<br>Time:   10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge Charles R. Breyer |

1     Defendant Synaptics, Inc. ("Synaptics") has moved this Court for an order compelling Plaintiff Elantech Devices Corporation ("Elantech") to produce documents responsive to Synaptics' Second Set of Requests for Production of Documents ("RFPs"), served on June 6, 2007, and to furnish responses to Synaptics' Second Set of Interrogatories (Nos. 9-17) ("Interrogatories"), served on June 21, 2007. Having duly considered the motion, the supporting papers, and the arguments of counsel at the May 2, 2008 hearing,

    IT IS HEREBY ORDERED that Synaptics' motion to compel is GRANTED.

    Elantech shall produce documents responsive to Synaptics' RFPs and shall answer Synaptics' Interrogatories on or before [_____]. Any objections to these discovery requests have been waived by Elantech's failure to respond in a timely manner.

**IT IS SO ORDERED.**

Dated: _____    _____
                                                                  CHARLES R. BREYER
                                                                  UNITED STATES DISTRICT JUDGE