1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California  94304-1018
   Telephone: 650-813-5600
4  Facsimile: 650-494-0792
   KKramer@mofo.com
5
6  Attorneys for Defendant and Counterclaimant
   SYNAPTICS, INC.
7
8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  ELANTECH DEVICES CORPORATION, a           Case No.    C06-01839 CRB
    corporation existing under the laws of Taiwan,
13  R.O.C.,                                    **DECLARATION OF ERIKA L.
                                               YAWGER IN SUPPORT OF
14              Plaintiff,                      SYNAPTICS, INC.'S MOTION TO
                                               COMPEL RESPONSES TO
15        v.                                   DISCOVERY REQUESTS**

16  SYNAPTICS, INC., a Delaware corporation;   Date:   May 2, 2008
    AVERATEC, INC., a California corporation; and   Time:   10:00 a.m.
17  PROSTAR COMPUTER, INC., a California       Courtroom 8, 19th Floor
    corporation,                               Hon. Charles R. Breyer
18
                Defendants.
19

20  AND RELATED COUNTERCLAIMS

21

22        I, Erika L. Yawger, hereby declare as follows:

23        1.    I am a member of the bar of the State of California, and I am admitted before this

24  Court.  I am an attorney with the law firm of Morrison & Foerster LLP, counsel of record for

25  Synaptics, Inc. ("Synaptics") in the above-captioned action.  I make this declaration in support of

26  Synaptics, Inc.'s Motion to Compel Responses to Discovery Requests.  I have personal

27  knowledge of the facts set forth herein and, if called as a witness, I could competently testify

28  thereto.

1    2.    Attached as Exhibit 1 is a true and correct copy of Synaptics' Second Set of

2    Requests for Production of Documents, which were served on June 6, 2007.

3    3.    Attached as Exhibit 2 is a true and correct copy of Synaptics' Second Set of

4    Interrogatories (Nos. 9-17), which were served on June 21, 2007.

5    4.    Attached as Exhibit 3 is a true and correct copy of Sean DeBruine's July 6, 2007

6    email to Karl Kramer and me discussing the parties' attempts to enter into an agreement to

7    temporarily stay discovery.  The parties ultimately agreed that discovery would be stayed while

8    the parties conducted settlement negotiations and that, if necessary, discovery would resume

9    when the parties recommenced litigation.

10    5.    The parties engaged in settlement discussions during June, August, and

11    September of 2007.  These discussions were by no means continuous and the parties never

12    entered into a settlement agreement.

13    6.    By the beginning of October, litigation between the parties had resumed.  On

14    October 1, 2007, the parties received an order from the Court directing the parties to arrive at the

15    October 5, 2007 summary judgment hearing prepared to answer a number of questions.  (Docket

16    No. 167.)  On October 2, 2007, the parties filed a Joint Motion for Administrative Relief Re:

17    Equipment in the Courtroom.  (Docket No. 168.)

18    7.    Between the Court's October 26, 2007 summary judgment order (Docket No. 172)

19    and my February 2, 2008 letter to Mr. DeBruine, Elantech filed four separate motions including a

20    Motion for Partial Summary Judgment of Infringement (Docket No. 233), a Motion for

21    Preliminary Injunction (Docket No. 184), a Motion to Enlarge Time (Docket No. 227), and a

22    Motion for Leave to Amend Infringement Contentions (Docket No. 239).  In fact, Elantech has

23    filed no fewer than twenty (20) documents with the Court since the Court's October 26, 2007

24    summary judgment order.  Based on these filings and on other interactions between the parties,

25    Synaptics has been operating under the belief that Elantech has been actively litigating this

26    lawsuit since October 2007.

27    8.    Attached as Exhibit 4 is a true and correct copy of my February 2, 2008 letter to

28    Sean DeBruine, demanding Elantech's immediate response to the outstanding discovery requests.

1      9.      Attached as Exhibit 5  is a true and correct copy of my February 22, 2008 letter to

2  Sean  DeBruine, demanding Elantech's immediate response to Synaptics' outstanding discovery

3  requests.

4      10.     Attached as Exhibit 6 is a true and correct copy of my March 7, 2008 letter to

5  Sean DeBruine, repeating Synaptics' demand for responses to outstanding discovery and further

6  stating that, unless Elantech provided its response to the outstanding discovery by March 14,

7  2008, Synaptics would move to compel Elantech's response.

8      11.     In the early afternoon of March 20, 2008 I left a voicemail for Sean DeBruine

9  asking him to call me back to discuss the outstanding discovery issues raised in my three earlier

10  letters.  As of the date of this filing, Mr. DeBruine has not returned my call.

11      I declare under penalty of perjury under the laws of the United States of America that, to

12  the best of my knowledge, the foregoing is true and correct.

13      Executed on March 26, 2008, in Palo Alto, California.

14                  By:  /s/Erika L. Yawger
                            Erika L. Yawger
15                          Email: Eyawer@mofo.com

16

17

18

19

20

21

22

23

24

25

26

27

28

1          I, Karl J. Kramer, am the ECF User whose ID and password are being used to file this

2    DECLARATION OF ERIKA L. YAWGER IN SUPPORT OF SYNAPTICS, INC.'S MOTION

3    TO COMPEL RESPONSES TO DISCOVERY REQUESTS.  In compliance with General Order

4    45, X.B., I hereby attest that Erika L. Yawger has concurred in this filing.

5

6    Dated: March 26, 2008                    MORRISON & FOERSTER LLP

7
                                             By:    /s/Karl J. Kramer
8                                                   _____
                                                    Karl J. Kramer
9                                                   Email: Kkramer@mofo.com

10                                                  Attorneys for Defendant and
                                                    Counterclaimant
11                                                  SYNAPTICS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. LABIT (CA SBN 234919)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California 94304-1018
   Telephone: (650) 813-5600
4  Facsimile: (650) 494-0792
   kkramer@mofo.com
5
   Attorneys for Defendant
6  SYNAPTICS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  ELANTECH DEVICES CORPORATION, a          Case No.   3:06-CV-01839 CRB
    corporation existing under the laws of Taiwan,
13  R.O.C.,                                  **SECOND SET OF REQUESTS
                                             FOR PRODUCTION TO
                         Plaintiff,          PLAINTIFF ELANTECH
14                                           DEVICES CORPORATION**
15         v.

16  SYNAPTICS, INC., a Delaware corporation;
    AVERATEC, INC., a California corporation; and
17  PROSTAR COMPUTER, INC., a California
    corporation,
18                      Defendants.

19  ─────────────────────────────────────
    AND RELATED COUNTERCLAIMS
20

21

22  PROPOUNDING PARTY:      SYNAPTICS, INC.

    RESPONDING PARTY:       ELANTECH DEVICES CORPORATION
23
    SET NUMBER:             TWO
24
    TO ALL ATTORNEYS AND THEIR PARTIES OF RECORD:
25
           Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Synaptics, Inc.
26
    hereby requests that Plaintiff Elantech Devices Corporation produce each and all of the tangible
27
    items described below at the offices of Morrison & Foerster, 755 Page Mill Road, Palo Alto, CA
28

1 94304, thirty (30) days after the service of this demand, and to permit inspection, copying, and

2 photographing thereof on said date.

3 **DEFINITIONS**

4     As used herein, the following terms are intended to have the meanings indicated:

5     A.    "Elantech" or "You" shall mean the plaintiff Elantech Devices Corporation

6 ("Elantech"), its owners, shareholders, directors, officers, employees, agents, and/or (i) any other

7 person acting on its behalf or with its permission, or on whose behalf, or with whose permission

8 its has acted, including employees or business partners; or (ii) any entity subject to its control.

9     B.    "Elantech Touchpad Product" means any product employing a touch sensor that

10 was designed, developed, manufactured, or sold by Elantech Devices Corporation since April 6,

11 2000, including all firmware, drivers, control panels, programming, or other code that participates

12 in the implementation of functions of such a touch sensor including all products identified in

13 Synaptics' Patent Local Rules 3-1, 3-2 Disclosures served on September 1, 2006 as an Accused

14 Instrumentality.

15     C.    "Elantech Customer Product" means any product that incorporates an Elantech

16 Touchpad Product.

17     D.    The term "Document" has the same meaning as pursuant to Rule 34(a) of the

18 Federal Rules of Civil Procedure. This expressly includes all electronic documents and e-mail

19 correspondence.

20 **INSTRUCTIONS**

21     A.    Synaptics requests that Elantech produce the responsive documents as they are

22 kept in the usual course of business, or organize and label them to correspond with the document

23 requests to which they are responsive. If there are no documents responsive to any particular

24 document request, Synaptics requests that Elantech set forth such information in writing.

25     B.    If Elantech withholds from production any of the requested documents on any

26 basis, Synaptics requests that Elantech provide a list identifying each withheld document by

27 specifying:

28

1       1.     the identity of all persons who prepared, signed or received any copy of the

2  document at any time;

3       2.     the identity of all persons designated as addressees;

4       3.     the date of the document;

5       4.     the subject matter of the document;

6       5.     the type of document (memorandum, pamphlet, report, etc.); and

7       6.     the basis for withholding the document.

8       C.     If Elantech comes into possession, custody or control of responsive documents

9  between the time of initial production and the time of trial herein, Synaptics requests that

10  Elantech supplement their earlier production by properly producing such documents.

**DOCUMENT REQUESTS**

12  <u>**REQUEST FOR PRODUCTION NO. 5:**</u>

13       All documents concerning, evidencing, discussing, or referring to Elantech's decision to

14  acquire any touchpad business, technology or intellectual property rights, including rights to U.S.

15  Pat. No. 5,825,352 ("the '352 Patent"), from Logitech, Inc. ("Logitech").

16  <u>**REQUEST FOR PRODUCTION NO. 6:**</u>

17       All documents constituting, concerning, evidencing, discussing, or referring to any

18  agreements or proposed agreements between Elantech and Logitech concerning the acquisition,

19  transfer, or purchase of any touchpad business, technology or intellectual property rights,

20  including rights to the '352 Patent.

21  <u>**REQUEST FOR PRODUCTION NO. 7:**</u>

22       All documents concerning, evidencing, discussing, or referring to prior art reviewed or

23  analyzed by Elantech in connection with the transfer and acquisition of the '352 Patent.

24  <u>**REQUEST FOR PRODUCTION NO. 8:**</u>

25       All documents concerning, evidencing, discussing, or referring to the alleged ownership

26  by you of, or right to enforce, the '352 Patent, including without limitation all documents

27  evidencing the chain of title of the '352 Patent from the inventors to you, including any

28  intermediate transfers.

1  **REQUEST FOR PRODUCTION NO. 9:**

2      All Documents concerning, evidencing, discussing, describing, constituting, or referring

3  to Elantech's communications with third parties including, but not limited to, customers of

4  Synaptics, related to potential infringement of, or offers to license, the '352 Patent.

5  **REQUEST FOR PRODUCTION NO. 10:**

6      All Documents in Elantech's possession, custody, or control that memorialize or reflect

7  notes taken with respect to the communications described in Request No. 9.

8  **REQUEST FOR PRODUCTION NO. 11:**

9      All Documents concerning, evidencing, discussing, describing, constituting, or referring

10  to any investigation of whether Synaptics or any customer of Synaptics infringes or requires a

11  license to U.S. Pat. No. 5,825,352.

12  **REQUEST FOR PRODUCTION NO. 12:**

13      All documents constituting, concerning, evidencing, discussing, or referring to any

14  prosecution files, including without limitation all prosecution histories, concerning the '352

15  Patent, related patents or related applications.

16  **REQUEST FOR PRODUCTION NO. 13:**

17      All documents concerning, evidencing, discussing, or referring to any analysis of products

18  or technology that practice the asserted claims of the '352 Patent.

19  **REQUEST FOR PRODUCTION NO. 14:**

20      All documents concerning, evidencing, discussing, or referring to the first manufacture,

21  public use, or sale of a product covered by any of the claims of the '352 Patent, related patents or

22  related applications.

23  **REQUEST FOR PRODUCTION NO. 15:**

24      All documents concerning, evidencing, discussing, or referring to marking of any article,

25  including without limitation any article made, sold, or offered for sale pursuant to any agreement

26  with you or Logitech, with the '352 Patent or related patents.

27

28

1  **REQUEST FOR PRODUCTION NO. 16 :**

2       All documents concerning, evidencing, discussing, or referring to written opinions,

3  analyses or tests relating to the possible infringement of the '352 Patent or related patents,

4  whether by Elantech, or any other individual or entity.

5  **REQUEST FOR PRODUCTION NO. 17:**

6       All documents supporting, concerning, evidencing, discussing, or referring to Elantech's

7  contentions that Synaptics infringes the '352 Patent.

8  **REQUEST FOR PRODUCTION NO. 18:**

9       All documents concerning, evidencing, discussing, or referring to analysis or evaluation of

10  the '352 Patent, related applications or related patents provided to you or received by you from

11  any third party for any reason, including without limitation to obtain financing or insurance, to

12  solicit customers, or to acquire, purchase, or license the '352 Patent.

13  **REQUEST FOR PRODUCTION NO. 19:**

14       All documents concerning, evidencing, discussing, or referring to or evidencing whether

15  any of the purported inventions disclosed, described or claimed in the '352 Patent, related

16  applications, or related patents has been a commercial success.

17  **REQUEST FOR PRODUCTION NO. 20:**

18       All documents related to how and when Elantech first became aware of any Synaptics

19  product it claims infringes the '352 Patent.

20  **REQUEST FOR PRODUCTION NO. 21:**

21       Documents sufficient to identify, by model name and number, any product or process

22  conceived, designed, developed, engineered, manufactured, sold or licensed by Elantech, or by

23  any other party on behalf of Elantech, that practices any of the claims of the '352 Patent.

24  **REQUEST FOR PRODUCTION NO. 22:**

25       All documents concerning, evidencing, discussing, or referring to whether any product

26  imported, made, used, or sold by Synaptics or on Synaptics's behalf infringes any claim of the

27  '352 Patent.

28

1    **REQUEST FOR PRODUCTION NO. 23:**

2           All documents concerning, evidencing, discussing, or referring to any assertion or claim

3    by anyone relating to the patentability, validity, enforceability, or enforceable scope of any claim

4    of the '352 Patent or related patents.

5    **REQUEST FOR PRODUCTION NO. 24:**

6           All documents concerning any search for prior art, or results thereof, concerning the

7    subject matter disclosed or described, or inventions claimed, in the '352 Patent.

8    **REQUEST FOR PRODUCTION NO. 25:**

9           All documents constituting, concerning, evidencing, discussing, or referring to the

10   conception, design, development, testing, use, or reduction to practice of the invention claimed in

11   the '352 Patent.

12   **REQUEST FOR PRODUCTION NO. 26:**

13          All documents concerning the first use, first public use, first public disclosure, first offer

14   for sale, and/or first sale of any product that practices any alleged invention(s) claimed in the '352

15   Patent.

16   **REQUEST FOR PRODUCTION NO. 27:**

17          All documents concerning, evidencing, discussing, or referring to any actual, implied, or

18   proposed licensing of the '352 Patent, including all documents relating to the actual, implied, or

19   proposed covenant not to sue relating to the '352 Patent.

20   **REQUEST FOR PRODUCTION NO. 28:**

21          All publications and disclosures by or on behalf of Elantech or any of the inventors of the

22   '352 Patent that concern the subject matter(s) disclosed or claimed in the '352 Patent.

23   **REQUEST FOR PRODUCTION NO. 29:**

24          All documents showing evidence of diligence towards reduction to practice of the subject

25   matter claimed in the '352 Patent, from the earliest date of conception of the subject matter to the

26   time of the actual reduction to practice.

27

28

1  **REQUEST FOR PRODUCTION NO. 30:**

2      All documents showing or suggesting non-obviousness of the alleged invention or the

3  subject matter claimed in the '352 Patent, including documents concerning commercial success of

4  products that incorporate any claim(s) of the '352 Patent, documents concerning the long-felt but

5  unresolved needs which were purportedly resolved by the alleged inventions in the '352 Patent,

6  and documents evidencing the failure of others to conceive of or reduce to practice the claimed

7  inventions.

8  **REQUEST FOR PRODUCTION NO. 31:**

9      All documents concerning any legal or administrative proceedings concerning the '352

10  Patent or any of the related patents or applications, including, without limitations, pleadings,

11  deposition transcripts, trial transcripts, and the related exhibits.

12  **REQUEST FOR PRODUCTION NO. 32:**

13      All documents concerning, evidencing, discussing, or referring to any opinion of counsel

14  relating to the '352 Patent, written or oral, obtained by Elantech.

15  **REQUEST FOR PRODUCTION NO. 33:**

16      All documents relied on or considered by any expert or outside consultant or advisor

17  Elantech has retained in connection with the present action.

18  **REQUEST FOR PRODUCTION NO. 34:**

19      Documents sufficient to identify all Elantech Customer Products, all software and

20  hardware components thereof, and/or hardware reference designs therefor, including, but not

21  limited to, product description guides and brochures.

22  **REQUEST FOR PRODUCTION NO. 35:**

23      All articles, speeches, symposiums, conference papers, abstracts, and other publications,

24  whether generated by Elantech or otherwise, related to touchpad technology.

25  **REQUEST FOR PRODUCTION NO. 36:**

26      All documents concerning the design, research, development, and/or testing of "Multi-

27  Finger," "Tapping," "Smart Edges," "Tap and Drag Lock," "Scrolling," and "Corner Tap"

28

1    functions implemented in Elantech Touchpad Products (see, e.g., KTP5 Touchpad User's

2    Manual, and KTP3 Touchpad User's Manual).

3    **REQUEST FOR PRODUCTION NO. 37:**

4        Documents concerning, evidencing, discussing, or referring to the structure, function, or

5    operation of the Elantech Touchpad Product(s), including, but not limited to assembler manuals,

6    related specifications, data sheets, drawings, diagrams, circuits, schematics, notebooks, project

7    reports, workbooks, lab books, notes, code, memoranda, test plans, test results, CAD and

8    simulation files.

9    **REQUEST FOR PRODUCTION NO. 38:**

10        All documents concerning, evidencing, discussing, or referring to any comparisons

11    between the Elantech Product(s) and any other products, devices, or designs, including but not

12    limited to the Synaptics Product(s).

13    **REQUEST FOR PRODUCTION NO. 39:**

14        Documents sufficient to identify all of Elantech's customers for the Elantech Touchpad

15    Product.

16    **REQUEST FOR PRODUCTION NO. 40:**

17        Documents sufficient to identify all former and current licensees of Elantech Touchpad

18    Products.

19    **REQUEST FOR PRODUCTION NO. 41:**

20        All documents related to discussions with any licensee, manufacturer, vendor, or supplier

21    of Elantech Touchpad Products related to the design and development of each product thereof.

22    **REQUEST FOR PRODUCTION NO. 42:**

23        Documents sufficient to identify all manufacturers of Elantech Touchpad Products and/or

24    components thereof.

25    **REQUEST FOR PRODUCTION NO. 43:**

26        All documents concerning, evidencing, discussing, or referring to any Elantech business

27    plan that relates to Elantech Touchpad Products.

28

1  **REQUEST FOR PRODUCTION NO. 44:**

2      All organizational charts or similar documents sufficient to show the organization or

3  corporate structure of Elantech at any time from the date Elantech was formed to the present.

4  **REQUEST FOR PRODUCTION NO. 45:**

5      Documents sufficient to show when Elantech first became aware of the existence each of

6  U.S. Patent No. 5,543,591 (the '591 Patent), U.S. Patent No. 5,880,441 (the '441 Patent), U.S.

7  Patent No. 5,943,052 (the '052 Patent), and U.S. Patent No. 6,380,931 (the '931 Patent)

8  (collectively "the Synaptics Patents").

9  **REQUEST FOR PRODUCTION NO. 46:**

10     All documents concerning, evidencing, discussing, or referring to actions that Elantech

11  took, or considered taking, upon becoming aware of the existence of each of the Synaptics

12  Patents.

13  **REQUEST FOR PRODUCTION NO. 47:**

14     All documents concerning, evidencing, discussing, or referring to any intent on the part of

15  Elantech not to infringe any claim of the Synaptics Patents.

16  **REQUEST FOR PRODUCTION NO. 48:**

17     All documents concerning, evidencing, discussing, or referring to written opinions,

18  analyses, or tests relating to the possible infringement of any of the Synaptics Patents, whether by

19  Elantech or any other individual or entity.

20  **REQUEST FOR PRODUCTION NO. 49:**

21     All documents concerning, evidencing, discussing, or referring to whether any product

22  imported, made, used, sold, and/or offered for sale by Elantech or on Elantech's behalf infringes

23  any claim of any of the Synaptics Patents.

24  **REQUEST FOR PRODUCTION NO. 50:**

25     All documents reviewed by, prepared by, or received by Elantech concerning, evidencing,

26  discussing, or referring to any evaluation, study, or analysis of any of the Synaptics Patents.

27

28

1   **REQUEST FOR PRODUCTION NO. 51:**

2        All documents concerning, evidencing, discussing, referring to, or comprising Elantech's

3   communications to third parties, including but not limited to Synaptics's customers or potential

4   customers, about any of the Synaptics Patents.

5   **REQUEST FOR PRODUCTION NO. 52:**

6        All documents supporting, concerning, evidencing, discussing, or referring to Elantech's

7   contention in paragraph 16 of Elantech's Amended Complaint that Synaptics and other

8   defendants "have actively induced and are actually inducing items to infringe the '352 patent."

9   **REQUEST FOR PRODUCTION NO. 53:**

10        All documents concerning, referring to, analyzing, or supporting Elantech's contention in

11   paragraph 17 of Elantech's Amended Complaint that Synaptics and other defendants "have

12   offered to sell, have sold, and are currently offering for sale and selling to others in the United

13   States components of the invention(s) claimed in the '352 patent," and that these alleged actions

14   constitute "contributory infringement of the '352 patent."

15   **REQUEST FOR PRODUCTION NO. 54:**

16        All documents concerning, referring to, analyzing, or supporting Elantech's contention in

17   its Second Affirmative Defense, as stated in Elantech's Answer and Counterclaims, that

18   "Elantech has not infringed and does not directly, contributorily, or by inducement infringe

19   (either literally or under the doctrine of equivalents) any valid and enforceable claim of any of the

20   '591 patent, the '411 patent, the '052 patent, and the '931 patent."

21   **REQUEST FOR PRODUCTION NO. 55:**

22        All documents concerning Elantech's consideration regarding filing and the decision to

23   file a patent infringement suit against Synaptics.

24   **REQUEST FOR PRODUCTION NO. 56:**

25        All documents which you intend to rely upon or introduce at trial in this action.

26   **REQUEST FOR PRODUCTION NO. 57:**

27        All documents produced in response to any subpoena issued by Elantech in this litigation.

28

1  **REQUEST FOR PRODUCTION NO. 58:**

2      All documents identified, relied upon or referred to in preparing your responses to

3  interrogatories or requests for admissions from Synaptics or referred to in preparing

4  interrogatories or requests for production to Synaptics, in this litigation.

5

6

7  Dated:        June 6, 2007              KARL J. KRAMER
                                          ERIKA L. LABIT
8                                         MORRISON & FOERSTER LLP

9
                                          By:  _____
10                                             Erika  L. Labit
                                               Attorneys for Defendant
11                                             SYNAPTICS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 6, 2007, I served a copy of:

- **SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF ELANTECH DEVICES CORPORATION**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)(2)(a)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Yitai Hu | _____ Fax |
| Sean P. DeBruine | X_____ U.S. Mail |
| Hsin-Yi Cindy Feng | _____ Overnight |
| Akin Gump Strauss Hauer | _____ Personal |
| & Field LLP | X_____ E-Mail |
| 2 Palo Alto Square, Suite 400 | |
| 3000 El Camino Real | |
| Palo Alto, Ca 94306 | |
| Fax: (650) 838-2001 | |
| Email: sdebruine@akingump.com | |
| cfeng@akingump.com | |
| | |
| Karen H. Bromberg | _____ Fax |
| Cohen & Gresser LLP | _____ U.S. Mail |
| 100 Park Avenue, 23rd Floor | _____ Overnight |
| New York, NY 10017 | _____ Personal |
| Fax: (212) 957-4514 | X_____ E-Mail |
| Email: kbromberg@cohengresser.com | |

| | | |
|---|---|---|
| 1 | Scott R. Raber | _____ Fax |
| 2 | Kastner Banchero LLP<br>20 California Street, 7th Floor | _____ U.S. Mail<br>_____ Overnight |
| 3 | San Francisco, CA 94111 | _____ Personal |
| | Email: srr@kastnerbanchero.com | |
| 4 | | X    E-Mail |

5    I declare under penalty of perjury that the foregoing is true and correct. Executed at Palo
Alto, California on June 6, 2007.

6

7

8    _____          _____
          Erika L. Labit
9                (typed)                                    (signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. LABIT (CA SBN 234919)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California  94304-1018
   Telephone: (650) 813-5600
4  Facsimile: (650) 494-0792
   kkramer@mofo.com
5
   Attorneys for Defendant
6  SYNAPTICS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  ELANTECH DEVICES CORPORATION, a           Case No.   3:06-CV-01839 CRB
    corporation existing under the laws of Taiwan,
13  R.O.C.,                                    **SECOND SET OF
                                               INTERROGATORIES TO
14              Plaintiff,                      PLAINTIFF ELANTECH
                                               DEVICES CORPORATION**
15          v.

16  SYNAPTICS, INC., a Delaware corporation;
    AVERATEC, INC., a California corporation; and
17  PROSTAR COMPUTER, INC., a California
    corporation,
18
                Defendants.
19
    AND RELATED COUNTERCLAIMS
20

21  PROPOUNDING PARTY:    SYNAPTICS, INC.

22  RESPONDING PARTY:     ELANTECH DEVICES CORPORATION

23  SET NUMBER:           TWO

24  TO ALL ATTORNEYS AND THEIR PARTIES OF RECORD:

25          Pursuant to Federal Rule of Civil Procedure 33, Synaptics, Inc. hereby requests that

26  Elantech Devices Corp. respond to the following interrogatories, under oath, within thirty (30)

27  days.

28

1    **DEFINITIONS**

2        As used herein, the following terms are intended to have the meanings indicated:

3        A.        "The '352 Patent" means U.S. Patent No. 5,825,352.

4        B.        "Elantech" or "You" shall mean the plaintiff Elantech Devices Corporation

5    ("Elantech"), its owners, shareholders, directors, officers, employees, agents, and/or (i) any other

6    person acting on its behalf or with its permission, or on whose behalf, or with whose permission

7    its has acted, including employees or business partners; or (ii) any entity subject to its control.

8        C.        "Elantech Touchpad Product" means any product employing a touch sensor that

9    was designed, developed, manufactured, or sold by Elantech Devices Corporation since April 6,

10   2000, including all firmware, drivers, control panels, programming, or other code that participates

11   in the implementation of functions of such a touch sensor.

12       D.        "Elantech Touchpad Product Functionality" means the operations of the Elantech

13   Touchpad Product that participate in the implementation of gesture input functions, including, but

14   not limited to "1 Finger (Left Button) Click/Select," "Corner Tap Function," "Double Click,"

15   "Drag," "Smart Edges," "Scrolling," "Multiple Fingers," or "3 Fingers."

16       E.        "Identify" as used with respect to any natural person means that the following

17   information shall be provided:  the person's full name; last known home address; last known

18   business address and telephone number; last known title or occupation and last known employer.

19   "Identify" as used with respect to any legal entity such as a corporation, company, or person other

20   than a natural person, means that the following information shall be provided:  the entity's name;

21   place of incorporation or organization; place of business; and the nature of the business conducted

22   by that legal entity.

23       F.        The singular includes the plural and vice versa.  "Any" or "each" should be

24   understood to include and encompass "all".  The words "and" and "or" shall be construed

25   conjunctively or disjunctively, whichever makes the interrogatory more inclusive.

26   **INSTRUCTIONS**

27       1.        If You object to any portion of an interrogatory, please provide all information

28   responsive to any portion of the interrogatory to which You do not object.

1        2.     If You object to an interrogatory on the ground that it is too broad, please provide

2  all information responsive to any portions of the interrogatory that You concede are relevant or

3  reasonably calculated to lead to the discovery of admissible evidence.

4        3.     If You object to an interrogatory on the ground that the interrogatory constitutes an

5  undue burden, please provide all information that can be provided without causing what in YOUR

6  opinion would be an undue burden.

7        4.     If You are unaware of information responsive to an interrogatory and cannot

8  obtain that information through the exercise of reasonable diligence, but are aware of other

9  sources from which that information can be obtained, please identify all such sources.

10        5.     These interrogatories shall be deemed to be continuing within the meaning of

11  Federal Rule of Civil Procedure 26(e)(2) with respect to any additional information which

12  becomes known to You or Your counsel up to and including the time of trial.  Once You acquire

13  such additional information, You shall expand, diminish, or otherwise modify the answers to the

14  instant interrogatories within a reasonable time after the acquisition of such information.

15      It is requested that each numbered interrogatory be answered by repeating each numbered

16  interrogatory in its entirety and following each said interrogatory with corresponding answers.

17                                 **INTERROGATORIES**

18  **INTERROGATORY NO. 9:**

19      State each and every fact that supports Elantech's contention in its Second Affirmative

20  Defense, as stated in Plaintiff Elantech's Answer and Counterclaims to Defendant Synaptics's

21  Counterclaims to Plaintiff's Amended Complaint and Demand for Jury Trial, filed July 31, 2006

22  ("Elantech's Answer and Counterclaims"), that "Elantech has not infringed and does not directly,

23  contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any

24  valid and enforceable claim of any of the '591 patent, the '411 patent, the '052 patent, and the

25  '931 patent."

26  **INTERROGATORY NO. 10:**

27      Identify the two employees of Elantech who have most knowledge concerning the

28  implementation of the "Multiple Fingers," "Tapping," "Double Tapping," "Smart Edge," "Drag

1  Lock," "One Finger Scrolling," "Two Finger Scrolling," and "Corner Tap" functions of

2  Elantech's Touchpad Products.

3  **INTERROGATORY NO. 11:**

4        State all facts and circumstances supporting any asserted date of priority for any claim of

5  the '352 Patent before January 4, 1996.

6  **INTERROGATORY NO. 12:**

7        Excepting all products and devices accused of infringement in this litigation, identify all

8  products and devices that practice or did practice any asserted claim of the '352 Patent.

9  **INTERROGATORY NO. 13:**

10        Describe in detail all facts that Elantech contends constitute or evince any secondary

11  considerations of non-obviousness with respect to any invention claimed by '352 Patent.

12  **INTERROGATORY NO. 14:**

13        Identify any attorney or any other person or persons who provided advice or an opinion

14  regarding any of the Synaptics Patents.

15  **INTERROGATORY NO. 15:**

16        Describe with specificity any communications, meetings, business trips, negotiations,

17  discussions, or agreements Elantech has had to or with any United States company concerning the

18  '352 Patent, including the date of such communication, the persons involved, the nature and

19  subject matter of the communication, and any outcome or action resulting from the

20  communication.

21  **INTERROGATORY NO. 16:**

22        Describe with specificity the facts relating to any communications, meetings, negotiations,

23  discussions, or agreements Elantech has had with any United States company, including

24  specifically any such contact with any United States company concerning Elantech's Touchpad

25  Products, the Synaptics Patents, or Synaptics.

26

27

28

1    **INTERROGATORY NO. 17:**

2         Describe with specificity in detail the role of each of the persons identified by Elantech in

3    response to Synaptics' Interrogatory No. 7 in contributing to the design or development of the

4    Elantech Touchpad Product Functionality.

5

6    Dated: June 21, 2007                                    KARL J. KRAMER
                                                             ERIKA L. LABIT
7                                                            MORRISON & FOERSTER LLP

8                                                    By: _____

9                                                            Karl J. Kramer
                                                             Attorneys for Defendant
10                                                           SYNAPTICS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 21, 2007, I served a copy of:

- **SECOND SET OF INTERROGATORIES TO PLAINTIFF ELANTECH DEVICES CORPORATION**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)(2)(a)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Yitai Hu
Sean P. DeBruine
Hsin-Yi Cindy Feng
Akin Gump Strauss Hauer & Field LLP
2 Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, Ca 94306
Fax: (650) 838-2001
Email: sdebruine@akingump.com
cfeng@akingump.com

_____ Fax
___X___ U.S. Mail
_____ Overnight
_____ Personal
___X___ E-Mail

Karen H. Bromberg
Cohen & Gresser LLP
100 Park Avenue, 23rd Floor
New York, NY 10017

Fax: (212) 957-4514
Email: kbromberg@cohengresser.com

_____ Fax
___X___ U.S. Mail
_____ Overnight
_____ Personal
___X___ E-Mail

I declare under penalty of perjury that the foregoing is true and correct. Executed at Palo Alto, California on June 21, 2007.

_____
Frances Sagapolu
(typed)

_____
(signature)

# EXHIBIT 3

# Yawger, Erika L.

**From:** DeBruine, Sean [sdebruine@akingump.com]
**Sent:** Friday, July 06, 2007 2:11 PM
**To:** Kramer, Karl J.; Labit, Erika L.

Karl,

This will confirm our conversation on Tuesday.  We agreed that, in light of the standstill proposal currently under discussion by the parties, any current deadlines in the case would be extended as necessary.  Because we were not able to resolve the standstill issue this week, Elantech will not be serving its responses to Synaptics' Second Set of Requests for Production today.  Rather, when you are back in the office next week, let's discuss the status of the standstill agreement and, if necessary, set a new dates for Elantech to respond to Synaptics' outstanding discovery requests.

Thank you for your consideration.  I look forward to speaking with you next week.

Sean P. DeBruine
AKIN GUMP STRAUSS HAUER & FELD LLP
2 Palo Alto Square, Suite 400, Palo Alto, CA  94306
650.838.2121 phone
650.838.2001 fax
sdebruine@akingump.com

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

# EXHIBIT 4

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

February 2, 2008

Writer's Direct Contact
650.813.4218
EYawger@mofo.com

Via E-mail

Sean P. DeBruine
Akin Gump Strauss Hauer & Feld LLP
3000 El Camino Real, Suite 400
Palo Alto, CA 94306-2112

Re:    Elantech Devices Corp. v. Synaptics, Inc.

Dear Sean:

Synaptics served its Second Set of Requests for Production on June 6, 2007 and its Second Set of Interrogatories on June 21, 2007. Responses to these discovery obligations are now long overdue. Please immediately provide the requested documents and interrogatory answers.

Best regards,

Erika L. Yawger

# EXHIBIT 5

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

February 22, 2008

Writer's Direct Contact

650.813.4218
EYawger@mofo.com

Via E-mail

Sean P. DeBruine
Akin Gump Strauss Hauer & Feld LLP
3000 El Camino Real, Suite 400
Palo Alto, CA 94306-2112

Re:    Elantech Devices Corp. v. Synaptics, Inc.

Dear Sean:

I never received a response to my February 2, 2008 letter concerning Elantech's continued failure to respond to Synaptics' Second Set of Requests for Production served on June 6, 2007, and its Second Set of Interrogatories served on June 21, 2007. Responses to these discovery obligations are long overdue. Please respond immediately and provide the requested documents and interrogatory answers.

Best regards,

Erika L. Yawger

pa-1225492

# EXHIBIT 6

**MORRISON** | **FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 7, 2008

Writer's Direct Contact
650.813.4218
EYawger@mofo.com

Via E-mail

Sean P. DeBruine
Akin Gump Strauss Hauer & Feld LLP
3000 El Camino Real, Suite 400
Palo Alto, CA 94306-2112

Re:    Elantech Devices Corp. v. Synaptics, Inc.

Dear Sean:

I have received no response to my February 2, 2008 or February 22, 2008 letters concerning Elantech's continued failure to respond to Synaptics' Second Set of Requests for Production served on June 6, 2007, and its Second Set of Interrogatories served on June 21, 2007. Responses to these discovery obligations are now nine months overdue. If we do not receive full responses to our outstanding discovery requests by Friday, March 14, 2008, we will move to compel.

Best regards,

Erika L. Yawger

pa-1225492