1    KARL J. KRAMER (CA SBN 136433)
     ERIKA L. YAWGER (CA SBN 234919)
2    MORRISON & FOERSTER LLP
     755 Page Mill Road
3    Palo Alto, California 94304-1018
     Telephone: 650-813-5600
4    Facsimile: 650-494-0792
     KKramer@mofo.com
5

6    Attorneys for Defendant and Counterclaimant
     SYNAPTICS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   ELANTECH DEVICES CORPORATION, a        Case No.    C06-01839 CRB
     corporation existing under the laws of Taiwan,
13   R.O.C.,                                 SYNAPTICS, INC.'S NOTICE OF
                                             MOTION AND MOTION FOR
14              Plaintiff,                   PRELIMINARY INJUNCTION

15        v.                                 Date:    June 13, 2008
                                             Time:    10:00 a.m.
16   SYNAPTICS, INC., a Delaware corporation;   Dept:    Courtroom 8, 19th Floor
     AVERATEC, INC., a California corporation; and   Hon.    Charles R. Breyer
17   PROSTAR COMPUTER, INC., a California
     corporation,
18
                Defendants.
19

20   AND RELATED COUNTERCLAIMS

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

Page

3    I.    FACTS & PROCEDURAL BACKGROUND.................................................................. 2

4    II.    ARGUMENT ............................................................................................................ 4

5          A.    As A Matter Of Fairness And Consistency, The Court Should Grant
                Synaptics' Motion For Preliminary Injunction ........................................................ 4

6
                1.    The Standard Applied to Elantech's Earlier Preliminary Injunction
7                     Motion is the Law of the Case ....................................................................... 4

8          B.    Synaptics Is Entitled To A Preliminary Injunction ................................................. 6

9                1.    Synaptics Has More Than a Reasonable Likelihood of Success on
                      the Merits On Proving Direct and Indirect Infringement of All
10                    Seven Claims Of The Four Patents ................................................................ 6

11               2.    Synaptics Has More Than a Reasonable Likelihood of Success of
                      Disproving Invalidity on All Seven Claims Of The Four Patents at
12                    Issue ............................................................................................................... 8

13                     a.    '591 Patent .......................................................................................... 8

14                     b.    '052 Patent ........................................................................................ 10

15                     c.    '931 Patent ........................................................................................ 11

16                     d.    '411 Patent ........................................................................................ 11

17               3.    Synaptics Will Suffer Irreparable Harm ...................................................... 12

18               4.    The Balance of Hardships Tips in Synaptics' Favor .................................... 13

19               5.    Public Interest Weighs in Favor of an Injunction ........................................ 14

20    III.    CONCLUSION ...................................................................................................... 14

21

22

23

24

25

26

27

28

1                          **TABLE OF AUTHORITIES**

2                                   **CASES**

3   *Abbott Labs. v. Andrx Pharms, Inc.*,
        452 F.3d 1331 (Fed. Cir. 2006) ................................................................................ 6
4
    *Al-Site Corp. v. Cable Car Sunglasses*,
5       911 F. Supp 410 (N.D. Cal. 1994)........................................................................... 14

6   *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
        725 F.2d 1350 (Fed. Cir. 1984) ................................................................................ 9
7
    *Canon Computer Sys., Inc. v. Nu-Kote Int'l*,
8       134 F.3d 1085 (Fed. Cir. 1998) ......................................................................... 8, 13

9   *Gillette Co. v. Energizer Holdings, Inc.*,
        405 F.3d 1367 (Fed. Cir. 2005) ................................................................................ 6
10
    *H.H. Robertson Co. v. United Steel Deck, Inc.*,
11      820 F.2d 384, 390 (Fed. Cir. 1987) .................................................................... 8, 14

12  *Hybritech Inc. v. Abbott Labs.*,
        849 F.2d 1446 (Fed. Cir. 1988) ........................................................................ 13, 14
13
    *In re Robertson*,
14      169 F.3d 743 (Fed. Cir. 1999) .................................................................................. 9

15  *Liberty Mut. Ins. Co. v. E.E.O.C.*,
        691 F.2d 438 (9th Cir. 1982)................................................................................. 4, 5
16
    *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
17      420 F.3d 1369 (Fed. Cir. 2005)................................................................................. 7

18  *Markman v. Westview Instruments, Inc.*,
        52 F.3d 967 (Fed. Cir. 1995) .................................................................................... 5
19
    *McGinley v. Franklin Sports, Inc.*,
20      262 F.3d 1339 (Fed. Cir. 2001) .................................................................... 9, 10, 12

21  *Oakley, Inc. v. Sunglass Hut Int'l*,
        316 F.3d 1331 (Fed. Cir. 2003) .............................................................................. 14
22
    *Reebok Int'l Ltd. v. J. Baker, Inc.*,
23      32 F.3d 1552 (Fed. Cir. 1994) .................................................................................. 5

24  *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*,
        237 F.3d 1359 (Fed. Cir. 2001) ................................................................................ 8
25
    *Sick A.G. v. Omron Scientific Techs., Inc.*,
26      No. C 06-2028 CW, 2007 WL 1223675 (N.D. Cal. Apr. 24, 2007) ............... 9, 11, 12

27  *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
        279 F.3d 1357 (Fed. Cir. 2002) ......................................................................... 6, 13
28

*Thomas v. Bible*,
  983 F.2d 152 (9th Cir. 1993) ................................................................. 5

*U. S. Surgical Corp. v. Origin Medsystems, Inc.*,
  No. C-92-1892-VRW ENE, No. 1993 U.S. Dist. LEXIS 17180 (N.D. Cal. Jan. 12,
  1993) ....................................................................................................... 14

*Wang Labs. v. The Chip Merchant Inc.*,
  28 U.S.P.Q.2d 1677 (S.D. Cal. 1993) ................................................... 13

*Water Techs. Corp v. Calco, Ltd.*,
  850 F.2d 660 (Fed. Cir. 1988) ................................................................ 7

**STATUTES**

35 U.S.C. § 271(b) ......................................................................................... 7

35 U.S.C. § 283 ................................................................................................ 1

35 U.S.C. § 282 ................................................................................................ 8

**RULES**

Federal Rule of Civil Procedure 65 ................................................................. 1

Patent Local Rule 3-3 ....................................................................................... 8

1

## NOTICE OF MOTION AND MOTION

2

TO ELANTECH DEVICES CORP. AND ITS ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE THAT on June 13, 2008 at 10:00 a.m. or as soon thereafter as

4   the matter may be heard, in Courtroom 8 of this Court, located at 450 Golden Gate Avenue, 19th

5   Floor, San Francisco, California, Synaptics, Inc. ("Synaptics") will and hereby does move this

6   Court, pursuant to Federal Rule of Civil Procedure 65 and 35 U.S.C. § 283, for entry of a

7   preliminary injunction pending final resolution of this action, enjoining Elantech Devices Corp.

8   ("Elantech"), its officers, directors, employees, agents, servants, successors, and assigns, and any

9   and all persons and entities acting in privity or concert with them, from further infringement

10   and/or inducement of infringement of U.S. Patent Nos. 6,380,931 ("'931 Patent"), 5,543,591

11   ("'591 Patent"), 5,943,052 ("'052 Patent"), and 5,880,411 ("'411 Patent") (collectively "the

12   Synaptics Patents"), by importing, making, using, selling, or offering to sell its touchpad products

13   with "corner tap," drag", "scroll zone", or "edge motion" gesture features.

14       As its basis for this motion, and as more fully set forth in the following Memorandum of

15   Points and Authorities, Synaptics states that the Court has determined that Elantech's touchpads

16   satisfy each and every claim limitation of claim 9 of Synaptics' '591 Patent (covering the drag

17   feature), claims 5 and 6 of Synaptics' '931 Patent (covering the corner tap feature), claims 14 and

18   18 of Synaptics' '052 Patent (covering the scroll zone feature), and claims 46 and 52 of

19   Synaptics' '411 Patent (covering the edge motion feature).  Indeed, the Court granted partial

20   summary judgment that use of these features on Elantech's touchpads infringe these asserted

21   claims of Synaptics' patents.  Synaptics is being irreparably harmed by Elantech's continuing acts

22   of infringement and therefore a preliminary injunction is justified.

23       This motion is based upon (1) this Notice of Motion and Memorandum of Points and

24   Authorities, (2) the briefing and declarations submitted in support and opposition to Synaptics'

25   January 11, 2008 Motion for Partial Summary Judgment that Use of Elantech's Touchpads

26   Infringes the Tapping Claims of U.S. Patent Nos. 6,380,931 and 5,543,591, (3) the briefing and

27   declarations submitted in support and opposition to Synaptics' January 11, 2008 Motion for

28   Partial Summary Judgment that Use of Elantech's Touchpads Infringes the Zone Claims of U.S.

1    Patent Nos. 6,380,931; 5,943,052; and 5,880,411, (4) the briefing and declarations submitted in

2    support and opposition to Elantech's December 14, 2007 Motion for Preliminary Injunction, (5)

3    the Court's April 16, 2008 Memorandum and Order Re: Synaptics's Partial Summary Judgment

4    Motions, and (6) all of the other papers and pleadings on file in this matter and on other such

5    argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

6                    **MEMORANDUM OF POINTS AND AUTHORITIES**

7        **I.        FACTS & PROCEDURAL BACKGROUND**

8            On March 10, 2006, Elantech sued Synaptics for patent infringement, and on April 4,

9    2006, Synaptics counterclaimed for infringement of four of its patents – U.S. Patent Nos.

10    5,880,411 ("the '411 patent"), 5,943,052 ("the '052 patent"), 5,543,591 ("the '591 patent"), and

11    6,380,931 ("the '931 patent"), (collectively, "the Synaptics Patents").  On March 13, 2008, the

12    Court granted Elantech's motions for partial summary judgment of infringement and for a

13    preliminary injunction.  (Order Granting Elantech's Motions for Preliminary Injunction and

14    Partial Summary Judgment ("March 13 Order") at 16.)  In its Order, the Court held that

15    "[b]ecause [it] grant[ed] Elantech's motion for partial summary judgment of infringement…,

16    Elantech ha[d] sufficiently shown a likelihood of success for its preliminary injunction motion."

17    (*Id.* at 12.)

18            One month after granting Elantech's motions and ordering Synaptics preliminarily

19    enjoined, the Court granted the motions of Synaptics, Inc. ("Synaptics") for partial summary

20    judgment, holding that use of the drag, corner tap, edge motion and/or scroll zone features of

21    Elantech's accused touchpads infringes the asserted claims of the Synaptics Patents.

22    (Memorandum and Order Re: Synaptics's Partial Summary Judgment Motions ("April 16 Order")

23    at 20.)  Indeed, the Court found that use of Elantech's touchpads satisfies each and every

24    limitation of the asserted claims for these gestures. (*Id.* at 11, 20.)

25            Unlike Synaptics, which was established in the early 1990's, Elantech is a late-comer to

26    the touchpad technology business.  Elantech has competed in the marketplace by offering for sale

27    products with Synaptics' patented features and underbidding Synaptics in the market.  Elantech's

28    touchpads, which perform Synaptics' patented gesture features, are currently used, offered for

SYNAPTICS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION
CASE NO. C06-01839-CRB
pa-1251820

2

1   sale, and sold in the United States in various notebook computers.  (*See* Docket No. 236,

2   Declaration of Andrew Wolfe Ph.D. in Support of Synaptics, Inc.'s Motions for Summary

3   Judgment ("Wolfe SJ Decl."), 3:3-5, 3:14-15, 26:12-14, 31:22-26); Declaration of Karl J. Kramer

4   in Support of Synaptics' Motion for Preliminary Injunction ("Kramer Decl."), ¶ 4; Declaration of

5   Kenneth Geisler in Support of Synaptics' Motion for Preliminary Injunction ("Geisler Decl."), ¶

6   3.)  As recently as January 2008, Elantech participated in the Consumer Electronics Show in Las

7   Vegas, Nevada and was even filmed demonstrating its infringing touchpad technology at the

8   show.  (Declaration of Naimh Conlon in Support of Synaptics' Motion for Preliminary Injunction

9   ("Conlon Decl."), ¶¶ 2-7.)  Indeed, as shown below graphically, Elantech prominently features

10  the "drag," "scrolling," "corner tap," and "edge motion" features in its current product advertising

11  and instructions (Kramer Decl., Ex. 2.), essentially building its product marketing position on the

12  back of Synaptics' intellectual property.

1    Synaptics is entitled to a preliminary injunction against Elantech's infringing activities.  In

2    an effort to conserve judicial resources, Synaptics requested that Elantech stipulate to an

3    injunction.  (Kramer Decl., ¶ 2.)  Elantech refused.  (*Id*.)  Therefore, Synaptics respectfully

4    requests that Elantech be preliminarily enjoined from all infringing activities pending final

5    resolution of this action.

6    **II.    ARGUMENT**

7        **A.    As A Matter Of Fairness And Consistency, The Court Should Grant
              Synaptics' Motion For A Preliminary Injunction**

8

9        The Court is now presented with facts and a procedural posture that are more compelling

10    than those considered in conjunction with Elantech's recent motion for a preliminary injunction.

11    In both instances, the Court was asked to decide whether a preliminary injunction should issue in

12    light of a partial summary judgment ruling that the accused touchpad products infringe the claims

13    of the asserted patents.  By contrast to Elantech's infringement allegations, which were based on

14    one claim of one patent involving one unused feature, Elantech is infringing at least seven claims

15    of four different patents and appropriating wholesale a wide range of Synaptics' patented

16    touchpad gestures.  As a matter of both fairness and consistency, the Court should apply the same

17    preliminary injunction standard in ruling on Synaptics' present Motion.  The only remaining

18    question to be decided is whether the facts and conclusions of law, in light of the preliminary

19    injunction standard the Court has already adopted, weigh in favor of granting a preliminary

20    injunction.

21            **1.    The Standard Applied to Elantech's Earlier Preliminary
                   Injunction Motion is the Law of the Case**

22        The Court's decision to grant Elantech's preliminary injunction motion, and the standard

23    it applied to the facts presented in that motion, are the "law of the case." *Liberty Mut. Ins. Co. v.*

24    *E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982).  The facts presented in both motions for a

25    preliminary injunction are largely the same – the Court has now granted summary judgment of

26    infringement, the parties have engaged repeatedly in unfruitful efforts to settle the litigation, there

27    is recent evidence that Elantech is currently and actively engaging in infringing activities, and

28

1    Synaptics now moves for a preliminary injunction within a few weeks of the Court's order

2    granting summary judgment.

3        Under the "law of the case" doctrine, "a court is generally precluded from reconsidering

4    an issue that has already been decided by the same court, or a higher court in the identical case."

5    *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).  The doctrine applies where the issue in

6    question was "decided explicitly or by necessary implication in the previous disposition."  *Liberty*

7    *Mut. Ins. Co.*, 691 F.2d at 441.  Unless and until a contrary ruling comes down from the Federal

8    Circuit, the Court's preliminary injunction standard is the law of the case and should be applied

9    here.

10        In its March 13 Order, the Court set forth the standard it applied in ruling on Elantech's

11    motion for preliminary injunction.  Although the statements of law the Court relied upon in ruling

12    on Elantech's motion are too numerous to list here, some examples include the following:

13        1.  The first two factors in the balancing test – likelihood of success and irreparable harm

14    – are the most important.  (March 13 Order at 8.)

15        2.  Partial summary judgment of infringement establishes a sufficient likelihood of success

16    for a preliminary injunction.  (*Id.* at 12.)

17        3.  Irreparable harm is presumed where there has been "a strong likelihood of success on

18    the merits coupled with continuing infringement…."  (*Id.* (quoting *Reebok Int'l Ltd. v. J. Baker,*

19    *Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994).)

20        4.  Because the primary value of a patent grant is the statutory right to exclude, money

21    damages are not always sufficient to make the patentee whole.  (*Id.* at 13 (citing *H.H. Robertson*

22    *Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir. 1987)), overruled on other grounds by

23    *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995).)

24        The Court applied these and other rules of law to conclude that a preliminary injunction

25    should issue.  In the interest of consistency and fairness, Synaptics simply requests that the Court

26    apply exactly the same standard that was applied when granting Elantech's motion for a

27    preliminary injunction.  Therefore, the Court should grant Synaptics' motion for a preliminary

28

1    injunction by applying the same standard that was used when granting Elantech's preliminary

2    injunction motion.

3                **B.       Synaptics Is Entitled To A Preliminary Injunction**

4        Synaptics' position is the same as, if not better than, Elantech's was when Elantech sought

5    its preliminary injunction.  Specifically, the Court has now granted partial summary judgment of

6    infringement after concluding that Elantech's accused touchpad products meet all of the claim

7    limitations of the asserted Synaptics Patents.  (April 16 Order at 20.)

8        Under the four-factor test adopted by the Court in its March 13 Order, a preliminary

9    injunction should issue where the movant shows a likelihood of success on the merits, that it will

10   suffer irreparable harm, that the balance of hardships favors the movant, and that the public

11   interest is best served by granting injunctive relief.  *Abbott Labs. v. Andrx Pharms, Inc.*, 452 F.3d

12   1331, 1333 (Fed. Cir. 2006); (March 13 Order at 8.)  "Individually, no factor is dispositive; the

13   district court must weigh the factors against each other and against the form and magnitude of

14   requested relief."  *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357,

15   1365 (Fed. Cir. 2002).  The first two factors, however, are the most important.  (March 13 Order

16   at 8.)

17       In its March 13 Order, the Court balanced the four factors and concluded Elantech's

18   requested preliminary injunction was appropriate.  Because, on balance, Synaptics' interest in a

19   preliminary injunction is at least as strong as was Elantech's, Synaptics' motion for a preliminary

20   injunction should be granted.

21           **1.       Synaptics Has More Than a Reasonable Likelihood of Success
                         on the Merits On Proving Direct and Indirect Infringement of**
22           **All Seven Claims Of The Four Patents**

23       A patent litigant seeking a preliminary injunction has a reasonable likelihood of success

24   on the merits if, in light of the burdens and presumptions that will inhere at trial, the accused

25   products likely infringe on the patent, and the claims of the patent will likely withstand any

26   challenges to validity.  *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir.

27   2005).

28

1    Here, the Court has already determined that Elantech's accused products meet all of the

2    claim limitations of the drag, corner tap, edge motion, and scrolling features of Synaptics'

3    patents. (*See* April 16 Order at 20.)  Moreover, the evidence shows that Elantech's touchpads

4    have been used and offered for sale in notebook products in the United States prior to and during

5    this litigation.  (Kramer Decl., ¶ 4, Exs. 3-9.)  Synaptics has also submitted evidence that it

6    purchased and tested Elantech touchpad products with functional drag, corner tap, edge motion,

7    and scroll zone gesture features.  (Wolfe SJ Decl., 3:3-5, 3:14-15, 26:12-14, 31:22-26; Geisler

8    Decl., ¶¶ 3-4.)  Therefore, Synaptics has a strong likelihood of success on the merits.  (*See*

9    March 13 Order at 12 ("Because the Court grants Elantech's motion for partial summary

10   judgment of infringement…Elantech has sufficiently shown a likelihood of success for its

11   preliminary injunction motion.").)

12   Moreover, to establish inducement to infringe, Synaptics need only show that Elantech

13   knew of the patents at issue, knew that it is inducing others to infringe the claims of those patents

14   and that there is evidence of infringement by someone who is making, using, selling, offering for

15   sale, or importing devices with the infringing touchpads in them.  *MEMC Elec. Materials, Inc. v.*

16   *Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005); *see also* 35 U.S.C. §

17   271(b) ("[w]hoever actively induces infringement of a patent shall be liable as an infringer.");

18   *Water Techs. Corp v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is

19   necessary, direct evidence is not required; rather, circumstantial evidence may suffice.")

20   (damages award vacated and remanded on other grounds).  Here, Elantech has known since

21   before this suit that it was infringing and inducing infringement of Synaptics' patents.  Elantech

22   (a) never produced any exculpatory opinion of counsel, (b) never provided any substantive

23   rebuttal to Synaptics charges of infringement prior to suit, (c) never even opposed Synaptics'

24   motion for summary judgment as to 4 claims, two each from the '931 and '052 Patents, and

25   opposed without merit the summary judgment motion as to three other claims at issue in this

26   motion.  In fact, the only response Elantech made to Synaptics' infringement allegations prior to

27   filing this lawsuit was to deny infringement based on arguments it quickly conceded during

28   litigation.  (Declaration of Shawn Day in Support of Synaptics' Motion for Preliminary Injunction

1    ("Day Decl."), ¶¶ 3-4, Exs. A-B.)  Elantech was, and in light of the Court's summary judgment

2    order, is now, knowingly inducing others to infringe Synaptics' patent claims.

3                      **2.**      **Synaptics Has More Than a Reasonable Likelihood of Success**
                                **of Disproving Invalidity on All Seven Claims Of The Four**
4                               **Patents at Issue**

5           There is also a strong likelihood that Synaptics' patents will withstand any validity

6    challenges.  Under 35 U.S.C. § 282, every patent is entitled to a presumption of validity.  *H.H.*

7    *Robertson,* 820 F.2d at 388 ("[T]he burden is always on the movant to demonstrate entitlement to

8    preliminary relief.  Such entitlement, however, is determined in the context of the presumptions

9    and burdens that would inhere at trial on the merits.").  The presumption of validity is sufficient,

10   by itself, to show a likelihood of success on the merits on the validity issue if Elantech fails to

11   identify any "persuasive evidence" of invalidity.  *Canon Computer Sys., Inc. v. Nu-Kote Int'l*,

12   134 F.3d 1085, 1088 (Fed. Cir. 1998) ("[W]here the challenger fails to identify any persuasive

13   evidence of invalidity, the very existence of the patent satisfies the patentee's burden on the

14   validity issue."); *accord Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359,

15   1365 (Fed. Cir. 2001).  To defeat a preliminary injunction, Elantech would have to raise

16   substantial questions of validity as to <u>all</u> of Synaptics' asserted patent claims.  If Elantech fails to

17   raise a substantial question of validity as to <u>even one</u> of the asserted patent claims, the preliminary

18   injunction should be granted.

19          The references cited in Elantech's Patent Local Rule 3-3 Disclosures do not raise

20   substantial questions of validity as to <u>any</u> of the asserted claims of the Synaptics Patents.

21                              **a.      '591 Patent**

22          Elantech has not raised a substantial question of validity concerning claim 9 of the '591

23   patent.  Neither of the two references that Elantech cites actually constitute prior art because both

24   were published after January 7, 1994, the date at least by which Synaptics can prove conception

25   and reduction to practice of its inventive "drag" gesture.  (Declaration of David Gillespie in

26   Support of Synaptics' Motion for Preliminary Injunction ("Gillespie Decl."), ¶ 6; Elantech

27   Devices Corp.'s Amended Preliminary Infringement Contentions ("Amended Infringement

28   Contentions") at 3-4.).

1    Furthermore, the two references cited by Elantech do not substantively raise a substantial

2    question of validity.  The Fitzgerald reference cited by Elantech, which describes a "GlidePoint

3    finger mouse," was considered by the examiner during prosecution and is actually discussed in

4    the text of the '591 patent itself.  (Wolfe Decl., Ex. 3; U.S. Pat. No. 5,543,591, 4:23-36 (filed Oct.

5    7, 1994).  Because of the "basic proposition that a government agency such as the … Patent

6    Office [is] presumed to do its job," *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d

7    1350, 1359 (Fed. Cir. 1984), an additional burden attaches where, as here, the attacker alleges a

8    claim is invalid based on the very same references that were before the examiner when the claim

9    was allowed.  *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1353 (Fed. Cir. 2001).

10   Furthermore, Elantech's invalidity contentions assert that the claim limitations are "inherent" in

11   the cited Fitzgerald reference without supporting such contentions with any actual evidence.

12   Conclusory "inherency" arguments are insufficient to raise a substantial question of validity.  *See*

13   *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) ("Inherency… may not be established by

14   probabilities or possibilities. The mere fact that a certain thing may result from a given set of

15   circumstances is not sufficient.") (citations omitted).

16       Equally irrelevant, the Humphry article, the second and only other reference cited by

17   Elantech, simply does not teach the specific "tap-and-a-half" drag gesture, with specific timing

18   comparisons and signaling, as claimed in the '591 patent.  (Wolfe Decl., ¶ 16.)  Elantech's one-

19   page "invalidity" chart for the Humphrey article simply repeats that a "drag" type gesture can be

20   implemented holding down one finger for a second or two or by putting down two fingers or by

21   tapping two full times.  None of these characterizations even matches up with the claim

22   limitations of claim 9 of the '591 Patent, and in fact teach away from the invention claimed in the

23   '591 Patent.  (Wolfe Decl., ¶¶ 16-17.)

24       Finally, Elantech's conclusory assertion that there was a motivation to combine the prior

25   art references is insufficient to raise a substantial question of validity.  (Wolfe Decl., ¶ 17.)

26   Under Patent Local Rule 3-3(b), parties are required to "explicitly identify each combination of

27   prior art that allegedly renders a claim obvious and the motivation for combining the items." *Sick*

28

1    *A.G. v. Omron Scientific Techs., Inc.*, No. C 06-2028 CW, 2007 WL 1223675 at *2 (N.D. Cal.

2    Apr. 24, 2007).  Thus, there is no substantial question of validity as to claim 9 of the '591 patent.

3                                  **b.    '052 Patent**

4           Although Elantech cites 20 references, none of these references raise a substantial

5    question of validity concerning claims 14 and 18 of the '052 patent.  (Wolfe Decl., ¶ 18.)

6           Many of the cited "prior art" references are not actually prior art to Synaptics' '052 patent.

7    During prosecution, Synaptics established an earlier invention date at least as early as June 1996.

8    (Wolfe Decl., Ex. 6, '052 Prosecution History, SYN 00004316-49.)  Hence, the "VersaPad"

9    device, Logitech firmware, Martinelli Patent, and Stephan Patent, which are all dated after

10   Synaptics' priority date, are not actually prior art and cannot raise a substantial question of

11   validity.  (Wolfe Decl., ¶ 20.)

12          The references to Synaptics' Driver 4.1 Beta 1 and brochure concerning "Speed Scrolling"

13   were both disclosed to the patent office during prosecution and considered by the examiner.

14   (Wolfe Decl., Ex. 6, '052 Prosecution History, SYN 00004316-4340, 00004345-4349.)  These

15   references do not raise a substantial question of validity.  *McGinley*, 262 F.3d at 1353 (validity

16   challenger "has the added burden of overcoming the deference that is due to a qualified

17   government agency presumed to have properly done its job…").

18          Many references are either substantively different, or fail to disclose the various elements

19   of the asserted claims of the '052 Patent.  Specifically, Elantech cites references that discuss

20   scrolling a screen in a Windows operating system, but not a scroll zone on a touchpad device as

21   claimed in the '052 Patent.  (Wolfe Decl., ¶ 22.)  Other references contain vague mentions of

22   "scrolling" with no explanation as to how "scrolling" is achieved, or generally discuss ways of

23   activating scrolling using a touchpad, such as tapping in "periphery areas," that are different than

24   Synaptics' claimed method of sliding a finger within a scroll zone.  (Wolfe Decl., ¶ 23.)  Still

25   other cited references fail to disclose the various elements of the asserted claims, such as the

26   claimed "data packet processor" that "generates" scrolling messages, a "cursor-control input

27   device which includes a touchpad having a scrolling zone," "forwarding messages to an

28   application controlling an active window in said graphical user interface," or the methods for

1    "converting user-applied object motion on a cursor-control device into a graphical user interface

2    window scrolling messages" and "forwarding a plurality of data packets from a cursor-control

3    input device."  (Wolfe Decl., ¶ 24.)

4        Elantech offers no evidence of any specific motivation to combine any of the references

5    cited against Synaptics' '052 Patent.  As discussed above, vague assertions that "one of ordinary

6    skill in the art" would have found such a motivation are insufficient to raise a substantial question

7    of validity.  *Sick A.G.*, 2007 WL 1223675 at *2; Patent L.R. 3-3(b).  None of the cited references

8    alone raise a substantial question of validity, and a preliminary injunction should be granted.

9    (Wolfe Decl., ¶ 25.)

10       If Elantech cannot put forth substantial evidence sufficient to create a substantial question

11   of validity for every single one of the asserted patent claims, a preliminary injunction should be

12   granted.

### c.      '931 Patent

14       Elantech has not raised a substantial question of validity concerning claims 5 and 6 of the

15   '931 patent.  The Bang patent, Hiroshi publication, and the Prosenko reference do not teach the

16   "tap gesture" function that the parties agreed consists of a "quick tap of the finger on the pad, of

17   short duration and involving little or no X or Y finger motion…."  (*See* Wolfe Decl., ¶ 27; Docket

18   No. 63-2, Joint Claim Construction Chart, Ex. A, pg. 1, Item 1.)  The references that discuss the

19   Gavilan Computer device simply refer to tap gestures in general terms without disclosing a

20   "corner tap" features or the elements of claims 5 and 6 of the '931 patent.  (Wolfe Decl., ¶ 32.)

21   Elantech's bald assertion that one of ordinary skill in the art would have been motivated to

22   combine the prior art references again fails to sufficiently identify the motivation as is required by

23   Patent L.R. 3-3(b).  *See also Sick A.G.*, 2007 WL 1223675 at *2.  Thus, neither reference raises a

24   substantial question of validity.  (Wolfe Decl., ¶ 33.)

### d.      '411 Patent

26       Elantech also has not raised a substantial question of validity concerning claims 46 and 52

27   of the '411 patent.  Elantech cites only two references, the Logan and Yatsutake patents.

28   Notably, Logan was disclosed to the patent office during prosecution, considered by the

1    examiner, and listed on page 2 of the '411 Patent. (Wolfe Decl., ¶ 35.) Thus, Elantech bears the

2    heavy burden of proving that the examiner was wrong to grant the patent claims over the Logan

3    reference. *McGinley*, 262 F.3d at 1353. Logan is also substantively irrelevant because it does not

4    teach generating, when the finger is in the edge region, either the "first cursor motion signals" or

5    normal finger movement, "second cursor motion signals" adding an increment toward the

6    adjacent edge, or combining those two signals in any way. By contrast, Logan discloses that in

7    the border region of the touchpad, the movement signal is simply a continuation of the same

8    motion signals that were applied just prior to entering the border region combined with a velocity

9    value calculated along the axis parallel to the edge, not toward it. (Wolfe Decl., ¶ 36.)

10        The Yatsutake reference also fails to raise substantial questions of validity because it also

11   discloses a method of moving the cursor when the finger reaches "a raised area" that continues

12   the velocity of the cursor movement based upon the finger movement prior to entering the region

13   or, alternatively, based upon the pressure applied by the finger in the region. (Wolfe Decl., ¶ 37.)

14   Neither of these references teaches anything that is even close to what is claimed in the '411

15   Patent. Again, Elantech's general averment that there was a motivation to combine the prior art

16   references is insufficient to raise a substantial question of validity. (Wolfe Decl., ¶ 39.); *Sick*

17   *A.G.*, 2007 WL 1223675 at *2; Patent L.R. 3-3(b) ("If a combination of items of prior art makes a

18   claim obvious, each such combination and the motivation to combine such items, *must be*

19   *identified*.") (emphasis added).

### 3.    Synaptics Will Suffer Irreparable Harm

21       In its March 13 2008 Order, the Court held that a presumption of irreparable harm exists

22   where infringement is ongoing and there has been a strong showing of likelihood of success on

23   the merits. (March 13 Order at 12.) Even without applying a presumption, however, there is

24   adequate evidence that Synaptics will suffer irreparable harm if the injunction is not granted.

25       As this Court noted in its March 13 Order, a patentee's right to exclude is limited. Once

26   the patent expires, nothing can restore Synaptics' exclusive rights. (*See Id.* at 15 (where less than

27   half of the patent remains, and the litigation promises to be continuing and protracted, "[d]elaying

28   an injunction until the litigation is concluded would irreparably harm [the patentee] by depriving

1    [the patentee] of part of its patent grant.").)  Like Elantech's '352 Patent, three of the Synaptics

2    Patents have less than half of their life remaining.  (*See Id.*)  In its March 13 Order, the Court

3    anticipated "continuing and protracted litigation" between the parties.  (*Id.*)  The parties also

4    anticipate protracted litigation.  (Kramer Decl., Ex. 10, Docketing Statement at 2.)

5        Moreover, the Federal Circuit has affirmed preliminary injunctions where, as here, the

6    patentee's market share may be at risk.  *See Canon Computer Sys.,* 134 F.3d at 1090.  The drag,

7    scroll, corner tap, and edge motion functionalities and gestures are important features of

8    Synaptics' touchpads.  They give Synaptics a competitive advantage that will be lost if Elantech

9    is allowed to continue its infringing activities.  Note that Elantech's own advertising literature

10   emphasizes each of these key gestures prominently.  (Kramer Decl., Ex. 2.)  Even if Elantech's

11   share of the market is relatively small, in the absence of the injunction, other potential infringers

12   will be encouraged to infringe.  *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1456 (Fed. Cir.

13   1988)); *see also Wang Labs. Inc. v. The Chip Merchant Inc.*, 28 U.S.P.Q.2d 1677, 1681

14   (S.D. Cal. 1993) ("by its continued alleged infringement, defendant indirectly encourages others

15   to disregard [plaintiff's] patent rights ... and to sell unlicensed [products].")

16       Monetary damages are insufficient to compensate Synaptics for the harm it will suffer if

17   the injunction does not issue.  "In the context of patent infringement cases, 'the nature of the

18   patent grant…weighs against holding that monetary damages will always suffice to make the

19   patentee whole, for the principal value of a patents is its statutory right to exclude.'" (March 13

20   Order at 13 (quoting *H.H. Robertson*, 820 F.2d at 390).)  The Court underscored this concern in

21   ruling on Elantech's preliminary injunction motion.  (*See id.* at 15 (observing that, because both

22   Elantech and Synaptics sell touchpads, any "lost market share may be difficult to calculate and

23   compensate with money damages").)

24                    **4.    The Balance of Hardships Tips in Synaptics' Favor**

25       Synaptics need only show that the balance of harms tips slightly in its favor.  *Tate Access

26   Floors*, 279 F.3d at 1364.  In balancing the hardships, "[t]he magnitude of the threatened injury to

27   the patent owner is weighed, in light of the strength of the showing of likelihood of success on the

28   merits, against the injury to the accused infringer if the preliminary decision is in error."  *H.H.*

1    *Robertson*, 820 F.2d at 390.  The fact that Elantech's sales are relatively small means that the cost

2    to Elantech of complying with the injunction would be minimal.  *See Oakley, Inc. v. Sunglass Hut*

3    *Int'l*, 316 F.3d 1331, 1346 (Fed. Cir. 2003) (reversing a denial of a preliminary injunction; in

4    considering whether the alleged infringer would be unduly burdened by having to recall its

5    accused products, the court observed that "sales to that point had been 'insignificant.'").  In

6    contrast, the harm to Synaptics' goodwill and market share, as discussed above, weigh strongly in

7    favor of granting an injunction.  Elantech has presented no evidence that it will be irreparably

8    harmed by the imposition of a preliminary injunction against its infringement of Synaptics'

9    patents.

### 5.     Public Interest Weighs in Favor of an Injunction

11       Finally, granting Synaptics' motion for a preliminary injunction is consistent with the

12   public interest in enforcing valid intellectual property rights.  *Hybritech*, 849 F.2d at 1458; *U.S.*

13   *Surgical Corp. v. Origin Medsystems, Inc.*, No. C-92-1892-VRW ENE, 1993 U.S. Dist. LEXIS

14   17180, *21-22 (N.D. Cal. Jan. 12, 1993); *Al-Site Corp. v. Cable Car Sunglasses*, 911 F. Supp

15   410, 418 (N.D. Cal. 1994).  There is no critical public interest that would be injured by the grant

16   of preliminary relief.  *Hybritech*, 849 F.2d at 1458.  To the contrary, protecting Synaptics' patent

17   rights through a preliminary injunction will encourage others to engage in technological research

18   and development.  Accordingly, this factor favors Synaptics.

### III.    CONCLUSION

20       The Court has granted Synaptics' partial summary judgment motions that use of the

21   corner tap, edge motion, scrolling, and drag features of Elantech's touchpads infringe the asserted

22   claims of the Synaptics Patents.  There are no substantial questions concerning validity or

23   enforceability as to any of the Synaptics Patents.  Indeed, in March 2008, Elantech admitted that

24   it could not find any case in which a court denied a motion for a preliminary injunction following

25   a finding of infringement on summary judgment and no substantial question of validity or

26   enforceability.  (Kramer Decl., Ex. 11 at 5:22-6:5.)  Synaptics respectfully requests that the Court

27   grant its motion for a preliminary injunction.

28

SYNAPTICS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION
CASE NO. C06-01839-CRB                                                                    14
pa-1251820

1     Dated:  May 9, 2008                 KARL J. KRAMER

2                                           ERIKA L. YAWGER
                                          MORRISON & FOERSTER LLP

3

4                              By:     s/Karl J. Kramer

5                                         Karl J. Kramer
                                        Email:  KKramer@mofo.com

6                                       Attorneys for Defendant and
                                      Counterclaimant SYNAPTICS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California  94304-1018
   Telephone: 650-813-5600
4  Facsimile: 650-494-0792
   KKramer@mofo.com
5

6  Attorneys for Defendant and Counterclaimant
   SYNAPTICS, INC.
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., <br><br> 14        Plaintiff, <br><br> 15        v. <br><br> 16  SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, <br><br> 18        Defendants. <br><br> 20  AND RELATED COUNTERCLAIMS | Case No.    C06-01839 CRB <br><br> **[PROPOSED] ORDER GRANTING SYNAPTICS, INC.'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date:    June 13, 2008 <br> Time:    10:00 a.m. <br> Dept:    Courtroom 8, 19th Floor <br> Hon.     Charles R. Breyer |

21

22         Having considered Synaptics, Inc. ("Synaptics")'s Notice of Motion and Motion for

23  Preliminary Injunction ("Motion"), the papers filed by the parties related to the Motion, and

24  argument of counsel, the Court rules as follows:

25         IT IS HEREBY ORDERED that Synaptics' Motion is GRANTED.  Elantech Devices

26  Corp. ("Elantech"), its officers, employees, agents, servants, and attorneys, and other persons and

27  entities who are in active concert or participation with them, who receive actual notice of this

28  order, are preliminarily restrained and enjoined from further infringement or inducement of

1  infringement of U.S. Patent No. 5,543,591 ("'591 Patent"), U.S. Patent No. 6,380,931 ("'931

2  Patent"), U.S. Patent No. 5,943,052 ("'052 Patent"), and U.S. Patent No. 5,880,411 ("'411

3  Patent") (collectively, "the Synaptics Patents") by making, using, selling or offering to sell within

4  the Untied States, or by importing into the United States, Elantech touchpads products that may

5  be used to perform "drag," "edge motion," "scroll zone," or "corner tap" features as described in

6  claim 9 of the '591 Patent, claims 5 and 6 of the '931 Patent, claims 14 and 18 of the '052 Patent,

7  and claims 46 and 52 of the '411 Patent.

8         This preliminary injunction shall take effect upon Synaptics filing an undertaking in the

9  amount to be set by the Court after the parties meet and confer and submit a joint statement

10  with any supporting evidence within 5 days of this Order.

11

12  Dated: _____

13

14                              By:   _____
                                      UNITED STATES DISTRICT COURT JUDGE
15                                    HONORABLE CHARLES R. BREYER

16

17

18

19

20

21

22

23

24

25

26

27

28