1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  LAURA MASON (CA SBN 252251)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: 650-813-5600
   Facsimile: 650-494-0792
5  KKramer@mofo.com

6
   Attorneys for Defendant and Counterclaimant
7  SYNAPTICS, INC.

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12  ELANTECH DEVICES CORPORATION, a            Case No.   C06-01839 CRB
    corporation existing under the laws of Taiwan,
13  R.O.C.,                                    **SYNAPTICS, INC.'S
                                               OPPOSITION TO ELANTECH'S
14                  Plaintiff,                 MOTION TO TAKE
                                               PRELIMINARY INJUNCTION
15          v.                                 MOTION OFF CALENDAR
                                               PENDING TRANSFER OF CASE
16  SYNAPTICS, INC., a Delaware corporation;   OR, IN THE ALTERNATIVE,
    AVERATEC, INC., a California corporation; and  MOTION FOR CONTINUANCE**
17  PROSTAR COMPUTER, INC., a California
    corporation,
18
                    Defendants.
19

20  AND RELATED COUNTERCLAIMS

21

22

23

24

25

26

27

28

1   Elantech's motion to take the pending motion for preliminary injunction motion "off
2   calendar" is a blatant delay tactic. Elantech waited until the last moment to file this request and
3   simply ignored its obligation to respond timely to Synaptics' motion for preliminary injunction.
4   Elantech is using the possible transition of the case to a Magistrate Judge as an excuse for delay.
5   The essence of Synaptics' preliminary injunction motion is that Synaptics is being exposed to
6   continued, ongoing irreparable harm. Elantech's infringing touchpads are currently being sold in
7   notebook computers in the United States, causing immediate irreparable harm to Synaptics. In
8   particular, ASUS Computer International, a Fremont, California company, recently launched a
9   new notebook computer in the United States that features Elantech's touchpads. *See* Declaration
10  of Kenneth Geisler in Opposition to Elantech's Motion ("Geisler Decl."), ¶¶ 3, 4. To prevent
11  further harm, Synaptics respectfully requests that this motion be heard by the Court, as originally
12  noticed, on June 13, 2008.

### I.    PROCEDURAL HISTORY & FACTS

14  On January 11, 2008, Synaptics filed two motions for partial summary judgment that the
15  use of Elantech's products meets claims of U.S. Pat. Nos. 6,380,931, 5,543,591, 5,943,052, and
16  5,880,411 (collectively the "patents-in-suit"). Docket Nos. 213, 214 (public: 235, 238). These
17  motions for partial summary judgment were granted in part on April 16, 2008. Docket No. 307
18  (public: 313).
19  After Elantech refused Synaptics' efforts to reach a mutually agreeable stipulated
20  preliminary injunction after the Court's summary judgment rulings, on May 9, 2008, Synaptics
21  filed a Motion for Preliminary Injunction, which is scheduled to be heard on June 13, 2008.
22  Docket No. 317. For nearly two weeks following the filing of Synaptics' motion, Elantech did
23  not contact counsel for Synaptics to request any extension of time to oppose Synaptics' motion.
24  (Declaration of Erika L. Yawger in Opposition to Elantech's Motion To Take Preliminary
25  Injunction Motion Off Calendar Pending Transfer of the Case, or in the alternative, Motion for
26  Continuance ("Yawger Decl."), ¶ 2; Declaration of Karl J. Kramer in Opposition to Elantech's
27  Motion To Take Preliminary Injunction Motion Off Calendar Pending Transfer of the Case, or in
28  the alternative, Motion for Continuance ("Kramer Decl."), ¶ 2.) Instead, after 2:00 p.m. on the

1  day before its opposition was due, Elantech sent an e-mail message to counsel for Synaptics
2  requesting an extension of time to oppose Synaptics' preliminary injunction motion. (Yawger
3  Decl., Ex. A.) Synaptics counsel immediately called counsel for Elantech and expressed surprise
4  at the last-minute request for a three-week extension of time. (Yawger Decl., ¶ 4, Ex. B.) After
5  speaking with the client, Synaptics' counsel informed Elantech that they could not agree to a
6  further delay of resolution of this matter given the urgency of the pending motion for preliminary
7  injunction and Elantech's recent infringing activities in the United States. (Yawger Decl., Ex. C.)

8  **II.    ELANTECH'S REQUEST SHOULD BE DENIED**

9  Elantech has no excuse for failing to respond timely to Synaptics' motion for preliminary
10 injunction. Elantech argues that Synaptics' motion is too complicated to respond to in the time
11 allowed by the rules, that its expert teaches university courses and was too busy to offer an expert
12 opinion, and that the parties might agree to have this matter tried by a different judge. (Elantech
13 Motion, 2:15-21.) Nothing Elantech described in its present motion amounts to a real exigency
14 that explains or excuses Elantech's failure to seek additional time to oppose until the day before
15 its motion was due. Moreover, Elantech's last-minute request belies Elantech's position.
16 Elantech counsel either did nothing for two weeks to prepare an opposition, or knew all of the
17 facts on the day after Synaptics' motion was filed but waited until the last-minute to seek relief.
18 In either event, Elantech's conduct was unjustified.

19 Instead of filing a timely response, Elantech chose to create its own exigency by waiting
20 until the eve of its deadline to file the present last-minute petition. Elantech now seeks a
21 *minimum* three-week extension, which is more than twice the amount of time provided by the
22 local rules. By contrast, within hours of receiving Elantech's motion for preliminary injunction,
23 Synaptics' counsel contacted Elantech to raise the need for an extension, and the parties filed a
24 joint stipulation shortly thereafter. (Yawger Decl., ¶¶ 8, 9, Ex. D.) Elantech agreed to the
25 extension because it knew that Synaptics' counsel had previously stated that all relevant counsel
26 would be out of the country over the year-end holidays during the period that the opposition
27 would be due. (*Id*.) Synaptics was ultimately able to respond to Elantech's preliminary
28 injunction motion over the holidays with a short two-week extension, which accounted for the

two weeks when Synaptics' counsel were out of the country and unavailable to investigate and respond to the merits of Elantech's motion.

Elantech has had ample time to prepare for the preliminary injunction. Indeed, Elantech gave almost no opposition to the underlying summary judgment motion, which was filed in January and has now had over six weeks since the issuance of the summary judgment order to prepare its defenses. Moreover, Elantech never mentioned any need for a delay in the discussions the parties held concerning the possibility of a stipulated preliminary injunction order that preceded Synaptics' motion for preliminary injunction. (Yawger Decl., ¶ 10.) Elantech and its counsel apparently did nothing to prepare for, or even plan to prepare for, the opposition that is now past due, and never raised the need for more time. (Yawger Decl., ¶¶ 2, 3, 10; Kramer Decl., ¶ 2.) Any exigency about which Elantech now complains is of its own creation.

Furthermore, any delay in the resolution of Synaptics' preliminary injunction motion adds to the irreparable harm being caused by Elantech's persistent, aggressive infringement. If Synaptics' motion is taken off-calendar, as Elantech requests, Elantech will enjoy an indefinite amount of time to respond to Synaptics' motion, all the while reaping the competitive advantage gained by continuing to market aggressively. Just a few short weeks ago, ASUS Computer International launched a new line of ASUS Eee PC 900 notebook computers in the United States that contain Elantech touchpads. (Geisler Decl., ¶¶ 3, 4.) With each passing day and week, the irreparable harm caused by Elantech's infringement mounts.

Whether this case will ultimately be tried by a Magistrate Judge is an entirely separate issue with no bearing on Synaptics' present motion for preliminary injunction and, as of this date, has not been settled. (Yawger Decl., ¶¶ 6, 7.) Synaptics' motion should be heard quickly, as originally noticed, by this Court – the Court that best understands the facts and issues in this case. Elantech's strategic manipulation of the Court and its calendar is improper and should be rejected.

### III. CONCLUSION

Elantech has provided no explanation for its two-week delay in seeking an extension of time to respond to Synaptics's motions for preliminary injunction. There is no justification for now requesting, at the last minute, a three-week (or indefinite) extension of time to file an

opposition. Elantech continues to infringe and induce infringement of Synaptics' patents in the United States. This infringing activity causes ongoing irreparable harm. Synaptics respectfully requests that the Court deny Elantech's motion.

Dated:   May 27, 2008

KARL J. KRAMER
ERIKA L. YAWGER
LAURA MASON
MORRISON & FOERSTER LLP

By:   s/Karl J. Kramer
        Karl J. Kramer
        Email: KKramer@mofo.com

Attorneys for Defendant and Counterclaimant SYNAPTICS, INC.

OPP. TO MOTION TO TAKE PRELIM. INJUNCTION MOTION OFF CALENDAR, OR MOTION FOR CONTINUANCE
CASE NO. C06-01839-CRB
pa-1257666

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>             Plaintiff,<br><br>      v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>             Defendants. | Case No.   C06-01839 CRB<br><br>**[PROPOSED] ORDER DENYING ELANTECH'S MOTION TO TAKE PRELIMINARY INJUNCTION MOTION OFF CALENDAR PENDING TRANSFER OF THE CASE OR, IN THE ALTERNATIVE, MOTION FOR CONTINUANCE** |
| AND RELATED COUNTERCLAIMS | |

[PROPOSED] ORDER DENYING ELANTECH'S MOTION TO TAKE PRELIM. INJUNCTION MOTION OFF CALENDAR,
OR MOTION FOR CONTINUANCE; CASE NO. C06-01839 CRB
pa-1257676

1     GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that:

2     Plaintiff Elantech Devices Corp.'s Motion to Take Preliminary Injunction Motion Off Calendar Pending Transfer of the Case or, in the Alternative, Motion for Continuance is DENIED. The hearing of Synaptics, Inc.'s Motion for Preliminary Injunction will be heard as originally scheduled on June 13, 2008.

Dated: _____

By: _____
UNITED STATES DISTRICT COURT JUDGE
HONORABLE CHARLES R. BREYER

[PROPOSED] ORDER DENYING ELANTECH'S MOTION TO TAKE PRELIM. INJUNCTION MOTION OFF CALENDAR, OR MOTION FOR CONTINUANCE; CASE NO. C06-01839 CRB
pa-1257676

1