1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  LAURA MASON (CA SBN 252251)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: 650-813-5600
   Facsimile: 650-494-0792
5  KKramer@mofo.com

6
   Attorneys for Defendant and Counterclaimant
7  SYNAPTICS, INC.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 | ELANTECH DEVICES CORPORATION, a          | Case No.   C06-01839 CRB
   | corporation existing under the laws of Taiwan, |
13 | R.O.C.,                                   | **DECLARATION OF ERIKA L.
                                                 YAWGER IN OPPOSITION TO
14 |                     Plaintiff,            | ELANTECH'S MOTION TO
                                                 TAKE PRELIMINARY
15 |          v.                               | INJUNCTION MOTION OFF
                                                 CALENDAR PENDING
16 | SYNAPTICS, INC., a Delaware corporation;  | TRANSFER OF CASE OR, IN
   | AVERATEC, INC., a California corporation; and | THE ALTERNATIVE, MOTION
17 | PROSTAR COMPUTER, INC., a California      | FOR CONTINUANCE**
   | corporation,
18 |
   |                     Defendants.
19 |
20 | AND RELATED COUNTERCLAIMS

21

22

23

24

25

26

27

28

I, Erika L. Yawger, hereby declare as follows:

1. I am a member of the bar of the State of California, and I am admitted before this Court. I am an attorney with the law firm of Morrison & Foerster LLP, counsel of record for Synaptics, Inc. ("Synaptics") in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently testify thereto.

2. From May 9, 2008 until approximately 2:14 p.m. on May 22, 2008, Elantech's counsel never communicated with me about the need or desire for additional time to oppose Synaptics' motion for preliminary injunction.

3. On the afternoon of Thursday, May 22, 2008, Elantech's counsel, Sean P. DeBruine, sent an e-mail message to me requesting an extension of time to oppose Synaptics' motion for preliminary injunction. A true and correct copy of the May 22, 2008 e-mail from Mr. DeBruine is attached hereto as Exhibit A.

4. Upon receipt of Mr. DeBruine's e-mail, I immediately called him and expressed my surprise that Elantech was asking for an extension of time the day before their opposition brief was due. I reminded Mr. DeBruine that we never previously spoke about an extension of time. Indeed, on the Wednesday that Mr. DeBruine claims that he spoke with me, I was out of the office all day representing a client in a settlement negotiation. Following my telephone conversation with Mr. DeBruine, I sent an e-mail response summarizing our discussion. A true and correct copy of this e-mail is attached hereto as Exhibit B.

5. Mr. DeBruine requested a three-week extension of time during our phone conversation on May 22, 2008, and I told him that I would have to discuss his request with our client and lead trial counsel, Mr. Kramer. I responded later that day to Mr. DeBruine's e-mail, indicating that due to the urgent nature of Synaptics' motion, Synaptics could not agree to an extension of time. A true and correct copy of my May 22, 2008 letter to Mr. DeBruine is attached hereto as Exhibit C.

6. On May 21, 2008, Mr. DeBruine and I met and conferred to discuss the possibility of trying the case before a Magistrate Judge. During this conversation, I told Mr. DeBruine that Synaptics agreed to try the case before Magistrate Judge Seeborg in accordance with the Court's

YAWGER DECL. IN OPP. TO MOTION TO TAKE PRELIM. INJUNCTION MOTION OFF CALENDAR, OR MOTION FOR CONTINUANCE; CASE NO. C06-01839-CRB
pa-1257674

2

suggestion. Mr. DeBruine told me at that time that his clients also agreed to try the case before Magistrate Judge Seeborg. At around 10:30 a.m. the next morning, Mr. DeBruine called me to say that he erroneously agreed to Magistrate Judge Seeborg, and that he would need to speak with his client again to determine whether they would agree to try the case with Judge Seeborg. During this conversation, we also discussed different magistrate judges that we might also be able to propose to our respective clients in the event that Elantech did not agree on Judge Seeborg. No agreement was reached concerning a particular Magistrate Judge.

7. After business hours on Thursday, May 22, Mr. DeBruine left me a voicemail message informing me that Elantech would not agree to try the case before Magistrate Judge Seeborg. We have communicated this change in position to our client, and continue to meet and confer with Elantech regarding whether the parties will be able to agree to try the case with a different Magistrate Judge.

8. Before Elantech filed its motion for preliminary injunction in December 2007, Mr. Kramer and I informed Mr. DeBruine that we would be traveling internationally and unavailable from December 21, 2007 through the first week of January 2008. Nevertheless, on December 14, 2007, Elantech filed a motion for preliminary injunction and noticed the hearing date for January 18, 2008. Upon receipt of Elantech's motion, Synaptics counsel promptly left a voice-mail message for Mr. DeBruine, and followed up with an e-mail to Mr. DeBruine and Elantech's other counsel, Yitai Hu, to remind them that counsel would be out of the country and unavailable on the date the opposition brief was due.

9. Mr. DeBruine e-mailed back, saying that Elantech had "no problem rescheduling the hearing for February 1" and that they "did not intend to make the opposition date coincide with [our] absence." The parties thus stipulated to a two-week extension of time for the hearing on Elantech's motion to accommodate Synaptics' counsel's well-known travel plans. True and correct copies of Mr. Kramer's e-mail to Mr. DeBruine and Mr. Hu, and Mr. DeBruine's response, are attached hereto as Exhibit D.

10. Before Synaptics filed its motion for preliminary injunction, I discussed the possibility of a stipulated preliminary injunction order with counsel for Elantech. During this

YAWGER DECL. IN OPP. TO MOTION TO TAKE PRELIM. INJUNCTION MOTION OFF CALENDAR, OR MOTION FOR CONTINUANCE; CASE NO. C06-01839-CRB
pa-1257674

3

1  discussion, Elantech never mentioned any need for additional time to respond to a motion for
2  preliminary injunction.
3       I declare under penalty of perjury under the laws of the United States of America that, to
4  the best of my knowledge, the foregoing is true and correct.  Executed on May 27, 2008, in
5  Palo Alto, California.

                                    /s/ Erika L. Yawger
                                    Erika L. Yawger
                                    E-mail: EYawger@mofo.com

10       I, Karl J. Kramer, am the ECF User whose ID and password are being used to file this
11  DECLARATION OF ERIKA L. YAWGER IN OPPOSITION TO ELANTECH'S MOTION TO
12  TAKE PRELIMINARY INJUNCTION MOTION OFF CALENDAR PENDING TRANSFER
13  OF CASE OR, IN THE ALTERNATIVE, MOTION FOR CONTINUANCE.  In compliance
14  with General Order 45, X.B., I hereby attest that Erika L. Yawger has concurred in this filing.

16  Dated: May 27, 2008                        MORRISON & FOERSTER LLP

                                By:    /s/Karl J. Kramer
                                      Karl J. Kramer
                                      Email: Kkramer@mofo.com

                                    Attorneys for Defendant and
                                    Counterclaimant SYNAPTICS, INC.

# Exhibit A

## Yawger, Erika L.

| | |
|---|---|
| **From:** | DeBruine, Sean [sdebruine@akingump.com] |
| **Sent:** | Thursday, May 22, 2008 2:14 PM |
| **To:** | Yawger, Erika L. |
| **Cc:** | ELANTECH TEAM |
| **Subject:** | RE: Joint CMC Statement |

Erika:

In addition to the issue of which magistrate we may agree on, the statement in your draft that the preliminary injunction motions will be fully briefed by 5/30 is incorrect. As we discussed last Wednesday, the briefing and hearing schedule on that motion will be affected by the decision to refer this to a magistrate for consideration. In addition, I mentioned that we would need to discuss an extension notwithstanding the referral to a new judge, give the complexity of the issues, the unavailability of our expert due to exams at the end of the school year and recently. We agreed to discuss a schedule in light of any agreement on the magistrate and the CMC statement should reflect this.

Now that we appear to have resolved the magistrate issue I would like to discuss the briefing and hearing schedule. If Synaptics has changed its position please let me know immediately.

Thank you,

Sean

---

**From:** Yawger, Erika L. [mailto:EYawger@mofo.com]
**Sent:** Thursday, May 22, 2008 10:18 AM
**To:** DeBruine, Sean; Damir Cefo; kbromberg@cohengresser.com
**Cc:** Kramer, Karl J.; Chae, Richard; Browder, Sissel
**Subject:** Joint CMC Statement

Counsel,

Please find a draft joint CMC statement for your review. Let me know if you have any changes. If not, we can take care of filing.

Thank you,
Erika

<<PALO_ALTO-#1255240-v2-Joint_CMC_(Fed)_hearing_on_5_30.DOC>>

---

**Erika L. Yawger**

Morrison & Foerster LLP | 755 Page Mill Road, Palo Alto, CA 94304
Direct: 650-813-4218 | Fax: 650-251-3804 | E-mail: EYawger@mofo.com

5/27/2008

===================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===================================================================

```
IRS Circular 230 Notice Requirement: This communication is not given in the fo

The information contained in this e-mail message is intended only for the pers
```

5/27/2008

# Exhibit B

**Yawger, Erika L.**

**From:** Yawger, Erika L.
**Sent:** Thursday, May 22, 2008 3:22 PM
**To:** DeBruine, Sean
**Cc:** ELANTECH TEAM; Kramer, Karl J.
**Subject:** RE: Joint CMC Statement

Sean,

As we just discussed by phone, prior to your e-mail, to my recollection, we never discussed or agreed upon an extension of time for Elantech to oppose Synaptics' motion for preliminary injunction. This is now the second time since the beginning of the year that Elantech has waited until the day before its opposition is due to request such an extension.

I understand from our phone conversation that Elantech would like a three-week extension of time to oppose. We will discuss Elantech's request and get back to you.

Thank you,
Erika

---

**From:** DeBruine, Sean [mailto:sdebruine@akingump.com]
**Sent:** Thursday, May 22, 2008 2:14 PM
**To:** Yawger, Erika L.
**Cc:** ELANTECH TEAM
**Subject:** RE: Joint CMC Statement

Erika:

In addition to the issue of which magistrate we may agree on, the statement in your draft that the preliminary injunction motions will be fully briefed by 5/30 is incorrect. As we discussed last Wednesday, the briefing and hearing schedule on that motion will be affected by the decision to refer this to a magistrate for consideration. In addition, I mentioned that we would need to discuss an extension notwithstanding the referral to a new judge, give the complexity of the issues, the unavailability of our expert due to exams at the end of the school year and recently. We agreed to discuss a schedule in light of any agreement on the magistrate and the CMC statement should reflect this.

Now that we appear to have resolved the magistrate issue I would like to discuss the briefing and hearing schedule. If Synaptics has changed its position please let me know immediately.

Thank you,

Sean

---

**From:** Yawger, Erika L. [mailto:EYawger@mofo.com]
**Sent:** Thursday, May 22, 2008 10:18 AM
**To:** DeBruine, Sean; Damir Cefo; kbromberg@cohengresser.com
**Cc:** Kramer, Karl J.; Chae, Richard; Browder, Sissel
**Subject:** Joint CMC Statement

5/27/2008

Counsel,

Please find a draft joint CMC statement for your review. Let me know if you have any changes. If not, we can take care of filing.

Thank you,
Erika

<<PALO_ALTO-#1255240-v2-Joint_CMC_(Fed)_hearing_on_5_30.DOC>>

**Erika L. Yawger**

Morrison & Foerster LLP | 755 Page Mill Road, Palo Alto, CA  94304
Direct: 650-813-4218 | Fax: 650-251-3804 | E-mail: EYawger@mofo.com

===============================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===============================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===============================================================

IRS Circular 230 Notice Requirement: This communication is not given in the fo

The information contained in this e-mail message is intended only for the pers

5/27/2008

# Exhibit C

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 22, 2008

Writer's Direct Contact
650.813.4218
EYawger@mofo.com

Via E-mail

Sean P. DeBruine
Akin Gump Strauss Hauer & Field LLP
2 Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, Ca 94306

Re:   Elantech v. Synaptics; Case No. C06-CV001839 CRB (JCS)

Dear Sean:

I write in response to your e-mail request from this afternoon asking for an extension of time to oppose Synaptics' motion for preliminary injunction. As you are well aware, Elantech's opposition to Synaptics' motion is due tomorrow, May 23, 2008. Prior to today, you had never discussed an extension of time to oppose this motion with counsel for Synaptics. This is now the second time this year that Elantech has waited until the day before its motion is due to request an extension of time to oppose. Synaptics does not believe that this behavior is reasonable or justifiable. Elantech has had ample opportunity to approach Synaptics concerning an extension, and simply failed to do so.

In light of the urgency of Synaptics' motion, we cannot agree to an extension of time to oppose. In fact, in recent weeks, Elantech has introduced new infringing touchpad products into the U.S. market through its partnership with ASUS Computer International of Fremont, CA. The new ASUS Eee PC 900 notebook computers include infringing Elantech touchpads. These newly introduced notebook computers are currently available for purchase in the United States.

Prompt resolution of Synaptics' motion is necessary because Elantech's infringing products are currently being actively marketed and sold in the United States.

Regards,

Erika L. Yawger

pa-1257596

# Exhibit D

**From:** DeBruine, Sean [sdebruine@akingump.com]
**Sent:** Monday, December 17, 2007 2:24 PM
**To:** Kramer, Karl J.; Hu, Yitai
**Cc:** Yawger, Erika L.
**Subject:** RE: Schedule

Karl,

We have no problem rescheduling the hearing for February 1. We did not intend to make the opposition date coincide with your absence.

Sean

---

**From:** Kramer, Karl J. [mailto:KKramer@mofo.com]
**Sent:** Monday, December 17, 2007 1:50 PM
**To:** DeBruine, Sean; Hu, Yitai
**Cc:** Yawger, Erika L.
**Subject:** Schedule

Sean/Yitai,

As I mentioned to Sean several weeks ago in connection with the scheduling of Elantech's summary judgment motion, both Erika and I have prepaid vacations out of the country and will be out of the office beginning December 21, 2007. I will be returning to the office on January 7 and Erika will be back on the 11th. We were surprised, therefore, that Elantech would schedule a motion that would make our opposition due on December 28, while we are both out of the office. Given that this is the only vacation that I have had all year and this is Erika's honeymoon, I would appreciate the courtesy of rescheduling the motion by two weeks. Our opposition would be due on January 11 under this proposed schedule, which would give me several days to work on the opposition after returning to the office. (Of course, we would not rely upon Elantech's agreement to move the date for any purpose in opposing the motion).

I left a message for Sean on Friday on this issue, but have not heard back. If Elantech refuses to move the schedule, we are prepared to file today a motion to change the hearing date. Please respond promptly if you can so that we can avoid bothering Judge Breyer on this issue.

Karl

===========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or

authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===============================================================================

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a cove

The information contained in this e-mail message is intended only for the personal and con