YITAI HU (CA SBN 248085)
SEAN P. DEBRUINE (CA SBN 168071)
AKIN GUMP STRAUSS HAUER & FELD, LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 838-2000
Facsimile: (650) 838-2001
sdebruine@akingump.com

Attorneys for Plaintiff
ELANTECH DEVICES CORPORATION


KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
LAURA MASON (CA SBN 252251)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
kkramer@mofo.com


Attorneys for Defendant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants. | Case No.   06-CV-01839 PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   June 24, 2008<br>Time:   2:00 pm<br>Before: Hon. Patricia v. Trumbull<br>            Courtroom No. 5, 4th Floor |
| AND RELATED COUNTERCLAIMS | |

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 06-CV-01839 PVT
pa-1260802

**INTRODUCTION**

Pursuant to Civ. L.R. 16-3, lead counsel for the parties in this action have met and conferred on numerous occasions, for the purposes specified in Fed. R. Civ. P. 26(f), Civ. L.R. 16-8 and 16-9, and ADR Local Rule 3-5(a), as applicable to this action. The parties hereby submit this Joint Case Management Statement and Proposed Order, and request that the Court adopt it as its Case Management Order in this case.

**I.    CASE OVERVIEW**

This case involves claims for patent infringement filed by Elantech Devices Corporation ("Elantech") and Synaptics, Inc. ("Synaptics"). At issue in this case is one patent held by Elantech, U.S. Patent No. 5,825,352, ("the '352 Patent"), and four patents owned by Synaptics, U.S. Patent Nos. 5,543,591 ("the '591 patent"), 5,880,411 ("the '411 patent"), 5,943,052 ("the '052 patent"), and 6,380,931 ("the '931 patent"). The patents at issue relate to technology used in touchpads for computers and other devices. The case was brought by Elantech on March 10, 2006 and originally assigned to the Honorable Charles R. Breyer. On June 2, 2008, by agreement of the parties, the case was transferred to Magistrate Judge Patricia V. Trumbull.

**A.    Elantech's Statement**

Elantech is a leader in the research, development, and marketing of input devices, including touchpad devices that are used in a variety of electronic products, such as laptop computers and keyboards. Elantech acquired technology originally developed by Logitech, Inc. and, over the past several years, Elantech has released numerous improved and innovative products and steadily increased its share of the market for these products. Synaptics responded to this competition from Elantech by threatening, and in some instances filing, patent infringement suits against Elantech's customers.

Elantech is the owner of the '352 patent that covers the technology of scanning the touch sensors in touchpad devices to detect the use of multiple fingers. The patent discloses an invention that provides substantial improvement over the earlier generations of the touchpad devices. Elantech believes that Synaptics has copied and practiced the patented invention to enhance the competitiveness in Synaptics's products, without Elantech's permission. Elantech

also believes that Synaptics has been on notice of Elantech's patent and that Synaptics's infringement is willful. Elantech also raises claims of unfair competition, unlawful business practice, and interference with business relationships, although those claims have now been stayed until the adjudication of the parties' patent disputes.

After filing suit against Synaptics, Elantech learned that its former customers, defendants Averatec, Inc. and ProStar Computer, Inc., have begun to sell and offer to sell products that incorporate the infringing Synaptics touchpads as a direct result of Synaptics's baseless patent infringement claims against them. Elantech's claims against these defendants seek damages and an injunction against these separate acts of infringement.

Synaptics counter-sued Elantech based on four patents – i.e. the '591 patent, the '411 patent, the '052 patent, and the '931 patent. Elantech, however, denies that it infringes or willfully infringes any of the asserted claims of Synaptics's patents. Moreover, Elantech seeks a declaratory judgment that each of these patents is invalid and unenforceable.

### B. Synaptics' Statement

Synaptics is the leading developer in the world of touchpad technology for personal devices, such as notebook computers. Since the early 1990's, Synaptics has been on the cutting edge of technology development for touchpads. Synaptics now holds many fundamental patents covering basic touchpad technology, including the '591 patent, the '411 patent, the '052 patent, and the '931 patent. These patents cover functions of modern computer touchpads such as tapping, double tapping, finger dragging, scrolling, tap zones and edge motion functions. Elantech, a Taiwanese company, is a late-comer to the market. Synaptics believes that Elantech has copied these patented features from Synaptics' devices so that Elantech can underbid Synaptics in the market. Since at least December 2003, Elantech has been on written notice of its infringement of Synaptics' patents. Since that time, Synaptics has attempted to reach a good-faith resolution of the problem, to no avail.

Elantech initiated this litigation by suing Synaptics based upon the '352 Patent, a patent Elantech apparently acquired from Logitech, a U.S. company. To Synaptics' knowledge, Elantech had never given notice of any alleged infringement of the '352 Patent prior to the filing

of this lawsuit and did not mark its products with the '352 patent number. Indeed, Elantech never even mentioned the '352 patent during years of pre-suit discussions concerning Elantech's alleged infringement of Synaptics' patents. Synaptics does not use the technology claimed in the '352 Patent. Synaptics also believes that Elantech's procedural gambit to name Synaptics' alleged customers, ProStar and Averatec, as individual defendants is an unnecessary, burdensome, and wasteful procedural addition to this case. The claims against those parties arise out of their alleged use of Synaptics' products, and will thus be resolved by the decision reached on the merits of Elantech's claims of patent infringement against Synaptics.

### C.   Averatec's Statement

Defendant Averatec, Inc. ("Averatec"), headquartered in Santa Ana, California, is a provider of portable electronic computing products, including notebook and laptop computers, to corporate and consumer clients. Founded in July 2002, Averatec has sold computer products manufactured by unaffiliated third parties. Averatec products have been available through retailers such as Circuit City and Best Buy.

Averatec is named as a defendant in Elantech's amended complaint and was served with a copy of the complaint on June 22, 2006. Averatec does not believe that Elantech has any independent basis for its claims of patent infringement against Averatec, but that Elantech's claims are based solely on the allegation that products sold by Averatec include devices manufactured by Synaptics. Averatec believes that Elantech's claims of patent infringement are duplicative of, and will be resolved by, an adjudication on the merits of Elantech's claims of patent infringement against Synaptics. Consequently, Averatec does not believe that it is a necessary party to this litigation, and that its continued joinder to this action will result in further unnecessary burden and waste for Averatec, the parties and the Court.

### D.   Claims Against ProStar

Defendant ProStar Computer, Inc. ("ProStar") was named in Elantech's Amended Complaint, filed June 20, 2006. On November 1, 2007, ProStar and Elantech stipulated to settle the dispute, and ProStar was dismissed by consent judgment on November 3, 2007. [Docket No. 59.]

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 06-CV-01839 PVT
pa-1260802

3

### E. Damages

As noted in the parties' August 4, 2006 Joint Case Management Conference Statement [Docket No. 40], the parties have agreed to bifurcate discovery and trial on damages until after liability is established. The case is still in the liability phase, and therefore the parties have not included here a statement of damages sought. If the Court still desires such a statement, the parties will provide it on the record at the Case Management Conference.

### F. Summary Judgment and Preliminary Injunction Motions

On April 20, 2007, shortly after Judge Breyer issued his Order on claim construction, Synaptics filed a motion for summary judgment of noninfringement of Elantech's '352 Patent. On May 25, 2007, Elantech filed a cross-motion for summary judgment of infringement of the '352 Patent. These motions were fully briefed by mid-June 2007, but the hearing was delayed by Court Order until October 5, 2007. [Docket No. 164.] On October 26, 2007 the Court issued an order granting Synaptics' motion for summary judgment of noninfringement for "Type 1" code; denying Synaptics' motion for summary judgment of noninfringement for "Type 2" code (enabled and disabled); and denying Elantech's motion for summary judgment of infringement. [Docket No. 174.]

On November 20, 2007, Elantech filed a motion for partial summary judgment of infringement, requesting partial summary judgment that the touchpad products sold by Synaptics using "Type 2" source code with finger counting enabled literally infringe Claim 18 of Elantech's patent. On December 14, 2007, Elantech filed a motion for preliminary injunction seeking to enjoin Synaptics from importing, making, using, selling, or offering to sell its touchpad products implementing "Type 2" enabled code. Both motions were heard on March 7, 2008 and both were granted on March 13, 2008. [Docket No. 301.]

On January 11, 2008, Synaptics filed motions for partial summary judgment that use of Elantech's accused products meets the tapping and zone claims of Synaptics' patents. The Court declined to hear oral argument and granted in part and denied in part both motions on April 16, 2008. [Docket No. 313.] On May 9, 2008, Synaptics filed a motion for preliminary injunction to enjoin Elantech from importing, making, using, selling, or offering to sell its touchpad products

with "corner tap," drag," "scroll zone," or "edge motion" gesture features.  Elantech intends to seek leave under Civ. L. R. 7-9 to file a motion for reconsideration of certain aspects of the April 16, 2008 Order.

On May 30, 2008, before the hearing on Synaptics' motion for preliminary injunction, Judge Breyer ordered the case reassigned to this Court based on the consent of both parties.  On June 4, 2008, this Court granted Synaptics' motion for administrative relief to re-notice its preliminary injunction motion.  Synaptics' motion for preliminary injunction will be heard at 2:00 p.m. on June 24, 2008, on the same calendar as the Case Management Conference.

## II.     PRINCIPAL FACTUAL ISSUES IN DISPUTE:

Although the parties reserve the right to assert other disputes as they may arise in this litigation, the parties are presently aware of the following principal disputes of fact.  Inclusion in this list does not prevent either party from asserting that one or more of the included disputes is not an issue of fact.

1. Does Elantech infringe directly or indirectly (by contributory or inducing infringement) the asserted claims of the Synaptics Patents, either literally or under the doctrine of equivalents?

2. Does Synaptics infringe directly or indirectly (by contributory or inducing infringement) the asserted claims of the Elantech '352 Patent, either literally or under the doctrine of equivalents?

3. Does Averatec infringe, directly or indirectly any of the asserted claims of the Elantech patent?

4. Are any of the patent claims invalid or unenforceable?

5. If infringement is found, was infringement willful?

6. If infringement is found, what is the appropriate measure of damages?

7. Did Synaptics provide written notice of, or mark substantially all of its products with any patent number of, the four asserted patents prior to suit, and to what extent, if any, Synaptics is entitled to request damages prior to suit?

1   8. Did Elantech provide written notice of, or mark substantially all of its products
2   with the '352 Patent number prior to suit such that Elantech is entitled to request damages prior to
3   suit?

4   9. Is either party entitled to lost profits damages?

5   **III.   PRINCIPAL LEGAL ISSUES IN DISPUTE:**

6   Although the parties reserve the right to assert other disputes as they may arise in this
7   litigation, the parties are presently aware of the following principal disputes of law.  Inclusion in
8   this list does not prevent either party from asserting that one or more of the included disputes is
9   not an issue of law.

10   1. Are any or all of the claims of the patents invalid for failure to comply with the
11   provisions of 35 U.S.C. §§ 102, 103 or 112?

12   2. Does prosecution history estoppel preclude a finding of infringement?

13   3. Is either party entitled to enhanced damages?

14   4. Is either party entitled to a permanent injunction?

15   5. Is either party entitled to an award of costs and pre- and post-judgment interest?

16   6. Is either party entitled to its attorneys' fees under the "exceptional case" provisions
17   of 35 U.S.C. section 285?

18   **IV.   EVIDENCE PRESERVATION:**

19   Steps have been taken to preserve evidence relevant to the issues reasonably evident in
20   this action, including interdiction of any document-destruction program and any ongoing erasures
21   of potentially relevant electronic material.

22   **V.   DISCLOSURES:**

23   Synaptics, Elantech, and Averatec exchanged initial disclosures on September 1, 2006.
24   Synaptics and Elantech have also complied with the requirements of Patent Local Rules 3-1
25   through 3-6 regarding patent disclosures.

26   **VI.   PROTECTIVE ORDER**

27   On September 25, 2006, Judge Breyer granted the parties' Stipulated Amended Protective
28   Order. [Docket No. 55.]

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 06-CV-01839 PVT
pa-1260802

6

**VII.    DISCOVERY:**

As previously discussed in the August 4, 2006 Joint Case Management Conference Statement, the parties agree that the limits on discovery established by the Federal Rules of Civil Procedure shall be modified as follows:

1.    The limit set by Fed. R. Civ. P. 30(d)(2) for the duration of a deposition to a single day of seven (7) hours, absent a court order or stipulation, shall be modified to permit Elantech and Synaptics each to take a total of 100 hours of deposition testimony, up to 35 hours of which may consist of testimony taken pursuant to Fed. R. Civ. P. 30(b)(6). This limit on deposition testimony shall not apply to depositions of expert witnesses identified by each party pursuant to Fed. R. Civ. P. 26(b).

2.    The limit set by Fed. R. Civ. P. 33 on the number of interrogatories that may be propounded shall be modified to permit a total of 45 interrogatories to be propounded by each party.

**VIII.    RELATED CASE:**

Related case number CV 07-06434, *Synaptics Incorporated v. Elantech Devices Corp.*, is pending before Judge Breyer in the Northern District of California.

**IX.    RELIEF:**

Elantech seeks compensatory damages, in an amount to be determined at trial, treble damages, a permanent injunction, interests and costs, attorneys' fees, and such other relief as the Court may deem just and proper.

Synaptics seeks preliminary and permanent injunctions enjoining the further infringement of its patents, compensatory damages for direct and or/inducement of infringement, treble damages, interest and costs, reasonable attorneys' fees and costs, prejudgment interest, and such other relief as the Court may deem just and proper.

**X.    SETTLEMENT AND ADR:**

The parties have engaged in numerous private ongoing settlement discussions, but have never reached an agreement.  The parties would be willing to participate in mediation at an appropriate time.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 06-CV-01839 PVT
pa-1260802

7

## XI. PROPOSED CASE SCHEDULE

The parties propose the following schedule. Averatec believes that the case against Averatec should be stayed because, to the extent it pertains to Averatec, it is entirely duplicative of the underlying claims against Synaptics. The parties do not believe this case is appropriate for an expedited basis with streamlined procedures.

Synaptics and Elantech request that the Court adopt the following case management schedule and deadlines:

| DEADLINE DESCRIPTION | DATE |
| --- | --- |
| Discovery Cut-Off (fact discovery) | October 31, 2008 |
| Parties to exchange expert witness FRCP 26(a)(2)(B) reports | November 21, 2008 |
| Parties to exchange rebuttal FRCP 26(a)(2)(B) reports | December 12, 2008 |
| Discovery Cut-Off (expert discovery): | January 9, 2009 |
| Last day to file dispositive motions | January 23, 2009 |
| Last day to hear dispositive motions | February 27, 2009 |
| Parties to serve motions in limine | March 20, 2009 |
| Parties to serve oppositions to motions in limine | April 6, 2009 |
| Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference, the parties shall file a Joint Proposed Final Pretrial Order, a joint set of proposed jury instructions, memoranda of law in support of each disputed instruction, a joint special verdict form, a joint set of proposed voir dire questions, any motions in limine together with their respective oppositions, and the parties respective trial briefs, if any | April 10, 2009 |
| Final Pretrial Conference | April 17, 2009 |
| Trial | April 20, 2009 |

The parties expect that the trial will last for a minimum of seven (7) trial days.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 06-CV-01839 PVT
pa-1260802

8

## XII. MISCELLANEOUS PROVISIONS

### A. Service of Court Filings:

All documents filed with the Court shall be filed electronically on the ECF website and service shall be accomplished consistent with the procedures in General Order No. 45. In the event that the ECF system is unavailable, service of court filings shall be accomplished as follows: (a) pleadings, motions and briefs shall be served by facsimile or electronic mail on the ay of filing, with overnight delivery the same day of a complete copy of the pleading, motion or brief, and any supporting documents, including exhibits; or (b) any filing may be served by hand on the same day as filing.

### B. Service of Documents Not Filed With The Court:

For documents not simultaneously filed with the Court, such as discovery requests and responses thereto (other than items being produced as discovery), counsel for the parties shall serve all papers on each other by electronic mail no later than 9 p.m. Pacific Time on the day of service, with overnight delivery of the document and any supporting materials, unless the parties mutually agree otherwise.

## XIII. MODIFICATION OF THIS ORDER:

The parties reserve the right to seek Court modification of this Order.

Dated: June 17, 2008

KARL J. KRAMER
ERIKA L. YAWGER
LAURA MASON
MORRISON & FOERSTER LLP

By:   s/Karl J. Kramer
       Karl J. Kramer
       Email: kkramer@mofo.com

Attorneys for Defendant
SYNAPTICS, INC.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 06-CV-01839 PVT
pa-1260802

9

| | | |
|---|---|---|
| 1 | Dated: June 17, 2008 | YITAI HU |
| 2 | | SEAN P. DeBRUINE |
| | | AKIN GUMP STRAUSS HAUER & FELD LLP |

By:   s/Sean P. DeBruine
      Sean P. DeBruine
      Email: sdebruine@akingump.com

Attorneys for Plaintiff
ELANTECH DEVICES CORPORATION

Dated: June 17, 2008
KAREN H. BROMBERG
DAMIR CEFO
COHEN & GRESSER LLP

By:   s/Karen H. Bromberg
      Karen H. Bromberg
      Email: kbromberg@cohengresser.com

Attorneys for Defendant
AVERATEC, INC.

I, Karl J. Kramer, am the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT.** In compliance with General Order 45, X.B., I hereby attest that Sean P. DeBruine and Karen H. Bromberg have concurred in this filing.

Dated: June 17, 2008    MORRISON & FOERSTER LLP

By:   s/Karl J. Kramer
      Karl J. Kramer

Attorney for Defendant
SYNAPTICS, INC.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 06-CV-01839 PVT
pa-1260802