1  Yitai Hu (SBN 248085) (yhu@akingump.com)
   Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
2  AKIN GUMP STRAUSS HAUER & FELD LLP
   3000 El Camino Real, Suite 400
3  Palo Alto, California  94306
   Telephone:      650-838-2000
4  Facsimile:      650-838-2001

5

6  Attorneys for Plaintiff and Counterdefendant
   ELANTECH DEVICES CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  ELANTECH DEVICES CORP.,            )  Case No. 3:06-CV-01839 CRB
                                       )
13           Plaintiff,                )  **ELANTECH DEVICES CORP.'S NOTICE**
                                       )  **OF MOTION AND MOTION FOR LEAVE**
14        vs.                          )  **TO FILE A MOTION FOR**
                                       )  **RECONSIDERATION OF THE COURT'S**
15  SYNAPTICS, INC and                 )  **MEMORANDUM AND ORDER RE:**
    AVERATEC, INC.,                    )  **SYNAPTICS'S PARTIAL SUMMARY**
16                                     )  **JUDGMENT MOTIONS; MEMORANDUM**
             Defendants.               )  **OF POINTS AND AUTHORITIES**
17                                     )
                                       )
18                                     )  **No Hearing Required [Civ. L.R. 7-9(d)]**
                                       )
19  _____)

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that plaintiff Elantech Devices Corp. ("Elantech") respectfully moves pursuant to Civil Local Rule 7-9, for leave to file a motion for reconsideration of several aspects of the Memorandum and Order Re: Synaptics's Partial Summary Judgment Motions entered on April 16, 2008 ("Order").

ELANTECH HEREBY MOVES for leave to file a motion for reconsideration of the Order that the use of certain features of Elantech's touchpads infringes certain Synaptics' patent claims, because there was a change in law resulting from the Court's *sua sponte* revised claim construction and/or there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" as discussed below. Civ. L.R. 7-9(b) (3).

# MEMORANDUM IN SUPPORT OF MOTION

## I.    BACKGROUND

Synaptics filed two motions for partial summary judgment that the use of Elantech's touchpads infringes claims 1, 5 and 6 of the '931 patent, claims 14 and 18 of the '052 patent, claims 46 and 52 of the '411 patent and claims 6 and 9 of the '591 patent. The asserted claims are all method claims. As factual support for its motions, Synaptics relied exclusively on particular portions of code developed by Elantech in conjunction with the KTP3 and KTP5 projects. The essence of Synaptics' argument was that if and when these portions of code are installed and enabled in an Elantech touchpad and if someone uses the features associated with those portions of code in the United States, the user would infringe. Synaptics never identified any specific products that incorporated or had these portions of code enabled and also did not provide any evidence that either Elantech or anyone else was practicing the claimed methods in the United States.

In response to Synaptics' motions, Elantech pointed out the hypothetical nature of the claim and that it was improper for the Court to enter judgment that the mere use of all of

1    Elantech's products satisfies and performs the features identified in the claims and do so by the

2    claimed methods and also presented evidence establishing that there were genuine issues of

3    material fact.  (Elantech's Opposition at 1.)  The Court asked the parties to submit additional

4    briefing on several topics.  (March 16, 2008 Order Re: Partial Summary Judgment Questions)  In

5    its Supplemental Memorandum in Response to March 6, 2008 Order Re: Partial Summary

6    Judgment Questions, ("Synaptics' Supp. Memo") Synaptics acknowledged and admitted that its

7    motion was not directed to all of Elantech's products, stating:  "Synaptics seeks to narrow

8    systematically the issues for trial by establishing that, with respect to each of the asserted claims,

9    the functions offered in Elantech's KTP3 and KTP5 code base sets meet the recited claim

10   limitations" and "[t]he issues presented to the Court are, with respect to each of the asserted

11   claims, whether the use of Elantech's touchpad features offered in the KTP3 and KTP5 code--

12   sets--specifically, the tap, double tap, drag, corner tap, scroll, and edge motion--features-meet the

13   limitations of the corresponding asserted claims." Synaptics Reply to Elantech's Brief in

14   Response to March 16, 2008 Order ("Synaptics Reply re March 16 Order") at 1.)  Further,

15   Synaptics made it clear that it was not seeking a finding of infringement, and was only seeking a

16   ruling under Rule 56(d) that certain facts appear to exist without substantial controversy.  ("By

17   its express terms, Federal Rule of Civil Procedure 56(d) permits summary judgment "upon all or

18   any part" of a claim and thus "summary judgment may be sought independently on any essential

19   element of a claim or affirmative defense, even if the summary judgment would leave other

20   triable issues." *Id.* Thus, Synaptics conceded that its motion for summary judgment could not be

21   granted and effectively asked the court to enter Rule 56(d) findings of fact that exist without

22   substantial controversy.

23         The Court in its opinion recognized that Synaptics had limited its motions, noting that

24   "[t]he scope of Synaptics' motion is narrower than a determination of Elantech's liability for

25   direct infringement or inducement of infringement."  (Order at 10).  As such, as a legal matter,

26   the most the court could find was that certain software modules in KTP3 and KTP5 code include

27   code that if incorporated in a product, if enabled and if used perform some of the claimed

28   methods.  As explained below, however, the Order's Conclusion uses language that exceeds the

1    scope of the motion as defined by Synaptics and acknowledged by the Court and correction is

2    requested.

3          After reviewing the Order and the parties' numerous submissions, it appears that the

4    Court failed to consider material facts or dispositive legal arguments which were presented with

5    regard to some of its findings and also that it was improper for the Court to introduce a new

6    claim construction in its Order and enter findings based on that new claim construction without

7    providing Elantech the opportunity to present arguments concerning the propriety of the

8    construction and/or present arguments as to why the cited portions of code if used would not

9    include all of the steps of the claimed method associated with new construction.

10   **II.     THE COURT FAILED TO CONSIDER FACTS ELANTECH PRESENTED
            REGARDING THE TAPPING CLAIM**

11

12         Elantech disputed Synaptics' contention that the KTP5 code met the "comparing the

13   amount of time" limitation of claim 1 of the '931 patent through the use of the

14   "bk0ReportCounter" variable.  Elantech supported its dispute with two declarations -- one by

15   Elantech's employee who wrote the code, *i.e.*, a percipient witness, and one by Elantech's expert.

16   These declarations establish that the bk0ReportCounter variable does not perform the claimed

17   "comparing the amount of time" limitation or at a minimum raises a genuine issue of material

18   fact.

19         The Court, however ruled that "[w]ith regards to the KTP5 code, the comparing the

20   amount of time limitation is satisfied because Elantech's opposition is nothing more than an

21   unsupported conclusion that is insufficient to raise a genuine issue of material fact." (Order at

22   13).  In reaching its conclusion the court relied on *Arthur A Collins, Inc. v. Northern Telecom*,

23   *Ltd.* 216 F.3d 1042, 1048 (Fed. Cir. 2000) for the proposition that an expert must set forth

24   specific facts supporting the expert's conclusions in order to raise a genuine issue of material fact

25   in opposition to a motion for summary judgment.  The Court noted that it recognized the

26   difficulty in proving a negative, but stated that Elantech must go beyond a mere denial of the

27   allegation concerning the bk0ReportCounter variable.  The Court suggested that Elantech could

28

1   have established that there was a genuine issue of material fact by, for example, describing "the

2   real function of the variable in the code." (Order at 12:24-13:3).

3         The fact of the matter is that Elantech did exactly what the Court suggested.  In addition

4   to the declaration of Elantech's expert, Dr. Mackenzie, Elantech submitted the declaration of one

5   of its employees, Jia-Yih Lee.  Mr. Lee has personal knowledge of the KTP3 and KTP5 code.

6   (Lee Declaration ¶ 3)  Mr. Lee, as the Court suggested, explained the real function of the

7   bk0ReportCounter variable as follows:

8         For the KTP5 touchpads, determining whether an object's contact with the touchpad
          constitutes movement or a tap depends on the object's motion.  If the object's motion
9         exceeds a reference mount the contact is determined to be a move.  A variable,
          bk0ReportCounter internal to the KTP5 code, is used for measuring this motion.
10

11  (Lee Declaration, ¶ 5.)  While paragraph 5 of Mr. Lee's declaration was not directly cited in

12  Elantech's Opposition brief, Dr. Mackenzie, whose declaration was cited, relied on Mr. Lee's

13  declaration.  (Mackenzie Declaration, ¶ 5.)

14        Thus, the very facts that the Court stated would be sufficient to establish a genuine issue

15  of material fact were in fact presented to the Court but were not considered.  Reconsideration of

16  the court's finding with regard to the "comparing the amount of time" limitation of Claim 1 of

17  the '931 patent is in order.

18  **III.   THE COURT FAILED TO CONSIDER FACTS ELANTECH PRESENTED
           REGARDING THE DOUBLE TAP CLAIM**
19

20        Elantech disputed Synaptics' contention that the KTP5 code met the "comparing the

21  duration" limitation of claim 6 of the '591 patent.  Synaptics relied on the same

22  bk0ReportCounter variable that was relied on for the "comparing the amount of time" limitation

23  of claim 1 of the '931 patent. (Order at 16:2-5).  With regard to this limitation, the Court relied

24  on the same analysis as it did with regard to the "comparing the amount of time" limitation of

25  claim 1, stating that "[A]s discussed previously, Elantech's KTP5 assertion is a bare conclusion

26  unsupported by specific facts." *Id.* at 16:8-9.

27        As explained above, Elantech did submit specific facts explaining what the

28  bk0ReportCenter variable does in the KTP5 code in Mr. Lee's declaration at paragraph 5.  Since

ELANTECH'S NOTICE AND MOTION FOR RECONSIDERATION

5

the declaration supplies the very facts that the Court suggested would establish a genuine issue of material fact, the Court must have failed to consider Mr. Lee's declaration that explains what the bk0ReportCounter variable does. Since this was the basis for the expert's conclusions and comports with what the Court stated would be sufficient to raise a genuine issue of material fact, reconsideration of the Court's ruling with regard to the double tap method, claim 6 of the '931 patent, is in order.

## IV.     THE ORDER SHOULD BE AMENDED TO REFLECT THE SCOPE OF THE MOTIONS

Even though the Court recognized that Synaptics had amended its motions to a request for findings of facts that exist without substantial controversy and was limited to Elantech products that enable and use the KTP3 and KTP5 code (Synpatics Reply re March 16 Order at 2), the Conclusion of the Order indicates that the Synaptics' Motions were granted as to all of Elantech's touchpads whether or not they use KTP3 or KTP5 code. This language should be amended to properly reflect that the Court is not granting summary judgment of infringement but rather identifying the facts that the Court determined exist without substantial controversy in accordance with FRCP Rule 56(d).

For example, the Conclusion states "Synaptics' motion for partial summary judgment that use of the corner tap feature of Elantech's touchpads infringes claims 5 and 6 of Synaptics' '931 patent is granted." (Order at 20). The failure to include the limitation that only the Elantech touchpads that include the KTP3 and KTP5 codes meet the claim limitations and the use of the term "infringes" renders the language of the Conclusion broader than the scope of the motions as defined by the Court on page 10 of the Order.

> Synaptics' briefs circumscribe the scope of its motions for partial summary judgment. The Scope of Synaptics' motions is narrower than a determination of Elantech's liability for direct infringement or inducement of infringement. The two motions seek only the determination that use of the corner, tap, edge motion, tapping, double tapping, and drag functions of Elantech's products meet the limitations of the corresponding claims of the Synaptics' patents. . . .

> Elantech's touchpads use two different versions of software code, KTP3 and KTP5.

1   Thus, the language in the Conclusion should be amended to correspond to the scope of the

2   motions defined on page 10 of the Order.

3          As noted by the Court, the issues to be decided as narrowed down by the parties in the

4   briefing regarding Synaptics' motions for partial summary judgment were limited.  In particular,

5   Synaptics only provided evidence related to the KTP3 and KTP5 codes which are admittedly not

6   included in all of the Elantech products.  (See Lee Declaration ¶ 8)  Since, as the Court correctly

7   reasoned, "[w]here the moving party bears the burden of proof on an issue, it must submit

8   evidence sufficient to establish that no reasonable jury could find against it on that issue at trial"

9   (Order at 8 (citing *Linear Technology Corp. v. Micrel, Inc.*, 524 F. Supp. 2d 1147, 1153 (N.D.

10  Cal. 2005))), it was incumbent on Synaptics to identify the products at issue.  It did so by way of

11  the identification of the codes on which it based its infringement analysis.  Thus, the only

12  findings that the Court could make are with regard to the Elantech touchpads that include the

13  KTP3 and KTP5 code.  However, the language in the Conclusion of the Order refers to all of

14  Elantech's touchpads.  Specifically it states that ". . . feature of Elantech's touchpads infringes . .

15  . ."  (Order at 20).  Because the language exceeds the scope of the evidence presented no

16  reasonable jury could find anything more than the the use of touchpads including the KTP3 and

17  KTP5 codes and enabling the claimed features meet the limitations of the claimed method.  Thus

18  the language should be amended to reflect the evidence presented.

19         Accordingly, although the purported factual bases Synaptics presented for every asserted

20  claim are limited to Elantech touchpads using the KTP3 and KTP5 codes, the language of the

21  Court's rulings went beyond the issues presented in Synaptics' motions.  Synaptics does not

22  argue any use of Elantech's touchpads or any possible way of implementing a feature, such as

23  one of the corner tap, scroll zone, edge motion, or tap features, infringes. In fact, Synaptics

24  admitted that new products of Elantech using other codes "were irrelevant because the

25  referenced products were never accused of infringement . . . ."  (Synaptics February 22, 2008

26  Consolidated Reply ISO Motions for Partial Summary Judgment at 14-15).

27         Furthermore, while Synaptics' motions and the Court's order refer generally to "KTP5"

28  code, not all versions of KTP5 code are the same. Again, Elantech provided declaration

ELANTECH'S NOTICE AND MOTION FOR RECONSIDERATION

1   testimony to the effect that was not considered by the Court or related in the Order's broad

2   conclusions.  (Lee Declaration, ¶ 8   The "KTP 3" and "KTP5" designations are names used

3   within Elantech to describe major redesigns of the touchpad products. *See* Declaration of Jia-Yih

4   Lee, Dkt No. 350.)  Within those broad designations are multiple versions of the integrated

5   circuit that controls the touchpad ("controller IC"), and various different touchpad models are

6   built using those ICs.  *Id.*  Generally, firmware is modified for each version of the controller IC

7   and may be continually modified if necessary to address performance and compatibility issues or

8   to alter features. *Id.*  The firmware controls the operations performed by the IC. *Id.*  If the

9   firmware does not include code to perform a certain function, no touchpad made using that IC

10  can perform that function.  *Id.*  In this case, there are versions of the KTP5 code that cannot

11  perform (and cannot be enabled to perform) various features such as the corner tap feature and

12  the edge motion feature.  *Id.*  As such, the broad conclusion that use of Elantech's products

13  infringe any of the asserted patents goes well beyond evidentiary support.

14          Elantech requests that the language in the Conclusion that "Synaptics' motion for partial

15  summary judgment that use of the corner tap feature of Elantech's touchpads infringes claims 5

16  and 6 of Synaptics' '931 patent is granted."  (Order at 20) be amended to correspond to the scope

17  of the motions defined on page 10, as follows:

18          The Court finds that: (1) the portions of the KTP3 and KTP5 code that enable the use of
            the corner tap feature meet the limitations of the method of claims 5 and 6 of the '931
19          patent;  (2) the portions of the KTP3 and KTP5 code that enable the use of the edge
            motion figure meet the limitation of the methods of claims 46 and 52 of the '411 patent;
20          (3) the portions of the KTP3 and KTP5 code control use of the scroll zone feature meet
            the limitations of claims 14 and 18 of the '052 patent.
21

22  The entry of such a revised order is necessary to avoid confusion in this litigation and in the

23  marketplace.  Synaptics issued a press release that gives the erroneous impression that the Court

24  has already determined that the use of all of Elantech's products infringes the patents.

25          While Elantech believes that the proposed amendment accurately reflects the Court's

26  ruling, to the extent Elantech's belief is incorrect, then the existing Order is based upon a

27  manifest failure of the Court to consider facts and dispositive legal arguments that the scope of

28  the motion is limited.  Elantech requests that the Court reconsider the language it used in the

ELANTECH'S NOTICE AND MOTION FOR RECONSIDERATION

8

1  Order and enter the proposed Amended Order Re Synaptics' Motions for Partial Summary

2  Judgment.

3  **V.    CONCLUSION**

4          For the reasons discussed, Elantech respectfully submits that the Court's rulings reflect a

5  manifest failure to consider material facts and dispositive legal arguments set forth by Elantech.

6  Therefore, it is proper for the Court to reconsider those rulings under Civil Local Rule 7-9(b) (3).

7  Pursuant to Civil Local Rule 7-9(d), Elantech has not requested a hearing date but will remain

8  available to present its arguments at the Court's convenience.

9

10  Dated:  June 23, 2008                          AKIN GUMP STRAUSS HAUER & FELD LLP

11

12                                                 By:_____/s/_____
                                                        Sean P. DeBruine

13
                                                   Attorneys For Plaintiff
14                                                 ELANTECH DEVICES CORPORATION

15  #6256650

16

17

18

19

20

21

22

23

24

25

26

27

28