1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  LAURA R. MASON (CA SBN 252251)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California 94304-1018
4  Telephone: 650-813-5600
   Facsimile: 650-494-0792
5  KKramer@mofo.com

6  Attorneys for Defendant and Counterclaimant
   SYNAPTICS, INC.
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12 | ELANTECH DEVICES CORPORATION, a         | Case No.   C06-01839 PVT
   | corporation existing under the laws of Taiwan, |
13 | R.O.C.,                                  | **OPPOSITION TO ELANTECH
   |                                          | DEVICES CORP.'S MOTION
14 |         Plaintiff,                       | FOR LEAVE TO FILE A
   |                                          | MOTION FOR RECONSIDERA-
15 |    v.                                    | TION OF THE COURT'S
   |                                          | MEMORANDUM AND ORDER
16 | SYNAPTICS, INC., a Delaware corporation; | RE: SYNAPTICS'S PARTIAL
   | AVERATEC, INC., a California corporation; and | SUMMARY JUDGMENT
17 | PROSTAR COMPUTER, INC., a California     | MOTIONS**
   | corporation,
18 |                                          | Date:
   |         Defendants.                      | Time:
19 |                                          | Judge:   Patricia J. Trumbull
   |                                          | Court:   5, 4th Floor
20

21
   AND RELATED COUNTERCLAIMS
22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
CASE NO. C06-01839-PVT
pa-1265141

Synaptics, Inc. ("Synaptics") respectfully opposes Elantech Devices Corp. ("Elantech")'s June 23, 2008 Motion for Leave to File a Motion for Reconsideration of the Court's Memorandum and Order Re: Synaptics's Partial Summary Judgment Motions ("Motion"). Elantech's Motion should be denied because it fails to meet the standards set forth in Civil Local Rule 7-9, and is otherwise procedurally deficient.

## I.  ARGUMENT

### A.  ELANTECH'S MOTION FAILS TO ESTABLISH GROUNDS FOR RECONSIDERATION.

Rule 7-9 is clear: the party seeking permission to file a motion for reconsideration must "specifically show" either (1) that a material difference in fact or law exists from that presented to the court that could not have been discovered earlier with reasonable diligence, (2) that new material facts or law emerged after the time of the order, or (3) that there was a "manifest failure of the Court to consider material facts or dispositive legal arguments." *See* Civil L. R. 7-9(b)(1)-(3). The Rule also specifically prohibits the repetition of "any oral or written argument made by the applying party." *See* Civil L. R. 7-9(c).

Elantech's Motion violates these rules and should be denied. Elantech admits that it made these arguments during briefing. *See* Motion, 2:27-3:3 (stating that "Elantech pointed out" certain arguments, with citation to its Opposition brief at page 1); 5:11-13; 5:27-6:3. Elantech also admits that the Court considered these issues. *See* Motion, 3:23-25 (stating that "[t]he Court in its opinion recognized" certain arguments, with quotation to and citation of the Court's Opinion.) Despite these admissions, Elantech argues that it should be permitted to move for reconsideration due to a failure of the Court to consider material facts concerning the "tapping" and "double tap" claims. Because the facts presented in Elantech's Motion were all fully briefed and considered by the Court, Elantech's Motion should be denied.

The Court plainly considered all of Elantech's arguments and facts alleged concerning the "bk0ReportCounter" variable in its order granting Synaptics' motion for partial summary judgment. *See* April 16, 2008 Memorandum and Order Re: Synaptics's Partial Summary Judgment Motions ("April 16 Order") [Docket No. 307], 12:9-13:11. Prior to ruling on

OPPOSITION TO MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
CASE NO. C06-01839-PVT
pa-1265141

1

Synaptics' Partial Summary Judgment motions, the Court ordered the parties to provide supplemental briefing on a number of issues. *See* March 6, 2008 Order re: Partial Summary Judgment ("March 6 Order") [Docket No. 264]. Elantech's response to the March 6 Order specifically identified the two declaration citations it now claims were not considered. *See* Elantech's Brief in Response to March 6, 2008 Order re: Partial Summary Judgment ("March 6 Order") [Docket No. 278], 6:2-7.

Despite Elantech's contentions, there is no evidence that the Court failed to consider the facts presented in these declarations. In fact, the Court actually referenced Elantech's response to its March 6 Order holding that "when given the opportunity…in supplemental briefing" to present specific facts beyond a mere denial of Synaptics' infringement allegations, Elantech's failed to do so. *See* April 16 Order, 13:4-7. The Court should not permit Elantech to move for reconsideration concerning fact declarations that the Court already considered.

### B.  ELANTECH'S MOTION IS PROCEDURALLY DEFICIENT.

Elantech's motion is also procedurally deficient. Elantech's arguments concerning amendment and clarification of the scope of the Court's April 16 Order cannot be brought in a motion for reconsideration. Rule 7-9 does not govern requests for clarification of court orders. Elantech's request to move for reconsideration on these grounds should be denied.[1]

## II.  CONCLUSION

Rule 7-9(c) prohibits the repetition of ***any*** oral or written argument made by Elantech in opposition to Synaptics' motions for partial summary judgment, and Rule 7-9(b) allows reconsideration only in rare circumstances where the Court ignored material facts. Elantech has made all of these arguments before, and there is no evidence that the Court failed to consider any of the facts raised in Elantech's Motion. In fact, in its April 16 Order, the Court expressly

---

[1] In addition, Rule 7-9(a) only permits parties to move for reconsideration of any order made by that Judge. Civ. L. R. 7-9(a) ("any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by *that Judge* on any ground set forth in Civil L. R. 7-9(b).") (emphasis added). Since the April 16 Order was issued by Judge Breyer, it is not at all clear that Elantech can make its motion to anyone other than Judge Breyer.

OPPOSITION TO MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
CASE NO. C06-01839-PVT
pa-1265141

2

considered – and rejected – the assertions in question.  Elantech may not like the April 16 Order, but it has presented no evidence that would support reconsideration.  Elantech's motion should be denied.

Dated:   June 26, 2008

KARL J. KRAMER
ERIKA L. YAWGER
LAURA R. MASON
MORRISON & FOERSTER LLP

By:   s/Karl J. Kramer
      Karl J. Kramer
      Email: KKramer@mofo.com

Attorneys for Defendant and
Counterclaimant SYNAPTICS, INC.

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>   Plaintiff,<br><br>   v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>   Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 PVT<br><br>**[PROPOSED] ORDER DENYING ELANTECH DEVICES CORP.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM AND ORDER RE: SYNAPTICS'S PARTIAL SUMMARY JUDGMENT MOTIONS**<br><br>Date:<br>Time:<br>Judge:    Patricia J. Trumbull<br>Court:    5, 4th Floor |

[PROPOSED] ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
CASE NO. C06-01839-PVT

pa-1265144

1  The Court, having considered Synaptics, Inc.'s Opposition to Elantech Devices Corp.'s
2  Motion for Leave to File a Motion for Reconsideration of the Court's Memorandum and Order
3  Re: Synaptics's Partial Summary Judgment Motions ("Elantech's Motion"), and having reviewed
4  the papers submitted by the parties related to Elantech's Motion, the Court rules as follows:

6  IT IS HEREBY ORDERED that Elantech's Motion is DENIED.

8  Dated: _____

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge