KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
LAURA R. MASON (CA SBN 252251)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>    Plaintiff,<br><br>    v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 PVT<br><br>**SYNAPTICS, INC.'S MOTION TO COMPEL THE DEPOSITION OF I-HAU YEH**<br><br>Date:     August 12, 2008<br>Time:    10:00 a.m.<br>Judge:   Patricia V. Trumbull<br>Location: Courtroom 5, 4th Floor |

PLEASE TAKE NOTICE that on August 12, 2008 at 10:00 a.m., Defendant Synaptics, Inc. ("Synaptics") will move the Court for an order compelling Plaintiff Elantech Devices Corporation ("Elantech") to present its president, I-Hau ("I.H.") Yeh, for deposition, at the law offices of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, CA, 94304 by August 31, 2008. This motion is brought pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 7-2 and 37-1, and is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Erika L. Yawger ("Yawger Decl."), all pleadings and records on file in this action, and upon all further oral or documentary evidence as may be presented at the time of the hearing on the motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 18, 2008, Synaptics served Elantech with a Notice of Deposition of I.H. Yeh. (Yawger Decl. Ex. A.) Although the deposition was noticed for 9:30 a.m. on May 23, 2008, a letter accompanying the notice explicitly stated that Synaptics was open to other possible dates. (*Id.* Ex. B.) Over the ensuing six weeks, counsel for Synaptics made numerous requests for proposed deposition dates that would be convenient to Elantech and Mr. Yeh. (*Id.* ¶¶ 4-8 and Exs. C-D.) After Elantech repeatedly failed to provide proposed dates, on May 30, 2008, Synaptics re-noticed the deposition of Mr. Yeh for 9:30 a.m. on June 30, 2008. (*Id.* Ex. E.) Elantech again refused to produce Mr. Yeh, claiming that his position as Elantech's President shields him from deposition. (*Id.* Ex. F.) Synaptics responded to Elantech's refusal and, on June 25, 2008, the parties met and conferred in person regarding this issue. (*Id.* ¶¶ 11-12, Ex. G.) Elantech maintained its refusal to produce Mr. Yeh. (*Id.* ¶ 8.) Given Elantech's position, Synaptics informed Elantech that it would file a motion to compel the deposition. (*Id.*)

Mr. Yeh – the president of Elantech – has been deeply involved in this case from the very beginning, and has unique personal knowledge of the facts concerning several of the key issues in the case. In particular, Mr. Yeh is an important fact witness concerning Elantech's willful infringement. Prior to initiating this lawsuit, he met with Synaptics employees multiple times to discuss Synaptics' patent rights, and was the recipient of at least two letters concerning Synaptics' patents from Donald E. Kirby, a former Senior Vice President at Synaptics. (Yawger Decl. ¶ 14

and Ex. H.)  Mr. Yeh is the company spokesperson for the case, and has made statements in the media regarding the strategy and consequences of this lawsuit – statements that are relevant to issues of infringement and willful infringement.  (*Id.* Ex. I.)  Mr. Yeh also signed two of the assignment agreements that ultimately gave rights to Elantech in the asserted '352 patent.  (*Id.* Ex. J.)

Although Synaptics noticed this deposition six months before the close of fact discovery, by the time this Motion is heard, only two months of fact discovery will remain.  Elantech has never moved for a protective order, and it cannot demonstrate good cause to prevent the deposition.  In fact, Synaptics understands that Mr. Yeh and his wife have a residence in this district and that he conducts business and activities relating to Elantech while here in the United States.  (*Id.* Ex. K.)  The burden of appearing for a deposition here, as opposed to Taiwan, would be negligible.  As a percipient fact witness, Mr. Yeh's deposition should be ordered.

### ARGUMENT

Synaptics is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Courts construe this provision broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party seeking to prevent a deposition must move for a protective order and show "good cause" for its issuance.  Fed. R. Civ. P. 26(c).  Apart from its passive resistance during the more than two months since Mr. Yeh's deposition was first noticed, Elantech has not taken any steps to prevent the deposition.  The deposition should proceed because Elantech has not met its burden of demonstrating good cause for refusing to produce Mr. Yeh, as is required by Rule 26(c).  *See Zamora v. D'Arrigo Brothers Co. of Cal.*, No. C04-00047 JW, 2007 U.S. Dist. LEXIS 21418, at **15-16 (N.D. Cal. Mar. 15, 2007) (ordering the production of the company president for an apex deposition and noting that the party opposing discovery "has the burden of showing why relevant discovery should not go forward").

1       Moreover, Mr. Yeh's current position as Elantech's President does not insulate him from discovery. Like other percipient witnesses, corporate officials are subject to deposition if they possess personal knowledge of facts relevant to a case. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Less v. Taber Instrument Corp.,* 53 F.R.D. 645, 647 (W.D.N.Y. 1971) ("the fact that Mr. Singleton is a very busy executive should not bar this examination"). "[W]here a corporate officer may have *any* first hand knowledge of relevant facts, the deposition should be allowed." *Grateful Dead Productions v. Sagan*, No. C06-7727 PVT, 2007 U.S. Dist. LEXIS 56810, at *8 n.5 (N.D. Cal., July 25, 2007) (citing *Blankenship,* 519 F.2d at 429) (emphasis in original); *see also WebsideStory, Inc. v. Netratings, Inc.*, 2007 WL 1120567, at *4 (S.D. Cal. 2007) (noting that where objective evidence suggests that the apex deponent has unique personal knowledge, a claimed lack of personal knowledge is insufficient grounds for protection from the deposition sought).

        This is not a case where Mr. Yeh can avoid deposition because of a lack of "knowledge of a specific incident or case handled several levels down the corporate pyramid." *Liberty Mut. Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1287 (1992) (preventing "apex" deposition where the deponent had no personal knowledge of facts in dispute). Far from being a removed executive who has no knowledge of the details of the case, Mr. Yeh has been deeply involved in this case from the very beginning. Mr. Yeh is the only representative possessing the breadth and scope of knowledge required to testify to at least issues relating to willfulness and the terms of the transfer agreement. Because Mr. Yeh has relevant and unique knowledge about disputed issues in this case, Synaptics should be permitted to depose him. *See Blankenship*, 519 F.2d at 429 (possibility that corporate officer deponent may have relevant knowledge warrants the deposition).

**CONCLUSION**

For the foregoing reasons, Synaptics respectfully requests that the Court order Elantech to produce Mr. Yeh for deposition by August 31, 2008.

Dated: July 8, 2008

KARL J. KRAMER
ERIKA L. YAWGER
LAURA R. MASON
MORRISON & FOERSTER LLP

By:   s/Karl J. Kramer
        Karl J. Kramer
        Email: KKramer@mofo.com

Attorneys for Defendant and
Counterclaimant SYNAPTICS, INC.

MOTION TO COMPEL YEH DEPOSITION
CASE NO. C06-01839-PVT
pa-1265848

5

| | |
|---|---|
| 1 | KARL J. KRAMER (CA SBN 136433)<br>ERIKA L. YAWGER (CA SBN 234919) |
| 2 | LAURA R. MASON (CA SBN 252251)<br>MORRISON & FOERSTER LLP |
| 3 | 755 Page Mill Road<br>Palo Alto, California 94304-1018 |
| 4 | Telephone: 650-813-5600<br>Facsimile: 650-494-0792 |
| 5 | KKramer@mofo.com |
| 6 | Attorneys for Defendant and Counterclaimant<br>SYNAPTICS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., | Case No.   C06-01839 PVT |
| Plaintiff, | **[PROPOSED] ORDER GRANTING SYNAPTICS, INC.'S MOTION TO COMPEL THE DEPOSITION OF I-HAU YEH** |
| v. | |
| SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, | Date:       August 12, 2008<br>Time:       10:00 a.m.<br>Judge:      Patricia V. Trumbull<br>Location:  Courtroom 5, 4th Floor |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

[PROPOSED] ORDER GRANTING SYNAPTICS' MOTION TO COMPEL YEH DEPOSITION
CASE NO. C06-01839-PVT

pa-1267447

1

1   The Court, having considered Synaptics, Inc.'s Motion to Compel the Deposition of I-Hau
2   Yeh, and having reviewed the papers submitted by the parties related to the Motion, the Court
3   rules as follows:
4   IT IS HEREBY ORDERED that Synaptics' Motion is GRANTED.  Elantech shall
5   produce I-Hau Yeh for deposition at the Palo Alto office of Morrison & Foerster LLP by
6   August 31, 2008.
7   IT IS SO ORDERED.
8   Dated: _____

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

[PROPOSED] ORDER GRANTING MOTION TO COMPEL YEH DEPOSITION
CASE NO. C06-01839-PVT
pa-1267447

2