Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:    650-838-2000
Facsimile:    650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP., <br><br> Plaintiff, <br><br> vs. <br><br> SYNAPTICS, INC and AVERATEC, INC., <br><br> Defendants. | Case No. 3:06-CV-01839 PVT <br><br> **ELANTECH DEVICES CORP.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY TO SYNAPTICS MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING DECLARATIONS** |

Plaintiff Elantech Devices Corp. ("Elantech") hereby moves, pursuant to Civ. L.R. 7-11 and 7-3(d) for leave to file a Sur-Reply Brief in opposition to Defendant Synaptics Inc.'s ("Synaptics") motion for Preliminary Injunction, and supporting declarations from Ian Scott MacKenzie and Jia-Yih Lee. As basis for this motion, Elantech states that the declaration of Mr. Lee is necessary to address facts raised for the first time in Synaptics' Reply Brief. In particular, the Sur-Reply and Mr. Lee's declaration will make clear that a new model of Elantech touchpad sold in the United States by ASUS Computer International, Inc. was not subject of the Court's April 6, 2008 Order re Motions for Partial Summary Judgment, that Synaptics has not shown that this new model is capable of use in a manner that would infringe its patent claims, and in fact

that this new model is not capable of any infringing use. Because this issue was first raised in Synaptics' Reply Brief, Elantech should be permitted to address this issue and demonstrate why the sale of these computers in the United States does not support Synaptics' motion.

Elantech also should be permitted to provide the Supplemental Declaration of Dr. Ian Scott MacKenzie to address evidence of invalidity that Elantech was unable to provide at the time its Opposition Brief was filed. In particular, Dr. MacKenzie has now been able to analyze some of the many versions of code produced by third party Cirque Corporation, and has determined that Cirque first invented the "tap and drag" method of claim 9 of Synaptics '591 patent. This evidence raises a very substantial question as to the validity of that claim, which precludes the issuance of an injunction.

Synaptics is requesting the extraordinary remedy of a preliminary injunction, before all of the relevant evidence concerning the validity of its patents and their alleged infringement has been considered. Such a motion should be considered in the light of all available, relevant evidence. For these reasons Elantech seeks leave of the Court to file its Sur-Reply brief, and the supplemental Lee and MacKenzie declarations in the form attached hereto as Exhibits A-C.

Respectfully submitted,

Dated: July 8, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
Sean P. DeBruine

Attorneys For Plaintiff
ELANTECH DEVICES CORPORATION

#6260878

**EXHIBIT A**

Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:    650-838-2000
Facsimile:    650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ELANTECH DEVICES CORP., | ) | Case No. 3:06-CV-01839 PVT |
| Plaintiff, | ) ) | **ELANTECH DEVICES CORP.'S SUR-REPLY TO ADDRESS AN ISSUE RAISED BY DEFENDANT SYNAPTICS, INC. IN ITS REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | ) ) ) | |
| SYNAPTICS, INC and AVERATEC, INC., | ) ) ) | |
| Defendants. | ) ) ) ) | |

Plaintiff Elantech Devices Corp. ("Elantech") respectfully submits this Sur-Reply to address an issue first raised by defendant Synaptics, Inc. ("Synaptics") in its Reply Brief in Support of its motion for preliminary injunction [Dkt No. 360], and to provide new material information to the Court not known to Elantech prior to the briefing and hearing of that motion.

Synaptics has moved for a preliminary injunction barring the sales, importation or use of certain Elantech touchpads. Synaptics' Motion for Preliminary Injunction ("Motion"). Dkt. No. 317]. That motion is based entirely on findings in the Court's April 6, 2008 Memorandum and Order re: Synaptics' Partial Summary Judgment Motions ("Order"). That Order addresses only Elantech's KTP3 and KTP5 series products. In its Reply Brief, Synaptics argues that recent sales of ASUS Computers in the U.S. that include Elantech touchpads support its requested injunction. As will be shown below, that is not the case. The ASUS computers do not include KTP3 or KTP5 model touchpads. Rather, they include a new touchpad model that can not be used to infringe any of Synaptics' asserted patent claims.

In addition, Elantech has confirmed its analysis of the voluminous prior art and firmware code produced by third-party Cirque Corporation. That analysis shows that Synaptics was not the first to invent the "tap and drag" method claimed in the '591 patent. This compelling evidence precludes a preliminary injunction as to that patent.

I. **THE ASUS COMPUTERS CITED IN SYNAPTICS' MOTION INCLUDE THE NEW "SMARTPAD" PRODUCT NOT ADDRESSED IN SYNAPTICS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT.**

In its Reply, Synaptics raised for the first time the recent sales in the U.S. of a new model of personal computer ASUS by Computer International, Inc. that includes an Elantech touchpad. Reply at 4 (citing Supplemental Declaration of Erika Yawger ("Yawger Decl."), ¶ 11, Ex. H [Dkt No. 358]. Synaptics argues that this evidence shows that "Elantech touchpads with infringing features are currently being used and offered for sale in the United States." *Id.* However, Synaptics did not provide any evidence to support its claim that the Elantech touchpads in the ASUS computers can be used in any manner that would infringe its asserted patent claims. Had Synaptics made any attempt to investigate, it would have found that its claim about these

touchpads has no basis in fact. The Elantech touchpads in those ASUS computers cannot be used to practice any of the claimed methods of the asserted patent claims.

To prevail on its motion for preliminary injunction, Synaptics must first establish that it is likely to prevail on its claim that Elantech infringes its patent claims. For purposes of this element, Synaptics' preliminary injunction motion relies entirely on the Court's April 13, 2008 Order re Motions for Partial Summary Judgment. That Order is limited to the only two of Elantech's product types addressed in Synaptics' motions for partial summary judgment, namely the KTP3 and KTP5. Order at 10. The ASUS computers mentioned in Synaptics' Reply do not include either of these types of touchpad. Rather, those products include a new touchpad model, the "SmartPad." Supplemental Declaration of Jia-Yih Lee, ¶ 4. As will be explained below, the SmartPad model touchpads are incapable of performing any of the methods covered by the relevant claims of the Synaptics patents. As such, the sale of these products in the United States does nothing to support Synaptics request for a preliminary injunction.

### A. The SmartPad Can Not Practice Claims 5 or 6 of the '931 Patent.

Claim 5 of the '931 patent refers to a method of recognizing a quick tap of a finger in a corner of the touchpad, and reporting to the host the occurrence of the tap and in which corner it occurred. *See* January 30, 2008 Declaration of Andrew Wolfe ("Wolfe Declaration") [Dkt. 323], Ex. 2. The Elantech touchpads incorporated in the ASUS computers are unable to detect a tap in a corner of the touchpad and do not report any such gesture to the host. Supp. Lee Decl., ¶ 4. As such, these touchpads cannot be used to perform the method of claim 5. In particular, they are unable to "detect in which of at least one corner" a tap gesture occurs, and can not "send[] a signal to the host" . . . "indicating in which of at least one corner" a tap occurs. *Id.* As such, these touchpads cannot be used to infringe claim 5. Claim 6 of the '931 patent depends from claim 5. Because claim 5 can not be infringed, neither can claim 6. Thus, Synaptics has not shown, and cannot show that the sale of the ASUS computers supports its requested injunction as to the '931 patent.

### B.  The SmartPad Can Not Practice Claims 14 or 18 of the '052.

Claim 14 of the asserted '052 patent relates to the "scroll zone" feature. It requires, *inter alia*, a touchpad with a dedicated "scrolling zone." Wolfe Decl, Ex. 5 ('052 Patent) at 7:7-21. Movement of the finger within that defined zone on the touchpad will cause the display to scroll. *Id.* The Elantech touchpads included with the ASUS computers do not have a "scroll zone." In fact, the relevant Elantech touchpad models have no area for scrolling that is distinct from any other area of the touchpad. Supp. Lee Decl., ¶ 4. The SmartPad touchpads therefore cannot be used to perform the method steps required by claim 14, and there can be no infringement from their use. Claim 18 of the '052 patent is dependent on claim 14 and therefore includes all of the limitations of claim 14. Because the "scrolling zone" limitation of claim 14 is not met, claim 18 cannot be infringed either.

### C.  The SmartPad Can Not Practice Claims 46 of 52 of the '411 Patent.

The same is true of the "edge motion" method of claims 46 and 52 of the '411 patent. These claims require, *inter alia,* the step of sensing whether an object on the touchpad has "moved into an outer region proximate an outer edge" of the touchpad surface. Wolfe Decl., Ex. 4 ('411 Patent) at 63:15-68. The relevant Elantech touchpad models are incapable of detecting whether an object is in such an "outer region." Supp. Lee Decl., ¶ 4. Because this claim element is completely missing from the SmartPad products, these products cannot be used to infringe Synaptics' claimed methods, and the sale of these products in the United States does not support Synaptics' motion for preliminary injunction.

### D.  The SmartPad Cannot Practice Claim 9 of the '591 Patent.

Finally, the relevant Elantech touchpads do not meet all of the limitations of claim 9 of the '591 patent. That claim requires, *inter alia*, that the length of a first contact with the touchpad be compared to a first reference amount of time. Wolfe Decl, Ex. 3 ('591 Patent) at 48:7-27. To process a drag gesture, these Elantech touchpads do not compare the time length of the first contact. Supp. Lee Decl., ¶ 5. Rather, in the Elantech SmartPad touchpads, a first contact may be the start of a drag gesture if it involves little or no motion. When a contact with little or no motion is detected, it is considered a tap. *Id.* It does not matter how long that

essentially motionless contact lasts. Elantech next compares the time elapsed from the *end* of the first contact until a second contact is detected, and then determines if that second contact includes significant motion. *Id.* If a second contact includes sufficient motion and is detected within a short amount of time after the first contact ends, the Elantech touchpad reports a left mouse button "down" condition and reports the X and Y motion information. *Id.* Thus, the Elantech touchpads do not perform the required step of "comparing the duration of [a] first presence with a first reference amount of time" as required by claim 9. Therefore, use of these touchpads can not constitute infringement of that claim.

For these reasons, Synaptics' reference to sales of the ASUS computers does nothing to support its motion for preliminary injunction. The Elantech SmartPad touchpads were not addressed in the Court's April 13, 2008 Order re Partial Summary judgment, and Synaptics has not put forth any evidence showing that they can be used to infringe its patent claims. More importantly, these touchpad models are incapable of use in a manner that would infringe any of the asserted claims of Synaptics patents. Because Synaptics has not shown and cannot show otherwise, Synaptics has still failed to come forward with evidence of any independent use of an Elantech touchpad in the U.S. in a manner that practices these claims and its motion for preliminary injunction should be denied.

## II. THE CODE PRODUCED BY CIRQUE CORP. DEMONSTRATES THE INVALIDITY OF CLAIM 9 OF THE '591 PATENT.

In its Opposition to Synaptics' motion for preliminary injunction, Elantech noted that the GlidePoint touchpad by Cirque Corp. was publicly available in this country by May 1994. Opposition at 13 [Dkt. No. 353] The effective filing date for Synaptics' '591 patent is October 1994. Because the conception date for a patent is presumed to be the date the patent application is filed, the prior sale of the GlidePoint touchpad raises a serious question as to the validity of claim 9 of the '591 patent. As of the date of its opposition, Elantech had been unable to analyze the hundreds of files containing code produced by Cirque for controlling the GlidePoint touchpads, and could not be certain of the method by which those products detected and reported the "drag gesture" of the '591 patent. Moreover, Synaptics now claims an earlier date of

1  conception for its alleged invention. In particular, Synaptics claims a date of invention of
2  January 7, 1994. Reply at 8. Elantech's expert has now had time to examine at least some of the
3  numerous versions of code produced by Cirque, and has learned that Cirque did indeed employ
4  the same method set forth in claim 9 of the '591 patent. Supplemental Declaration of Ian Scott
5  MacKenzie filed herewith ("Supp. MacKenzie Decl."), ¶ 6. Elantech can also establish that
6  Cirque had completed the code employing that method before Synaptics' earliest claimed
7  invention date. *Id.* ¶¶ 3-4. As such, the evidence produced by Cirque demonstrates that claim 9
8  of the '591 patent is invalid.
9        A patent claim is invalid under 35 U.S.C. § 102(g)(2) if, "before [the patentee's]
10 invention thereof, the invention made in this country by another inventor who did not abandon,
11 suppress or conceal it." *See Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1339 (Fed.
12 Cir. 2001). Here, source code contained in files created no later than September 1993 include
13 code to perform the exact method set forth in claim 9 of the '591 patent. MacKenzie Decl., ¶¶ 5-
14 6. In particular, the code contained in the Cirque files detects the presence of a conductive object
15 on a touch sensor pad and compares the duration of that presence to a reference amount of time.
16 *Id.* ¶ 5. If that duration is less than the reference amount of time, the code reports a left button
17 down state, which is the same signal in the Elantech devices that was found to satisfy the
18 "initiating a drag gesture" limitation. *Id.* The Cirque code can then detect a second presence of
19 an object on the touchpad, and compare the duration between the first contact and the second
20 contact. *Id.* If that second presence occurs within the second reference amount of time, the
21 Cirque code maintains the signal representing the left mouse button down, while reporting X and
22 Y cursor movement. *Id.* As such, the Cirque code demonstrates a complete implementation of
23 claim 9 of the '591 patent. *Id.*, ¶ 6. Because that code was completed before the invention date
24 alleged by Synaptics, it anticipates that claim. *Dow Chem.*, 267 F.3d at 1339 (earlier product that
25 meets every claim limitation anticipates the patent claim).
26       Because the code produced by Cirque clearly shows a prior invention, the burden of
27 proof shifts to Synaptics to establish facts showing that Cirque "abandoned, suppressed or
28 concealed" its invention. *Dow Chem.*, 267 F.3d at 1339. Synaptics will not be able to carry that

1   burden. There is no set amount of time in which a prior inventor must make its invention known.
2   *Id*. at 1342. In the absence of proof of active steps to abandon, suppress or conceal, this factor
3   may be inferred by an unreasonable delay in making the invention publicly known. *Id*. There
4   can be no abandonment, suppression or concealment where the prior inventor was engaged in
5   reasonable efforts to bring the invention to market. *Id*. In *Dow Chemical*, the Federal Circuit
6   held that a period of two and one-half years between the prior invention and the release of a
7   commercial product was not unreasonable. *Id*. at 1343. Here, there is no evidence that Cirque
8   abandoned, suppressed or concealed its invention. Rather, Cirque released a commercial product
9   including that invention by May 1994. From the many iterations of code contained in the files
10  produced by Cirque, and the fact that a commercial product was promptly released, the evidence
11  shows that Cirque was engaged in reasonable efforts to commercialize its touchpads including
12  the alleged invention of claim 9 of the '591 patent.
13      At a minimum, this evidence raises a very substantial question as to the validity of claim
14  9, and no injunction can be granted as to that claim.

15  **III.    CONCLUSION**
16      Because the touchpads used in the current ASUS computers referenced in Synaptics'
17  Reply brief have not been the subject of any finding of infringement, and in fact are incapable of
18  being used to infringe any of Synaptics' patent claims, the fact that those touchpads may be sold
19  in the U.S. does nothing to support Synaptics' motion for preliminary injunction. In addition, the
20  evidence clearly demonstrates that Synaptics was not the first to invent the method of claim 9 of
21  the '591 patent, and no injunction should issue as to that claim.

22
23  Dated: July 8, 2008                          AKIN GUMP STRAUSS HAUER & FELD LLP
24
                                                 By:_____/s/_____
25                                                    Sean P. DeBruine
26                                               Attorneys For Plaintiff
                                                 ELANTECH DEVICES CORPORATION
27
28  #6260722

**EXHIBIT B**

1  Yitai Hu (SBN 248085) (yhu@akingump.com)
   Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
2  S.H Michael Kim (SBN 203491) (mkim@akingump.com)
   AKIN GUMP STRAUSS HAUER & FELD LLP
3  3000 El Camino Real, Suite 400
   Palo Alto, California  94306
4  Telephone:  650-838-2000
   Facsimile:   650-838-2001
5

6  Attorneys for Plaintiff and Counterdefendant
   ELANTECH DEVICES CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12 ELANTECH DEVICES CORP.,              ) Case No. 5:06-CV-01839 PVT
                                        )
13              Plaintiff,              ) **SUPPLEMENTAL DECLARATION OF JIA-**
                                        ) **YIH LEE IN SUPPORT OF ELANTECH'S**
14       vs.                            ) **OPPOSITION TO SYNAPTICS' MOTION**
                                        ) **FOR PRELIMINARY INJUNCTION**
15 SYNAPTICS, INC. and AVERATEC, INC,   )
                                        ) Date:      June 24, 2008
16              Defendants.             ) Time:      2:00 p.m.
                                        ) Judge:     Magistrate Judge Patricia V. Trumbell
17                                      ) Courtroom: 5, 4th Floor
                                        )
18

19

20

21

22

23

24

25

26

27

28

                                        1
SUPPLEMENTAL DECLARATION OF JIA-YIH LEE                    Case No. 5:06-CV-01839 PVT

1   I, Jia-Yih Lee declare and state as follows:

2   1.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I would testify competently, under oath, to the facts stated below.

4   2.  I am a technical consultant of Elantech Devices Corporation.

5   3.  I have personal knowledge of Elantech touchpads models accused by Synaptics in this matter and their operation. I also have personal knowledge of the firmware that provides the functionality in the Elantech touchpads.

8   4.  I understand that Synaptics has referred to a computer ASUS recently introduced, the Eee 900 model computer. I understand that this ASUS computer includes the new Elantech SmartPad touchpad. The SmartPad is a new model, and is not a KTP3 or KTP5 model. Those touchpads have model number 810801-1703 (if white) or 810801-1713 (if black). Both model numbers include the same IC. The firmware controlling these ICs does not include code to provide for detection of a tap in a corner, nor does it include code to detect contact in a defined region near the edges of the touchpad as different from normal contact. These products cannot perform the "edge motion," "corner tap" or "scroll zone" functions described in Synaptics' motion.

16  5.  The logic employed by the SmartPad firmware to recognize a tap and drag command does not compare the first presence of the finger on the touchpad to any reference amount of time. Rather, the Elantech touchpads first detect a first contact of an object and compare the amount of motion with a reference amount. If there is little or no motion the logic waits for the contact to end. If contact is later returned within a certain period of time, and is followed by enough movement, Elantech considers it to be a drag gesture. The Elantech touchpads then send data packets including a data bit indicating that the left button is "down" and the changes in X and Y finger position.

23  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 3, 2008 at Hsinchu, Taiwan R.O.C.

/s/
Jia-Yih Lee

2

SUPPLEMENTAL DECLARATION OF JIA-YIH LEE                             Case No. 5:06-CV-01839 PVT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTESTATION OF CONSENT

The undersigned hereby attests, pursuant to section X of General Order 45, that he has obtained concurrence from Jia-Yih Lee to the electronic filing of this document.

Dated July 8, 2008

            /s/
    Sean P. DeBruine

#6259297

1  Yitai Hu (SBN 248085)(yhu@akingump.com)
   Sean P. DeBruine (SBN 168071)(sdebruine@akingump.com)
2  AKIN GUMP STRAUSS HAUER & FELD LLP
   3000 El Camino Real
3  Two Palo Alto Square, Suite 400
   Palo Alto, California  94306
4  Telephone:      650-838-2000
   Facsimile:       650-838-2001
5
   Attorneys for Plaintiff and Counterdefendant
6  ELANTECH DEVICES CORPORATION

7
                       UNITED STATES DISTRICT COURT
8
                       NORTHERN DISTRICT OF CALIFORNIA
9
                              SAN FRANCISCO DIVISION
10

11
                                              Case No. 3:06-CV-01839 PVT
12
   ELANTECH DEVICES CORP.,                    **NOTICE OF MANUAL FILING**
13
            Plaintiff,
14
        vs.
15
   SYNAPTICS, INC. and AVERATEC, INC.,
16
            Defendants.
17

## NOTICE OF MANUAL FILING

REGARDING: **EXHIBIT C TO ELANTECH DEVICES ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY TO SYNAPTICS MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING DECLARATIONS**

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

These filings were not e-filed for the following reason:

[_] Voluminous Document (PDF file size larger than the efiling system allows)

[_] Unable to Scan Documents

[_] Physical Object (description): _____

_____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[X] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____

_____

Dated: July 8, 2008                 AKIN GUMP STRAUSS HAUER & FELD LLP

                                    By:  _____/s/_____
                                              Sean P. DeBruine

                                    Attorneys for Plaintiff
                                    ELANTECH DEVICES CORP.

1  Yitai Hu (SBN 248085)(yhu@akingump.com)
   Sean P. DeBruine (SBN 168071)(sdebruine@akingump.com)
2  AKIN GUMP STRAUSS HAUER & FELD LLP
   3000 El Camino Real
3  Two Palo Alto Square, Suite 400
   Palo Alto, California 94306
4  Telephone:     650-838-2000
   Facsimile:     650-838-2001
5
   Attorneys for Plaintiff and Counterdefendant
6  ELANTECH DEVICES CORPORATION

7                      UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                         SAN FRANCISCO DIVISION

10

11 | ELANTECH DEVICES CORP.,              | Case No. 3:06-CV-01839 PVT
12 |         Plaintiff,                   |
   |                                      | **[PROPOSED] ORDER GRANTING
13 |     vs.                              | ELANTECH'S ADMINISTRATIVE
   |                                      | MOTION FOR LEAVE TO FILE A SUR-
14 | SYNAPTICS, INC. and AVERATEC, INC.,  | REPLY TO SYNAPTICS MOTION FOR
   |                                      | PRELIMINARY INJUNCTION AND
15 |         Defendants.                  | SUPPORTING DECLARATIONS UNDER
   |                                      | SEAL.**
16

17

18

19

20

21

22

23

24

25

26

27

28

1  The Court has received Plaintiff Elantech Devices Administrative Motion for Leave to File a
2  Sur-Reply to Synaptics Motion for Preliminary Injunction and Supporting Declarations Under Seal.
3  Good cause appearing, the motion is GRANTED.
4
5  IT IS SO ORDERED.
6
7
8  Dated: July ___, 2008                    _____
                                             HONORABLE PATRICIA V. TRUMBULL
9                                            UNITED STATES MAGISTRATE JUDGE