KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
LAURA R. MASON (CA SBN 252251)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 PVT<br><br>**DEFENDANT SYNAPTICS, INC.'S OPPOSITION TO ELANTECH'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY** |

Synaptics, Inc. ("Synaptics") moved for a preliminary injunction two months ago. (Docket No. 317.) After full briefing by both parties, the Court heard oral argument on June 24, 2008 and took the motion under submission. (*See* Civil Minute Order (Docket No. 367.)) Now, three weeks after Synaptics filed its reply brief and two weeks after the hearing, Elantech Devices Corp. ("Elantech") has requested leave to file a sur-reply that makes new factual and legal arguments, and which is accompanied by new lay and expert declarations.

1    Elantech's motion is clearly improper. In general, courts should not consider arguments or evidence raised for the first time at or after the hearing on a motion. *See White v. FedEx Corp.*, C 04-99 SI, 2006 U.S. Dist. LEXIS 9975, *2 (N.D. Cal. Mar. 13, 2006); *Heffelfinger v. Elec. Data Sys. Corp.*, 2008 U.S. Dist. LEXIS 46461 (C.D. Cal. June 6, 2008) ("*A fortiori*, such argument is improper two days *after* the hearing."). Elantech waited until *two weeks* after oral argument and did *not* object to the Court taking the motion under submission at the hearing.

Elantech contends that a sur-reply is needed to address arguments in the reply that Synaptics filed on June 18 (Docket No. 356), five days after receiving Elantech's opposition on June 13 (Docket No. 353). Yet Elantech has failed to explain why it did not address those arguments before or at the June 24 hearing. Elantech asserts that its expert was "unable" to analyze source code produced by Cirque, but fails to mention that it received that code more than *one year* ago, in March 2007. Elantech has also known that its current sales of infringing products is at issue since Synaptics filed its motion on May 9, and has known about the "ASUS" issue since Synaptics opposed Elantech's request to delay the motion in late May (Docket No. 327, at 3), which was two weeks *before* Elantech filed its opposition on June 13.

Finally, Elantech's request would improperly delay resolution of a motion that the Court has already taken under submission because Synaptics would need an opportunity to respond to Elantech's new arguments. Elantech's request should be denied.[1]

Dated: July 10, 2008

KARL J. KRAMER
ERIKA L. YAWGER
LAURA R. MASON
MORRISON & FOERSTER LLP

By:    s/Karl J. Kramer
       Karl J. Kramer
       Email: KKramer@mofo.com

Attorneys for Defendant and
Counterclaimant SYNAPTICS, INC.

---

[1] Elantech's motion is also procedurally defective because Elantech failed to file a stipulation or a declaration explaining why a stipulation could not be obtained, as required by Local Rule 7-11.

SYNAPTICS' RESPONSE TO ELANTECH'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY
CASE NO. C06-01839-PVT
pa-1267836

2