KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
LAURA R. MASON (CA SBN 252251)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>    Plaintiff,<br><br>    v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 PVT<br><br>**DEFENDANT SYNAPTICS, INC.'S RESPONSE TO JULY 1, 2008 INTERIM ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

District Judge Charles R. Breyer granted Synaptics' motions for partial summary judgment on April 16, 2008. Over two months later, after Judge Breyer transferred the case to this Court, Elantech filed a Motion for Leave for Reconsideration ("Motion") of Judge Breyer's order. Synaptics opposed Elantech's Motion on June 26, 2008, and the Court has now asked the parties to submit briefing concerning what standard should be applied when determining whether to reconsider a ruling or order issued by Judge Breyer.

For several independent reasons discussed herein, the Court should deny Elantech's motion for leave to file a motion for reconsideration, and should apply the *Delta Savings Bank* "law of the case" standard when determining whether to reconsider Judge Breyer's order.

### I. ELANTECH'S MOTION FOR LEAVE FAILS TO MEET THE HIGH "MANIFEST FAILURE" STANDARD SET BY CIVIL LOCAL RULE 7-9.

Elantech's Motion does not satisfy the high standard imposed by Civil Local Rule 7-9. Elantech cannot show (1) that a material difference in fact or law exists from that presented to the court that could not have been discovered earlier with reasonable diligence,[1] (2) that new material facts or law emerged after the time of the order,[2] or (3) that there was a "manifest failure of the Court to consider material facts or dispositive legal arguments." *See* Civil L. R. 7-9(b)(1)-(3).

Elantech primarily bases its Motion on the third element, claiming a "manifest failure" of the Court to consider material facts. Under Northern District law, this is a heightened standard that exceeds the "clear error" standard. *Nidec Corp. v. Victor Co. of Japan*, No. C 05-0686 SBA, 2007 U.S. Dist. LEXIS 86414, at **11-13 (N.D. Cal. Nov. 16, 2007). This higher standard prevents parties from "opportunistically mov[ing] the Court to reconsider any order that it disagrees with, needlessly impeding the progress of the case and unduly burdening opposing

---

[1] Elantech concedes the first element is not a basis for its motion.

[2] Elantech argues that the second element is met because "there was a change in law resulting from the Court's *sua sponte* revised claim construction." (Elantech's Motion for Leave to File a Motion for Reconsideration [Docket No. 365] at 2:9-10.) However, the change in law must occur after the time of the order. Civil L. R. 7-9(b)(2). Any alleged change in law due to the Court's revised claim construction occurred during or before Judge Breyer's order. Therefore, Elantech has no basis for arguing reconsideration due to a change in law or facts.

1  parties and the Court." *Id.*  As discussed in Synaptics' Opposition, Judge Breyer considered all of
2  Elantech's arguments when ordering partial summary judgment.  (*See* Synaptics' Opposition to
3  Elantech's Motion for Leave to File a Motion for Reconsideration ("Opposition Motion")
4  [Docket No. 369] at 1:17-2:12.)  Because Elantech has not demonstrated that Judge Breyer
5  manifestly failed to consider material facts or dispositive legal arguments, Elantech should not be
6  allowed to reargue these issues.

7  Furthermore, Elantech needed to file its Motion with Judge Breyer instead of waiting until
8  the case was transferred to this Court.[3]  In sum, Elantech's motion for leave to file a motion for
9  reconsideration fails to comply substantively or procedurally with the Civil Local Rules and
10 should be denied on those grounds alone.

**II.    THE *DELTA SAVINGS BANK* STANDARD SHOULD APPLY.**

12 Even if the Court grants Elantech's motion for leave to file a reconsideration motion, the
13 Court should deny Elantech's underlying motion for reconsideration because it fails to satisfy the
14 "law of the case" standard in *Delta Savings Bank v. United States*, 265 F.3d 1017 (9th Cir. 2001).

15 As the Court noted in its Interim Order, the Ninth Circuit *Delta* and *Amarel* decisions
16 appear to apply different standards for determining whether reconsideration of a prior ruling in a
17 case was an abuse of discretion.  The cases can be reconciled, however, by looking at the *types* of
18 decisions that were reconsidered by each district court.  In *Delta*, the court considered the
19 decision to reconsider a substantive, outcome-determinative legal ruling, while in *Amarel*, the
20 court reviewed a district court's reconsideration of a more procedural evidentiary and discovery
21 order.  *See id.* at 1027; *Amarel*, 102 F.3d at 1515.  The decisions balance the need for finality on
22 substantive, meritorious decisions of law with the need to give judges broad discretion on less
23 important, more procedural issues like evidence and discovery.

---

[3] This Court has no authority to reconsider Judge Breyer's ruling under Civil Local Rule 7-9, and reliance on *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996), would be misplaced. The court in *Amarel* primarily relied on Second Circuit law when holding that a judge to whom a case is reassigned has discretion "to the same extent" to reconsider interlocutory rulings and orders as the original judge.  The Local Rules for this district explicitly reject such an approach, stating that parties may move a judge for reconsideration "of any interlocutory order made by *that Judge* on any ground set forth in Civil L. R. 7-9(b)." Civil L. R. 7-9(a) (emphasis added).

1   The *Delta* "law of the case" standard should apply here.  In *Delta*, Judge Kenyon ruled

2   that plaintiffs had standing and granted plaintiffs leave to file a second amended complaint.

3   *Delta*, 265 F.3d at 1027.  Later, when ruling on a motion to dismiss, Judge Kenyon ruled

4   plaintiffs had stated a valid claim for relief under a particular statute.  *Id.* at 1020, 1027.  Judge

5   Kenyon subsequently retired and the case was transferred to Judge Byrne, who overruled Judge

6   Kenyon's prior rulings on these substantive, case-dispositive legal issues.[4]  *Id.* at 1027.  In

7   deciding whether Judge Byrne abused his discretion in reconsidering Judge Kenyon's ruling, the

8   court applied a three part "law of the case" standard.  *Id.*

9   Here, Judge Breyer, like Judge Kenyon, made findings of law on substantive, case-

10  dispositive legal issues.[5]  Since Elantech has asked the Court to reconsider Judge Breyer's partial

11  summary judgment order, not based on any evidentiary or discovery dispute, the *Amarel* standard

12  is not applicable and the *Delta* "law of the case" standard should apply.

### III.    UNDER EITHER STANDARD, ELANTECH'S MOTION FOR RECONSIDERATION SHOULD BE DENIED.

#### A.    Elantech Fails To Satisfy The *Delta* Standard For Reconsideration.

16  Under the *Delta* standard for reconsideration, a court's discretion not to apply the doctrine

17  of law of the case is limited.  "The prior decision should be followed unless: (1) the decision is

18  clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling

19  authority makes reconsideration appropriate, or (3) substantially different evidence was adduced

20  at a subsequent trial."  *Id.*; *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800,

21  817 (1988); *School Dist. No. 1J, v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (this standard

---

[4] The fact that Judge Kenyon's ruling was reconsidered by another judge does not undermine the analysis of Section I.  *Delta* is a Ninth Circuit case originating in the Central District of California which is not bound by Civil Local Rule 7-9(a).  *Delta,* 265 F.3d at 1017.

[5] While the court in *Delta* presented the standard that would apply based on the procedural posture of the case, the court ultimately did not apply the standard because the parties changed during the litigation.  *Id.* at 1027.  Section III.A discusses how other courts have applied this same "law of the case" standard.

1  applies when reconsidering interlocutory decisions); *Art Attacks Ink, LLC v. MGA Entm't, Inc.*,
2  No. 04 CV 1035-B (BLM), 2007 U.S. Dist. LEXIS 16238, at **3-4 (S.D. Cal. Mar. 5, 2007).

3        As discussed in Synaptics' Opposition, Elantech cannot satisfy this standard.  (*See*
4  Opposition Motion [Docket No. 369] at 1:16-24.)  Specifically, Judge Breyer considered all of
5  Elantech's arguments and there is no evidence that his decision is "clearly erroneous" or that its
6  enforcement "would work a manifest injustice."  *Id.* at 1:24-2:12.  Also, Elantech points to no
7  intervening authority or new evidence.  Elantech's motion fails under the proper standard.

8        **B.**    **Even Under The *Amarel* Standard, Reconsideration Should Be Denied.**

9        Even under *Amarel's* lower standard, a motion for reconsideration of Judge Breyer's order
10 should be denied. "[D]istrict courts 'should generally allow amendments of pre-trial orders'
11 provided three criteria are met: (1) 'no substantial injury will be occasioned to the opposing
12 party,' (2) refusal to allow the amendment 'might result in injustice to the movant,' and (3) the
13 'inconvenience to the court is slight.'" *Amarel*, 102 F.3d at 1515 (citing *Campbell Indus. v. M/V*
14 *Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980)).

15       Elantech cannot demonstrate that any, let alone all, of the elements of the *Amarel* standard
16 are satisfied.  Synaptics would suffer substantial injury should the order for partial summary
17 judgment in its favor be reconsidered, since a decision to reconsider would cause confusion in the
18 marketplace, affect Synaptics' customer relationships, and be costly to re-litigate.  By contrast,
19 Elantech will suffer no injustice since all of its arguments have already been heard and fairly
20 considered.  Finally, reconsideration of Judge Breyer's decision would cause substantial and
21 unnecessary inconvenience to the Court, and would require review of hundreds of pages of
22 briefing, declarations, and exhibits, and possibly a new hearing on the matter.  Because none of
23 the elements of the *Amarel* standard are satisfied, a motion to reconsider should be denied.

24       **IV.**    **CONCLUSION**

25       The law does not permit Elantech to use the fortuitous transfer of the case to a new judge
26 as an excuse to reargue prior rulings that it does not like.  Any other rule would open this case up
27 to relitigation of many issues upon which either party disagrees with Judge Breyer's prior rulings.
28 Elantech has failed to demonstrate under the Local Rules, the *Delta* standard, or the *Amarel*

DEFENDANT SYNAPTICS' RESPONSE TO ORDER RE LEAVE TO FILE MOTION FOR RECONSIDERATION
CASE NO. C06-01839 PVT
pa-1266466

4

1  standard that Elantech is entitled to reconsideration of Judge Breyer's summary judgment order.

2  Elantech's motion for leave and its motion for reconsideration should be denied.

Dated:   July 10, 2008                    KARL J. KRAMER
                                          ERIKA L. YAWGER
                                          LAURA R.  MASON
                                          MORRISON & FOERSTER LLP


                                          By:    s/Karl J. Kramer
                                                 Karl J. Kramer
                                                 Email: KKramer@mofo.com

                                                 Attorneys for Defendant and
                                                 Counterclaimant SYNAPTICS, INC.

DEFENDANT SYNAPTICS' RESPONSE TO ORDER RE LEAVE TO FILE MOTION FOR RECONSIDERATION
CASE NO. C06-01839 PVT
pa-1266466

5