YITAI HU (SBN 248085) (yhu@akingump.com)
SEAN P. DEBRUINE (SBN 168071) (sdebruine@akingump.com)
RICHARD CHAE (SBN 224610) (rchae@akingump.com)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:    650-838-2000
Facsimile:     650-838-2001

Attorneys for Plaintiff,
ELANTECH DEVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP.,<br><br>    Plaintiff,<br><br>vs.<br><br>SYNAPTICS, INC.;<br>AVERATEC, INC.;<br>PROSTAR COMPUTER, INC.,<br><br>    Defendants. | Case No. 06-CV-01839 PVT<br><br>**PLAINTIFF'S BRIEF RE APPROPRIATE STANDARD FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Pursuant to the Court's July 1, 2008 Order, plaintiff Elantech Devices Corp. ("Elantech") respectfully submits this supplemental brief to address the legal standard determining what deference, if any, the presiding judge owes an interlocutory order issued by another judge prior to transfer of the case. As will be shown herein, under the proper standard there is no heightened deference.

I.    **INTRODUCTION**

Elantech filed a motion for leave to file a motion for reconsideration of the April 16, 2008 Order re Synaptics' Motions for Partial Summary Judgment ("Order"). That Order issued prior to the

transfer of the case for all purposes to Judge Trumbull. The Court has now asked for briefing on the proper standard to apply. The Ninth Circuit has held that a district judge to whom a case is reassigned owes the same deference to a prior judge's interlocutory rulings in the same proceedings as the prior judge would give to his or her own earlier rulings. That level of deference is so low that some courts consider it to fall outside of the law of the case doctrine altogether. While a higher level of deference may be due where one appellate panel seeks to reconsider a ruling by a prior appellate panel hearing the same case, that standard should not be applied to interlocutory rulings of a trial court. Under either standard the Court should reconsider Judge Breyer's Order of April 16, 2008, granting partial summary judgment to Synaptics, because it failed to address relevant facts and introduced a new claim construction without allowing Elantech to argue the merits of that construction and its application to the facts.

## II. STATEMENT OF FACTS

Before this case was transferred to this Court, Judge Breyer granted Synaptics's motion for partial summary judgment. *See* Docket No. 307. The Order granting partial summary judgment failed to consider the testimony of an Elantech engineer, Jia-Yih Lee, regarding the relevant operation of certain of the accused products. That testimony established, at a minimum, that there is a genuine issue of material fact concerning Synaptics's allegations of infringement. The Court stated that Elantech's KTP3 and KTP5 codes met the "comparing the amount of time" limitation of claim 1 of the '931 patent. *Id.* at 13:7-9. With respect to the '591 patent, the Court stated that the same codes met the "comparing the duration" limitation of claim 6. *Id.* at 17:5-11. The Court stated that Elantech raised no genuine issue of material fact on those points. The Order, however, cites only the declaration of Elantech's expert witness, and does not refer to Mr. Lee's testimony contradicting this finding.

On April 6, 2007, the Court issued a Claim Construction Order interpreting, inter alia, the term "incrementally move," used in claim 46 of the '411 patent. Docket No. 91 at 7:5. The Order of April 16, 2008, granting partial summary judgment, however, announced a new construction of the term "incrementally move." Docket No. 307 at 6-8. The Court then granted partial summary judgment as to certain allegations of infringement of claim 46, based on that new claim construction, without providing Elantech the opportunity to challenge the construction or to present arguments as to why the

cited portions of the code, if used, would not include all of the steps of the claimed method associated with the new construction.

### III. ARGUMENT

#### A. *Amarel* is controlling where a district judge reconsiders a prior ruling made by a different district judge in the same case.

In *Amarel v. Connell*, independent rice farmers sued a rice exporter, its president, and its lawyer, alleging violations of the Sherman Act and California's Cartwright Act. 102 F.3d 1494, 1499 (9th Cir. 1997). During discovery, the original judge issued an order prohibiting defendants from introducing any expert testimony at trial. *Id.* at 1504. The suit was later tried before a different judge, who allowed the defendant's expert witness to testify in order "to speak about how his report was used by plaintiffs' expert." *Id.* On appeal, the plaintiffs challenged the second judge's failure to enforce the first judge's prior order. *Id.* at 1515.

The Ninth Circuit stated:

> We begin by acknowledging that "the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge." *In re United States*, 733 F.2d 10, 13 (2nd Cir. 1984). There is "'no imperative duty to follow the earlier ruling - only the desirability that suitors shall, so far as possible, have reliable guidance how to conduct their affairs.'"

*Id.* The Ninth Circuit went on to hold that, under the circumstances, the second judge's reconsideration of the first judge's prior decision was not an abuse of discretion. *Id.* at 1516.

*Amarel*'s holding was reaffirmed in *Fairbank v. Johnson*, 212 F.3d 528 (9th Cir. 2000):

> The leading Ninth Circuit case on the preclusive effect of an interlocutory holding by another court in the same case held that where either cogent reasons or exceptional circumstances exist a judge may set aside or reverse a prior ruling by a colleague in the same case.

*Id.* at 530 (citing *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379-80 (9th Cir. 1960)). *Castner* emphasized that "[t]he second judge must conscientiously carry out his judicial function in a case over which he is presiding. He is not doing this if he permits what he believes to be a prior erroneous ruling to control the case." *Castner*, 278 F.2d at 380. The mere fact that a district judge believes that a prior ruling is erroneous is a "cogent reason" that justifies setting aside the ruling, and

doing so for that reason is not an abuse of discretion. *Id.* Thus, if this Court determines that the April 16 Order might be erroneous, it is not an abuse of discretion to grant leave to file a motion for reconsideration.

> B. **The "law of the case" doctrine requires heightened deference where an appellate panel reconsiders an issue previously decided by a different appellate panel in the same proceedings.**

The law of the case doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine applies differently depending on the relationships among the courts involved. *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997), is one of a long line of cases interpreting law of the case doctrine where an appellate court has previously ruled on an issue, and a different appellate panel on a second appeal is asked to reconsider the same issue. *Id.* at 1488-89. In such circumstances, the decision of the earlier panel should be followed unless "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, 1 or (3) substantially different evidence was adduced at a subsequent trial." *Jeffries*, 114 F.3d at 1489 (quoting *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995). *Id.* at 1489. *Hegler* in turn cites *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991). *Hegler*, 50 F.3d at 1475. *Merritt* cites *Kimball v. Callahan*, 590 F.2d 768, 771-772 (9th Cir.), *cert. denied*, 444 U.S. 826 (1979). *Merritt*, 932 F.2d at 1320. *Kimball* cites a case from the Fifth Circuit. *Kimball*, 590 F.2d at 771-72. From *Jeffries* to *Kimball*, all of these cases applied this "heightened deference" analysis where an appellate panel reconsiders prior rulings by a different appellate panel. Outside the *Jeffries* line of cases, other courts consistently apply this standard only where one appellate panel reconsiders a prior ruling by another appellate panel. *See Leslie Salt Co. v. United States*, 55 F.3d 1388 (9th Cir. 1995); *St. Paul Fire & Marine Ins. Co. v. F.H.*, 117 F.3d 435, 438-39 (9th Cir. 1997); *United States v. Garcia*, 77 F.3d 274, 276 (9th Cir. 1996); *Gould, Inc. v. United States*, 67 F.3d 925, 930 (Fed. Cir. 1995); *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307 (Fed. Cir. 2007).

The "heightened deference" standard for departing from the law of the case developed in response to the nature of the special relationships between appellate panels.

> Deference to an earlier panel is properly deepened because the decision typically involves the concurrent judgment of two or more judges, and more importantly because the decision usually represents deliberate resolution of a well-developed issue for the purpose of controlling further proceedings. There is an added concern that free reexamination would encourage multiple appeals, undertaken in the sole hope that a second panel will accept arguments that failed to persuade the first panel.

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4478.1, at 723-24 (2002) (citing *City of Angels Broad., Inc. v. F.C.C*, 745 F.2d 656, 672 (D.C. Cir. 1984) (Wilkey, J., dissenting); *Falcon v. General Tel. Co.*, 815 F.2d 317, 319-20 & n. 5 (5th Cir. 1987)).

Conversely, when a district court revisits its own prior decision, application of the law of the case doctrine is discretionary. *See United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing Moore's Federal Practice § 134.21[1] (3d ed. 2003); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (where the district court reconsidered its prior grant of a motion to suppress, the law of the case doctrine was considered a "rule[] of thumb," and the court had full discretion to reconsider the order for as long as it retained jurisdiction.).

> Civil Rule 54(b) confirms the trial court's necessary authority to correct itself. It provides that until the court expressly directs entry of final judgment, an order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." And so the Supreme Court has said that "every order short of a final decree is subject to reopening at the discretion of the district judge."

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4478.1, at 692 (2002) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 & n. 14 (1983)). When a district court reconsiders its own interlocutory rulings, so little deference is required by the law of the case doctrine that some courts have stated the doctrine is wholly inapplicable. *See Smith*, 389 F.3d at 949 (citing *Santa Monica Baykeeper*, 254 F.3d at 888) (law of the case doctrine is "wholly inapposite" where a district court reconsiders its own prior orders); *Union Mut. Life Ins. Co. v. Chrysler Corp.*, 793 F.2d 1, 15 (1st Cir. 1986) (interlocutory orders from the district court do not establish law of the case); *Gregg v. U.S. Indus.*, 715 F.2d 1522, 1528 (11th Cir. 1983), *cert. denied*, 466 U.S. 960 (1984) ("Ordinarily law of the case applies only where there has been a final judgment and not to interlocutory rulings.").

In *Delta Sav. Bank v. United States*, 265 F.3d 1018 (9th Cir. 2001), Delta Savings Bank ("Delta") and Young Il Kim ("Kim"), in his individual capacity and as a stockholder derivatively, sued the United States and the Office of Thrift Supervision under the Federal Tort Claims Act ("FTCA"). *Delta*, 265 F.3d at 1020. The original judge specifically held that the directors of Delta had standing to sue. *Id.* The case was then voluntarily dismissed and refiled, whereupon the same judge ruled that both plaintiffs had stated a valid claim for relief under the FTCA. *Id.* at 1027. After that judge retired, the case was transferred to a new judge, who overruled both of the prior rulings, despite argument from plaintiffs that the first judge's rulings were law of the case, because intervening controlling authority showed the first ruling to be erroneous. *Id.*

On appeal, the Ninth Circuit first cited *Amarel*, stating "[w]e review for abuse of discretion a district judge's decision to reconsider an interlocutory order by another judge of the same court." *Id.* (citing *Amarel*, 102 F.3d at 1515). Addressing the plaintiffs' law of the case argument, the court stated:

> While courts have some discretion not to apply the doctrine of law of the case, that discretion is limited. The prior decision should be followed unless: (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.

*Id.* (quoting *Jeffries*, 114 F.3d at 1489). But using this standard, the court noted that the second judge relied on intervening controlling authority on the scope of the FTCA in deciding to reconsider the original ruling. *Id.* The court ultimately found that, because the transactions and parties were different in the two actions, the law of the case doctrine did not apply, and affirmed. *Id.* *Delta* invoked the *Jeffries* analysis for review of courts' discretion under law of the case doctrine generally. 265 F.3d at 1027. The *Delta* court did not distinguish between the different strains of the law of the case doctrine: allowing a district judge broad discretion to reconsider his or her own prior ruling, but only limited discretion to reconsider a ruling by an appellate court. *Id.*

**C.     Even if *Delta* were applicable and controlling, reconsideration is proper because the previous ruling was clearly erroneous because it failed to consider relevant facts and adopted a new claim construction without providing Elantech the opportunity to challenge the construction or its application to the facts.**

*Delta* provides that this Court may reconsider the previous ruling if it was "clearly erroneous and its enforcement would work a manifest injustice." *Id.* Here, the Order granting partial summary judgment is erroneous because it failed to consider the testimony of Mr. Lee regarding the bk0ReportCenter variable presented by Elantech, which established genuine issues of material fact regarding Synaptics's allegations of patent infringement. The Court stated that Elantech's KTP3 and KTP5 codes met the "comparing the amount of time" limitation of claim 1 of the '931 patent. Docket No. 307 at 13:7-9. With respect to the '591 patent, the Court stated that the same codes met the "comparing the duration" limitation of claim 6. *Id.* at 17:5-11. The Order stated that Elantech raised no genuine issue of material fact in opposing Synaptics's contentions that the KTP5 code met these claim limitations. Because Mr. Lee's testimony raised genuine issues of material fact, the Order is clearly erroneous and should be reconsidered.

Further, the Order applied a new construction of the term "incrementally move" in claim 46 of the '411 patent. The Order then granted partial summary judgment as to certain allegations of infringement of claim 46, based on that new claim construction, without providing Elantech the opportunity to present arguments concerning that construction and arguments as to why the cited portions of the code, if used, would not include all of the steps of the claimed method associated with the new construction. Failure to give Elantech notice and opportunity to respond to the new claim construction before relying on that construction in the motion for summary judgment denied Elantech due process. *See Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1572-73 (Fed. Cir. 1997) (applying 9th Circuit procedural law and vacating summary judgment where the non-movant did not have a "full and fair opportunity to ventilate the issues involved in the motion."); *see also Fin Control Sys. Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1321 (Fed. Cir. 2001) ("the district court's *sua sponte* grant of summary judgment of invalidity and unenforceability was procedurally improper because it did not provide the

parties with adequate notice or an opportunity for FCS to present evidence and argument in opposition to the motion.").

Viewed another way, Synaptics's motion was not properly granted "on the merits," because Elantech did not have an opportunity to challenge the claim construction, or to explain why, under the brand new construction, Elantech products using the KTP5 code do not infringe claim 1 of the '931 patent or claim 6 of the '591 patent. "The law of the case doctrine presumes a hearing on the merits." *United States v. Hatter*, 532 U.S. 557, 566 (2001). Therefore, it does not even apply here, where Elantech had no opportunity to be heard on the issue of whether its code meets the limitations under the new construction. A due process error such as this renders the Order clearly erroneous under the first prong of *Delta*.

## IV.  CONCLUSION

For the reasons set forth above, *Amarel* expressly applies specifically to the facts at hand and is controlling. This Court has full discretion to reconsider the Order granting partial summary judgment. Elantech respectfully requests that the Court grant it leave to file a motion for reconsideration.

Dated: July 10, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
Sean P. Debruine
Attorneys for Plaintiff
ELANTECH DEVICES CORP.