1  Yitai Hu (SBN 248085) (yhu@akingump.com)
   Sean P. DeBruine (SBN 168071) (sbedruine@akingump.com)
2  S.H. Michael Kim (SBN 203491) (mkim@akingump.com)
   AKIN GUMP STRAUSS HAUER & FELD LLP
3  Two Palo Alto Square
   3000 El Camino Real, Suite 400
4  Palo Alto, California 94306
   Telephone:    650-838-2000
5  Facsimile:    650-838-2001

6
   Attorneys for Plaintiff and Counterdefendant
7  ELANTECH DEVICES CORPORATION

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12 ELANTECH DEVICES CORPORATION,  )  Case No. 5:06-CV-01839 PVT
                                  )
13            Plaintiff,          )  **ELANTECH DEVICES CORPORATION**
                                  )  **OPPOSITION TO SYNAPTICS, INC.'S**
14      v.                        )  **MOTION TO COMPEL THE DEPOSITION**
                                  )  **OF I-HAU YEH**
15 SYNAPTICS, INC., AVERATEC, INC.,  )
   and PROSTAR COMPUTER, INC.,     )  **Date:**    August 12, 2008
16                                 )  **Time:**    10:00 a.m.
              Defendants.         )  **Judge:**   Patricia V. Trumbull
17                                 )  **Court:**   5, 4th Floor
                                  )
18 _____ )
                                  )
19 AND RELATED COUNTERCLAIMS      )
                                  )
20

21 **I.    INTRODUCTION**

22       Simply put, Synaptics' attempt to depose the Chairman of Elantech Devices Corp. is nothing but

23 a blatant attempt to harass the top ranking officer of its adversary. From the time Synaptics first noticed

24 this deposition, through the meet and confer process, and now in its motion, Synaptics has been unable

25 to articulate any particular discoverable information it believes it only can obtain by taking of this highly

26 burdensome deposition. Indeed, Elantech's Chairman's involvement in this case has primarily been in

27 settlement negotiations with the President and CEO of Synaptics. Yet, none of that information is

28

                                   1

1  discoverable because the parties entered into a signed agreement to that effect as early as June 28, 2005.

2  In light of that agreement, coupled with the fact that there are other employees at Elantech with more

3  detailed and relevant information than Mr. Yeh, and the fact that Elantech will produce such witnesses

4  for deposition, the motion to compel Mr. Yeh's deposition should be denied.

5

6  **II.    FACTS**

7          Mr. I-Hau Yeh is the Chairman of the Board of Directors of Elantech Devices Corp. *See*

8  Declaration of I-Hau Yeh In Support of Elan's Opposition to Synaptics' Motion to Compel ("Yeh

9  Decl."), ¶ 1.  In his position as Chairman, Mr. Yeh, along with the rest of the board of directors, provides

10  oversight and supervision to Elantech's management.  *Id.*  Mr. Yeh is not involved in day to day

11  operations of the company.  *Id.*  Mr. Yeh is also the Chairman of the Board of Directors and President of

12  Elantech's corporate parent, Elan Microelectronics Corp ("Elan").[1]  *Id.*, ¶ 2.  Mr. Yeh is therefore not

13  only at the apex of Elantech's organization, but he also has extensive duties with regard to Elan that are

14  wholly unrelated to this lawsuit.

15          Contrary to Synaptics' supposition, Mr. Yeh is not the president of Elantech.  In fact, Mr. Yeh

16  holds no executive position with Elantech.  *Id.* ¶ 1.  As such, Mr. Yeh is not familiar with the issues

17  relevant to this lawsuit.  For example, Mr. Yeh has not been involved in the design and development of

18  the accused Elantech products, nor does he have a detailed understanding regarding the design and

19  operation of those products.  *Id.* ¶ 3.  Nor has he been involved in the marketing or sales of the accused

20  products.  *Id.*  Mr. Yeh has been involved in efforts to settle this dispute with Synaptics via negotiations

21  with Mr. Francis F. Lee, President and CEO of Synaptics.  *Id.* ¶ 4.  His knowledge regarding these

22  settlement discussions, however, would be inadmissible and not calculated to lead to the discovery of

23  admissible evidence, at least because Synaptics, Elantech and Elan entered into a three-way agreement

24  on June 28, 2005 to ensure that these settlement discussions would fall within Rule 408 of the Rule of

25  Evidence.  *Id.*, ¶ 4 and Exhibit A.

26

27  [1] Elan is a diversified semiconductor design company offering a range of IC products including

28  microcontrollers, computer peripheral controller, communication and audio/video ICs.  Elan had
revenue of approximately US $160 million in 2007.

2

1    III.    ARGUMENT

2        As another judge of this court recently recognized, "[v]irtually every court that has addressed

3    deposition notices directed at an official at the highest level or "apex" of corporate management has

4    observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v.*

5    *Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295 at *8 (N.D. Ca. January 24, 2007) (Case No.

6    C-05-4374 MMC JL). As such, "[w]here a high-level decision maker 'removed from the daily subjects

7    of the litigation' has no unique personal knowledge of the facts at issue, a deposition of the official is

8    improper." *Id*. This is especially true where the discovery sought can be obtained through less intrusive

9    methods, such as interrogatories or depositions of lower-level employees. *Id*.

10        The cases Synaptics cites for the premise that a party can depose the other party's corporate

11    officers if they have any relevant knowledge whatsoever are inapposite. In *Blankenship v. Hearst Corp.*,

12    "[d]efendants' sole objection to the deposition is that what [publisher] George Hearst had to offer would

13    be repetitious with what plaintiff had learned from other sources." 519 F.2d 418, 429 (9th Cir. 1975).

14    The Court held that this objection was not good cause to grant a protective order and instructed the court

15    on remand to permit the deposition "in the absence of a better showing." The *Hearst* case did not

16    involve the deposition of a Director, nor one who resided thousands of miles from the forum state or in

17    another country. Similarly, in *Grateful Dead Prod. v. Sagan*, cited by Synaptics and decided by this

18    Court, the Court denied a motion for protective order relying on the "apex" line of cases because the

19    defendants did not show any undue burden associated with the depositions other than "busy schedules"

20    and stated "no specific facts." 2007 WL 2155693, *1, (N.D. Cal. July 26, 2007, Case No. 06-7727 JW

21    (PVT). In *WebSidestory, Inc., v. NetRatings, Inc.* the court first discussed the potential for abuse and

22    harassment associated with deposing an official at the apex of a corporation and the court's authority to

23    limit such discovery. 2007 WL 1120567 * 2. The court in *WebSidestory* allowed the deposition of the

24    plaintiff's director and former CEO only because the court was satisfied that the director had "unique,

25    relevant knowledge" because, for example, few other employees had been with the company for any

26    period of time, the director had authored e-mails claiming the defendant was infringing plaintiff's patent,

27    and another of plaintiff's witnesses had pointed to him as one of only two people who performed an

28    analysis of plaintiffs market share, an issue for damages. 2007 WL 1120567 * 3.

ELANTECH DEVICES CORPORATION OPPOSITION TO                                    CASE NO. 5:06-CV-01839 PVT
SYNAPTICS, INC.'S MOTION TO COMPEL THE DEPOSITION OF I-HAU YEH

1    Not one of Synaptics' cases granted or approved granting a motion that would  requiring a

2    director who is a foreign national to travel halfway around the world to testify, on the kind of slim

3    argument of relevance Synaptics offers here.  Indeed, Synaptics has failed to show that Mr. Yeh has any

4    discoverable personal knowledge, much less that he has unique knowledge or knowledge that is superior

5    to that obtainable through other means.  In fact, Mr. Yeh's involvement in this case has been limited to

6    settlement negotiations with the President and CEO of Synaptics.  This aspect of Mr. Yeh's knowledge

7    and understanding is inadmissible and precluded from any discovery at least pursuant to the June 28,

8    2005 agreement between and among Elantech, Synaptics and Elan.  *See* Yeh Decl., ¶ 4 and Ex. A.

9    Synaptics then alleges that Mr. Yeh has knowledge of the alleged willful infringement of

10   Synaptics' patents, Motion at 2:23-3:5.  Synaptics has not supported that allegation, nor can it.

11   Synaptics also has made no showing, however, that his knowledge is unique.  The only explanation

12   Synaptics offers is that Synaptics' former Senior Vice President addressed two letters concerning its

13   patents to Mr. Yeh, who subsequently met with Synaptics employees to discuss its allegations, and that

14   Mr. Yeh made statements to the media about this case.  These facts do not support the conclusion that

15   Mr. Yeh is "deeply involved in this case from the very beginning."  If Mr. Yeh has first hand knowledge

16   of infringement merely because he heard the accusation of infringement, everyone who Synaptics told of

17   its allegations would have knowledge subjecting them to a deposition.  Clearly, this is not the law.

18   Indeed, the facts relevant to infringement involve first the relevant internal operations of the

19   accused products.  In particular, the infringement analysis requires a detailed analysis of the firmware

20   and driver software associated with each version of the accused products.  *See, e.g.,* Elantech's Request

21   for Leave to File Motion for Reconsideration (Docket No. 365) at 5-6.  Mr. Yeh, as Chairman, has no

22   such knowledge. Yeh Decl., ¶ 3.  Indeed, Synaptics is scheduled to take the deposition of the person

23   Elantech designated on these technical topics beginning on August 6, 2008, and will also depose another

24   Elantech engineer on August 13, 2008.

25   Because there is an allegation of inducement of users in the United States to practice the claimed

26   method, communications with end users of Elantech's touchpads is relevant.  Again, this is an area of

27   which Mr. Yeh has no direct involvement or unique personal knowledge.  The 30(b)(6) deposition of

28   Elantech regarding the sales channels and marketing of the accused products and communications with

4

1    potential customers is currently scheduled for August 14, 2008.  In short, this is exactly the sort of case

2    in which Mr. Yeh should not be subjected to a deposition, because he lacks knowledge of decisions and

3    communications "handled several levels down the corporate pyramid." *Liberty Mut., Ins. Co. v.*

4    *Superior Court*, 10 Cal. App. 4th 1282, 1297 (1992) (preventing deposition).

5          Synaptics also alleges that because Mr. Yeh signed one of the assignment agreements in the chain

6    of title giving Elantech title to the '352 patent it is asserting against Synaptics in this matter.  Motion at

7    3: 3-5.  There is no possible reason to depose Mr. Yeh concerning this trivial matter.  The agreement is a

8    simple, one-page assignment, typical of patent assignments.  *See* Yawger Decl., Ex. J.  Moreover, Mr.

9    Yeh did not sign the agreement, as Synaptics alleges.  The assignment was executed unilaterally by Mr.

10   Yamamoto Kouzo of K-Tech Corp.  Mr. Yeh was merely a witness.  Thus, any questions regarding the

11   meaning of this utterly straightforward assignment would best be directed to Mr. Yamamoto.  Moreover,

12   Mr. Yeh is not the only witness to that assignment.  As such he does not have "unique" knowledge that

13   would justify burdening him with a deposition.  *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S.

14   Dist. LEXIS 8295 at *8.  Synaptics makes no allegation that anything in this simple assignment is in

15   dispute, or that there are any terms that need to interpreted, even if Mr. Yeh had any knowledge relevant

16   to that issue.  This flimsy reed is too insubstantial to force Mr. Yeh to forfeit days of his time to travel

17   from Taiwan to the United States and to testify in a deposition.

18   **IV.     CONCLUSION**

19         For the reasons set forth above, Elantech respectfully asks that the Court deny Synaptics' motion

20   to compel Mr. Yeh's deposition.

21

22   Dated: July 22, 2008                    AKIN GUMP STRAUSS HAUER & FELD LLP

23

24                                           By:_____/s/_____
                                                        Sean P. DeBruine

25                                           Attorneys for Plaintiff
26                                           ELANTECH DEVICES CORPORATION

27

28