KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
LAURA R. MASON (CA SBN 252251)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,<br><br>          Plaintiff,<br><br>     v.<br><br>SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.   C06-01839 PVT<br><br>**REPLY IN SUPPORT OF SYNAPTICS, INC'S MOTION TO COMPEL THE DEPOSITION OF I-HAU YEH**<br><br>Date:       August 12, 2008<br>Time:      10:00 a.m.<br>Judge:     Hon. Patricia V. Trumbull<br>Location: Courtroom 5, 4th Floor |

### I.   INTRODUCTION

I-Hau ("I.H.") Yeh has unique personal knowledge concerning a number of relevant topics in this case, faces no undue burden, and should be required to appear for deposition as noticed.  Elantech Devices Corporation ("Elantech") does not deny that Mr. Yeh and his wife, Yueh "Olivia" Yu, have a residence in this jurisdiction – a residence that, notably, is listed on the California Secretary of State's website as the corporate headquarters for Elan Information Technology Group.  (Yawger Decl., Ex. A.)  Furthermore, Elantech's suggestion that Mr. Yeh is

a far-removed "apex" deponent with no relevant personal knowledge is belied by Mr. Yeh's repeated, active participation in settlement discussions.

Contrary to Elantech's assertion, Synaptics does not seek to depose Mr. Yeh concerning Elantech's daily operations. Rather, Mr. Yeh's deposition is important because Mr. Yeh has unique personal knowledge of facts concerning Elantech's first knowledge of Synaptics' patents, Elantech's strategic decision to engage in wholesale willful misappropriation of Synaptics' patented touchpad gestures, Elantech's activities and business contacts in the United States, and the relationship between Elan Microelectronics Corporation ("Elan") and Elantech. For at least the past three years, Mr. Yeh has presented himself as the primary person with authority to negotiate on behalf of Elantech, and as the person who sets the strategic course for Elantech in this litigation and in the marketplace. His testimony is important and should be compelled.

## II.     ARGUMENT

A party seeking to prevent a deposition bears a heavy burden to show why it should not proceed. *Zamora v. D'Arrigo Brothers Co. of Cal.*, No. C04-00047 JW (HRL), 2007 U.S. Dist. LEXIS 21418, at **15-16 (N.D. Cal. Mar. 15, 2007). Elantech has not satisfied this burden. Where, as here, the corporate deponent has unique personal knowledge and there is no showing of undue burden,[1] the party seeking the deposition does not need to pursue other avenues of discovery and depose lower-level employees first. *Grateful Dead Productions v. Sagan*, No. C06-7727 (JW) PVT, 2007 U.S. Dist. LEXIS 56810, at *7 (N.D. Cal. July 25, 2007) ("Absent at least *some* actual showing of undue burden, there is no legal authority for requiring Defendants to use purportedly less burdensome means of obtaining discovery before allowing 'apex' depositions."). The one case relied upon by Elantech, *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295 (N.D. Cal. Jan. 24, 2007), is therefore inapposite since Mr. Yeh has unique personal knowledge of facts at issue in the case.[2]

---

[1] As noted above, Mr. Yeh does not deny that he and his wife maintain a personal residence in this county. This fact suggests that it will not be, as Elantech contends, a great inconvenience for him to travel here to be deposed.

[2] Furthermore, in *Celerity*, the party seeking to prevent the deposition had moved for a protective order. 2007 U.S. Dist. LEXIS 8295, at *5. Despite having notice of Synaptics' intent to depose Mr. Yeh since at least April, Elantech has taken no such affirmative action.

1  Elantech's attempts to distinguish Synaptics' cases fall flat. This Court expressly limited its holding in *Grateful Dead Productions* to the facts of that case, and Synaptics cites it only for general legal principals which are fully applicable here. 2007 U.S. Dist LEXIS 56810, at **3-4 n.1. Elantech's attempt to distinguish that case on its facts is therefore misplaced. Moreover, the court in *WebSideStory* allowed the apex deposition because there was evidence that the deponent had unique personal knowledge, which is just what Synaptics has shown here. *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06cv408 WQH (AJB), 2007 U.S. Dist. LEXIS 20481, at *4 (S.D. Cal. Mar. 22, 2007). Finally, *Blankenship v. Hearst Corp.* is directly on point. 519 F.2d 418 (9th Cir. 1975). There, the defendant newspaper, in seeking to prevent the deposition of its publisher, argued that Mr. Hearst's deposition would be repetitious because he lacked unique knowledge. *Id.* at 429. The plaintiff successfully rebutted this assertion "by suggesting possible information that George Hearst might have that others did not," such as unique knowledge of the newspaper's alleged price-fixing policies. *Id.*

The letters Mr. Yeh received from Synaptics in late 2003 and early 2004 suggest that he has unique personal knowledge about Elantech's willful infringement of Synaptics' patents. (Declaration of Erika L. Yawger in Support of Synaptics, Inc.'s Motion to Compel the Deposition of I-Hau Yeh [Docket No. 376], Ex. H.) Mr. Yeh is also the best person to explain his role at Elantech and the unclear relationship between Elantech and Elan Microelectronics, which is important to establish facts concerning infringement and liability. Elantech's own website lists Mr. Yeh as its president (Yawger Decl., Ex. B.), a statement that is in direct conflict with Mr. Yeh's sworn declaration that he does "not hold any executive position with Elantech." (Declaration of I-Hau Yeh in Support of Elantech's Opposition to Synaptics' Motion to Compel [Docket No. 386] ¶1.) Synaptics expects that Mr. Yeh will explain this and address other similar discrepancies.

Mr. Yeh's testimony will also fill a number of gaps in discovery that, to date, Elantech has refused to provide. Trial is scheduled for April 2009, and the October 31, 2008 close of discovery is just three months away. Despite repeated requests from Synaptics, Elantech has yet to designate its person most knowledgeable for more than half of Synaptics' noticed 30(b)(6)

deposition topics, which were served on Elantech almost two months ago. Particular noticed topics for which Mr. Yeh has the best direct, unique personal knowledge – and for which no alternative deponent has been designated – include at least the following:

> 9. Elantech's first awareness of each of the Synaptics Patents.
>
> 10. Actions taken by Elantech when it became aware of the Synaptics Patents, including any changes to the design of any Elantech Touchpad Products as a result of its awareness of the Synaptics Patents, any analysis or review of the Synaptics Patents, and any conclusions reached with respect to the Synaptics Patents by any agent, employee, or executive of Elantech.
>
> 18. All efforts to license the '352 Patent to others, including any discussions, communications, or efforts arising out of litigation or threatened litigation.
>
> 39. Elantech's defenses to Synaptics' allegations of willful infringement of the Synaptics Patents.

(Yawger Decl., Ex. C.) Elantech has not identified any knowledgeable witnesses who will provide relevant information on these topics. Any lower-level employees who have unique knowledge of information relating to "the design and development of the accused Elantech products" (Opposition at 2) and "marketing and sales" (*id.*) will not be able to testify about the broader strategic decisions that pertain to willful infringement and intent to infringe, an element of Synaptics' claims for inducement to infringe. Although Mr. Yeh denies knowledge of product design and sales related information, he does not deny his personal knowledge and involvement in the strategic decisions that led to Elantech's continuous, willful and intentional infringement of Synaptics' patents, and Elantech's own decision to initiate this litigation.

Finally, Mr. Yeh's active participation in settlement discussions demonstrates that he has personal knowledge of the facts and issues in the litigation, and the power to bind Elantech in a settlement agreement. Contrary to what Elantech argues in its opposition brief, the parties' agreement pursuant to Fed. R. Civ. P. 408 that admissions made during settlement negotiations shall not be admissible at trial is not a shield from deposition. *See Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148 MMC (JCS), 2007 U.S. Dist. LEXIS 27437, at *10 (N.D. Cal. Mar. 30, 2007) (noting that Rule 408 does not create a federal settlement privilege). Rule 408 only governs the admissibility of settlement-related information *at trial*, not its discoverability.

1  *Id.*, at *12 ("[B]ecause [Rule 408] anticipates that settlement negotiations may be admissible, a privilege against their discovery would be inconsistent with Rule 26."). The knowledge Mr. Yeh brought to the settlement discussions is not protected by Rule 408, and Synaptics should be permitted discovery of these facts.[3]

### III. CONCLUSION

Synaptics is entitled to depose Mr. Yeh about his unique personal knowledge of facts relevant to this lawsuit. Elantech's delay and avoidance tactics are inexcusable. Elantech has not met its burden of showing why this deposition should not go forward, and Synaptics' motion to compel should be granted.

Dated:   July 29, 2008

KARL J. KRAMER
ERIKA L. YAWGER
LAURA R. MASON
MORRISON & FOERSTER LLP

By:   s/Karl J. Kramer
         Karl J. Kramer
         Email:  KKramer@mofo.com

Attorneys for Defendant and
Counterclaimant SYNAPTICS, INC.

---

[3] Finally, Elantech's willful failure to produce Mr. Yeh for his scheduled deposition, without seeking a protective order, is improper and sanctionable under Fed. R. Civ. P. 37(d). A corporate officer's failure to appear for deposition is inexcusable "unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Elantech's passive-aggressive response to Synaptics' properly noticed discovery violates the Federal Rules and should not be allowed.

REPLY I/S/O MOTION TO COMPEL YEH DEPOSITION
CASE NO. C06-01839 PVT
pa-1271929

5