1

2

3

4

5

6

7                                   UNITED STATES DISTRICT COURT

8                                   NORTHERN DISTRICT OF CALIFORNIA

9                                         SAN JOSE DIVISION

10   ELANTECH DEVICES CORPORATION,  )        Case No.: C 06-1839 PVT
                                     )
11              Plaintiff,           )        **ORDER GRANTING MOTION TO**
                                     )        **COMPEL I-HAU YEH TO APPEAR**
12        v.                         )        **FOR DEPOSITION**
                                     )
13   SYNAPTICS, INC., et al.,        )
                                     )
14              Defendants.          )
     _____ )

15

16        On July 8, 2008, Defendant Synaptics, Inc. ("Synaptics") filed a Motion to Compel the

17   Deposition of I-Hau Yeh.  Plaintiff Elantech Devices Corporation ("Elantech") opposed the motion.

18   Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order

19   without oral argument.  Based on the moving, opposition and reply papers filed,

20        IT IS HEREBY ORDERED that, Synaptics motion is GRANTED.

21        Elantech argues that Mr. Yeh should not be compelled to appear for deposition because he is

22   Chairman of the Board of Directors, and that Synaptics has not made a sufficient showing to warrant

23   this "apex" deposition.  Elantech's argument fails because it has not shown that a deposition of Mr.

24   Yeh would impose an undue burden that would warrant protection under Rule 26(c) of the Federal

25   Rules of Civil Procedure.

26        Although this is a motion to compel by Synaptics, rather than a motion for protection by

27   Elantech, the court finds it appropriate to apply the standards of Rule 26(c) because this motion

28   involves the failure of a party's director to appear for a duly noticed deposition.  Pursuant to Rule

1    37(d)(1)(B)(2), such a failure to appear "is not excused on the ground that the discovery sought was

2    objectionable, unless the party failing to act has a pending motion for a protective order under Rule

3    26(c)."  Although Rule 37(d) applies to motions for sanctions, it clearly creates a requirement that a

4    party, or its director, *must* move for a protective order before failing to appear for a duly noticed

5    deposition.  Thus, the rules contemplate that the burden be placed on the party resisting the

6    deposition to show that protection from the deposition is warranted under Rule 26(c).

7          "A strong showing is required before a party will be denied entirely the right to take a

8    deposition."  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (district court erred

9    in granting protective order ordering plaintiff not to depose Herald-Examiner's publisher when

10   plaintiff suggested possible information publisher might have that others did not).  Here, although

11   Elantech *argues* that the deposition would be unduly burdensome, there is no declaration that states

12   *specific facts* from which the court could conclude that it would be unduly burdensome for Mr. Yeh

13   to appear for a short deposition.

14         Mr. Yeh's declaration states only that he is Chairman of Elantech's Board of Directors, he

15   provides oversight and supervision to Elantech's management, and he is also Chairman of the Board

16   of Directors of Elan Microelectronics Corp. ("Elan").  He notes that Elan is in the process of

17   merging with Elantech, but does not state what duties, if any, he has in connection with that merger.

18   There is no support in Mr. Yeh's declaration for Elantech's claims that Mr. Yeh is a foreign national,

19   that he would have to travel unnecessarily to appear for his deposition, or that he has "extensive

20   duties" with regard to Elan.  In fact, Mr. Yeh provides *no* information regarding how much time he

21   routinely devotes to his duties to either Elan or Elantech.  He simply does not explain how appearing

22   for deposition would interfere with his ability to fulfill his obligations to Elan and Elantech.  And, if

23   Mr. Yeh has as little relevant knowledge as he claims to have, the deposition will likely be quite

24   short, further weighing against a finding of undue burden.

25         Absent at least *some* actual showing of undue burden, there is no legal authority for requiring

26   Defendants to use purportedly less burdensome means of obtaining the discovery before allowing an

27   "apex" deposition.  *See* FED.R.CIV.PRO. 26(c) (authorizing protection from *undue* burden "for good

28   cause shown").  Protection from an "apex" deposition would be particularly inappropriate where, as

1    here, there is a factual dispute as to whether the deponent has first-hand knowledge of relevant facts.[1]

2          IT IS FURTHER ORDERED that the parties shall promptly meet and confer to schedule the

3    deposition.  In the event the parties cannot agree on the schedule, then no later than August 18, 2008,

4    the parties shall file their respective proposals for the deposition, along with all relevant information

5    regarding the scheduling needs of Mr. Yeh and counsel for all parties.

6    Dated: *8/11/08*

7

8    PATRICIA V. TRUMBULL
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
      _____

24          [1]    Because of the potential for abuse, courts do sometimes protect high-level corporate
      officers from depositions when the officer has no first-hand knowledge of relevant facts or where the
25    testimony would be repetitive. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979).  However, where
      a corporate officer may have *any* first hand knowledge of relevant facts, the deposition should be
26    allowed.  *See Blankenship*, 519 F.2d at 429; *see also, Anderson v. Air West, Inc.*, 542 F.2d 1090,
      1092-93 (9th Cir. 1976) (approving denial of Howard Hughes' motion for protective order because he
27    "probably had some knowledge" regarding substance of the plaintiffs' claims).  Further, a claimed lack
      of knowledge or recollection does not provide sufficient grounds for a protective order, since the
28    opposing party is entitled to test that lack of knowledge or recollection.  *See Amherst Leasing Corp. v.
      Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974); and *Travelers Rental Co., Inc.*, 116 F.R.D. 140, 143
      (D. Mass. 1987).

ORDER, *page 3*