| | |
|---|---|
| 1 | KARL J. KRAMER (CA SBN 136433) |
| | ERIKA L. YAWGER (CA SBN 234919) |
| 2 | LAURA R. MASON (CA SBN 252251) |
| | MORRISON & FOERSTER LLP |
| 3 | 755 Page Mill Road |
| | Palo Alto, California 94304-1018 |
| 4 | Telephone: 650-813-5600 |
| | Facsimile: 650-494-0792 |
| 5 | KKramer@mofo.com |
| 6 | |
| | Attorneys for Defendant and Counterclaimant |
| 7 | SYNAPTICS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., | Case No.   C06-01839 PVT |
| Plaintiff, | **DEFENDANT SYNAPTICS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF JIA-YIH LEE IN SUPPORT OF ELANTECH'S OPPOSITION TO SYNAPTICS' MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, | |
| Defendants. | Date:    September 23, 2008 |
| | Time:    10:00 a.m. |
| | Judge:   Hon. Patricia V. Trumbull |
| | Location: Courtroom 5, 4th Floor |
| AND RELATED COUNTERCLAIMS | |

PUBLIC VERSION

I.  **NOTICE OF MOTION AND MOTION TO STRIKE**

PLEASE TAKE NOTICE THAT on September 23, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, Synaptics, Inc. ("Synaptics") will and hereby does bring this Motion to Strike the Declaration of Jia-Yih Lee in support of Elantech Devices Corp. ("Elantech")'s Opposition to Synaptics' Motion for Preliminary Injunction ("Motion").

Synaptics' Motion is made pursuant to Civil Local Rule 7-5(b), and is made on the grounds that the declaration fails to satisfy the requirements of Local Rule 7-5 and Federal Rule of Civil Procedure 56(e). The Motion is based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Erika L. Yawger In Support of Synaptics' Motion to Strike ("Yawger Decl."), and the files and evidence on record for this action.

II.  **MEMORANDUM OF POINTS AND AUTHORITIES**

A.  **Introduction**

This motion relates to the Declaration of Jia-Yih Lee ("Lee Decl.") that Elantech filed on June 13, 2008 in support of its opposition to Synaptics' pending motion for preliminary injunction. Synaptics now moves to strike that declaration because Mr. Lee's deposition last week revealed that his declaration is inaccurate and unfounded. For example, Mr. Lee admitted that he never signed his declaration, that he did not understand certain statements due to his limited English language abilities, and that at least one statement in the declaration was false. Mr. Lee also admitted that he lacked personal knowledge about many of the subjects covered by his declaration. Synaptics respectfully requests that the Court strike Mr. Lee's declaration.

B.  **Mr. Lee's Declaration Should Be Stricken**

Declarations filed with the Court must meet the evidentiary standards that would be imposed at trial. *See* Fed. R. Civ. P. 56(e)(1) (affidavits must be made on personal knowledge and by affiants competent to testify on the matters stated therein); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (affirming refusal to consider improperly authenticated exhibits submitted with a declaration). "An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions

1  and argument." Civ. L.R. 7-5(b). A "declaration not in compliance with this rule may be stricken
2  in whole or in part." *Id.*
3        By this motion, Synaptics objects to, and moves to strike Mr. Lee's declaration because he
4  is not competent to testify regarding several of the topics in his declaration.

      **1.    Mr. Lee's Conflicting Testimony Over Whether He Read and Signed His Declaration Renders It Unreliable.**

7        At his deposition, Mr. Lee testified that he had never seen or signed his declaration.

[redacted]

15  (Yawger Decl. Ex. A, Excerpts of the Deposition of Jia-Yih (Roven) Lee ("Lee Dep.") 351:3-15,
16  August 6-8, 2008.)
17        Later, after two breaks in the deposition, Elantech's counsel asked Mr. Lee a series of
18  leading questions in an attempt rehabilitate his testimony. However, Mr. Lee never testified that
19  he signed his declaration, and the "best" testimony that Elantech's counsel was able to elicit was
20  that [redacted]
21        (*Id.* at
22  385:10-386:18.) Mr. Lee did not expressly retract his testimony that [redacted]
23  [redacted]
24        Mr. Lee's deposition testimony raises, at a minimum, serious doubts about his
25  declaration's veracity and reliability. The declaration should be stricken in its entirety in view of
26  these serious doubts, as well as for the other reasons set forth below.

### 2. Mr. Lee Is Not Competent to Testify to What Elantech's "Current" Products Are.

Mr. Lee's testimony also demonstrates that his declaration includes false information, allegedly due to his limited understanding of English. Mr. Lee's declaration was submitted in English only, without any Chinese translation. However, during the deposition, Mr. Lee testified through a Chinese interpreter.

In response to questioning by Synaptics' counsel, Mr. Lee admitted that the statement in his declaration that he is a technical consultant of Elantech Devices Corporation as of the date of the declaration was false. (Lee Dep. 350:10-12; 351:6-11.) After two breaks in the deposition, Mr. Lee's own counsel asked why he incorrectly declared that he is a consultant for Elantech, in "the present tense," when his consulting agreement had already expired. (Lee Dep. 386:10-13.) Mr. Lee replied: ███████████████████████████████████████ ███████████████████████████████████ (emphasis added) (Lee Dep. 386:14-16.)

If Mr. Lee requires Chinese translation to competently testify, then his declaration should have been submitted in Chinese with a certified English translation. Elantech's argument in opposition to Synaptics Motion for a Preliminary Injunction relies heavily on the timing of shipments of Elantech products. Mr. Lee's admission that he does not ██████████ ████████████████████ demonstrates his incompetence to swear to statements in written English that relate to the timing or sequence of events. Therefore, the statements in Mr. Lee's declaration that concern Elantech's "current" products should be stricken. (*See* Lee Decl. ¶¶ 5, 7-9.)

### 3. Mr. Lee Lacks Personal Knowledge of the Facts in His Declaration.

The Court should strike Mr. Lee's declaration because his deposition testimony revealed that he lacks the personal knowledge necessary to testify concerning Elantech's current product

1  sales, Elantech drivers, and the relationship between drivers and firmware. (*See* Lee Decl. ¶¶ 5-9
2  [Docket No. 350].)[1]

### a. Mr. Lee Lacks Personal Knowledge Concerning Manufacture or Sales of KTP3 Products.

In paragraph 5 of his declaration, Mr. Lee attests that, "Elantech does not currently manufacture any KTP3 products." (*Id.* ¶ 5.) However, Mr. Lee is a firmware engineer employed by Elan Microelectronics (and not Plaintiff Elantech), who admittedly had no personal involvement in the sales, shipping, or distribution of Elantech's touchpad products. (Lee Dep. at 15:12-17; 15:23-16:8; 17:13-24; 59:15-17; 275:21-276:12; 332:11-21; 390:14-17; 391:4-12.) Mr. Lee explicitly acknowledged that he did not personally know if, when, or how the manufacture of KTP3 products was stopped. (*Id.* 13:20-23 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; 15:23-16:5; 17:1-12.) Indeed, his sole basis for believing that Elantech has stopped shipping KTP3 products is what another individual, whose last name was unknown, told him. (*Id.* at 14:4-15:7).



(*Id.* 15:23-16:5.) Not only is such knowledge not personal, but it constitutes inadmissible hearsay. Fed. R. Evid. 801(c) & 802. Since Mr. Lee relied on information from others rather

---

[1] As discussed *infra*, Mr. Lee's deposition testimony contradicts the boilerplate language that states Mr. Lee has personal knowledge. (Lee Decl. ¶¶ 1-3.) Mr. Lee's personal knowledge cannot be inferred otherwise from his position, which is incorrectly stated, or from the nature of his participation in the matter, for which no evidence has been presented. *See Norita v. Commonwealth of the N. Mariana Islands*, 331 F.3d 690, 697 (9th Cir. 2003); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990); Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 602.

1  than firsthand participation or experience, this portion of the declaration should be stricken.
2  *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (holding that it was an abuse of
3  discretion to consider information in a declaration that was based on inadmissible hearsay).

          **b.    Mr. Lee Lacks Personal Knowledge To Testify Concerning Elantech's Drivers.**

In his declaration, Mr. Lee also discusses the function of drivers, stating that "Elantech makes drivers available to computer makers incorporating the Elantech products . . . . The touchpads are generally compatible with standard mouse drivers included with most operating systems such as Windows. However, the standard mouse drivers will not support many of the functions relevant to Synaptics' patent claims." (Lee Decl. ¶ 6.) Elantech cites this paragraph in its Opposition to argue that users cannot access certain features. (Elantech's Corrected Opposition to Synaptics Motion for a Preliminary Injunction at 6:23-25 [Docket No. 353].) However, not only does paragraph 6 not support this proposition since users may be able to obtain the Elantech driver necessary to enable the features, but Mr. Lee admitted in his deposition that he does not have the personal knowledge to rule out this possibility. (Lee Dep. 148:10-14; 391:13-20.)

Mr. Lee further conceded he does not know whether Elantech provides drivers separately from its touchpad products, or exactly how customers obtain drivers.



(*Id.* at 275:21-276:8) He also lacked personal knowledge as to whether older versions of Elantech's drivers would function with newer products.

[redacted]

(*Id.* 148:10-14.) Finally, he admitted he does not understand how Elantech's driver source code works and that he is not the person most knowledgeable on this subject.

[redacted]

(*Id.* 393:9-14.). Because Mr. Lee lacks personal knowledge on both driver source code and the distribution of drivers to customers, paragraph 6 of his declaration, which discusses these very topics, should be stricken.

### c. Mr. Lee Lacks Personal Knowledge to Attest to Paragraphs 7 and 8 of His Declaration.

Paragraphs 7 and 8 of Mr. Lee's declaration purport to describe the features of touchpad products that are currently sold and manufactured by Elantech. Specifically, Paragraph 7 states, "[t]here are significant differences among the products currently being sold by Elantech with regard to implementation of the features relevant to Synaptics' patent claims." (Lee Decl. ¶ 7.) Paragraph 8 of the Lee declaration describes certain Elantech touchpad modules, saying that "[t]he firmware for these ICs includes code that could operate to permit 'corner tap' and 'edge motion' gestures, those features are not enabled by the driver software provide by Elantech." (Lee Decl. ¶ 8.) The declaration then repeats this argument for the edge motion feature. (Lee Decl. ¶ 8.)

Mr. Lee concedes, however, that he lacks the personal knowledge to attest to how customers obtain drivers and whether older versions of drivers can function on newer products – including those listed in paragraphs 7 and 8. (Lee Dep. 275:21-276:12; 148:10-13 [redacted]

1  Mr. Lee further admitted that he does not know which versions of firmware are in products
2  currently being sold by Elantech.
3
4
5  (*Id.* 390:14-17.) Mr. Lee also admitted that he has no personal knowledge concerning whether
6  Elantech continues to sell its inventory of previously manufactured products. (*Id.* 389:24-25
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).) Finally, Mr. Lee testified that, because he is
8  "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" he lacks the personal knowledge to discuss the details
9  concerning Elantech's "current" products and sales. (*Id.* 15:23-16:8; 332:11-21.) Because Mr.
10 Lee lacks personal knowledge and competence to testify about these key topics, the Lee
11 declaration should be stricken.

      **C.**     **Conclusion**

13       Mr. Lee admitted in his deposition that he does not have the personal knowledge to testify
14 competently concerning the products that Elantech currently manufactures or sells, or the
15 functionality and availability of Elantech's drivers. Furthermore, his deposition testimony
16 indicates that the entire declaration is unreliable because it is based on inaccuracies concerning
17 his position at Elantech, his conflicting testimony concerning whether he signed or reviewed his
18 declaration, and his admitted lack of concern for grammar or tenses in the English language.
19 Synaptics respectfully requests that the Court strike Mr. Lee's declaration because his recent
20 deposition testimony demonstrates his incompetence to testify to the statements contained therein.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 15, 2008 | KARL J. KRAMER<br>ERIKA L. YAWGER<br>LAURA R. MASON<br>MORRISON & FOERSTER LLP |

By: /s/ Erika L. Yawger
    Erika L. Yawger
    Email: EYawger@mofo.com

Attorneys for Defendant and
Counterclaimant SYNAPTICS, INC.

| | |
|---|---|
| 1 | KARL J. KRAMER (CA SBN 136433) |
| | ERIKA L. YAWGER (CA SBN 234919) |
| 2 | LAURA R. MASON (CA SBN 252251) |
| | MORRISON & FOERSTER LLP |
| 3 | 755 Page Mill Road |
| | Palo Alto, California 94304-1018 |
| 4 | Telephone: 650-813-5600 |
| | Facsimile: 650-494-0792 |
| 5 | KKramer@mofo.com |
| 6 | Attorneys for Defendant and Counterclaimant |
| | SYNAPTICS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., | Case No.   C06-01839 PVT |
| Plaintiff, | **[PROPOSED] ORDER GRANTING SYNAPTICS, INC.'S MOTION TO STRIKE THE DECLARATION OF JIA-YIH LEE** |
| v. | |
| SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, | Date:      September 23, 2008 |
| | Time:      10:00 a.m. |
| | Judge:     Patricia V. Trumbull |
| | Location:  Courtroom 5, 4th Floor |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

[PROPOSED] ORDER GRANTING SYNAPTICS, INC.'S MOTION TO STRIKE THE DECLARATION OF JIA-YIH LEE
CASE NO. C06-01839-PVT
pa-1275786

1

1  Having considered Synaptics, Inc.'s Motion to Strike the Declaration of Jia-Yih Lee
2  ("Motion to Strike"), and having reviewed the papers submitted by the parties related to the
3  Motion to Strike, the Court rules as follows:
4  IT IS HEREBY ORDERED that Synaptics' Inc.'s Motion to Strike is GRANTED.  The
5  Declaration of Jia-Yih Lee is hereby stricken in its entirety.
6  IT IS SO ORDERED.
7  Dated: _____

8
   _____
   PATRICIA V. TRUMBULL
9  United States Magistrate Judge

[PROPOSED] ORDER GRANTING SYNAPTICS, INC.'S MOTION TO STRIKE THE DECLARATION OF JIA-YIH LEE
CASE NO. C06-01839-PVT
pa-1275786

2