1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  LAURA R. MASON (CA SBN 252251)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: 650-813-5600
   Facsimile: 650-494-0792
5  KKramer@mofo.com

6  Attorneys for Defendant and Counterclaimant
   SYNAPTICS, INC.
7

8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12 | ELANTECH DEVICES CORPORATION, a         | Case No.   C06-01839 PVT
   | corporation existing under the laws of Taiwan,
13 | R.O.C.,                                 | **DEFENDANT SYNAPTICS,
   |                                         | INC.'S NOTICE OF MOTION
14 |         Plaintiff,                      | AND MOTION FOR
   |                                         | PROTECTIVE ORDER**
15 |    v.                                   |
   |                                         | Date:     September 9, 2008
16 | SYNAPTICS, INC., a Delaware corporation;| Time:     10:00 a.m.
   | AVERATEC, INC., a California corporation; and | Judge:   Hon. Patricia V. Trumbull
17 | PROSTAR COMPUTER, INC., a California    | Location: Courtroom 5, 4th Floor
   | corporation,
18 |
   |         Defendants.
19 |
20 | AND RELATED COUNTERCLAIMS

## I. NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, Defendant Synaptics, Inc. ("Synaptics") hereby moves, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order prohibiting Plaintiff Elantech Devices Corp. ("Elantech") from deposing Francis Lee, the President and CEO of Synaptics, pursuant to a Notice of Deposition served on August 12, 2008.

Synaptics bases its Motion for Protective Order on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Erika L. Yawger ("Yawger Decl."), the Declaration of Francis F. Lee ("Lee Decl."), the accompanying Stipulated Request for Order Shortening Time, the pleadings and papers on file herein, and on such other matters as may be presented to the Court at the time of the hearing.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

In two years of litigation, Elantech served just two 30(b)(6) deposition notices and deposed one Synaptics employee.[1] Then, on August 12, 2008, the day after this Court granted Synaptics' motion to compel the deposition of Elantech's President, I-Hau Yeh [*see* Docket No. 393], Elantech immediately retaliated by noticing the deposition of Synaptics' CEO and President, Francis Lee ("Lee Notice"). (Yawger Decl. Ex. A.) Elantech's maneuver is a blatant and completely unjustified attempt to harass Synaptics and its CEO.

Elantech has never identified any facts or issues in this litigation for which they believe Francis Lee has unique personal knowledge. Indeed, when pressed during meet and confer for a reason for the deposition, Elantech's counsel replied simply that Elantech believes that Synaptics' CEO has "relevant" information and they therefore want to depose him. (Yawger Decl. ¶ 4.) However, for each of the twenty-eight 30(b)(6) topics for which Elantech seeks deposition

---

[1] Elantech took a 30(b)(6) deposition of Synaptics in June 2007 in conjunction with the parties' motions for summary judgment in which David Gillespie, a named inventor on three of Synaptics' asserted patents, testified concerning Synaptics' accused products, firmware, and Elantech's asserted patent. (Yawger Decl. ¶¶ 8-9.)

discovery, Synaptics has already designated a more knowledgeable lower-level employee to testify, including two of the named inventors of the patents asserted by Synaptics in this lawsuit (one of whom is Synaptics' Chief Technical Officer), and the Vice President of Synaptics' Notebook Business.  (Yawger Decl. ¶ 10.)  Synaptics' CEO is *not* the employee most knowledgeable about any of Elantech's 30(b)(6) topics, and Elantech has never identified any additional category of information for which it needs discovery.

Under the controlling rule of this district, Synaptics' CEO should not be required to appear for a deposition unless Elantech demonstrates that he has relevant "firsthand and non-repetitive knowledge," and that Elantech has made a good faith effort to obtain the information it seeks through less intrusive means of discovery, such as depositions of other Synaptics employees.  *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, at **2, 8, 13 (N.D. Cal. Jan. 25, 2007).  Elantech cannot meet this test because Synaptics has offered to produce the employees knowledgeable about the topics in Elantech's 30(b)(6) notice, and Elantech has not yet deposed those employees about those topics.  Synaptics respectfully requests that the Court issue a protective order against the Lee Notice.

### B.     Argument

Upon a showing of good cause, a protective order can be obtained to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. Pro. 26(c)(1).  Good cause for a protective order exists to prevent the unnecessary and burdensome deposition of Synaptics' CEO because Elantech has neither articulated any reason for the deposition, nor first attempted less intrusive means of discovery.

#### 1.     Elantech Has Not Met the Requirements for Deposing Synaptics' CEO.

As the President and CEO of Synaptics, Francis Lee is an "apex employee" and therefore entitled to certain protections afforded by law to such employees.  *Celerity,* 2007 U.S. Dist. LEXIS 8295, at *8 (noting that courts will protect high-level corporate officers from deposition where the officer has no unique first-hand knowledge of relevant facts).  As an apex employee, Synaptics' CEO should not be required to appear for deposition unless and until Elantech

demonstrates that he has relevant "firsthand and non-repetitive knowledge," and that Elantech has made a good faith effort to obtain the information it seeks through less intrusive means of discovery. *Id.*, at **2, 13. Elantech has made no attempt to satisfy these requirements.

Courts routinely grant protective orders for apex employees when lower-level employees have not been deposed first. *See id.*, at *13 (holding that the apex depositions could only proceed, if at all, "after either interrogatories or the depositions of lower-level employees have failed to provide the discovery [defendant] seeks"); *see also Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979) (granting protective order where plaintiff sought to depose the president of the company before deposing lower-level executives); *Simon v. ProNational Ins. Co.*, No. 07-60757-Civ, 2007 U.S. Dist. LEXIS 96320 (S.D. Fla. Dec. 13, 2007) (granting protective order prohibiting plaintiff from deposing the CEO of defendant's parent company where plaintiff had not sought the information through less intrusive means of discovery); *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.,* No. C 03-5340 JF (RS), 2006 U.S. Dist. LEXIS 67284, at *10 n.3 (N.D. Cal. Sept. 6, 2006) (allowing deposition of Google's CEO only after it was established through "Google's designated 30(b)(6) witnesses that he may have relevant first hand information").

Elantech cannot show that it has been unable to obtain sufficient information from lower-level Synaptics employees, as it has not yet deposed other Synaptics employees.[2] Indeed, Synaptics has offered to produce for deposition several Synaptics employees who are knowledgeable about the topics identified in Elantech's 30(b)(6) deposition notice, including Shawn Day, Synaptics' Chief Technical Officer and the co-inventor of three of the four Synaptics patents-in-suit; David Gillespie, Synaptics' Research and Development Fellow and the co-inventor of three of the four patents-in-suit; and Mark Vena, Vice President of Synaptics' Notebook Business. (Yawger Decl. ¶ 10.) Elantech has yet to take the depositions of these witnesses.

---

[2] Elantech took a 30(b)(6) deposition of Synaptics on June 4, 2007 in conjunction with the parties' motions for summary judgment in which David Gillespie testified concerning Synaptics' accused products, firmware, and Elantech's asserted patent. (Yawger Decl. ¶ 8.)

Francis Lee, however, does not have any non-repetitive, firsthand knowledge concerning any of the topics identified in Elantech's 30(b)(6) notice, and Elantech has not identified any other relevant subject matter about which he would be qualified to testify. (Yawger Decl. ¶ 4.)  In fact, when asked during meet and confer why Elantech wanted to depose Synaptics' CEO, Elantech's counsel simply replied that it was because Elantech believes that Francis Lee has "relevant information." (Yawger Decl. ¶ 4.)  Because Elantech has failed to make the showing required to depose an "apex employee," Synaptics is entitled to a protective order precluding Elantech from deposing Synaptics' CEO.

### 2. Appearing for Deposition Would Be Unduly Burdensome for Synaptics' CEO.

Even if Elantech can ultimately show that Synaptics' CEO has firsthand, non-repetitive knowledge of relevant facts at issue in the litigation, Francis Lee has pre-existing commitments that would make it unduly burdensome to take his deposition before the last week of October 2008.  In particular, Mr. Lee will be in Asia for previously arranged business trips from September 3 to 12, as well as September 22 to October 12, 2008. (Lee Decl. ¶¶ 2, 4.)  He is heavily booked with meetings and appointments during the five business days between these two overseas trips (September 15 to 19). (Lee Decl. ¶ 3.)  After returning from the second overseas trip on October 12, Mr. Lee will then be fully occupied preparing for a shareholders' meeting on October 21 and an earnings call on October 23, 2008. (Lee Decl. ¶ 4.)  It would be extremely disruptive to Mr. Lee's work commitments if he is forced to appear for a deposition on the noticed date of September 8 (when he will be in Asia), or on any other date before the last week of October.[3]

---

[3] As discussed *infra*, Synaptics believes that Synaptics' CEO should be protected from an unnecessary deposition.  However, during meet and confer, Synaptics' counsel told Elantech's counsel that Mr. Lee's first availability for any deposition would be the last week of October.  Elantech nevertheless refused to consider changing the date for the deposition because of Synaptics' intention to seek a protective order.  (Yawger Decl. ¶¶ 5-6.)

### 3. Elantech's Attempt to Depose Synaptics' CEO Involves Completely Different Facts from Synaptics' Notice of Deposition of I-Hau Yeh.

Elantech's decision to notice the deposition of Synaptics' CEO immediately after this Court granted Synaptics' motion to depose Mr. Yeh makes clear that this is a retaliatory, "tit-for-tat" deposition. Thus, it seems likely that Elantech will argue that it should be allowed to depose Synaptics' CEO merely because Elantech has now been required to produce Mr. Yeh for deposition. However, the critical facts related to these two depositions are completely different.

First, although Synaptics noticed Mr. Yeh's deposition on April 18, 2008, Elantech never filed a motion for protective order to prevent Mr. Yeh's deposition. Instead, Elantech employed delay tactics to stall the deposition until Synaptics was forced to file a motion to compel on July 8, 2008 after more than two months of failed meet and confer attempts. (*See* Synaptics, Inc.'s Motion to Compel the Deposition of I-Hau Yeh ("MTC Yeh Dep.") [Docket No. 375].) As this Court explained, "a party, or its director, *must* move for a protective order before failing to appear for a duly noticed deposition." (Order Granting Motion to Compel I-Hau Yeh to Appear for Deposition at 2:3-5 [Docket No. 393].) By contrast, Synaptics hereby promptly moves for a protective order to protect Synaptics' CEO from an unnecessary and burdensome deposition just *five business days* after Elantech served the notice of deposition.

Second, Elantech has not pointed to any direct link between Francis Lee and the outstanding issues in the litigation, or otherwise shown that Synaptics' CEO has firsthand, non-redundant knowledge. Indeed, Elantech has not even attempted to identify the "relevant" information it seeks from Synaptics' CEO. (Yawger Decl. ¶ 4.) By contrast, Synaptics presented evidence that Mr. Yeh had unique personal knowledge concerning several topics relevant to the litigation, including proof that Mr. Yeh was the recipient of the letter identified by Elantech in its interrogatory responses as evidence of its first awareness of the Synaptics patents. *See, e.g., Zamora v. D'Arrigo Bros. Co. of Cal.*, No. C04-00047 JW (HRL), 2007 U.S. Dist. LEXIS 21418, at \*\*14-15 (N.D. Cal. Mar. 15, 2007) (company president's receipt of letter from the plaintiff that related to the underlying discrimination claim warranted the apex deposition); *see also* MTC Yeh

1  Dep. at 2:23-3:5 [Docket No. 375]. Indeed, Elantech never even rebutted Synaptics' evidence of Mr. Yeh's knowledge concerning these key issues.

Third, Elantech has not tried to obtain the information it seeks in less intrusive or burdensome ways. Indeed, Elantech has only served one individual deposition notice – for Synaptics' CEO. (Yawger Decl. ¶ 9.) And except for the limited-scope deposition of David Gillespie concerning technical issues in June 2007, Elantech has not yet taken the depositions of the designated 30(b)(6) Synaptics employees. (Yawger Decl. ¶ 8.) By contrast, Synaptics noticed depositions of five different Elantech employees, including Mr. Yeh, and deposed lower-level Elantech employees concerning matters about which Mr. Yeh also had personal knowledge. (*Id.* at ¶ 11-12.)

### C.   Conclusion

Until the Court compelled Mr. Yeh's deposition, Elantech had never identified Francis Lee as someone with information relevant to the issues in the litigation. Elantech has not deposed other Synaptics employees, and has not identified what, if any, unique firsthand information it seeks from Synaptics' CEO. This lack of effort to engage in any alternative means of discovery, combined with the suspect timing of the Lee Notice, shows the Lee Notice for what it is – an abuse of the discovery process. Synaptics' CEO will be unduly burdened by an unnecessary deposition, and he should be afforded the protections available to "apex employees" in such circumstances. Synaptics respectfully requests that the Court grant its Motion for Protective Order.

Dated:   August 19, 2008

KARL J. KRAMER
ERIKA L. YAWGER
LAURA R. MASON
MORRISON & FOERSTER LLP

By:   /s/Erika L. Yawger
Erika L. Yawger
Email: EYawger@mofo.com

Attorneys for Defendant and
Counterclaimant SYNAPTICS, INC.

SYNAPTICS, INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C06-01839-PVT
pa-1276406

7

1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  LAURA R. MASON (CA SBN 252251)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California 94304-1018
4  Telephone: 650-813-5600
   Facsimile: 650-494-0792
5  KKramer@mofo.com

6
   Attorneys for Defendant and Counterclaimant
7  SYNAPTICS, INC.

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12 | ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., | Case No.   C06-01839 PVT |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER CONCERNING SYNAPTICS, INC.'S MOTION FOR PROTECTIVE ORDER** |
| v. | Date: September 9, 2008 |
| SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation, | Time: 10:00 a.m.<br>Judge: Hon. Patricia V. Trumbull<br>Location: Courtroom 5, 4th Floor |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

[PROPOSED] ORDER CONCERNING SYNAPTICS, INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C06-01839-PVT

pa-1276777

1

1   This matter comes before the Court pursuant to Fed. R. Civ. P. 26(c) on Synaptics,
2   Inc.'s Motion for Protective Order concerning Elantech Devices Corp.'s Notice of Deposition
3   of Francis Lee. Having considered the arguments and evidence submitted, and for good cause
4   appearing:
5   IT IS HEREBY ORDERED that Defendant's motion for a protective order is
6   GRANTED.

Dated: _____     _____
                                PATRICIA V. TRUMBULL
                                United States Magistrate Judge