KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
LAURA R. MASON (CA SBN 252251)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C.,

Plaintiff,

v.

SYNAPTICS, INC., a Delaware corporation; AVERATEC, INC., a California corporation; and PROSTAR COMPUTER, INC., a California corporation,

Defendants.

AND RELATED COUNTERCLAIMS

Case No. C06-01839 PVT

**DECLARATION OF ERIKA L. YAWGER IN SUPPORT OF DEFENDANT SYNAPTICS, INC.'S MOTION FOR A PROTECTIVE ORDER**

Date: September 9, 2008
Time: 10:00 a.m.
Judge: Hon. Patricia V. Trumbull
Location: Courtroom 5, 4th Floor

I, Erika L. Yawger, declare as follows:

1. I am a member of the bar of the State of California, and I am admitted before this Court. I am an associate with the law firm of Morrison & Foerster LLP, counsel of record for Synaptics, Inc. ("Synaptics") in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently testify thereto.

2. After business hours on August 12, 2008, Elantech Devices Corporation ("Elantech") served a notice of deposition for Synaptics' President and CEO, Francis Lee, a true and correct copy of which is attached hereto as Exhibit A.

3. Due to depositions, the first reasonable opportunity the parties had to meet and confer concerning the Lee deposition notice was Friday, August 15, 2008. .Thus, on Friday, I spoke with Sean DeBruine, counsel for Elantech, regarding Elantech's Notice of Deposition of Francis Lee, Synaptics' CEO and President.

4. During the meet and confer, I told Mr. DeBruine that Synaptics perceives the deposition notice of Francis Lee as little more than a harassing discovery tactic, especially given that it was served on the day after Elantech's CEO was ordered to appear for deposition. When I asked Mr. DeBruine what information Elantech expects to obtain from Francis Lee, Mr. DeBruine replied simply that Elantech believes that Mr. Lee has "relevant information," and that was why they wanted to depose him.

5. I informed Mr. DeBruine that Francis Lee would be out of the country on the noticed deposition date, and that he would be unable to attend a deposition until the last week of October. Mr. DeBruine said initially that he would consider moving the deposition to the end of October to accommodate Mr. Lee's schedule.

6. I further explained that, because Synaptics believes the deposition notice was served for improper purposes, and because Synaptics does not believe Mr. Lee has any firsthand, non-repetitive knowledge, Synaptics would still seek a protective order. Mr. DeBruine responded that, in that case, he would not explore the possibility of rescheduling the deposition.

7. The parties then discussed a shortened hearing and briefing schedule for Synaptics' motion for a protective order, and agreed that the hearing and briefing schedule for Synaptics' motion should be as follows:

| | |
|---|---|
| Synaptics' Motion for Protective Order | August 19, 2008 |
| Elantech's Opposition | August 22, 2008 |
| Synaptics' Reply | August 27, 2008 |
| Hearing | September 9, 2008 |

8. On May 25, 2007, Elantech served a notice of deposition for Synaptics on limited topics related to its Motion for Summary Judgment, including Synaptics' accused products, firmware, and Elantech's asserted patent. Synaptics designated David Gillespie to testify, and Elantech deposed him on June 4, 2007. This is the only deposition of a Synaptics employee Elantech has taken as of August 19, 2008. Attached as Exhibit B is a true and correct copy of Elantech's May 25, 2007 30(b)(6) Deposition Notice.

9. On July 8, 2008, Elantech served a second notice of deposition for Synaptics specifying twenty-eight 30(b)(6) topics. Attached as Exhibit C is a true and correct copy of Elantech's July 8, 2008 30(b)(6) Deposition Notice. Elantech's two deposition notices were the only deposition notices served by Elantech prior to Elantech's August 12, 2008 Notice of Deposition of Francis Lee.

10. After Elantech served its second 30(b)(6) notice, I informed Mr. DeBruine that David Gillespie, Shawn Day, and Mark Vena would be Synaptics' designees on Elantech's 30(b)(6) deposition topics. Shawn Day is Synaptics' Chief Technical Officer and a co-inventor of three of the four Synaptics patents-in-suit. David Gillespie is Synaptics' Research and Development Fellow and a co-inventor of three of the four Synaptics patents-in-suit. Mark Vena is the Vice President of Synaptics' Notebook Business.

11. On April 18, 2008, Synaptics served its Notice of Rule 30(b)(6) Deposition of Elantech, and individual deposition notices of three Elantech officers and employees, including Teng-Yen (Draco) Wu, Jason Liu, and I-Hau Yeh. On May 30, 2008, Synaptics also served individual notices on two additional Elantech employees, Yong-Lie (Kelvin) Jian and Jia-Yih (Roven) Lee.


12. On August 6-8, 13, and 14, 2008, I took the depositions of Elantech's 30(b)(6) designees, Roven Lee, Draco Wu, and Jason Liu.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed on August 19, 2008, in Palo Alto, California.

By: /s/Erika L. Yawger
Erika L. Yawger
Email: EYawger@mofo.com

# EXHIBIT A

Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
Richard Chae (SBN 224610) (richard.chae@alston.com)
ALSTON + BIRD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: 650-838-2000
Facsimile: 650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTICS, INC. and AVERATEC, INC.,<br><br>Defendants. | Case No. 5:06-cv-01839-PVT<br><br>**NOTICE OF DEPOSITION OF FRANCIS LEE** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 26 and 30, plaintiff Elantech Devices Corporation ("Elantech") will take the deposition of Francis Lee. The deposition will commence at 9:30 a.m. on September 8, 2008 at the offices of Alston + Bird LLP, Two Palo Alto Square, Fourth Floor, Palo Alto, CA 94306 or on such date as is mutually agreed by the parties, and will continue from day to day thereafter until completed.

The deposition will be taken before a court reporter or other officer duly authorized to administer oaths and will be recorded by stenographic and/or audio-video means.

Dated: August 12, 2008

ALSTON + BIRD LLP

By: [signature]
Sean P. DeBruine

Attorneys for Plaintiff and Counterdefendant
ELANTECH DEVICES CORPORATION

2

NOTICE OF DEPOSITION OF FRANCIS LEE

Case No. 5:06-cv-01839-PVT

# EXHIBIT B

YITAI HU (California Admission Pending) (yhu@akingump.com)
SEAN P. DEBRUINE (SBN 168071) (sdebruine@akingump.com)
HSIN-YI CINDY FENG (SBN 215152) (cfeng@akingump.com)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: 650-838-2000
Facsimile: 650-838-2001

Attorneys for Plaintiff
ELANTECH DEVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ELANTECH DEVICES CORP.,

Plaintiff,

vs.

SYNAPTICS, INC.;
AVERATEC, INC.;
PROSTAR COMPUTER, INC.,

Defendants.

Case No. 3:06-CV-01839 CRB

**NOTICE OF VIDEOTAPED DEPOSITION OF SYNAPTICS, INC.**

Date: June 4, 2007
Time: 9:30 a.m.
Place: Akin Gump Strauss Hauer & Feld LLP
3000 El Camino Real
Two Palo Alto Square, 4th Floor
Palo Alto, CA 9430
(650) 838-2000

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure 30(b)(6), Plaintiff and Counterdefendant Elantech Devices Corp. ("Elantech") will take the deposition of Defendant and Counterclaimant Synaptics, Inc. ("Synaptics" or "Deponent") on June 4, 2007, beginning at 9:30 a.m., at the offices of Akin Gump Strauss Hauer & Feld, LLP, located at 3000 El Camino Real, Suite 400, Palo Alto, California 94306. Said deposition will be conducted upon oral examination before a court reporter duly authorized to administer oaths and will be recorded stenographically and by videotape.

**PLEASE TAKE FURTHER NOTICE** that Deponent is obligated to designate one or more of its officers, directors, managing agents or other consenting persons to testify in this action as to facts known or reasonably available to Deponent with respect to the following subject matter categories:

1. The structure, features, functionality and operation of all versions of TM41 series touchpad devices designed , manufactured or sold by Synaptics.

2. All version of firmware, or any other instructions, that control the operation of any TM41 series touchpad, including all listing files.

3. All documents describing the structure or operation of any TM41 series touchpad.

4. Communications regarding the U.S. Patent No. 5,825,352 ("the '352 patent").

5. Changes to the design of any and all Synaptics Products as a result of its awareness of the '352 patent.

Dated: May 25, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/
Sean DeBruine

Attorneys for Plaintiff
ELANTECH DEVICES CORP.

# EXHIBIT C

YITAI HU (California Admission Pending) (yhu@akingump.com)
SEAN P. DEBRUINE (SBN 168071) (sdebruine@akingump.com)
RICHARD CHAE (SBN 224610) (rchae@akingump.com)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: 650-838-2000
Facsimile: 650-838-2001

Attorneys for Plaintiff
ELANTECH DEVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>SYNAPTICS, INC.;<br>AVERATEC, INC.;<br>PROSTAR COMPUTER, INC.,<br><br>Defendants. | Case No. 5:06-CV-01839 PVT<br><br>**PLAINTIFF ELANTECH DEVICES CORP.'S NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) OF DEFENDANT SYNAPTICS, INC.** |

PLAINTIFF ELANTECH DEVICES CORP.'S NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) OF DEFENDANT SYNAPTICS, INC.

Case No. 06-CV-01839 PVT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 30(b)(6), Plaintiff Elantech Devices Corp. ("Elantech") will take the deposition upon oral examination of Defendant Synaptics, Inc. ("Synaptics"), at the offices of Akin, Gump, Strauss, Hauer & Feld LLP, 3000 El Camino Real, Building Two, Fourth Floor, Palo Alto, CA 94306, commencing at a mutually agreeable date and time and continuing from day to day until completed.

The deposition will be taken before a notary public or other officer authorized by law to administer oaths, will be recorded by stenographer, and may also involve videotape recording, and real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Synaptics is obligated to designate one or more of its officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning the matters set forth under "MATTERS OF EXAMINATION" in Attachment A. The persons so designated shall testify as to the matters known or reasonably available to Synaptics. Synaptics is also requested to set forth, at least 14 days before the noticed date, for each person designated, the matters on which the person shall testify on behalf of Synaptics.

Dated: July 8, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By: [signature]
Sean P. DeBruine
Attorneys for Plaintiff
ELANTECH DEVICES CORP.

PLAINTIFF ELANTECH DEVICES CORP.'S NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) OF DEFENDANT SYNAPTICS, INC. 1 Case No. 06-CV-01839 PVT

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

A. The term "Plaintiff" or "Elantech" shall mean Plaintiff Elantech Devices Corporation and its subsidiaries and divisions.

B. The term "Defendant" or "Synaptics" refers to Synaptics, Inc. and its subsidiaries and divisions, all predecessors, successors and assigns of the foregoing, and all officers, directors, employees, managing agents, consultants, attorneys and others under the control of any of the foregoing entities.

C. The term "the '352 patent" or "Elantech Patent" shall mean U.S. Patent No. 5,825,352, entitled "Multiple Fingers Contact Sensing Method For Emulating Mouse Buttons And Mouse Operations On A Touch Sensor Pad."

D. The term "the '591 patent" shall mean U.S. Patent No. 5,543,591, entitled "Object Position Detection With Edge Motion Feature And Gesture Recognition."

E. The term "the '411 patent" shall mean U.S. Patent No. 5,880,411, entitled "Object Position Detection With Edge Motion Feature And Gesture Recognition."

F. The term "the '052 patent" shall mean U.S. Patent No. 5,943,052, entitled "Method and Apparatus For Scroll Bar Control."

G. The term "the '931 patent" shall mean U.S. Patent No. 6,380,931, entitled "Object Position Detection With Edge Motion Feature And Gesture Recognition."

H. The term "Synaptics Patent" or "Synaptics Patents" shall mean the '591 patent, the '411 patent, the '052 patent, and/or the '931 patent.

I. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest possible meaning.

J. The terms "any", "all" or "each" shall be construed as "any, all and each."

K. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate or permits to obtain the broadest possible meaning.

L. The use of the singular form of any word shall include the plural and vice versa.

M. Documents "referring", "relating" or "related" to any given subject shall mean, without limitation, any document that assesses, constitutes, contains, describes, discusses, embodies, reflects, opines, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

N. The term "concerning" shall mean comprising, constituting, containing, describing, discussing, embodying, evidencing, evincing, identifying, indicating, involving, referring to, reflecting, relating to, supporting, or otherwise in any way pertaining directly or indirectly to.

O. The term "Patent and Trademark Office" or "USPTO" shall mean United States Patent and Trademark Office.

P. The term "prosecution," in relation to a patent or patent application, means all proceedings before, and communications with, a patent office relating to a patent, patent application, continuation, continuation-in-part, and/or divisional, including, but not limited to, interference, reissue, reexamination, opposition, and cancellation proceedings.

Q. The term "prior art" shall mean all patents, patent applications, publications, other references, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103.

R. The term "identify," when used with respect to any natural person, means that the following information shall be provided: the person's full name; present or last known home address and telephone number; present or last known business address and telephone number; present or last known title or occupation; and present or last known employer.

S. The term "identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

T. The term "identify," when used with respect to any oral statement means: state the name of the speaker, the date of the statement; the place at which the statement was made; the

person or persons to whom the statement was addressed; if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or mechanical or other recording, state the date and present location of said writing or mechanical or other recording.

U. The term "identify," when used with respect to any written document or statement, means: state the name of the author; the type of document or writing; the date of the document; the addressee; or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed; the subject matter; and the present location and custodian of the original document or thing and any copies thereof. In lieu of such identification, you may attach a copy of the writing containing said written statement and refer thereto in your answer.

V. The term "communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise, orally, in writing, or in any other form.

W. The term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible recordation of information by any means and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks or electronic databases, e-mail and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in Synaptics' possession, custody, or control or to which Synaptics otherwise has access. The term "document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents having self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

X. The term "person" shall mean any natural person or any business, firm, association, organization, joint venture, partnership, corporation, any legal or governmental entity, or any other organization or entity.

Y. The terms "related patent" and "related patent application" shall mean any parent or parent application, any continuation, continuation-in-part, divisional, reissue, or reexamination of

the identified patent, and any foreign counterpart patent or foreign counterpart patent application that discloses or claims all or part of the subject matter disclosed or claimed in the identified patent.

Z. The term "Elantech Product(s)" or "Plaintiff's Product(s)" shall mean any touch pad product made by or sold by Elantech, and any parts, supplies, service or maintenance for such product.

AA. The term "Synaptics Product(s)" or "Defendant's Product(s)" shall mean any touch pad product made by or on behalf of Synaptics and/or sold by or on behalf of Synaptics, and any parts, supplies, service or maintenance for such product.

AB. As used herein, the term "related fields" shall mean the fields of technology involved in or pertaining to a touch pad or pointer device.

**MATTERS OF EXAMINATION**

1. The circumstances of the first conception and first reduction to practice of each asserted claim of the Synaptics Patents.

2. Any development program related to any asserted claim of the Synaptics Patents.

3. The first sale, offer for sale or public disclosure of each alleged invention disclosed or claimed in the Synaptics Patents.

4. Prior art to any asserted claims of the Synaptics Patents.

5. The prosecution of the applications for each Synaptics Patents and related applications.

6. The market demand for any feature disclosed or claimed in the Synaptics Patents.

7. Any contact with Elantech.

8. The firmware, code, driver code and any other code used with the Synaptics Products, any changes to that code and the reasons for any such changes.

9. Each firmware build for each of the Synaptics Products, including any identifying number or name, identification of each customer and customer's product, including Synaptics products, and the functions and operations supported by that build.

10. All facts relating to the decision to create the Type 2 firmware.


11. All facts relating to the decision to revise or modify the Type 2 firmware or to create any subsequent firmware versions for the Synaptics products.

12. Identification of all products sold in the United States, sold for importation into the United States or imported into the United States that include the Synaptics Products.

13. All discussions with third parties concerning touchpads capable detecting the simultaneous presence of two conductive objects.

14. All discussions with third parties concerning touchpads capable of reporting the simultaneous presence of two conductive objects and the locations of those contacts.

15. All communications with third parties concerning or referring to Elantech.

16. All versions and revisions of driver software distributed for use with Synaptics products.

17. The manufacture of Synaptics products.

18. The marketing of Synaptics products.

19. The distribution of Synaptics products.

20. The process by which Synaptics products reach the market.

21. Marketing materials relating to Synaptics products.

22. Any evidence of market demand for any feature covered by any asserted claim of the Synaptics Patents.

23. Any evidence of secondary considerations of non-obviousness of each asserted claim of the Synaptics Patents.

24. Synaptics' first awareness of the Elantech Patent.

25. Any steps taken by Synaptics to avoid infringement of the Elantech Patent.

26. All licenses, offers to license, or attempt to license any of the Synaptics Patents.

27. Synaptics record keeping practices, including but not limited to all electronic documents or information storage systems.

28. The organizational structure of Synaptics.

6257967

Yitai Hu (SBN 248085) (yhu@akingump.com)
Sean P. DeBruine (SBN 168071) (sbedruine@akingump.com)
S.H. Michael Kim (SBN 203491) (mkim@akingump.com)
Richard Chae (SBN 224610) (rchae@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: 650-838-2000
Facsimile: 650-838-2001

Attorneys for Defendant
ELANTECH DEVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION,<br>Plaintiff,<br>v.<br>SYNAPTICS CORPORATION,<br>Defendants. | Case No. 3:06-CV-01839 PVT<br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is Akin Gump Strauss Hauer & Feld LLP, Two Palo Alto Square, 3000 El Camino Real, Suite 400, Palo Alto, California, 94306.

On July 8, 2008, I served the foregoing document(s) described as:

**PLAINTIFF ELANTECH DEVICES CORP.'S NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) OF DEFENDANT SYNAPTICS, INC.**

by the indicated means to the persons at the addresses listed:

Karl J. Kramer
Erika L. Yawger
**MORRISON & FOERSTER LLP**
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Fax: (650) 494-0792
kkramer@mofo.com
eyawger@mofo.com

☒ **BY PERSONAL SERVICE** I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ **BY UNITED STATES MAIL** I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Palo Alto, California.

☐ **BY OVERNIGHT DELIVERY** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 8, 2008, at Palo Alto, California.

Valerie Leghorn