1   KARL J. KRAMER (CA SBN 136433)
    ERIKA L. YAWGER (CA SBN 234919)
2   LAURA R. MASON (CA SBN 252251)
    MORRISON & FOERSTER LLP
3   755 Page Mill Road
    Palo Alto, California 94304-1018
4   Telephone: 650-813-5600
    Facsimile: 650-494-0792
5   KKramer@mofo.com

6   Attorneys for Defendant and Counterclaimant
    SYNAPTICS, INC.
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12  ELANTECH DEVICES CORPORATION, a          Case No.    C06-01839 PVT
    corporation existing under the laws of Taiwan,
13  R.O.C.,                                   **DECLARATION OF ERIKA L.
                                              YAWGER IN SUPPORT OF
14          Plaintiff,                        DEFENDANT SYNAPTICS,
                                              INC.'S UNOPPOSED MOTION
15      v.                                    FOR THE ISSUANCE OF
                                              LETTERS ROGATORY**
16  SYNAPTICS, INC., a Delaware corporation;
    AVERATEC, INC., a California corporation; and
17  PROSTAR COMPUTER, INC., a California      Date:    September 23, 2008
    corporation,                              Time:    10:00 a.m.
18                                            Judge:   Hon. Patricia V. Trumbull
            Defendants.                       Location:  Courtroom 5, 4th Floor
19

20  AND RELATED COUNTERCLAIMS

21

22

23          I, Erika L. Yawger, declare as follows:

24          1.      I am a member of the bar of the State of California, and I am admitted before this

25  Court. I am an associate with the law firm of Morrison & Foerster LLP, counsel of record for

26  Synaptics, Inc. ("Synaptics") in the above-captioned action. I have personal knowledge of the

27  facts set forth herein and, if called as a witness, I could competently testify thereto.

28

1         2.      Attached hereto as Exhibit A is the Letter Rogatory to Elofa Technology Co. Ltd.,

2  which letter Synaptics seeks to have executed by this Court.

3         3.      Attached hereto as Exhibit B is the Letter Rogatory to Yosun Industrial Co., Ltd.,

4  which letter Synaptics seeks to have executed by this Court

5         4.      Attached hereto as Exhibit C is the Letter Rogatory to Ultra Source Technology

6  Corporation, which letter Synaptics seeks to have executed by this Court.

7         5.      On August 18, 2008, counsel for Elantech, Sean DeBruine, stated in an email that

8  Elantech would not oppose this motion and agreed that the motion could be resolved on an

9  expedited basis without a hearing.  A true and correct copy of this email is attached hereto as

10  Exhibit D.

11      I declare under penalty of perjury under the laws of the United States of America that, to

12  the best of my knowledge, the foregoing is true and correct.

13      Executed on August 19, 2008, in Palo Alto, California.

14                    By:   /s/Erika L. Yawger

15                        Erika L. Yawger
                            Email:  EYawger@mofo.com

16

17

18

19

20

21

22

23

24

25

26

27

28

YAWGER DECL. I/S/O SYNAPTICS, INC.'S UNOPPOSED MOTION FOR ISSUANCE OF LETTERS ROGATORY
CASE NO. C06-01839-PVT
pa-1277007

2

# EXHIBIT A

KARL J. KRAMER (CA SBN 136433)
ERIKA L. YAWGER (CA SBN 234919)
LAURA R. MASON (CA SBN 252251)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792
KKramer@mofo.com

Attorneys for Defendant and Counterclaimant
SYNAPTICS, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, a corporation existing under the laws of Taiwan, R.O.C., <br><br> Plaintiff, <br><br> v. <br><br> SYNAPTICS, INC., a Delaware corporation, <br><br> Defendants. | Case No.     5:06-CV-01839 PVT |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

### I.     INTRODUCTION

The United States District Court for the Northern District of California presents its compliments to the Appropriate Judicial Authority of Taiwan, and requests international judicial assistance to obtain evidence to be used in a civil proceeding, *Elantech Devices Corporation v. Synaptics, Inc.*, Case No. CV-01839 PVT, before this Court.

This Court requests the assistance described herein as necessary in the interests of justice and to ensure a complete record.  The assistance requested is that the Appropriate Judicial

Authority of Taiwan compel production by the below named corporation of evidence in the form of documents relevant to the issues to be resolved in this civil proceeding.

**Elofa Technology Co. Ltd.**
**12 F, No. 123, Hsing-De Rd.,**
**San-Chung City**
**Taipei County, Taiwan**

## II.    FACTS AND RELEVANT LAW

Plaintiff Elantech Corporation ("Elantech") is a corporation existing under the laws of Taiwan, R.O.C. with its principal place of business at 4F, 780 Jung-Jeng Road, Chung Ho City, Taipei County, Taiwan, R.O.C.  Elantech is represented by Yitai Hu and Sean P. DeBruine of Alton + Bird LLP, 3000 El Camino Real, Suite 400, Palo Alto, California, 94306.

Defendant Synaptics, Inc., is a Delaware corporation with its principal place of business at 3120 Scott Blvd., Suite 130, Santa Clara, California 95054.  Synaptics is represented by Karl J. Kramer and Erika L. Yawger of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California, 94304.

The proceeding for which evidence is sought is a civil action for alleged patent infringement arising under the laws of the United States, Title 35, United States Code.  The case is pending as Civil Action No. 5:06-CV-01839 PVT in the United States District Court for the Northern District of California, San Jose Division.  The Honorable Patricia V. Trumbull presides over the action.

Synaptics holds patents on technology used in touchpads used as input devices for computers.  Elantech makes and sells touchpads.  Synaptics has alleged that Elantech's touchpads infringe Synaptics' patents.

In response to an interrogatory served by Synaptics, Elantech has asserted that the above-named corporation is an Elantech customer that has purchased or been offered purchase of Elantech touchpads.  Elantech customers' incorporation of Elantech touchpads into products, and the use of, sale of and offers to sell those products are relevant to the resolution of Synaptics' infringement allegations and to the proper measure of any damages owed to Synaptics.  Synaptics

therefore seeks to collect from the above-named corporation documents and other evidence necessary to assess the above-named corporation's purchase and use of Elantech touchpads.

**III.    SPECIAL METHODS AND PROCEDURES**

This Court accordingly respectfully presents to the Appropriate Judicial Authority of Taiwan this letter rogatory and requests that the Appropriate Judicial Authority of Taiwan order the above-named corporation to produce to Synaptics the documents described in the attached Exhibit A.

**IV.    RECIPROCITY**

The United States District Court for the Northern District of California expresses its willingness to provide similar assistance to the Judicial Authorities of Taiwan as may be required in the future.

**IV.    REIMBURSEMENT FOR COSTS**

Any costs incurred by the Appropriate Judicial Authority of Taiwan in executing this letter rogatory will be borne by Synaptics.


**WITNESS**, the signature and seal of The Honorable Patricia V. Trumbull, United States Magistrate Judge, United States District Court for the District of Northern California, San Jose Division, the ___ day of _____, 2008.


By: _____
HONORABLE PATRICIA V. TRUMBULL
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE, CALIFORNIA, U.S.A.

(SEAL OF COURT)

**EXHIBIT A**

**Definitions**

1.    ELOFA means Elofa Technology Co. Ltd., including without limitation, all of its corporate parents, subsidiaries, affiliates, divisions, related entities, predecessors, successors, and any present or former officers, directors, trustees, employees, agents, or representatives, or any others acting on behalf of Elofa Technology Co. Ltd.

2.    ELANTECH means Elantech Devices Corporation.

3.    ELECTRONIC DEVICE(S) means any computer or computer component and includes any hardware, software, firmware, or peripheral devices.

4.    DOCUMENT(S) means any document, writing, or record within the broad context of United States Federal Rule of Civil Procedure 34, including but not limited to originals and copies of letters, memoranda, drafts, notes, notebooks, translations, data compilations, reports, publications, computer printouts, charts, photographs, slides, electronic mail, or any other data compilation form from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

5.    COMMUNICATION(S) means any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form including electronic forms such as e-mail.

6.    TOUCHPAD(S) means any input device in any COMPUTER SYSTEM that is used to provide inputs in response to motions of a user's finger, stylus, or pointing device.

7.    DEVICE DRIVER(S) means any code or software related to the control, function or operation of a TOUCHPAD or other computer input device, including but not limited to any code or software that allows or facilitates control or communications with a TOUCHPAD or other computer input device.

8.    PATENTS-IN-SUIT means U.S. Patent No. 5,825,352; U.S. Patent No. 5,543,591; U.S. Patent No. 5,880,411; U.S. Patent No. 5,943,052; U.S. Patent No. 6,380,931, and U.S. Patent No. 7,109,978.

9.    The terms "refer to" and "relate to" mean constituting, comprising, referring to, reflecting, describing or pertaining in any manner, logically, indirectly or directly or in any other way supporting, negating, bearing upon, incorporating, affecting or otherwise connected to the matter discussed.

10.    The singular includes the plural, and the plural includes the singular.  "Any" or "each" should be understood to include and encompass "all."  The term "or" shall be construed as disjunctive and conjunctive.

### Instructions

1.    In accordance with Rule 45(d)(1) of the United States Federal Rules of Civil Procedure, you are requested to produce documents for inspection "as they are kept in the usual course of business" or to "organize and label them to correspond with the categories" in these requests.

2.    All responsive documents stored in machine-readable form shall be produced in hard copy form with the generation date, the printout date, file name, and file location appearing on the copy.

3.    If you are aware of the existence of any documents that you are unable to produce, specify in writing and serve upon the undersigned a list indicating the identity of such documents. Such identification should, for each such document, set forth whether the document (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been, or is no longer, in the possession, custody, or control of the responding party, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document should be identified.  In each such instance, explain the circumstances surrounding the disposition and state the date or approximate date thereof.

4.    Should you seek to withhold any document based on some limitation of discovery (including without limitation a claim of privilege), supply a list of the documents for which limitation of discovery is claimed in accordance with United States Federal Rule of Civil Procedure 45(d)(2) and state:

a.    The identity of each document's author(s), writer(s), sender(s), or initiator(s);

b. The identity of each document's recipient(s), addressee(s), or party(ies) for whom it was intended;

c. The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

d. The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

e. The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

## **Documents Requested**

1. DOCUMENTS sufficient to identify all ELOFA ELECTRONIC DEVICES containing ELANTECH TOUCHPADS.

2. For each ELOFA ELECTRONIC DEVICE identified in response to Request No. 1, DOCUMENTS sufficient to identify the features of the ELANTECH touchpad contained in the device, including the firmware version in the touchpad (i.e., TP3, KTP2, KTP3, KTP5, KTP6 or others) and whether the touchpad has or had the ability to perform tap, double tap, corner tap, tap and drag, multi-finger, edge motion or scroll functions.

3. DOCUMENTS sufficient to describe all purchase(s) by ELOFA of ELANTECH TOUCHPADS, including the date(s) of purchase, quantities purchased, and specific versions of ELANTECH touchpads purchased.

4. DOCUMENTS sufficient to identify all customers to whom ELOFA has sold or offered for sale ELOFA ELECTRONIC DEVICES containing ELANTECH TOUCHPADS.

5. For each customer identified in response to Request No. 4, DOCUMENTS sufficient to identify the ELOFA ELECTRONIC DEVICE(S) sold or offered for sale to the customer and the dates and quantities of sale(s), and whether the sale or offer for sale was made in or to a customer located in the United States.

6. For each ELOFA ELECTRONIC DEVICE identified in response to Request No. 5, all DOCUMENTS that describe the function and operation of the ELANTECH touchpad.

1        7.    For each ELOFA ELECTRONIC DEVICE identified in response to Request No. 5,

2    DOCUMENTS sufficient to describe the process by which the DEVICE DRIVERS for the

3    ELANTECH touchpad are or were provided, including what DEVICE DRIVERS are or were

4    provided, when DEVICE DRIVERS are or were provided, who receives or received the DEVICE

5    DRIVERS (i.e, ELOFA, end users or others) and how the DEVICE DRIVERS are or were

6    provided.

7        8.    All COMMUNICATIONS between ELOFA and ELANTECH referring to or

8    concerning ELANTECH TOUCHPADS or ELANTECH DEVICE DRIVERS or any of the

9    PATENTS-IN-SUIT.

10       All COMMUNICATIONS between ELOFA and ELOFA customers or potential

11   customers referring to or concerning any of the PATENTS-IN-SUIT or ELANTECH

12   TOUCHPADS or DEVICE DRIVERS in ELOFA ELECTRONIC DEVICES.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  LAURA R. MASON (CA SBN 252251)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: 650-813-5600
   Facsimile: 650-494-0792
5  KKramer@mofo.com

6  Attorneys for Defendant and Counterclaimant
   SYNAPTICS, INC.

7

8

9

10              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

11

12  ELANTECH DEVICES CORPORATION, a          Case No.    5:06-CV-01839 PVT
    corporation existing under the laws of Taiwan,
13  R.O.C.,

14              Plaintiff,

15       v.

16  SYNAPTICS, INC., a Delaware corporation,

17              Defendants.

18

19          REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
20                      (LETTER ROGATORY)

21

22  I.    INTRODUCTION

23       The United States District Court for the Northern District of California presents its

24  compliments to the Appropriate Judicial Authority of Taiwan, and requests international judicial

25  assistance to obtain evidence to be used in a civil proceeding, *Elantech Devices Corporation v.*

26  *Synaptics, Inc.*, Case No. CV-01839 PVT, before this Court.

27       This Court requests the assistance described herein as necessary in the interests of justice

28  and to ensure a complete record.  The assistance requested is that the Appropriate Judicial

1   Authority of Taiwan compel production by the below named corporation of evidence in the form

2   of documents relevant to the issues to be resolved in this civil proceeding.

3                           **Yosun Industrial Co., Ltd.**
                            **9F, No. 489, Tiding Ave., Sec. 2,**
4                                       **Nei-Hu**
                                   **Taipei, Taiwan**
5

6   **II.    FACTS AND RELEVANT LAW**

7           Plaintiff Elantech Corporation ("Elantech") is a corporation existing under the laws of

8   Taiwan, R.O.C. with its principal place of business at 4F, 780 Jung-Jeng Road, Chung Ho City,

9   Taipei County, Taiwan, R.O.C.  Elantech is represented by Yitai Hu and Sean P. DeBruine of

10  Alton + Bird LLP, 3000 El Camino Real, Suite 400, Palo Alto, California, 94306.

11          Defendant Synaptics, Inc., is a Delaware corporation with its principal place of business at

12  3120 Scott Blvd., Suite 130, Santa Clara, California 95054.  Synaptics is represented by Karl J.

13  Kramer and Erika L. Yawger of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto,

14  California, 94304.

15          The proceeding for which evidence is sought is a civil action for alleged patent

16  infringement arising under the laws of the United States, Title 35, United States Code.  The case

17  is pending as Civil Action No. 5:06-CV-01839 PVT in the United States District Court for the

18  Northern District of California, San Jose Division.  The Honorable Patricia V. Trumbull presides

19  over the action.

20          Synaptics holds patents on technology used in touchpads used as input devices for

21  computers.  Elantech makes and sells touchpads.  Synaptics has alleged that Elantech's touchpads

22  infringe Synaptics' patents.

23          In response to an interrogatory served by Synaptics, Elantech has asserted that the above-

24  named corporation is an Elantech customer that has purchased or been offered purchase of

25  Elantech touchpads.  Elantech customers' incorporation of Elantech touchpads into products, and

26  the use of, sale of and offers to sell those products are relevant to the resolution of Synaptics'

27  infringement allegations and to the proper measure of any damages owed to Synaptics.  Synaptics

28

1  therefore seeks to collect from the above-named corporation documents and other evidence

2  necessary to assess the above-named corporation's purchase and use of Elantech touchpads.

3  **III.    SPECIAL METHODS AND PROCEDURES**

4          This Court accordingly respectfully presents to the Appropriate Judicial Authority of

5  Taiwan this letter rogatory and requests that the Appropriate Judicial Authority of Taiwan order

6  the above-named corporation to produce to Synaptics the documents described in the attached

7  Exhibit A.

8  **IV.    RECIPROCITY**

9          The United States District Court for the Northern District of California expresses its

10         willingness to provide similar assistance to the Judicial Authorities of Taiwan as may be

11         required in the future.

12  **IV.    REIMBURSEMENT FOR COSTS**

13         Any costs incurred by the Appropriate Judicial Authority of Taiwan in executing this

14  letter rogatory will be borne by Synaptics.

15

16         **WITNESS**, the signature and seal of The Honorable Patricia V. Trumbull, United

17  States Magistrate Judge, United States District Court for the District of Northern

18  California, San Jose Division, the ___ day of _____, 2008.

19

20                                      By:    _____
                                               HONORABLE PATRICIA V. TRUMBULL
21                                             UNITED STATES MAGISTRATE JUDGE
                                               NORTHERN DISTRICT OF CALIFORNIA
22                                             SAN JOSE, CALIFORNIA, U.S.A.

23  (SEAL OF COURT)

24

25

26

27

28

**EXHIBIT A**

**Definitions**

1.    YOSUN means Yosun Industrial Co., Ltd., including without limitation, all of its corporate parents, subsidiaries, affiliates, divisions, related entities, predecessors, successors, and any present or former officers, directors, trustees, employees, agents, or representatives, or any others acting on behalf of Yosun Industrial Co., Ltd..

2.    ELANTECH means Elantech Devices Corporation.

3.    ELECTRONIC DEVICE(S) means any computer or computer component and includes any hardware, software, firmware, or peripheral devices.

4.    DOCUMENT(S) means any document, writing, or record within the broad context of United States Federal Rule of Civil Procedure 34, including but not limited to originals and copies of letters, memoranda, drafts, notes, notebooks, translations, data compilations, reports, publications, computer printouts, charts, photographs, slides, electronic mail, or any other data compilation form from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

5.    COMMUNICATION(S) means any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form including electronic forms such as e-mail.

6.    TOUCHPAD(S) means any input device in any COMPUTER SYSTEM that is used to provide inputs in response to motions of a user's finger, stylus, or pointing device.

7.    DEVICE DRIVER(S) means any code or software related to the control, function or operation of a TOUCHPAD or other computer input device, including but not limited to any code or software that allows or facilitates control or communications with a TOUCHPAD or other computer input device.

8.    PATENTS-IN-SUIT means U.S. Patent No. 5,825,352; U.S. Patent No. 5,543,591; U.S. Patent No. 5,880,411; U.S. Patent No. 5,943,052; U.S. Patent No. 6,380,931, and U.S. Patent No. 7,109,978.

9.    The terms "refer to" and "relate to" mean constituting, comprising, referring to, reflecting, describing or pertaining in any manner, logically, indirectly or directly or in any other way supporting, negating, bearing upon, incorporating, affecting or otherwise connected to the matter discussed.

10.    The singular includes the plural, and the plural includes the singular. "Any" or "each" should be understood to include and encompass "all." The term "or" shall be construed as disjunctive and conjunctive.

## **Instructions**

1.    In accordance with Rule 45(d)(1) of the United States Federal Rules of Civil Procedure, you are requested to produce documents for inspection "as they are kept in the usual course of business" or to "organize and label them to correspond with the categories" in these requests.

2.    All responsive documents stored in machine-readable form shall be produced in hard copy form with the generation date, the printout date, file name, and file location appearing on the copy.

3.    If you are aware of the existence of any documents that you are unable to produce, specify in writing and serve upon the undersigned a list indicating the identity of such documents. Such identification should, for each such document, set forth whether the document (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been, or is no longer, in the possession, custody, or control of the responding party, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document should be identified. In each such instance, explain the circumstances surrounding the disposition and state the date or approximate date thereof.

4.    Should you seek to withhold any document based on some limitation of discovery (including without limitation a claim of privilege), supply a list of the documents for which limitation of discovery is claimed in accordance with United States Federal Rule of Civil Procedure 45(d)(2) and state:

a.    The identity of each document's author(s), writer(s), sender(s), or initiator(s);

1        b.   The identity of each document's recipient(s), addressee(s), or party(ies) for whom

2             it was intended;

3        c.   The date of creation or transmittal indicated on each document, or an estimate of

4             that date, indicated as such, if no date appears on the document;

5        d.   The general subject matter as described on each document, or, if no such

6             description appears, then some other description sufficient to identify the

7             document; and

8        e.   The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

9                                 **Documents Requested**

10       1.   DOCUMENTS sufficient to identify all YOSUN ELECTRONIC DEVICES containing

11  ELANTECH TOUCHPADS.

12       2.   For each YOSUN ELECTRONIC DEVICE identified in response to Request No. 1,

13  DOCUMENTS sufficient to identify the features of the ELANTECH touchpad contained in the

14  device, including the firmware version in the touchpad (i.e., TP3, KTP2, KTP3, KTP5, KTP6 or

15  others) and whether the touchpad has or had the ability to perform tap, double tap, corner tap, tap

16  and drag, multi-finger, edge motion or scroll functions.

17       3.   DOCUMENTS sufficient to describe all purchase(s) by YOSUN of ELANTECH

18  TOUCHPADS, including the date(s) of purchase, quantities purchased, and specific versions of

19  ELANTECH touchpads purchased.

20       4.   DOCUMENTS sufficient to identify all customers to whom YOSUN has sold or

21  offered for sale YOSUN ELECTRONIC DEVICES containing ELANTECH TOUCHPADS.

22       5.   For each customer identified in response to Request No. 4, DOCUMENTS sufficient to

23  identify the YOSUN ELECTRONIC DEVICE(S) sold or offered for sale to the customer and the

24  dates and quantities of sale(s), and whether the sale or offer for sale was made in or to a customer

25  located in the United States.

26       6.   For each YOSUN ELECTRONIC DEVICE identified in response to Request No. 5, all

27  DOCUMENTS that describe the function and operation of the ELANTECH touchpad.

28

1        7.    For each YOSUN ELECTRONIC DEVICE identified in response to Request No. 5,

2    DOCUMENTS sufficient to describe the process by which the DEVICE DRIVERS for the

3    ELANTECH touchpad are or were provided, including what DEVICE DRIVERS are or were

4    provided, when DEVICE DRIVERS are or were provided, who receives or received the DEVICE

5    DRIVERS (i.e, YOSUN, end users or others) and how the DEVICE DRIVERS are or were

6    provided.

7        8.    All COMMUNICATIONS between YOSUN and ELANTECH referring to or

8    concerning ELANTECH TOUCHPADS or ELANTECH DEVICE DRIVERS or any of the

9    PATENTS-IN-SUIT.

10       9.    All COMMUNICATIONS between YOSUN and YOSUN customers or potential

11   customers referring to or concerning any of the PATENTS-IN-SUIT or ELANTECH

12   TOUCHPADS or DEVICE DRIVERS in YOSUN ELECTRONIC DEVICES.

# EXHIBIT C

1  KARL J. KRAMER (CA SBN 136433)
   ERIKA L. YAWGER (CA SBN 234919)
2  LAURA R. MASON (CA SBN 252251)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: 650-813-5600
   Facsimile: 650-494-0792
5  KKramer@mofo.com

6  Attorneys for Defendant and Counterclaimant
   SYNAPTICS, INC.
7

8

9
                    UNITED STATES DISTRICT COURT
10                 NORTHERN DISTRICT OF CALIFORNIA
11

12  ELANTECH DEVICES CORPORATION, a            Case No.    5:06-CV-01839 PVT
    corporation existing under the laws of Taiwan,
13  R.O.C.,

14                       Plaintiff,

15         v.

16  SYNAPTICS, INC., a Delaware corporation,

17                       Defendants.

18

19
                 REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
20                           (LETTER ROGATORY)

21

22  I.      INTRODUCTION

23         The United States District Court for the Northern District of California presents its

24  compliments to the Appropriate Judicial Authority of Taiwan, and requests international judicial

25  assistance to obtain evidence to be used in a civil proceeding, *Elantech Devices Corporation v.*

26  *Synaptics, Inc.*, Case No. CV-01839 PVT, before this Court.

27         This Court requests the assistance described herein as necessary in the interests of justice

28  and to ensure a complete record.  The assistance requested is that the Appropriate Judicial

Authority of Taiwan compel production by the below named corporation of evidence in the form of documents relevant to the issues to be resolved in this civil proceeding.

**Ultra Source Technology Corp.**
**17F, No. 150, Jian-Yi Rd.,**
**Chung-Ho City**
**Taipei County, Taiwan**

## II.    FACTS AND RELEVANT LAW

Plaintiff Elantech Corporation ("Elantech") is a corporation existing under the laws of Taiwan, R.O.C. with its principal place of business at 4F, 780 Jung-Jeng Road, Chung Ho City, Taipei County, Taiwan, R.O.C.  Elantech is represented by Yitai Hu and Sean P. DeBruine of Alton + Bird LLP, 3000 El Camino Real, Suite 400, Palo Alto, California, 94306.

Defendant Synaptics, Inc., is a Delaware corporation with its principal place of business at 3120 Scott Blvd., Suite 130, Santa Clara, California 95054.  Synaptics is represented by Karl J. Kramer and Erika L. Yawger of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California, 94304.

The proceeding for which evidence is sought is a civil action for alleged patent infringement arising under the laws of the United States, Title 35, United States Code.  The case is pending as Civil Action No. 5:06-CV-01839 PVT in the United States District Court for the Northern District of California, San Jose Division.  The Honorable Patricia V. Trumbull presides over the action.

Synaptics holds patents on technology used in touchpads used as input devices for computers.  Elantech makes and sells touchpads.  Synaptics has alleged that Elantech's touchpads infringe Synaptics' patents.

In response to an interrogatory served by Synaptics, Elantech has asserted that the above-named corporation is an Elantech customer that has purchased or been offered purchase of Elantech touchpads.  Elantech customers' incorporation of Elantech touchpads into products, and the use of, sale of and offers to sell those products are relevant to the resolution of Synaptics' infringement allegations and to the proper measure of any damages owed to Synaptics.  Synaptics

therefore seeks to collect from the above-named corporation documents and other evidence necessary to assess the above-named corporation's purchase and use of Elantech touchpads.

## III.    SPECIAL METHODS AND PROCEDURES

This Court accordingly respectfully presents to the Appropriate Judicial Authority of Taiwan this letter rogatory and requests that the Appropriate Judicial Authority of Taiwan order the above-named corporation to produce to Synaptics the documents described in the attached Exhibit A.

## IV.    RECIPROCITY

The United States District Court for the Northern District of California expresses its willingness to provide similar assistance to the Judicial Authorities of Taiwan as may be required in the future.

## IV.    REIMBURSEMENT FOR COSTS

Any costs incurred by the Appropriate Judicial Authority of Taiwan in executing this letter rogatory will be borne by Synaptics.

**WITNESS**, the signature and seal of The Honorable Patricia V. Trumbull, United States Magistrate Judge, United States District Court for the District of Northern California, San Jose Division, the ___ day of _____, 2008.

By:    _____
       HONORABLE PATRICIA V. TRUMBULL
       UNITED STATES MAGISTRATE JUDGE
       NORTHERN DISTRICT OF CALIFORNIA
       SAN JOSE, CALIFORNIA, U.S.A.

(SEAL OF COURT)

1

## EXHIBIT A

2

### Definitions

3    1.    ULTRA SOURCE means Ultra Source Technology Corporation, including without

4    limitation, all of its corporate parents, subsidiaries, affiliates, divisions, related entities,

5    predecessors, successors, and any present or former officers, directors, trustees, employees,

6    agents, or representatives, or any others acting on behalf of Ultra Source Technology

7    Corporation.

8    2.    ELANTECH means Elantech Devices Corporation.

9    3.    ELECTRONIC DEVICE(S) means any computer or computer component and includes

10    any hardware, software, firmware, or peripheral devices.

11    4.    DOCUMENT(S) means any document, writing, or record within the broad context of

12    United States Federal Rule of Civil Procedure 34, including but not limited to originals and

13    copies of letters, memoranda, drafts, notes, notebooks, translations, data compilations, reports,

14    publications, computer printouts, charts, photographs, slides, electronic mail, or any other data

15    compilation form from which information can be obtained or translated, if necessary, through

16    detection devices into reasonably usable form.

17    5.    COMMUNICATION(S) means any exchange or transfer of information between two

18    or more persons or entities, whether written, oral, or in any other form including electronic forms

19    such as e-mail.

20    6.    TOUCHPAD(S) means any input device in any COMPUTER SYSTEM that is used to

21    provide inputs in response to motions of a user's finger, stylus, or pointing device.

22    7.    DEVICE DRIVER(S) means any code or software related to the control, function or

23    operation of a TOUCHPAD or other computer input device, including but not limited to any code

24    or software that allows or facilitates control or communications with a TOUCHPAD or other

25    computer input device.

26    8.    PATENTS-IN-SUIT means U.S. Patent No. 5,825,352; U.S. Patent No. 5,543,591;

27    U.S. Patent No. 5,880,411; U.S. Patent No. 5,943,052; U.S. Patent No. 6,380,931, and U.S. Patent

28    No. 7,109,978.

9.    The terms "refer to" and "relate to" mean constituting, comprising, referring to, reflecting, describing or pertaining in any manner, logically, indirectly or directly or in any other way supporting, negating, bearing upon, incorporating, affecting or otherwise connected to the matter discussed.

10.    The singular includes the plural, and the plural includes the singular.  "Any" or "each" should be understood to include and encompass "all."  The term "or" shall be construed as disjunctive and conjunctive.

### Instructions

1.    In accordance with Rule 45(d)(1) of the United States Federal Rules of Civil Procedure, you are requested to produce documents for inspection "as they are kept in the usual course of business" or to "organize and label them to correspond with the categories" in these requests.

2.    All responsive documents stored in machine-readable form shall be produced in hard copy form with the generation date, the printout date, file name, and file location appearing on the copy.

3.    If you are aware of the existence of any documents that you are unable to produce, specify in writing and serve upon the undersigned a list indicating the identity of such documents. Such identification should, for each such document, set forth whether the document (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been, or is no longer, in the possession, custody, or control of the responding party, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document should be identified.  In each such instance, explain the circumstances surrounding the disposition and state the date or approximate date thereof.

4.    Should you seek to withhold any document based on some limitation of discovery (including without limitation a claim of privilege), supply a list of the documents for which limitation of discovery is claimed in accordance with United States Federal Rule of Civil Procedure 45(d)(2) and state:

a.    The identity of each document's author(s), writer(s), sender(s), or initiator(s);

   b.  The identity of each document's recipient(s), addressee(s), or party(ies) for whom

       it was intended;

   c.  The date of creation or transmittal indicated on each document, or an estimate of

       that date, indicated as such, if no date appears on the document;

   d.  The general subject matter as described on each document, or, if no such

       description appears, then some other description sufficient to identify the

       document; and

   e.  The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

**Documents Requested**

1.    DOCUMENTS sufficient to identify all ULTRA SOURCE ELECTRONIC DEVICES
containing ELANTECH TOUCHPADS.

2.    For each ULTRA SOURCE ELECTRONIC DEVICE identified in response to Request
No. 1, DOCUMENTS sufficient to identify the features of the ELANTECH touchpad contained
in the device, including the firmware version in the touchpad (i.e., TP3, KTP2, KTP3, KTP5,
KTP6 or others) and whether the touchpad has or had the ability to perform tap, double tap,
corner tap, tap and drag, multi-finger, edge motion or scroll functions.

3.    DOCUMENTS sufficient to describe all purchase(s) by ULTRA SOURCE of
ELANTECH TOUCHPADS, including the date(s) of purchase, quantities purchased, and specific
versions of ELANTECH touchpads purchased.

4.    DOCUMENTS sufficient to identify all customers to whom ULTRA SOURCE has
sold or offered for sale ULTRA SOURCE ELECTRONIC DEVICES containing ELANTECH
TOUCHPADS.

5.    For each customer identified in response to Request No. 4, DOCUMENTS sufficient to
identify the ULTRA SOURCE ELECTRONIC DEVICE(S) sold or offered for sale to the
customer and the dates and quantities of sale(s), and whether the sale or offer for sale was made
in or to a customer located in the United States.

6.    For each ULTRA SOURCE ELECTRONIC DEVICE identified in response to Request
No. 5, all DOCUMENTS that describe the function and operation of the ELANTECH touchpad.

7.    For each ULTRA SOURCE ELECTRONIC DEVICE identified in response to Request No. 5, DOCUMENTS sufficient to describe the process by which the DEVICE DRIVERS for the ELANTECH touchpad are or were provided, including what DEVICE DRIVERS are or were provided, when DEVICE DRIVERS are or were provided, who receives or received the DEVICE DRIVERS (i.e, ULTRA SOURCE, end users or others) and how the DEVICE DRIVERS are or were provided.

8.    All COMMUNICATIONS between ULTRA SOURCE and ELANTECH referring to or concerning ELANTECH TOUCHPADS or ELANTECH DEVICE DRIVERS or any of the PATENTS-IN-SUIT.

9.    All COMMUNICATIONS between ULTRA SOURCE and ULTRA SOURCE customers or potential customers referring to or concerning any of the PATENTS-IN-SUIT or ELANTECH TOUCHPADS or DEVICE DRIVERS in ULTRA SOURCE ELECTRONIC DEVICES.

# EXHIBIT D

## Vaughan, Sue V.

| | |
|---|---|
| **From:** | DeBruine, Sean [Sean.DeBruine@alston.com] |
| **Sent:** | Monday, August 18, 2008 11:44 AM |
| **To:** | Vaughan, Sue V. |
| **Cc:** | Yawger, Erika L. |
| **Subject:** | RE: PALO_ALTO-#1274751-v1-stipulation_re_letters_rogatory.DOC |

Sue,

I think the best thing to do is to file a motion as unopposed, and state that both parties agree that it can be resolved on an expedited basis without hearing. We can promptly file a statement of non-opposition.

Sean

---

**From:** Vaughan, Sue V. [mailto:SVaughan@mofo.com]
**Sent:** Monday, August 18, 2008 10:54 AM
**To:** Vaughan, Sue V.; DeBruine, Sean
**Cc:** Yawger, Erika L.
**Subject:** RE: PALO_ALTO-#1274751-v1-stipulation_re_letters_rogatory.DOC

Sean,

It has been a week since we asked for your clarification on this issue. Please respond. If we do not hear from you today, we will file a motion tomorrow, and will also file a motion for shortened time. Will Elantech oppose the motion for shortened time?

Thanks,
Sue

---

**From:** Vaughan, Sue V.
**Sent:** Wednesday, August 13, 2008 10:24 AM
**To:** Vaughan, Sue V.; 'DeBruine, Sean'
**Cc:** Yawger, Erika L.
**Subject:** RE: PALO_ALTO-#1274751-v1-stipulation_re_letters_rogatory.DOC

Sean,

Please let me know your response to this proposal. We are willing to consider any similar revisions you feel would be necessary for a stipulation. However, we need to get this before the court very soon.

Thanks,
Sue

---

**From:** Vaughan, Sue V.
**Sent:** Monday, August 11, 2008 9:57 AM
**To:** DeBruine, Sean
**Cc:** Yawger, Erika L.
**Subject:** RE: PALO_ALTO-#1274751-v1-stipulation_re_letters_rogatory.DOC

Sean,

Just to clarify - are you saying that Elantech will not stipulate to the court issuing the letters but also will not oppose a motion for the court to issue the letters?

If this is the case, is there a way to have the stipulation reflect this?  E.g., "WHEREAS Synaptics seeks to have the Court issue these letters rogatory and Elantech agrees not to oppose Synaptics' request."

Sue

---

**From:** DeBruine, Sean [mailto:Sean.DeBruine@alston.com]
**Sent:** Thursday, August 07, 2008 7:18 PM
**To:** Vaughan, Sue V.
**Cc:** Yawger, Erika L.
**Subject:** RE: PALO_ALTO-#1274751-v1-stipulation_re_letters_rogatory.DOC

Sue,

This does not accurately reflect Elantech's position. Elantech does not necessarily agree that the letters rogatory are appropriate, and Elantech is not willing to ask the Court to issue them.  As I mentioned in my earlier email, without agreeing to the above or waiving its or its customers objections, Elantech will not oppose Synaptics' request.

Sean

---

**From:** Vaughan, Sue V. [mailto:SVaughan@mofo.com]
**Sent:** Thursday, August 07, 2008 9:45 AM
**To:** DeBruine, Sean
**Cc:** Yawger, Erika L.
**Subject:** PALO_ALTO-#1274751-v1-stipulation_re_letters_rogatory.DOC

<<PALO_ALTO-#1274751-v1-stipulation_re_letters_rogatory.pdf>>

Sean,

Please find attached the stipulation re the letters rogatory, for your review.  Please let us know if you have any comments.

Thanks,
Sue

===============================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

======================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
======================================================================

********************************************************
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the

_____

NOTICE:  This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee.  If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited.  If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof.  Thank you.

_____

********************************************************
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the

_____

NOTICE:  This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee.  If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited.  If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof.  Thank you.

_____