UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELANTECH DEVICES CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SYNAPTICS, INC., et al., )<br>)<br>Defendants. )<br>_____ ) | Case No.: C 06-1839 PVT<br><br>**ORDER DENYING SYNAPTICS' MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE; AND**<br><br>**ORDER DENYING ELANTECH'S MOTION TO FILE A SUR-REPLY AS MOOT** |

**I.     BACKGROUND**

On March 10, 2006, Elantech sued Synaptics for infringement of one of Elantech's patents, U.S. Patent No. 5,825,352 ("the '352 Patent"). On April 4, 2006, Synaptics counterclaimed for infringement of four of its patents, U.S. Patent Nos. 5,543,591 ("the '591 Patent"), 5,880,411 ("the '411 Patent"), 5,943,052 ("the '052 Patent"), and 6,380,931 ("the '931 Patent"). All of the patents at issue relate to technology used in touchpads for computers and other devices.

On January 11, 2008, Synaptics filed two motions for partial summary judgment that use of Elantech's accused products meets the tapping and zone claim limitations of Synaptics' patents. Elantech opposed the motions. In response to Elantech's opposition, Synaptics filed a motion to strike in which it stated:

"Synaptics requests that the Court strike references to products embodying new source code produced by Elantech on January 31, 2008 as irrelevant because these

ORDER, *page 1*

    products are not accused of infringement in the pleadings or pending summary judgment motions, and Elantech should not be permitted to derail the pending motions by interjecting new products in its Opposition."

On March 4, 2008, the court issued an order denying Synaptics' motion to strike in which it noted that:

    "Elantech agrees with Synaptics that its new source code is not at issue on Synaptics' motions for partial summary judgment and the Court does not intend to make any rulings with respect to such code in connection with the currently pending summary judgment motions."

On April 16, 2008, the court granted in part and denied in part both of Synaptics' motions for partial summary judgment. The court found that use of the 'corner tap,' 'scroll zone,' 'edge motion' or 'drag' features of the Elantech touchpads at issue meet the limitations of certain claims of Synaptics' patents.[1]

On June 13, 2008, Synaptics filed this motion for preliminary injunction to prevent Elantech from "importing, making, using, selling or offering to sell its touchpad products with 'corner tap,' 'scroll zone,' 'edge motion' or 'drag' features." The motion was heard on June 24, 2008.

On July 8, 2008 Elantech filed an administrative motion for leave to file a sur-reply to Synaptics' motion for preliminary injunction.

## II.   LEGAL STANDARDS

District courts are authorized by statute to issue preliminary injunctions in patent cases. *See* 35 U.S.C. § 283 (2007). In considering a motion for preliminary injunction on a patent infringement claim, a court must weigh four factors: (1) likelihood of patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest. *See Abbott Laboratories v. Andrx Pharmaceuticals, Inc.*, 473 F.3d 1196,

---

[1] Specifically, the court found that: 1) use of the corner tap feature of the Elantech touchpads at issue infringes claims 5 and 6 of Synaptics's '931 Patent; 2) use of the scroll zone feature of the Elantech touchpads at issue infringes claims 14 and 18 of Synaptics's '052 Patent; 3) use of the edge motion feature of the Elantech touchpads at issue infringes claims 46 and 52 of Synaptics's '411 Patent; and 4) use of the drag feature of the Elantech touchpads at issue infringes claim 9 of Synaptics's '591 Patent. Although the court used the term "infringes" in the conclusion of its order, read as a whole it is clear that the court meant only that use of those features met all the limitations of the respective claims.

1200-01 (Fed. Cir. 2007). At a minimum, the moving party must establish both of the first two factors for a preliminary injunction to be granted. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) ("Our case law and logic both require that a movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm"); *see also*, *PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006) (vacating district court's grant of preliminary injunction as an abuse of discretion where moving party had not established a likelihood of success on the merits).

To find a likelihood of success on the merits, the movant must present proof that the accused products infringe their "valid and enforceable patent." *See Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.*, 429 F.3d 1364, 1372 (Fed. Cir. 2005). In particular, the movant must show that "in light of the presumptions and burdens that will inhere at trial on the merits, (1) it will likely prove infringement and (2) the claim will withstand challenges to the validity and enforceability of the patent. *See Visto Corp. v. Sproqit Technologies*, 413 F. Supp. 2d 1073, 1077 (N.D. Cal. 2006). If the other party raises substantial questions concerning either infringement or validity, the preliminary injunction should not issue. *See Amazon.com, Inc.* 239 F.3d at 1350-1351.

Infringement is the use, offer to sell or sale of a patented invention within the United States without authority. *See* 35 U.S.C. § 271(a) (2003). "Use" for a method patent is fundamentally different from "use" of a patented system or device. *See NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005). A method patent is infringed only if all the steps or stages of the claimed process are performed. *Id*. at 1318. Moreover, Congress has consistently expressed the view that infringement of method claims is limited to use. *Id*. at 1319. To succeed on a claim of inducing infringement, the movant must show that (1) there has been direct infringement, and (2) the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. *See Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002).

In order to prove direct infringement, "a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *See*

1  *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007); *see also,*
2  *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275-76 (Fed. Cir. 2004). In some
3  circumstances where the accused product, when used, does not necessarily infringe the patent,
4  circumstantial evidence showing that there have been extensive sales of the product and that the
5  accused infringer encouraged end users to practice the patented method may be sufficient to establish
6  that direct infringement has occured. *See Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261
7  (Fed. Cir. 1986). However, circumstantial evidence that requires "too speculative a leap to conclude
8  that any customer actually performed the claimed method" is insufficient to establish direct
9  infringement. *See E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222-23 (Fed. Cir. 2007)
10 (circumstantial evidence in form of manuals that did not teach all steps of method was insufficient to
11 establish that accused PDAs, which were general-purpose computing devices that could be used in a
12 variety of ways, had actually been used in a directly infringing manner).
13        Circumstantial evidence may also be used to prove inducement. *See Water Techs. Corp. v.*
14 *Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1998); *see also MEMC Electronic Materials, Inc. v.*
15 *Mitsubishi Materials Silicon Co.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005).
16        In order to be valid, a preliminary injunction must be specific and contain the reasons why it
17 issues, its terms, and describe in reasonable detail the act or acts restrained or required. *See*
18 FED.R.CIV.PRO. § 65(d) (2007). A preliminary injunction may not be granted where its content is
19 sufficiently vague to make its application highly uncertain. *See Licata & Co., Inc. v. Goldberg*, 812
20 F. Supp. 403, 410 (S.D.N.Y. 1993) (where a former employer sought an injunction against a former
21 employee and his new employer banning acts of "unfair competition" and use of information
22 "originating with" plaintiff). In addition, a preliminary injunction must provide the person enjoined
23 with a "fair and precisely drawn notice of what the injunction actually prohibits." *See Ideal Toy*
24 *Corp. v. Plawner Toy Mfg. Corp.*, 685 F.2d 78, 84 (3rd Cir. 1982), quoting *Granny Goose Foods,*
25 *Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444 (1974). In patent cases, an injunction should
26 "limit its prohibition to the manufacture, use, or sale of the specific infringing device, or to
27 infringing devices no more than colorably different from the infringing device." *See Additive*
28 *Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.3d 476, 479-80 (Fed. Cir. 1993).

### III. DISCUSSION

#### A. SYNAPTICS FAILED TO SHOW A PRELIMINARY INJUNCTION IS WARRANTED

Synaptics failed to show that a preliminary injunction is warranted, because it failed to show a likelihood of success upon the merits. None of the evidence regarding Elantech's new touchpads is relevant to the present motion because Synaptics has not submitted any evidence that *those* touchpads, when used, meet the tapping and zone claim limitations of Synaptics' patents. As noted above, the parties and the court explicitly excluded Elantech's new touchpads from Synaptics' motions for partial summary judgment. Thus, the court's ruling on Synaptics' motions for partial summary judgment cannot be used as a basis for issuing a preliminary injunction against marketing and sales of Elantech's new touchpads.[2]

To demonstrate direct infringement, Synaptics provided evidence that in 2006 Synaptics was able to acquire two laptops within the United States that contained Elantech touchpads which were capable of performing Synaptics' patented methods.[3] However, Synaptics has not shown that infringement of Synaptics' patents *necessarily* occurs when someone uses the Elantech touchpads. On the contrary, it is clear from the evidence in the record that Elantech's touchpads can be used to move the cursor around the computer screen without ever using the 'corner tap,' 'scroll zone,' 'edge motion' or 'drag' features.

Without more, Synaptics own purchase and testing of two laptops that have the ability to perform the patented methods requires "too speculative a leap" to conclude that any other person in the United States not only purchased such computers, but actually performed the patented methods.

Even if the court were to find Synaptics' showing of direct infringement was adequate, Synaptic has not shown any likelihood that it can successfully establish inducement. With regard to

---

[2] And with regard to the 2008 video demonstration of an allegedly infringing "gesture" being performed on an Elantech touchpad, there is also no competent evidence that the 'use' occurred in the United States.

[3] Synaptics' own conduct in performing the patented method does not, of course, constitute direct infringement. Infringement occurs only when someone "*without authority* makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." *See* 35 U.S.C. § 271(a) (emphasis added).

any third-party sales[4] of computers containing Elantech touchpads in the United States in or around 2006, there is simply no evidence that Elantech was doing anything during that time period to encourage end users in the United States to perform the patented methods. The product specification Synaptics relies on to show inducement is a current document, apparently related to Elantech's *new* touchpads.[5] There is no evidence that any similar document was available in the United States in 2006. Moreover, even if it were, the evidence would still fall far short of what the Federal Circuit found sufficient in *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261. In *Moleculon* the patent holder presented "circumstantial evidence of extensive puzzle sales, dissemination of an instruction sheet teaching the method of restoring the preselected pattern with each puzzle, and the availability of a solution booklet on how to solve the puzzle." *Id.* at 1272. As the Federal Circuit has noted, the device at issue in *Moleculon* was "intended to be used in only one way–to practice the infringing method." *See E-Pass Techs.,* 473 F.3d at 1222. The situation here is more akin to that in *E-Pass Techs.,* where the products at issue were "general-purpose computing devices that can be used for a variety of purposes and in a variety of ways." If Elantech finds it "'unfathomable' that no user in possession of one of the accused devices [] has practiced the accused method, [Plaintiff] should have had no difficulty in meeting its burden of proof and in introducing testimony of even one such user." *See E-Pass Techs.,* 473 F.3d at 1222-23.

Because the circumstantial evidence is insufficient to establish both direct infringement in the United States and related inducement by Elantech, Synaptics has not established a likelihood of

---

[4] Elantech is a Taiwanese company, and Synaptics has not presented any evidence that Elantech itself sells any touchpads directly into the United States. Nor has Synaptics presented any evidence that Elantech knew that its customers would sell *in the United States* laptops containing its touchpads configured in a way to allow use of the patented methods.

[5] In any event, it is not at all clear that a document contained on a foreign company's website would be sufficient to establish the foreign company intended to induce infringing activity in the United States, even if the document happens to be written in English. Many people throughout the world read English. Absent any applicable foreign patents, Elantech is free to sell touchpads that, when used, meet all of the limitations of the patented methods, so long as those sales are *outside* of the United States without any intent to induce infringing activity within the United States. *See Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 526-27 (1972) ("The statute makes it clear that it is not an infringement to make or use a patented product outside of the United States.") A finding that nothing more than a foreign company's posting of its product information on its own website was sufficient to show intent to induce of infringement in the United States would impermissibly extend United States patent protections outside of the territorial boundaries of the United States. Under such circumstances a more specific showing is required to establish actual intent to induce infringement in the United States.

success on the merits. Thus, under clear Federal Circuit precedent, issuance of a preliminary injunction would be improper. *PHG Techs.*, 469 F.3d at 1365.

### B. SYNAPTICS' PROPOSED ORDER IS NOT SUFFICIENTLY SPECIFIC

Even if a preliminary injunction was otherwise warranted, Synaptics' proposed order for preliminary injunction, as drafted, is not sufficiently specific. The proposed order states that the acts to be restrained are the "making, using, selling or offering to sell within the Untied States, or by importing into the United States, Elantech touchpads products that may be used to perform 'drag,' 'edge motion,' 'scroll zone,' or 'corner tap' features as described in claim 9 of the '591 Patent, claims 5 and 6 of the '931 Patent, claims 14 and 18 of the '052 Patent and claims 46 and 52 of the '411 Patent." This language does not limit the prohibition to a "specific infringing device, or to infringing devices no more than colorably different from the infringing device" as required by *Additive Controls & Measurement Sys.*, 986 F.2d at 479-80. Because the proposed injunction is not limited to specific models of Elantech touchpads (and those no more than colorably different), its issuance would constitute error.

### IV. CONCLUSION

IT IS HEREBY ORDERED that Synaptics' motion for preliminary injunction is DENIED without prejudice to a renewed motion that: 1) shows ongoing direct infringement in the United States and inducement by Elantech; and 2) specifies products by model number or other sufficiently identifying information that meets the standard for a preliminary injunction.

IT IS FURTHER ORDERED that Elantech's motion to file a sur-reply is DENIED as moot.

Dated: *8/27/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge